1
Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (Virginia Bar No. 90647)
2
James Doty (NY Bar No. 4552550)
Federal Trade Commission
3
600 Pennsylvania Ave., NW, Mailstop CC-5201
Washington, DC 20580
4
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
5
(202) 326-3395 (fax)

6
Attorneys for Plaintiff
Federal Trade Commission
7

8                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
9                      SAN FRANCISCO DIVISION

10  **Federal Trade Commission**,
                                              Case No. 3:25-cv-3477-LB
11              Plaintiff,
                                              **PLAINTIFF FEDERAL TRADE
12        v.                                  COMMISSION'S LOCAL RULE 79-
                                              5(f)(4) RESPONSE IN OPPOSITION TO
13  **Uber Technologies, Inc.**, a corporation, and   SEALING THE COMPLAINT**
14  **Uber USA, LLC**, a limited liability company,  Complaint Filed: April 21, 2025
15              Defendants.
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Federal Trade Commission's Response In Opposition To Sealing The Complaint
Case No. 3:25-cv-3477

Pursuant to Civil Local Rule 79-5(f)(4), Plaintiff Federal Trade Commission ("FTC") submits this Response to Defendants' Rule 79-5(f)(3) Statement. Dkt. 15. Plaintiff respectfully requests that the Court reject the request of Defendants Uber Technologies, Inc., and Uber USA, LLC (collectively, "Uber") to permanently seal Complaint allegations that reference information that shows Uber deceived and harmed its consumers.

To seal content of a complaint, a party must articulate compelling reasons supported by specific facts that overcome the strong presumption of public access to information. For each portion of the Complaint that it seeks to seal, Uber has failed to carry this heavy burden because its declaration rests exclusively on conclusory allegations of theoretical competitive harm without once making the type of particularized showing necessary to justify sealing.

Accordingly, the FTC respectfully requests that the Court direct that a fully-unredacted Complaint be filed on the public docket.

## BACKGROUND

Plaintiff filed its Complaint against Uber on April 21, 2025. Dkt. 1. The Complaint alleges Uber deceptively advertises its Uber One subscription, including by misrepresenting that consumers can "cancel anytime"; enrolls consumers in Uber One without their consent; fails to disclose material terms, including terms related to promised savings; and fails to provide a simple method to cancel the subscription. Uber's actions violate the FTC Act and ROSCA.

The publicly filed complaint includes redactions because it references material designated confidential and produced by Uber in response to a Voluntary Access Letter issued by the FTC pursuant to a non-public investigation. *See* Dkt. 3-2 at 1. Plaintiff filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 3) to give Defendants the opportunity to argue the merits of this issue. Defendants filed a Statement and Request to Permanently Seal (Dkt. 15) seeking to permanently seal portions of three paragraphs of the Complaint, arguing that they include "competitively sensitive information." Dkt. 15 at 1.

## LEGAL STANDARD

Members of the public enjoy a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal

1   such records must therefore articulate "compelling reasons" why sealing is required and must

2   support these reasons with "specific factual findings." *Kamakana v. City & Cnty. of Honolulu*,

3   447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). Courts in this District apply the

4   "compelling reasons" standard to complaints because they are "the foundation of a lawsuit." *Bolt*

5   *Threads, Inc. v. Ecovative Design LLC*, 2019 U.S. Dist. LEXIS 36116, at *2 (N.D. Cal. Mar. 5,

6   2019). Sealing is warranted only if the "compelling reasons" offered by a movant "outweigh the

7   general history of access and the public policies favoring disclosure." *Kamakana* at 1178-79.

8       Compelling reasons that outweigh the public interest in disclosure and justify seals exist

9   only where documents "'might have become a vehicle for improper purposes,' such as the use of

10  records to gratify private spite, promote public scandal, circulate libelous statements, or release

11  trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

12  Hypothesis and conjecture are insufficient to support sealing court records; specific factual

13  findings are required. *Id.* at 1178–79. Failure to meet the burden of articulating compelling

14  reasons supported by specific facts results in unsealing. *Id.* at 1182.

15      Civil Local Rule 79-5 supplements the compelling reasons standard and requires a party

16  to "explore all reasonable alternatives to filing documents under seal." Civil L.R. 79-5(a). A

17  party seeking to seal must "include a specific statement of the applicable legal standard <u>and</u> the

18  reasons for keeping a document under seal, including an explanation of: (i) the legitimate private

19  or public interests that warrant sealing; (ii) the injury that will result if sealing is declined; and

20  (iii) why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c).

21                                          **ARGUMENT**

22      For each portion of the Complaint it seeks to seal, Uber has failed to articulate

23  compelling reasons supported by specific facts that overcome the strong presumption of public

24  access to information in a complaint. Instead, Uber relies on its blanket assertion that certain

25  paragraphs contain information that is "competitively sensitive and confidential," without

26  identifying any trade secrets or other improper purposes, and offers only conclusory allegations,

27  unsupported by specific facts, that disclosure could result in "competitive harm." Dkt. 15 at 2.

28

**A.      Uber Fails to Demonstrate Any Compelling Reason to Seal Statistics Supporting the FTC's Savings-Related Failure to Disclose Claim (¶ 19)**

Uber seeks to permanently seal portions of the Complaint that cite high-level statistics from its internal testing that show that cancelling consumers often have little to no lifetime savings from Uber One. *See* Dkt. 3-1 at ¶ 19. Uber argues that this paragraph contains "highly confidential specific information" because the figures are from a study that "includes granular and specific data on customer profiles." Stauffer Dec. ¶ 3. While the underlying study may include such granular detail, the Complaint paragraph at issue does not. Complaint paragraph 19 cites high-level statistics derived from the study without revealing any individual customer information or any details on how Uber conducts such consumer research or utilizes the results. *See Malig as Tr. for Malig Fam. Tr. v. Lyft, Inc.*, No. 19-CV-02690-HSG, 2022 WL 1143360, at *2 (N.D. Cal. Mar. 31, 2022) (denying sealing where "the Court's review of the proposed redactions shows only a handful of high-level statistics. No details of any individual rider or incident can be inferred, nor is there operational information beyond the total number of alleged sexual assaults, a relevant issue in this case."); *cf. FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 6575838, at *3 (N.D. Cal. Dec. 13, 2018) (denying sealing of a statement about a company's underlying analysis as "reveal[ing] no competitively sensitive business information," even if an exhibit containing "the actual analysis and conclusions are sealable.").

