Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729
Facsimile: +1 202 736 8711

Ausjia Perlow (*pro hac vice*)
aperlow@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: +1 212 839 5886
Facsimile: +1 212 839 5599

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br>     Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company, <br>     Defendants. | Case No. 4:25-cv-3477-JST <br><br> **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** <br><br> Assigned to: Hon. Jon S. Tigar <br><br> Complaint Filed: April 21, 2025 |

Defendants Uber Technologies, Inc. and Uber USA, LLC (collectively, "Uber" or "Defendants") by and through their undersigned counsel, hereby answer the allegations in the Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint") filed by Plaintiff the Federal Trade Commission ("Plaintiff"), and assert their defenses as follows.

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses.

## GENERAL RESPONSE TO PLAINTIFF'S ALLEGATIONS

1. Uber is a technology company that has revolutionized the way that people, food, and products get around cities and towns. Uber connects riders with drivers, eaters with restaurants, and shoppers with merchants. Billions of times, Uber has provided these valuable services to consumers seeking more cost-effective and efficient means of transportation and delivery. Like many companies, Uber also offers a membership program, called Uber One, that provides consumers additional savings and exclusive benefits. As is common with such programs, consumers can try Uber One for free and see if it makes sense for them. Before consumers join or try Uber One, Uber informs consumers about the terms of the Uber One membership. And members can cancel Uber One whenever they wish, with no additional fees or penalties for doing so.

2. These common and unremarkable features are the target of the Federal Trade Commission's lawsuit, which includes claims under the FTC Act and the Restore Online Shoppers' Confidence Act ("ROSCA"). The Complaint gets the facts wrong and is not supported by the law. Discovery will reveal the many weaknesses in the FTC's case, but a few fundamental flaws pervade all of the claims.

3. *First*, there is nothing false or misleading about Uber's statement that consumers could "cancel anytime with no additional fees or penalties." Even the Complaint admits that Uber One members can cancel their memberships anytime through either the App's self-cancellation flow or by contacting Uber Support in the app or on the web. And the Complaint does not allege that Uber charges an *additional* fee or penalty *for cancelling* Uber One. It alleges only that Uber charges consumers for membership as disclosed and agreed to by consumers. Charging a consumer

1

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

for a membership from which the consumer continues to benefit is not an "additional" cancellation fee or penalty; it is a membership charge.

4.   *Second*, the experience of a handful of members seeking to cancel within 48 hours of a renewal date describes nothing unlawful. Before a recent policy change and technological update months before this Complaint was filed, Uber disclosed to members that they should cancel their membership more than 48 hours prior to the next membership period to avoid charges for the next month. This was because the next month's charge may have already begun processing, due to financial institutions' processing windows. If a member nevertheless sought to cancel within the 48-hour window, Uber would direct them to do so through customer support—allowing members to request a refund of the next month's membership if they wanted. Just like any other time, therefore, members could cancel, and Uber charged them no cancellation fee to do so.

5.   *Third*, Uber clearly and conspicuously disclosed all material terms of Uber One, and consumers agreed to those terms before enrolling. The Complaint's screenshots plainly show that Uber informs consumers of the price, renewal terms, billing practices, and cancellation policies in simple language set off in bold or contrasting text. By telling consumers the terms and then asking them to click a button to join, Uber obtains their express informed consent before enrollment. On the other end, cancelling is also simple and intuitive, using familiar features like a "Manage Membership" button. The buttons to press are clear and simple and easy to read, and the cancellation process is fast.

6.   At its core, the FTC's lawsuit is quintessential agency overreach. It attacks lawful practices that look nothing like those ROSCA was meant to prohibit. Congress passed that law in the early years of the Internet to stamp out pernicious tactics employed by third-party sellers who tricked consumers into unknowingly buying their products or services while completing a transaction with a different online retailer. Uber One, by contrast, is a popular, well-known, and straightforward membership for which consumers must take an affirmative step to enroll. The lawsuit's substantive flaws also reflect a more troubling trend: the FTC has made no secret of its crusade against renewal subscriptions and against "Big Tech," and this case appears to be just the

2

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

latest installment. Uber vigorously disputes and denies all of the FTC's claims.

**GENERAL DENIAL**

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

**ANSWERS TO PLAINTIFF'S SPECIFIC ALLEGATIONS**

Subject to their Defenses, Defendants plead as follows to the specific allegations contained in the numbered paragraphs of the Complaint.[1]

1. Paragraph 1 is simply a summary of the nature of Plaintiff's claim and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. Defendants admit that Uber offers a membership program called Uber One, currently at a standard rate of $9.99 per month or $96 per year. Uber admits that Uber One members receive certain savings and can cancel anytime without additional fees. Defendants otherwise deny the allegations in Paragraph 2.

