Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
(202) 326-3395 (fax)

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>　　Plaintiff,<br><br>　v.<br><br>**UBER TECHNOLOGIES, Inc.**, a corporation, and<br><br>**UBER USA, LLC**, a limited liability company,<br><br>　　Defendants. | Case No. 4:25-cv-03477-JST<br><br>**REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR A STAY OF BRIEFING IN LIGHT OF LAPSE OF APPROPRIATIONS** |

As the FTC explained in its opening brief, the FTC requests a stay of this action because FTC personnel are prohibited by law from working, even on a voluntary basis, during the pendency of the government shutdown. Mot. ¶ 3. The only exceptions are for actions involving "immediate[]" threats to the "safety of human life," a condition that Defendants do not and cannot argue is satisfied here. *See* 31 U.S.C. § 1342.

There is no dispute, then, that the FTC is barred from pursuing discovery on its claims, or responding to any extant or future discovery requests from Defendants, during the shutdown. As many courts have held in considering this exact issue, a lapse in government funding provides

good cause to stay actions involving the government.  *See, e.g.*, Standing Order No. 25-55, In Re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations (D.D.C. Oct. 1, 2025) (extending deadlines and staying matters in which the United States, its agencies, and its officers and employees are involved) (available at https://www.dcd.uscourts.gov/sites/dcd/files/Executive%20Order%2025-55.pdf).

Although the FTC believes a stay is required under existing law, it agrees that with respect to more remote dates, the Scheduling Order need not be amended if the shutdown is short-lived.  Accordingly, the FTC proposes that the Court stay the action and (1) automatically extend all 2025 deadlines by the length of the shutdown and (2) automatically extend 2026-27 deadlines only if the shutdown lasts two weeks or longer; if the shutdown is shorter than two weeks (*i.e.*, the FTC is funded on or before October 15, 2025), the FTC will endeavor to meet the 2026-27 deadlines in the current Scheduling Order.  This resolution would avoid moving dates unnecessarily while preventing the prejudice to the FTC that would result if the discovery and other clocks continued to run while it was statutorily barred from pursuing its claims.

Although Defendants' opposition contends, without any supporting facts, that they would suffer prejudice as a result of the FTC's motion, the FTC fears that their true aim is to hamstring the FTC by truncating the discovery schedule:  They have yet to produce a single document—or even reply to two FTC letters concerning discovery—in response to requests issued on **July 22, 2025**.  Their opposition brief thus appears to be of a piece with their strategy of affording the FTC as little time as possible to gather evidence to prove its claims.  To the extent that Defendants earnestly wish to resolve the litigation as soon as possible, they are, of course, free to produce documents and information in response to the FTC's discovery requests during the shutdown, which will help ensure that any post-shutdown deadlines reset by the Court remain in

place.

For these reasons, and to ensure fairness and compliance with federal law, the FTC respectfully requests that the Court grant its motion and stay proceedings until FTC attorneys are authorized to resume their ordinary civil litigation functions.

Respectfully submitted,

Dated: October 2, 2025        /s/ Paul Mezan

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 758-4177 (Mezan)
pmezan@ftc.gov (Mezan)
sliebner@ftc.gov (Liebner)
jdoty@ftc.gov (Doty)

**Attorneys for Plaintiff**
**FEDERAL TRADE COMMISSION**