Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729
Facsimile: +1 202 736 8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br>     Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company, <br>     Defendants. | Case No. 4:25-cv-3477-JST <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY TO FTC'S REPLY IN SUPPORT OF ITS MOTION FOR A STAY** |

Defendants Uber Technologies, Inc. and Uber USA, LLC ("Uber") respectfully move for leave under Local Rule 7-11 to file a sur-reply to address the new arguments that the FTC raised for the first time in its reply in support of a stay. Dkt. 38. While the Court could ignore the FTC's reply brief entirely because it was not authorized, if the Court wishes to consider the reply, Defendants seek leave to respond so the record is complete. *See* L. Civ. R. 7-11(c) (not authorizing reply); *Erickson Prods. Inc. v. Kast*, 2019 WL 8107869, at *1 n.1 (N.D. Cal. July 18, 2019) (court "decline[d] to consider the reply" because Local Rule 7-11 "does not authorize the filing of a reply brief"); *Ingram v. Pac. Gas & Elec. Co.*, 2013 WL 5340697, at *1 n.1 (N.D. Cal. Sept. 24, 2013) ("reply brief' is "unauthorized" when filed "without leave of Court").

First, instead of requesting an indefinite extension of all case deadlines regardless of the length of the shutdown, the FTC now requests an indefinite stay of all 2025 deadlines and an indefinite stay of all 2026/2027 deadlines only if the shutdown lasts more than two weeks. As to the 2025 deadlines, the FTC does not have any discovery responses due and Defendants will not serve anything imposing new deadlines during the shutdown. The only upcoming due date is to amend the pleadings, but as we explained in our opposition, the FTC has had sufficient time to address that before the shutdown and should have time this month after the shutdown ends too. As to the 2026/2027 deadlines, those can be addressed when the shutdown ends. The FTC arbitrarily asks to move the trial date if there is a two week shutdown, but even a three-week shutdown should encourage the parties to work faster, instead of moving the trial date.

Second, the FTC incorrectly asserts that "a stay is required under existing law" because "FTC personnel are prohibited by law from working, even on a voluntary basis, during the pendency of the government shutdown" and the "only exceptions are for actions involving 'immediate[]' threats to the 'safety of human life.'" Dkt. 38 at 1–2 (citing 31 U.S.C. § 1342). The FTC's own shutdown plan shows that far from being prohibited from working, over one-third of all "FTC personnel" will continue working during the shutdown, including in cases where courts deny stays. *See* FTC, *Shutdown of FTC Operations Upon Failure of the Congress to Enact Appropriations* at 5, 13 (Sept. 29, 2025), https://tinyurl.com/4fr96u9d. The FTC can allocate personnel during the shutdown how it wishes, but the suggestion that employees can only work to protect human life is simply incorrect and belied by the FTC's own planning documents.

Third, the FTC's suggestion that Uber's opposition to the indefinite extension is all part of Defendants' strategy to limit discovery is without merit. Dkt. 38 at 2. The Defendants did not cause the shutdown. The FTC took substantial discovery in its pre-suit investigation, had unlimited time to do so, and will have more than a year of discovery in litigation.

2

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY
CASE NO. 3:25-CV-3477-JST

Date: October 6, 2025

Respectfully submitted,
*/s/ Lauren C. Freeman*
Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729
Facsimile: +1 202 736 8711