Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (Virginia Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Ave., NW, Mailstop CC-5201
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
(202) 326-3395 (fax)

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**UBER TECHNOLOGIES, INC.**, a corporation, and<br><br>**UBER USA, LLC**, a limited liability company,<br><br>Defendants. | Case No. 4:25-cv-03477-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Assigned to: Hon. Jon S. Tigar<br><br><u>Case Management Conference</u><br>Date:  Dec. 16, 2025<br>Time:  2:00 PM<br>Place:  Zoom |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 16, Local Rule 16-10(d), Plaintiff, the Federal Trade Commission ("Plaintiff" or the "FTC") and Defendants Uber Technologies, Inc. and Uber USA, LLC ("Defendants" or "Uber") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit this Joint Report with updates since the Parties' prior Case Management Statement.

**I.    PRIOR AND PENDING MOTIONS**

On December 4, 2025, Plaintiff filed a consent motion requesting that the above-scheduled Case Management Conference be postponed to January 20, 2026, January 27, 2026, or February 3, 2026, because the deadline to add parties or amend the pleadings is December 15, 2025. Docket No. 43. This motion is currently pending with the Court.

On October 1, 2025, Plaintiff filed a Motion to Stay Briefing in light of Lapse of Appropriations. Docket No. 35. The Court resolved this Motion and ultimately stayed the deadline to add parties or amend the pleadings to December 15, 2025. In its Order, the Court stated that the Parties may propose a new case management conference date, if appropriate, and that all other deadlines would remain in place without prejudice to the FTC seeking further relief.

## II.   AMENDED PLEADINGS

### A.  Plaintiff's Position

Plaintiff expects that it may add parties or amend the pleadings on or before the December 15 deadline. As noted, the Parties have jointly moved to postpone the above-scheduled conference in light of the deadline. *See* Docket No. 43.

Plaintiff reserves the right to seek leave to amend based on fact discovery, including by seeking leave to name additional defendants if warranted through facts learned in discovery.

### B.  Defendants' Position

Defendants have proceeded with discovery during the course of the government shutdown and while the FTC considers whether to amend its complaint. Defendants will address any amendment in due course and reserve the right to move to dismiss or answer an amended complaint. If the Plaintiff moves to amend the complaint after the deadline, Defendants reserve the right to oppose any such motion.

## III.   DISCOVERY

### A.  Discovery Taken to Date

#### i.  Plaintiff's Position

The FTC served Requests for Production and Interrogatories in July 2025. Defendants have produced almost no information in response to Plaintiff's document requests; refuse to tell the FTC what categories of materials it will agree to produce; and have ignored the FTC's repeated requests to further engage on discovery. Instead, Defendants have attempted to jam the FTC on discovery by unilaterally dictating and (they claim) running search terms while the undersigned were furloughed, without any approval or input from the FTC. Although the FTC

1  has diligently attempted to meet and confer with Defendants multiple times, it believes motion
2  practice on the requests may be necessary given Defendants' obstructions.

3                  ii.  **Defendants' Position**

4         The FTC's position misstates the status of discovery.  Defendants have already begun
5  producing documents, and on November 4 and November 19, respectively, proposed 7
6  custodians and 129 search terms.  Defendants asked the FTC to provide feedback on these terms
7  by November 24th.  The FTC failed to respond to either the custodian or search term proposal.
8  Nonetheless, Defendants have been diligently reviewing the documents that hit on these terms
9  and will produce them on a rolling basis during the fact discovery period.

10         By contrast, the FTC has not produced even a single document in discovery.  Nor has the
11  FTC agreed to offer a single custodian or a single search term to respond to the Defendants'
12  requests for production of documents.  Defendants believe that motions practice may be required
13  to address these serious discovery deficiencies, but that is premature at this time.

14  **IV.   SETTLEMENT AND ADR**

15        **A.  Plaintiff's Position**

16         At this time, Plaintiff does not believe that settlement communications or ADR is
17  reasonably likely to be fruitful.  Plaintiff, however, may be amenable to court-sponsored
18  mediation or referral to a Magistrate Judge for settlement conferences after substantial discovery
19  has taken place.

20        **B.  Defendants' Position**

21         Defendants believe that referral to private mediation by the current mediation deadline of
22  April 24, 2026 is appropriate.

23  **V.    SCHEDULING**

24        **A.  Plaintiff's Position**

25         Plaintiff is not requesting any changes to the Court's Scheduling Order (Docket No. 32)
26  at this time.  But Plaintiff believes an amendment to the Order will likely be necessary given the
27  six-week government shutdown, during which counsel for the FTC could not pursue this action;
28

1 | a possible amended pleading added parties or claims; and Defendants' continued recalcitrance
2 | regarding discovery.

### B. Defendants' Position

Defendants believe that the parties should meet and confer about possible changes to the case schedule after the FTC makes a decision on amending the complaint.

Dated: December 9, 2025

Respectfully submitted,

*/s/ Paul Mezan*

Paul Mezan
Stephanie Liebner
James Doty
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
(202) 758-4177 (Mezan)
E-mail: pmezan@ftc.gov
(202) 326-3395 (fax)

**Attorneys for Plaintiff
Federal Trade Commission**

*/s/ Benjamin M. Mundel*

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729
Facsimile: +1 202 736 8711

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

v.

|  |  |
|---|---|
| 1 | Ausjia Perlow (*pro hac vice*) |
| 2 | aperlow@sidley.com |
|  | SIDLEY AUSTIN LLP |
| 3 | 787 Seventh Avenue |
|  | New York, NY 10019 |
| 4 | Telephone: +1 212 839 5886 |
| 5 | Facsimile: +1 212 839 5599 |
| 6 | **Attorneys for Defendants** |
|  | **Uber Technologies, Inc. and Uber USA, LLC** |

**ECF ATTESTATION**

I, Paul Mezan, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing on December 9, 2025, on all counsel of record.

                                                  */s/ Paul Mezan*

                                                  Paul Mezan

v.