Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>     Plaintiffs,<br>  v.<br><br>UBER TECHNOLOGIES, INC., a corporation; and<br><br>UBER USA, LLC, a limited liability company,<br><br>     Defendants. | Case No. 4:25-cv-03477-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Assigned to: Hon. Jon. S. Tigar<br><br><u>Case Management Conference</u><br>Date: January 27, 2026<br>Time: 2:00 PM<br>Place: Zoom |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 16, Local Rule 16-10(d), Plaintiffs Federal Trade Commission ("FTC" or "Commission") and the Above-Captioned Attorneys General and States ("Plaintiff States") (collectively, "Plaintiffs") and Defendants Uber Technologies, Inc. and Uber USA, LLC ("Defendants" or "Uber") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit this Joint Report with updates since the prior Case Management Statement dated December 9, 2025.

## I. PRIOR AND PENDING MOTIONS

On December 24, 2025, the Parties filed a stipulation to enlarge the time to respond to the First Amended Complaint. Plaintiff States and Defendants have also filed several administrative motions for *pro hac vice* admission.

## II. AMENDED PLEADINGS

### A. Plaintiffs' Position

On December 15, 2025, Plaintiffs filed their First Amended Complaint ("FAC"). Dkt. No. 46. The primary differences between the FTC's initial complaint and the FAC are that the FAC adds 21 states (or state attorneys general) and the District of Columbia as plaintiffs and seeks civil penalties. Plaintiffs reserve the right to seek leave to amend based on fact discovery, including by seeking leave to name additional defendants if warranted through facts learned in discovery.

Defendants' suggestion that the FAC was improperly filed is without merit. The FTC understood, based on the August 5, 2025 Initial Case Management Conference and the Scheduling Order (Dkt. 32), that the Order Setting a New Deadline to Add Parties or Amend Pleadings (Dkt. 42) granted the FTC leave to file the FAC by the December 15, 2025 deadline. In the event the FTC was mistaken, the FTC respectfully requests leave *nunc pro tunc* to file the FAC, which as noted primarily adds new parties and a new request for relief to the existing claims. Amendment would facilitate the efficient resolution on the merits by avoiding separate actions on the same underlying claims, and Defendants have not attempted to articulate any prejudice. Thus, leave is warranted. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.

1981) ("Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality'") (citation omitted).

### B. Defendants' Position

Plaintiffs filed their FAC without leave from this Court or Defendants' consent. *See* Fed. R. Civ. P. 15(a)(2). As this Court and others have recognized, that violation of the rules is grounds to strike the new complaint. *See, e.g., Hall v. Google LLC*, 2025 WL 1555747, at *1 (N.D. Cal. June 2, 2025) (Tigar, J.) (striking complaint).

The FTC filed its initial complaint on April 21, 2025, (Dkt. 1), and Defendants answered on June 20, 2025. (Dkt. 27). Then, 178 days passed (far more than the 21 days contemplated in the Rule) before the FTC filed its FAC, on December 15, 2025. (Dkt. 46). Yet the FTC obtained neither this Court's permission nor Defendants' consent to file the FAC. The Court's scheduling order (Dkt. 42) setting December 15 "as the deadline for [the FTC] to file any . . . amended complaint did not relieve [the FTC] from having to comply with Rule 15." *Hall*, 2025 WL 1555747, at *1 (citing P. *Marine Ctr., Inc.*, 2010 WL 3034510, at *2 (E.D. Cal. July 30, 2010)).

The FTC's critique that Defendants have not identified any prejudice from the amendment is not well taken. The FTC did not file a motion for leave and therefore there was no opportunity for Defendants to identify prejudice or explain the other factors that counsel against granting leave to amend. At bottom, the FTC has not identified any precedent for it to file an amended complaint out of compliance with Rule 15 and for that reason, the amended complaint should be struck. *Hall*, 2025 WL 1555747, at *1.

