UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No. 25-cv-03477-JST (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 145

The Court held a hearing this morning concerning ECF No. 145. As discussed at the hearing, the Court **ORDERS** as follows:

1. The FTC's motion to compel concerning interrogatory No. 1 is denied. The rog asks Uber to "identify each current or former Uber employee or contractor with information relevant to this action," including certain specified topics. The FTC says it wants this information to help identify potential custodians. However, the number of individuals who have at least some relevant information is likely to be enormous, out of all proportion to the number of likely document custodians. Document custodians should be people who have a good deal of relevant information, not just a little bit of it. Asking Uber to identify everyone with relevant information, regardless of how little, is not a useful exercise. The Court also dislikes how the rog hands Uber the conclusory word "relevant" when the parties clearly have big disputes about what is relevant. A party on the receiving end of a court order should know what it has been ordered to do, and the Court should understand what it has ordered so it can determine if its order has been obeyed or violated. If the Court ordered Uber to identify the people "with

information relevant to this action," because of all the disputes about what is relevant, Uber would not know what it had been ordered to do, and the Court wouldn't know either, as it has not ruled on all the disputes about what is relevant.

2. Uber shall complete its production of documents in response to RFPs 2 and 3 within two weeks.

3. Uber shall identify to the FTC all repositories and databases that contain responsive documents within seven days. Uber shall identify to the FTC all channels within Slack that contain responsive documents within 30 days.

4. The parties shall meet and confer concerning the number and identity of document custodians. Within three weeks, they shall file a notice that they have reached an agreement or a joint discovery letter brief setting forth their respective positions.

5. The Court will hold a further discovery hearing on April 10, 2026 at 10am by Zoom videoconference. The parties shall file a status report concerning discovery issues no later than noon Pacific time on April 9, 2026.

6. The parties shall meet and confer and no later than March 25, 2026, file either a notice that they have reached an agreement or a joint discovery letter brief setting forth their respective positions concerning the following: the date range for documents to be produced, and RFPs 8, 10, 16, 17, 19, 25, 26 and 28. Page limits are suspended for this joint discovery letter brief.

7. Uber shall complete its production of documents responsive to RFPs 35-37 within 30 days.

8. Uber shall complete its production of documents responsive to RFP 34 within 30 days.

9. The Court grants the FTC's motion to compel concerning subparts (g) and (h) of RFP 14. Uber shall complete its production of documents responsive to RFP 14 within 30 days.

10. The Court grants the FTC's motion to compel concerning RFP 30. Uber shall produce responsive documents within 30 days.

11. For RFP 33, the Court grants the FTC's motion to compel as to subparts (c) and (d)

1  and denies it as to subparts (a), (b) and (e).  Uber shall produce responsive
2  documents within 45 days.
3  **IT IS SO ORDERED.**

Dated: March 11, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

3