**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | Case No. 4:25-cv-3477-JST |
| Plaintiffs, | |
| v. | **DECLARATION OF DANIELLE SHERIDAN IN SUPPORT OF DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL** |
| UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company, | |
| Defendants. | |

I, Danielle Sheridan, hereby declare and state as follows:

1.  I am currently the Senior Director and Head of Global Memberships at Uber Technologies, Inc. ("Uber"). I have worked at Uber for the last two and a half years, and prior to that worked at Uber from 2014 to 2022 in a different role. I have personal knowledge of all the facts contained herein and, if called as a witness, I could and would testify competently thereto.

2.  I submit this declaration in support of Defendants' Local Rule 79-5(f)(3) Statement and Request to Permanently Seal.

3.  Exhibit C to the Joint Discovery Letter Brief Filed by the FTC on March 25, 2026 contains highly confidential information about the business rationale, structure, and results of Uber's internal consumer research. Uber keeps this information confidential; it is not publicly available nor is it widely disseminated within Uber. Rather, these experiments and their results are shared on a limited basis to the particular teams that need this information. Uber's competitors do not make this information publicly available about their own businesses, and Uber does not have this information about its competitors' customer profiles. If Uber's competitors obtained this confidential information about Uber, they could adjust their own business, consumer testing strategies, and customer targeting approaches in ways that would give them an unfair competitive advantage over Uber.

4.  Exhibit H to the Joint Discovery Letter Brief Filed by the FTC on March 25, 2026 contains highly confidential information about the number of people who joined Uber One each month, and how they joined Uber One. Uber keeps this information confidential. Uber's competitors do not make this information publicly available about their own businesses, and Uber does not have this information about its competitors' customer profiles. If Uber's competitors obtained this information about Uber One, Uber's competitive standing would be harmed because competitors could attempt to use the data to reverse-engineer Uber's pricing and promotional strategies and benchmark their own performance against Uber's.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 1, 2026.

1

Signed by:

By: Danielle Sheridan
—615CB2D1CA5C492...
Danielle Sheridan

2