Moreover, paragraph 19 contains information that is essential to Plaintiff's claim that Uber failed to disclose material terms, including the amount of money that consumers in Uber One subscriptions actually save. Dkt 1, Count III. The public has a significant interest in understanding this allegation, and this public interest is "not served if the basis for Plaintiff's claims is redacted." *Richards v. Centripetal Networks, Inc.*, No. 23-CV-00145-HSG, 2025 WL 306425, at *2 (N.D. Cal. Jan. 27, 2025) (quoting *Kamakana*, 447 at 1179); *see also Realtek Semiconductor Corp. v. MediaTek, Inc.*, 732 F. Supp. 3d 1101, 1119 (N.D. Cal. 2024) (denying sealing where "terms are germane to this dispute and essential to the public's understanding of these proceedings"); *Weiss v. Sovereign Nation of Afghanistan*, No. 23-CV-02827-HSG, 2023 WL 8530506, at *2 (N.D. Cal. Nov. 21, 2023) ("The 'interest in ensuring the public's

1    understanding of the judicial process and of significant public events,' would be impaired if the

2    fundamental basis for Plaintiffs' claims is redacted from the complaint.").

3            The FTC thus respectfully requests that the Court deny Uber's request to seal numerical

4    figures that appear on page 6, lines 21-22 (¶ 19) of the Complaint.

5    **B.    Uber Fails to Demonstrate a Compelling Reason to Seal the General Information**

6          **About Free Trial Enrollment (¶ 35)**

7            Uber also seeks to permanently seal the number of consumers who have been enrolled in

8    an Uber One free trial since 2021. *See* Dkt. 3-1 at ¶ 35. Uber argues that Uber's competitors

9    would be able to use this information to determine its "retention rate, its marketing strategy, and

10   customer targeting approach." Stauffer Dec. ¶ 4. Uber does not offer any explanation of how any

11   competitor would be able to determine these things based merely on the number of users who

12   have been enrolled in a free trial of Uber One. In fact, paragraph 35 of the Complaint does not

13   reveal *anything* about Uber strategy. It merely states the number of users who have been enrolled

14   in a free trial—not how they came to be enrolled, nor whether or how they were retained. *See*

15   *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2017 WL

16   4865558, at *6 (N.D. Cal. Oct. 27, 2017) (finding that party did not provide compelling reason to

17   seal answers that "only provide the cumulative number of customers during certain time

18   periods."); *cf. United States v. Adobe, Inc.*, 2024 U.S. Dist. LEXIS 130076, at *4 (N.D. Cal. July

19   23, 2024) (denying sealing because the information only contained "subscription revenues in the

20   most general of terms and does not contain any specific profit, cost, pricing, trade secret,

21   product-specific, or other information that would warrant sealing.").

22           The FTC respectfully requests that the Court deny Uber's request to seal the numerical

23   figure on page 13, line 25 (¶ 35) of the Complaint.

24   **C.    Uber Fails to Demonstrate Any Compelling Reason to Seal the Number of**

25         **Consumers Who Cancel without Using Uber One (¶ 85)**

26           Uber additionally seeks to permanently seal the number of consumers who cancelled their

27   Uber One subscription without using it during their last month and the number of consumers

28   who cancelled without using their subscriptions all. *See* Dkt. 3-1 at ¶ 85. Tellingly, Uber's

declaration provides no facts to support its claim of harm arising from this statement, and instead offers only the vague, speculative statement that competitors could "use this information to their advantage" in negotiations to harm "Uber's competitive standing in the marketplace and allow Uber's competitors to obtain an unfair competitive advantage over Uber." Stauffer Dec. ¶ 4. "An unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Hodges v. Apple, Inc.*, No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. 2013) (quoting *Dunbar v. Google, Inc.*, No. 12-CV-003305-LHK, 2012 WL 6202719, at *4-5 (N.D. Cal. 2012)); *see also FTC v DIRECTV, Inc.*, No. 15-CV-01129-HSG, 2017 WL 840379, at *2 (N.D. Cal. Mar. 3, 2017) (finding that DIRECTV could not show "compelling reasons" to seal "subscriber data," such as churn statistics, and the fact that this information is "not normally available to the public" was not alone sufficient.); *X One, Inc. v. Uber Techs., Inc.*, No. 16-CV-06050-LHK, 2020 WL 718310, at *3 (N.D. Cal. Feb. 12, 2020) (denying sealing because "generalized assertions" that information "could be leveraged by competition" do not "rise to the level of compelling.").

## CONCLUSION

For the reasons set forth above, the FTC respectfully requests that the Court (i) reject Uber's Request to Permanently Seal portions of the Complaint and (ii) direct that a fully-unredacted Complaint be filed on the public docket.

Respectfully submitted,

Dated: April 30, 2025

/s/ Stephanie Liebner

Stephanie Liebner
Paul Mezan
James Doty
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
(202) 758-4177 (Mezan)
E-mail: pmezan@ftc.gov
(202) 326-3395 (fax)

**Attorneys for Plaintiff**
**Federal Trade Commission**