3. Defendants lack sufficient information or knowledge to admit the allegations in the first sentence of Paragraph 3, for which no citation is provided. To the extent that the allegations in the second sentence of Paragraph 3 purport to paraphrase from and characterize documents, the documents speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterization contrary to or beyond the terms of the documents. Defendants respectfully refer the Court to the referenced documents for the full context of the research. Defendants otherwise deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants admit that this Court has subject matter jurisdiction.

6. Defendants admit that venue is proper in this District.

---

[1] Defendants do not understand the headers or sub-headers in the Complaint to assert any substantive allegations. Defendants therefore do not respond individually to the headers or sub-headers. Defendants restate the headers and sub-headers for ease of reading and organization only. To the extent the headers or sub-headers are construed to assert any allegations, Defendants deny those allegations.

3

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

7. Defendants neither admit nor deny that assignment to the San Francisco Division is proper.

8. Defendants admit that the FTC is an agency of the United States Government. The remaining allegations in Paragraph 8 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. Defendants admit that Uber Technologies, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Defendants otherwise deny the allegations in Paragraph 9.

10. Defendants admit the allegations in the first sentence of Paragraph 10. Defendants deny the allegations in the second sentence of Paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants otherwise deny the allegations in Paragraph 11.

12. Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. Defendants admit the allegations in the first two sentences of Paragraph 13. Defendants otherwise deny the allegations in Paragraph 13.

14. Defendants admit that Uber has offered a membership service called Uber One since November 2021. Uber One members typically pay $9.99 per month for a monthly membership or $96 per year for an annual membership. Uber One memberships renew until canceled by the member or by Uber. Month-to-month plans are renewed and charged monthly, and annual plans are renewed and charged on a yearly basis. Defendants otherwise deny the allegations in Paragraph 14.

15. Defendants admit that more than 28.7 million consumers in the United States have enrolled in an Uber One membership as of September 2024. Defendants otherwise deny the allegations in Paragraph 15.

16. Defendants admit that Uber advertises Uber One. Defendants admit Uber One members can cancel anytime. Paragraph 16 includes an image of what some consumers may see on Uber's apps.[2] Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. The allegations in Paragraph 16 purport to quote from and characterize documents which speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants respectfully refer the Court to the referenced documents for the full versions of the quotes Plaintiff selectively excerpted. Defendants otherwise deny the allegations in Paragraph 16, including the footnote to Paragraph 16.

17. Defendants admit that Paragraph 17 includes an image of what some consumers may see on Uber's website. Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. The allegations in Paragraph 17 purport to quote from and characterize that image, the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image.

18. The allegations in Paragraph 18 purport to quote from and characterize documents which speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 18.

19. To the extent that the allegations in Paragraph 19 purport to quote from and characterize documents, those documents speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

---

[2] For all images reproduced in the Complaint, Defendants note that these images may differ in appearance from those seen by consumers using the Uber apps and Uber website, including in size, resolution, and coloring. No admission by Defendants should be interpreted as admitting that the appearance of an image reproduced in the Complaint is an accurate reflection of what was seen by consumers.

5

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

21.     Defendants admit that consumers can enroll in Uber One through the Uber App or Uber Eats App, and on Uber's website. Defendants otherwise deny the allegations in Paragraph 21.

22.     Defendants admit that Paragraph 22 includes an image of what some consumers may see on Uber's apps. Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. To the extent that the allegations in Paragraph 22 purport to quote from and characterize that image, the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants otherwise deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that Paragraph 25 includes an image of what some consumers may see on Uber's apps. Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. To the extent that the allegations in Paragraph 25 purport to quote from and characterize that image, the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants otherwise deny the allegations in Paragraph 25.

26.     Defendants admit that Paragraph 26 includes an image of what some consumers may see on Uber's apps. Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. To the extent that the allegations in Paragraph 26 purport to quote from and characterize that image, the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants otherwise deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

28.     The allegations in Paragraph 28 purport to quote from and characterize an image, which speaks for itself; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants

1  deny that this image fairly or fully represents Uber's disclosures and advertisements. Defendants
2  otherwise deny the allegations in Paragraph.

3        29.      Defendants deny the allegations in Paragraph 29.

4        30.      Defendants deny the allegations in Paragraph 30.