### III. EVIDENCE PRESERVATION

The Parties anticipate filing a stipulated E-Discovery Order governing the collection, review, and production of electronically stored documents.

### IV. DISCLOSURES

Plaintiff States served their initial disclosures on January 20, 2026. The FTC and

Defendants served their initial disclosures on July 17, 2025.

V.   **DISCOVERY**

A.   **Plaintiffs' Position**

The FTC served Requests for Production and Interrogatories in July 2025. Defendants have produced almost no information in response to the FTC's document requests and have ignored the FTC's repeated requests to meaningfully engage on discovery. Instead, Defendants have attempted to jam the FTC on discovery by unilaterally dictating and (they claim) running search terms while the undersigned were furloughed, without any approval or input from the FTC. Furthermore, Defendants have failed to provide basic information necessary for the FTC to intelligently negotiate search terms and custodians, such as the identities of Uber employees with relevant information and descriptions of where and how Defendants store responsive materials. Although the FTC has diligently attempted to meet and confer with Defendants' multiple times and has addressed outstanding discovery issues via written correspondence, it believes motion practice on the requests may be necessary given Defendants' obstructions.

Plaintiff States expect to issue additional discovery requests to Defendants and/or certain third parties as appropriate.

Due to the complexity of the case, Plaintiffs expect that they will seek to take more than ten depositions. *See FTC v. Amazon.com, Inc. et al.*, No. 2:23-cv-00932-JHC, Dkt. No. 193 (W.D. Wash. Sept. 19, 2024). Given the status of discovery, however, Plaintiffs believe it is premature to suggest a precise number of depositions that may be necessary.

B.   **Defendants' Position**

The FTC's complaints are not well founded.  Defendants not only produced documents during the FTC's investigation, but have also started further document production in litigation and answered the FTC's only interrogatory. Defendants have also sought to engage with the FTC on the appropriate scoping for discovery going forward. To that end, Defendants have proposed using search terms and custodians. The FTC has not meaningfully responded. Defendants also sent the FTC a letter addressing all outstanding discovery issues on January 7, 2026, and the FTC has not yet responded.

By contrast, the FTC still has not produced a single document in discovery. Nor has the FTC agreed to use a single custodian or a single search term for its discovery responses.

Defendants will shortly serve discovery to each of the Plaintiff States and expects to issue additional discovery requests to Plaintiffs.

Defendants will respond to the FTC's possible future requests for more depositions when it is made and ripe.

Defendants look forward to engaging in a dialogue with the FTC about the appropriate scope and bounds of bilateral discovery so that the parties can efficiently conduct and complete discovery.

## VI. RELIEF SOUGHT BY CLAIM OR COUNTERCLAIM

The FTC intends to seek injunctive relief for Defendants' violations of the FTC Act and injunctive relief, monetary relief, and civil penalties for Defendants' violations of ROSCA. The FTC has not yet determined the amount of monetary relief or civil penalties it will seek.

Plaintiff States intend to seek injunctive relief, civil penalties, and other relief authorized by their respective state statutes. Plaintiff States also intend to seek injunctive relief for Defendants' violations of ROSCA.

Defendants have not filed a counterclaim or cross claim, but dispute the FTC's claims for relief and note that the FTC lacks authority to obtain civil penalties.

## VII. SETTLEMENT AND ADR

### A. Plaintiffs' Position

At this time, Plaintiffs do not believe that settlement communications or ADR is reasonably likely to be fruitful. Plaintiffs, however, may be amenable to court-sponsored mediation or referral to a Magistrate Judge for settlement conferences after substantial discovery has taken place and welcome a discussion with the Court at the Case Management Conference regarding the most productive path forward.

### B. Defendants' Position

Defendants believe that referral to a Magistrate Judge or private mediation by the current mediation deadline is appropriate. Defendants would appreciate an opportunity to discuss this

topic with the Court at the upcoming conference.