5        31.      The allegations in Paragraph 31 purport to quote from and characterize images,
6  which speak for themselves; thus no response is required. To the extent that a response is required,
7  Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants
8  deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants
9  otherwise deny the allegations in Paragraph 31.

10        32.      Defendants admit that consumers can enroll in Uber One using Uber's website.
11  Defendants otherwise deny the allegations in Paragraph 32.

12        33.      Defendants deny the allegations in Paragraph 33.

13        34.      The allegations in Paragraph 34 purport to quote from and characterize sources for
14  which no citation is provided. Defendants therefore lack sufficient information or knowledge to
15  admit the allegations in Paragraph 34 and so deny them.

16        35.      Defendants admit that Uber offers a free trial of the Uber One membership that can
17  vary in length. Defendants admit the allegations in the third sentence of Paragraph 35. Defendants
18  otherwise deny the allegations in Paragraph 35.

19        36.      Defendants admit that Uber discloses to consumers that they may cancel an Uber
20  One membership anytime. Defendants otherwise deny the allegations in Paragraph 36.

21        37.      Defendants deny the allegations in Paragraph 37.

22        38.      To the extent that the allegations in Paragraph 38 purport to quote from and
23  characterize documents, the documents speak for themselves; thus no response is required. To the
24  extent that a response is required, Defendants deny any characterization contrary to or beyond the
25  terms of the documents. Defendants otherwise deny the allegations in Paragraph 38.

26        39.      Defendants deny the allegations in Paragraph 39.

27
28

40. Defendants admit that Uber One members can initiate cancellation within Uber's apps. Defendants otherwise deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants deny the allegations in Paragraph 51.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

8

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-cv-3477-JST

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Defendants deny the allegations in Paragraph 69.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71. Defendants deny the allegations in the footnote to Paragraph 71, except that Defendants admit Uber One members could cancel their membership at any time by contacting Uber Support, including within 48 hours of renewal of their membership.

72. To the extent that the allegations in Paragraph 72 purport to quote from and characterize documents, the documents speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Paragraph 75 contains allegations that purport to quote from and characterize unverified sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 75 and so deny them.

76. Defendants lack sufficient information or knowledge to admit the allegations in the third sentence of Paragraph 76, for which no citation is provided, and so deny them. Defendants otherwise deny the allegations in Paragraph 76.

77. Defendants lack sufficient information or knowledge to admit the allegations in Paragraph 77, for which no citation is provided, and so deny them. Defendants otherwise deny the allegations in Paragraph 77.

78. Paragraph 78 contains allegations that purport to quote from and characterize unverified sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 78 and so deny them.

9

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

1    79.    Defendants deny the allegations in Paragraph 79.

2    80.    Paragraph 80 contains allegations that purport to quote from and characterize unverified sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 80 and so deny them.

81.    Defendants admit that Uber does cancel an Uber One membership for members that contact Uber Support with this request. Defendants otherwise deny the allegations in Paragraph 81.

82.    Defendants deny the allegations in Paragraph 82.

83.    Paragraph 83 contains allegations that purport to quote from characterize unverified sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 83 and so deny them.

84.    Defendants deny the allegations in Paragraph 84.

85.    To the extent that the allegations in Paragraph 85 purport to paraphrase from and characterize documents, the documents speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterization contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 85.

86.    Defendants deny the allegations in Paragraph 86.

87.    Admitted.

88.    Paragraph 88 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

89.    Paragraph 89 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count I**

**Misrepresentations**

90.    Defendants repeat and reassert their answers to Paragraphs 1–89 as if fully set forth herein. Defendants admit that Uber informs consumers that they may cancel their Uber One membership "anytime" and that they may do so "with no additional fees" or "without fees or penalties." Defendants otherwise deny the allegations in Paragraph 90.

10

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

## Count II

### Unfairly Charging Consumers Without Consent

93. Defendants repeat and reassert their answers to Paragraphs 1–92 as if fully set forth herein. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants admit that this is a partial description of the legislative history of ROSCA.

97. Paragraph 97 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

98. Admitted.

99. Defendants deny the allegations in Paragraph 99.

100. Admitted.

## Count III

### Failure to Provide Required Disclosures

101. Defendants repeat and reassert their answers to Paragraphs 1–100 as if fully set forth herein. Defendants deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

## Count IV

### Failure to Obtain Express Informed Consent Before Charges

103. Defendants repeat and reassert their answers to Paragraphs 1–102 as if fully set forth herein. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

## Count V

### Failure to Provide Simple Mechanisms for Stopping Recurring Charges

105.     Defendants repeat and reassert their answers to Paragraphs 1–104 as if fully set forth herein. Defendants deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

## CONSUMER INJURY

107.     Defendants deny the allegations in Paragraph 107.

## PRAYER FOR RELIEF

Defendants deny that the Plaintiff is entitled to any relief, in law or in equity, requested or not, including that which is requested in the Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Defendants allege, assert, and state the following as separate and distinct defenses to the Complaint. By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them.