VIII.    OTHER REFERENCES

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation. All Parties do not consent to the jurisdiction of a magistrate judge for all purposes.

IX.    SCHEDULING

A.    **Plaintiffs' Position**

Due to the six-week government shutdown, Defendants' continued recalcitrance regarding discovery, and the addition of the Plaintiff States to the case, Plaintiffs respectfully request that the Court's Scheduling Order be extended as follows:

| Event | Current Date | Plaintiffs' Proposed Date |
|---|---|---|
| Fact discovery cut-off | June 12, 2026 | September 14, 2026 |
| Mediation deadline | April 24, 2026 | July 24, 2026 |
| Expert disclosures | July 2, 2026 | October 2, 2026 |
| Expert rebuttal | July 31, 2026 | November 2, 2026 |
| Expert discovery cut-off | August 28, 2026 | November 30, 2026 |
| Dispositive motion hearing deadline | November 5, 2026 | February 11, 2027 |
| Pretrial conference statement due | January 8, 2027 | April 16, 2027 |
| Pretrial conference | January 15, 2027 at 2:00 p.m. | April 23, 2027 at 2:00 p.m. |
| Trial | February 8, 2027 at 8:30 a.m. | May 17, 2027 at 8:30 a.m. |

B.    **Defendants' Position**

Defendants disagree with Plaintiffs' characterization of the reasons for the current discovery posture. Defendants do not believe an extension of deadlines is necessary or justified.

X.    PROFESSIONAL CONDUCT

The Parties confirm that their respective counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## IX. OTHER MATTERS

Should it assist the Court and Parties in advancing the case efficiently, the Plaintiff States have authorized counsel for the Attorneys General of Alabama and Maryland to represent their interests regarding certain administrative matters at future court appearances and meetings with opposing counsel. Plaintiff Attorney General of Virginia hereby notifies the Court that Jay Jones was sworn in as the 49th Attorney General of Virginia on January 17, 2026.  Pursuant to Fed. R. Civ. P. 25(d), Attorney General Jones shall be automatically substituted as a party plaintiff.