## FIRST AFFIRMATIVE DEFENSE

### (Due Process – Unconstitutional Vagueness)

Plaintiff's claims are barred, in whole or in part, because ROSCA is unconstitutionally vague as applied by Plaintiff to Uber's alleged conduct. ROSCA requires sellers of negative option features to disclose material terms "clearly and conspicuously," obtain consumers' "express informed consent," and provide "simple mechanisms for a consumer to stop recurring charges." 15 U.S.C. § 8403. ROSCA does not identify the features necessary for text to be "clear[] and conspicuous[]," to obtain "express informed consent," or for a cancellation mechanism to be "simple." *Id*. Applying ROSCA here to prohibit Uber's alleged conduct violates the Due Process Clause.

## SECOND AFFIRMATIVE DEFENSE

### (Due Process – Lack of Fair Notice)

Plaintiff's claims are barred, in whole or in part, because the FTC failed to provide fair notice that Defendants' alleged conduct violated the law as required by the Due Process Clause. ROSCA requires sellers of negative option features to disclose material terms "clearly and

12

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

conspicuously," obtain consumers' "express informed consent," and provide "simple mechanisms for a consumer to stop recurring charges." 15 U.S.C. § 8403. ROSCA does not identify the features necessary for text to be "clear[] and conspicuous," to obtain "express informed consent," or for a cancellation mechanism to be "simple." *Id*. The FTC failed to provide fair notice to Uber that it considered design elements like those alleged to have been used by Uber to be a violation of ROSCA.

## THIRD AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiff's claims are barred, in whole or in part, because they would violate Uber's right to free speech under the First Amendment. Many of the allegations in the Complaint constitute protected speech through which Uber communicates with consumers. Plaintiff thus improperly seeks to impose liability based on protected speech.

## FOURTH AFFIRMATIVE DEFENSE

### (Standing/Mootness)

Plaintiff lacks standing to seek injunctive relief because Uber is not currently violating or about to violate ROSCA, the FTC Act, or other laws enforced by the FTC.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred, in whole or in part, by Uber's good faith and the absence of intentional misconduct and reckless or negligent conduct. Even if Uber's enrollment or cancellation flows are found to violate ROSCA, Uber lacked actual or implied knowledge of such alleged violations.

## SIXTH AFFIRMATIVE DEFENSE

### (Offsets)

Any finding of monetary liability, including any restitution award, should be offset to account for the benefits of Uber One that Uber customers received and to account for refunds paid to customers.

13

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver, Equitable Estoppel, Laches, and Unclean Hands)**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, equitable estoppel, laches, and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's claims are barred to the extent they seek relief based on alleged violations or harms that occurred outside of the applicable limitations periods.

**NINTH AFFIRMATIVE DEFENSE**

**(Violation of the APA and Major Questions)**

Plaintiff's claims are barred, in whole or in part, because they seek to radically expand Plaintiff's power to regulate the membership economy without proceeding through rulemaking and without the approval of Congress. Plaintiff's proposed interpretation of ROSCA would enable it to unilaterally set granular requirements for all membership services. The major questions doctrine precludes the agency from assuming that authority absent clear statutory authorization.

**TENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

The monetary relief sought is unconstitutional and excessive under the United States Constitution and specifically under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Equal Protection)**

This Complaint violates the Equal Protection Clause because Plaintiff is selectively, arbitrarily, and unequally enforcing ROSCA and the FTC Act against Defendants.

WHEREFORE, having fully answered, Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

14

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST

WHEREFORE, Defendants pray that all of Plaintiff's claims be dismissed with prejudice; that the Court enter judgment against Plaintiff and in favor of Defendants on all causes of action; that all of Defendants' costs and fees, including attorneys' fees, be awarded to Defendants; and that the Court grant such other relief as the Court may deem just and proper.

Date:  June 20, 2025

Respectfully submitted,

*/s/ Lauren C. Freeman*
Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
Ausjia Perlow (*pro hac vice*)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729
Facsimile: +1 202 736 8711

Ausjia Perlow (*pro hac vice*)
aperlow@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: +1 212 839 5886
Facsimile: +1 212 839 5599

15

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF - CASE NO. 4:25-CV-3477-JST