| | | |
|---|---|---|
| 1 | Dated: January 20, 2026 | Respectfully submitted, |
| 2 | | |
| 3 | /s/ Benjamin M. Mundel | /s/ Paul Mezan |
| 4 | Benjamin M. Mundel (*pro hac vice*)<br>bmundel@sidley.com | Paul Mezan<br>Stephanie Liebner |
| 5 | SIDLEY AUSTIN LLP<br>1501 K Street, N.W. | James Doty<br>Federal Trade Commission |
| 6 | Washington, D.C. 20005<br>Telephone: +1 202 736 8729 | 600 Pennsylvania Avenue, NW<br>Mail Stop CC-10232 |
| 7 | Facsimile: +1 202 736 8711 | Washington, DC 20580<br>(202) 758-4177 (Mezan) |
| 8 | Lauren C. Freeman (SBN 324572) | E-mail: pmezan@ftc.gov |
| 9 | lfreeman@sidley.com<br>SIDLEY AUSTIN LLP | (202) 326-3395 (fax) |
| 10 | 555 California Street, Suite 2000<br>San Francisco, CA 94104 | **Attorneys for Plaintiff**<br>**Federal Trade Commission** |
| 11 | Telephone: +1 415 772 1200<br>Facsimile: +1 415 772 7400 | |
| 12 | | |
| 13 | Sonal N. Mehta (SBN 222086)<br>sonal.mehta@wilmerhale.com | OFFICE OF THE ATTORNEY GENERAL<br>OF MARYLAND, CONSUMER<br>PROTECTION DIVISION |
| 14 | Wilmer Cutler Pickering Hale and Dorr LLP<br>2600 El Camino Real, Suite 400 | /s/ Philip Ziperman |
| 15 | Palo Alto, CA 94306<br>Telephone: +1 650 600 5051 | Philip Ziperman (MD Bar No.: 9012190379)*<br>Deputy Chief |
| 16 | | Consumer Protection Division<br>Office of the Attorney General of Maryland |
| 17 | David Gringer (*pro hac vice*)<br>david.gringer@wilmerhale.com | 200 St. Paul Place, 16th Floor<br>Baltimore, MD 21202 |
| 18 | Marissa M. Wenzel (*pro hac vice*)<br>marissa.wenzel@wilmerhale.com | pziperman@oag.maryland.gov<br>(410) 576-6417 |
| 19 | Wilmer Cutler Pickering Hale and Dorr LLP | |
| 20 | 7 World Trade Center<br>250 Greenwich Street | Luke Riley (MD Bar No.: 2502271005)*<br>Assistant Attorney General |
| 21 | New York, NY 10007<br>Telephone: +1 212 230 8800 | Consumer Protection Division<br>Office of the Attorney General of Maryland |
| 22 | | 200 St. Paul Place, 16th Floor<br>Baltimore, MD 21202 |
| 23 | **Attorneys for Defendants**<br>**Uber Technologies, Inc. and** | lriley@oag.maryland.gov<br>(410) 576-6568 |
| 24 | **Uber USA, LLC** | |
| 25 | | *Attorneys for Plaintiff*<br>*Office of the Maryland Attorney General,* |
| 26 | | *Consumer Protection Division* |
| 27 | | |
| 28 | | |

```
                            STEVE MARSHALL
                            ATTORNEY GENERAL

                            By:

                            /s/ Michael G. Dean
                            Michael G. Dean*
                            Assistant Attorney General

                            /s/ Lindsay D. Barton
                            Lindsay D. Barton*
                            Assistant Attorney General

                            Office of the Attorney General
                            Consumer Interest Division
                            501 Washington Avenue
                            P.O. Box 300152
                            Montgomery, Alabama 36130-0152
                            (334) 242-7300
                            Michael.Dean@AlabamaAG.gov
                            Lindsay.Barton@AlabamaAG.gov

                            Attorneys for Plaintiff
                            Attorney General of Alabama



                            KRISTIN K. MAYES
                            Attorney General of Arizona

                            /s/ Alyse Meislik
                            Alyse Meislik, AZ Bar No. 024052*
                            Assistant Attorney General
                            Office of the Arizona Attorney General
                            2005 North Central Avenue
                            Phoenix, AZ 85004
                            Phone: (602) 542-3702
                            Fax: (602) 542-4377
                            Email:  consumer@azag.gov
                            Alyse.Meislik@azag.gov

                            Attorney for Plaintiff
                            Arizona Attorney General
```

URSULA JONES DICKSON
District Attorney of Alameda County

*/s/ Andres H. Perez*
ANDRES H. PEREZ (SBN 186219)
Assistant District Attorney
HUY T. LUONG (SBN 251507)
Deputy District Attorney
Consumer, Environmental & Worker Protection Division
7677 Oakport Street, Suite 650
Oakland, CA 94621
Telephone (510) 383-8600
Email: andres.perez@acgov.org
          huy.luong@acgov.org

*Attorneys for Plaintiff*
*People of the State of California*


STATE OF CONNECTICUT

WILLIAM TONG

ATTORNEY GENERAL OF THE STATE OF CONNECTICUT

*/s/ Brendan T. Flynn*
Brendan T. Flynn*
Fed. Bar No. ct04545
Assistant Attorney General
Office of the Attorney General of the State of Connecticut
165 Capitol Ave.
Hartford, CT  06106
Tel: 860-808-5400
Fax: 860-808-5593
Brendan.Flynn@ct.gov

*Attorney for Plaintiff*
*Attorney General of the State of Connecticut*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Coty Montag*
COTY MONTAG [CA BAR #255703]
Deputy Attorney General, Public Advocacy Division
Coty.Montag@dc.gov

BETH MELLEN
WILLIAM STEPHENS
Assistant Deputy Attorneys General, Public Advocacy Division

KEVIN VERMILLION
Director, Office of Consumer Protection

EMILY HOLNESS
Deputy Director, Office of Consumer Protection

BRITTANY NYOVANIE
Assistant Attorney General, Office of Consumer Protection

Office of the Attorney General
for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Tel: (202) 702-5686
Email: Brittany.Nyovanie@dc.gov

*Attorneys for Plaintiff*
*District of Columbia*


PEOPLE OF THE STATE OF ILLINOIS

*/s/ Hal B. Dworkin*
HAL B. DWORKIN, IL Bar No. 6318213*
Senior Assistant Attorney General
Office of the Illinois Attorney General
Consumer Protection Division
Consumer Fraud Bureau
115 South LaSalle Street
Chicago, IL 60603

(312) 814-5159
Hal.Dworkin@ilag.gov

*Attorney for Plaintiff*
*The People of the State of Illinois*


FOR PLAINTIFF THE PEOPLE OF THE STATE OF MICHIGAN:

*/s/ Aaron W. Levin*
AARON W. LEVIN*
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Fax: (517) 335-6755
levina@michigan.gov

*Attorney for Plaintiff*
*The People of the State of Michigan*


KEITH ELLISON
Attorney General of Minnesota

*/s/ Jacob Harris*
JACOB HARRIS*
SARAH DOKTORI*
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2130
jacob.harris@ag.state.mn.us
Telephone: (651) 300-7591
Sarah.doktori@ag.state.mn.us
Telephone: (651) 583-6694

*Attorneys for Plaintiff*
*State of Minnesota by its Attorney General Keith Ellison*

Catherine Hanaway
Missouri Attorney General

*/s/ Alison Esbeck*
Alison Esbeck (MO Bar # 58501)*
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-4977
Alison.Esbeck@ago.mo.gov

Connor McNeall (MO Bar # 76836)*
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-7888
connor.mcneall@ago.mo.gov

*Attorneys for Plaintiff*
*Missouri Attorney General's Office*


STATE OF MONTANA

*/s/ Brent Mead*
Brent Mead (MT #68035000)*
Deputy Solicitor General
Office of Consumer Protection
Montana Department of Justice
P.O. Box 200151
Helena, MT 59620-0151
(406) 444-4500
Brent.mead2@mt.gov

*Attorney for Plaintiff*
*State of Montana*


STATE OF NEBRASKA

*/s/ Benjamin J. Swanson*
Benjamin J. Swanson (NE #27675)*
Assistant Attorney General

Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
(402) 471-7759
benjamin.swanson@nebraska.gov

*Attorney for Plaintiff*
*State of Nebraska*


FOR PLAINTIFF STATE OF NEW HAMPSHIRE:

JOHN M. FORMELLA
Attorney General

*/s/ Amanda N. Purcell*

Amanda N. Purcell, NH Bar #278532*
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-1215
Email: Amanda.N.Purcell@doj.nh.gov

*Attorney for Plaintiff*
*State of New Hampshire*


MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

*/s/ Zeyad A. Assaf*

Zeyad A. Assaf *
Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey St., 5th Fl.
Newark, NJ 07102
Phone: (609) 696-5363
Email: Zeyad.Assaf@law.njoag.gov

*Attorney for Plaintiff*
*Attorney General of the State of New Jersey*

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Patrick Gibson*
Patrick Gibson (NY Bar No. 5267489)*
Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, NY 10005
Tel: (212) 416-6067
Email: patrick.gibson@ag.ny.gov

*Attorney for Plaintiff*
*The State of New York*


FOR PLAINTIFF THE STATE OF NORTH CAROLINA:

JEFF JACKSON
North Carolina Attorney General

*/s/ Jesse Ramos*
JESSE RAMOS (NC Bar No. 51663)*
Special Deputy Attorney General

KUNAL CHOKSI (NC Bar No. 55666)
Senior Deputy Attorney General

BRIAN RABINOVITZ (NC Bar No. 41538)*
Special Deputy Attorney General

Consumer Protection Division
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602
Tel: (919) 716-6000
Fax: (919) 716-6050
Email: jramos@ncdoj.gov

*Attorneys for Plaintiff*
*The State of North Carolina*

DAVE YOST
OHIO ATTORNEY GENERAL

*/s/ Kevin R. Walsh*
Kevin R. Walsh (0073999)*
Senior Assistant Attorney General
Consumer Protection Section
615 W. Superior Avenue, 11th Floor
Cleveland, Ohio 44113
Telephone: (216) 787-3447
Facsimile: (866) 947-3223
Email: Kevin.Walsh@ohioago.gov

*Attorneys for Plaintiff*
*Ohio Attorney General*

GENTNER DRUMMOND,
ATTORNEY GENERAL OF OKLAHOMA

*/s/ Christopher J. Campbell*
Cameron R. Capps, OBA No. 32742*
Christopher. J. Campbell, OBA No. 33649*
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 522-1260
Fax: (405) 521-3921
Cameron.Capps@oag.ok.gov
Chris.Campbell@oag.ok.gov

*Attorneys for Plaintiff*
*Attorney General of Oklahoma*

DAVID W. SUNDAY, Jr.
PENNSYLVANIA ATTORNEY GENERAL

By:

*/s/ Merna T. Hoffman*
MERNA T. HOFFMAN*
Senior Deputy Attorney General
PA Attorney I.D. No. 312897
15th Floor, Strawberry Square
Harrisburg, PA 17120
Email: mhoffman@attorneygeneral.gov

JOHN M. ABEL*
Chief Deputy Attorney General
Bureau of Consumer Protection
PA Attorney I.D. No. 47313
15th Floor, Strawberry Square
Harrisburg, PA 17120
Email: jabel@attorneygeneral.gov

*Attorneys for Plaintiff
Attorney General of Pennsylvania*


**JASON S. MIYARES,
ATTORNEY GENERAL OF THE
COMMONWEALTH OF VIRGINIA**

*/s/ Mark S. Kubiak*

Mark S. Kubiak (VSB No. 73119)*
Senior Assistant Attorney General
Timothy S. Allison (VSB No. 98083)*
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 786-7364 (Kubiak)
             (804) 786-0594 (Allison)
E-mail: mkubiak@oag.state.va.us
        tallison@oag.state.va.us

*Attorneys for Plaintiff
Jason S. Miyares, Attorney General of the
Commonwealth of Virginia*


**JOHN B. MCCUSKEY,
ATTORNEY GENERAL OF WEST
VIRGINIA**

*/s/ Tanya L. Godfrey*

Ann L. Haight (WVSB# 1527)*
Deputy Attorney General, Consumer Director
Tanya L. Godfrey (WVSB# 7448)*
Assistant Attorney General
Office of the West Virginia Attorney General

P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Ann.L.Haight@wvago.gov
Tanya.L.Godfrey@wvago.gov

*Attorneys for Plaintiff*
*Attorney General of West Virginia*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Laura E. McFarlane*

LAURA E. MCFARLANE*
Assistant Attorney General
State Bar #1089358
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8911
(608) 294-2907 (Fax)
laura.mcfarlane@wisdoj.gov

*Attorney for Plaintiff*
*State of Wisconsin*

**Pro hac vice* application filed or forthcoming

Co-counsel for Plaintiffs' attorneys appearing *pro hac vice*:

Kerry O'Brien (CABN 149264)
Federal Trade Commission
Western Region San Francisco
90 Seventh St., Suite 14-300
San Francisco, CA 94103
Phone: (415) 848-5100
Email: kobrien@ftc.gov

**ECF ATTESTATION**

I, Paul Mezan, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing or email on January 20, 2026, on all counsel of record.

                                                  */s/ Paul Mezan*

                                                  Paul Mezan