Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN, <br><br> Plaintiffs, <br> v. <br><br> UBER TECHNOLOGIES, INC., a corporation; and <br><br> UBER USA, LLC, a limited liability company, <br><br> Defendants. | Case No. 4:25-cv-03477-JST <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Assigned to: Hon. Jon. S. Tigar <br><br> <u>Case Management Conference</u> <br> Date: April 10, 2026 <br> Time: 1:30 PM <br> Place: Zoom |

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 16, Local Rule 16-10(d), Plaintiffs Federal Trade Commission ("FTC" or "Commission") and the Above-Captioned Attorneys General and States ("Plaintiff States") (collectively, "Plaintiffs") and Defendants Uber Technologies, Inc. and Uber USA, LLC ("Defendants" or "Uber") (collectively, the "Parties"), by and through their respective counsel of record, hereby submit this Joint Report with updates since the prior Case Management Statement dated January 20, 2026.

## I.    PRIOR AND PENDING MOTIONS

On January 27, 2026, Defendants filed a partial Motion to Dismiss ("MTD") the First Amended Complaint ("FAC"). On March 10, 2026, Plaintiffs filed an Opposition to Defendants' MTD, and on March 24, 2026, Defendants filed a Reply.

On April 1, 2026, Defendants filed a statement and request to permanently seal in response to Plaintiff FTC's Administrative Motions to Consider Whether Another Party's Material Should be Sealed (Dkt. 156–57).

The parties have and will continue to raise discovery disputes before Judge Hixson.  On March 6, Plaintiffs filed a joint discovery letter brief, which was largely ruled on by Judge Hixson on March 11.  On March 26, as instructed by Judge Hixson, Plaintiffs filed a joint discovery letter brief regarding most of the residual issues in Plaintiffs' March 11 letter. This letter brief was heard on April 3. The parties expect to raise additional discovery disputes with Judge Hixson in the next several weeks.

## II.    EVIDENCE PRESERVATION

The Parties filed a stipulated E-Discovery Order governing the collection, review, and production of electronically stored documents on March 4, 2026, and it was entered by the Court the same day.

## III.    DISCLOSURES

### A.    Plaintiffs' Position

Plaintiff States served their initial disclosures on January 20, 2026, and supplementary initial disclosures on February 17, 2026, March 9, 2026, and April 1, 2026.  Uber is in the

process of raising objections to those initial disclosures, including with respect to the computation of damages. The Plaintiff States have identified their applicable penalty statutes and restitution principles, which generally permit the disgorgement of all subscription fees in connection with illegal transactions and penalty amount ranges that are variable depending on each Plaintiff State's consumer protection law. While Uber insists that the states provide more specificity, both the penalty and restitution calculation are largely transaction-based and Uber has refused to supply the Plaintiffs with sufficient transaction data that would enable such calculation. Among other things, Uber refuses to produce data disclosing the names of consumers, their addresses, and the amounts they were charged. Without this data, the Plaintiff States cannot accommodate Uber's request to specifically compute damages.

**B.    Defendants' Position**

The Plaintiff States' initial disclosures fail to comply with the federal rules, despite repeated requests and discussions. Uber is in the process of briefing that issue with Judge Hixson. The federal rules are not optional and the States are required to provide a calculation of their damages. There is no reason why the States need individual names or their home addresses to do so. Uber has produced voluminous data showing the amount of each membership transaction and the Uber city identification associated with each membership signup. This is more than sufficient transaction data to enable the calculation Plaintiffs resist. Therefore, Uber's requests for specificity are tailored to the documents and data it has already produced to the Plaintiffs.

**IV.    DISCOVERY**

**A.    Plaintiffs' Position**

The FTC served Requests for Production and Interrogatories in July 2025. By the beginning of March 2026, Defendants had produced only 72 documents totaling 179 pages, even though there were no disputes regarding many of the FTC's requests.  Defendants finally started producing material after ordered to do so by Judge Hixson on March 11th, and several additional disputes will be presented to Judge Hixson this week and next.

Regarding custodial productions (*i.e.*, material requiring search terms), there is still no search term agreement in place because Defendants have repeatedly thwarted Plaintiffs' attempts to identify necessary custodians through deficient responses to RFPs 2 and 3 (which request organizational charts and documents identifying teams that worked on Uber One) and intransigence during meet and confers on this topic.  Judge Hixson ordered that their responses to these RFPs were deficient and may resolve part of the dispute this week or next.  Plaintiffs will continue to work diligently to secure an agreement regarding custodial searches but anticipate that additional intervention by Judge Hixson will be required given Uber's apparent position that they will not participate in discovery absent court order.

Plaintiff States have not served their own discovery on Uber and, instead, are relying on the information Uber produces to the FTC. Uber has recently raised three categories of objections to the Plaintiff States Answers to Interrogatories that the Plaintiff States believe lack merit and will be briefed before Judge Hixson.

Uber has also served notices of deposition on the Offices of the Attorney General for Nebraska and Montana, both of which were scheduled without first consulting with those offices in violation of L.R. 30-1 and JST Civil Standing Order, Section F(3) (June 2, 2025). Uber has since withdrawn the notice served on the Montana Attorney General's Office but has refused to withdraw the notice served on the Nebraska Attorney General's Office. The Plaintiff States are in the process of seeking a protective order striking the remaining notice on the grounds that 1) Uber is effectively seeking to depose counsel regarding their protected work product; (2) any limited non-privileged information that Uber seeks can obtained through less intrusive and burdensome means, such as interrogatories; and (3) the deposition is unduly burdensome.

### B.    Defendants' Position

Plaintiffs' position mischaracterizes many aspects of discovery. Uber will not go through every detail, especially since this Court has referred discovery matters to Judge Hixson. But Uber must correct the record on a few points. First, it is false that Uber has only started producing material after being ordered to do so by Judge Hixson. The FTC asked Uber to prioritize a subset of its requests to inform the parties' settlement efforts, including the FTC's four primary data

RFPs (which contain dozens of subparts). Uber substantially completed its responses to these RFPs on March 9, 2026, and will complete its responses to these RFPs by April 10, 2026.

Plaintiffs' position on custodial discovery is also inaccurate. Uber proposed custodians and terms in November 2025. The FTC refused to reasonably engage with Uber's proposals. Uber supplemented its responses to RFPs 2 and 3 on March 24, 2026, which is exactly what Plaintiffs said they needed to negotiate custodians. Over a week later, Plaintiffs have still not proposed any custodians. Defendants believe that the Parties can agree on custodians without involving Judge Hixson.

In contrast, Plaintiffs have failed to provide anything resembling reasonable discovery responses, refusing to provide even basic facts in response to interrogatory responses, identify the communications by Uber that they are challenging, provide responsive documents, or make witnesses available for deposition. Each of these issues will be before Judge Hixson before the date of the conference.

## V.   SETTLEMENT AND ADR

The Parties are engaged in mediation before Judge Krishnan. So far, they have attended pre-settlement conference calls on February 18, March 3, and March 23, 2026 and participated in an initial mediation session via Zoom on March 30, 2026. The Court had set an in-person mediation for that date, but Plaintiffs requested that it not be held in-person that date. Another pre-settlement conference call is scheduled for April 15, 2026, and in-person mediation has been scheduled for April 28, 2026.

## VI.   SCHEDULING

### A.   Plaintiffs' Position

Due to the six-week government shutdown, Defendants' continued recalcitrance regarding discovery, and the addition of the Plaintiff States to the case, Plaintiffs previously requested that the Court's Scheduling Order be extended. During the last Case Management Conference this request was denied and put on hold as the discovery disputes were still not ripe for intervention. Because Defendants have just recently begun producing documents and continue to obstruct Plaintiffs' attempts to intelligently negotiate search terms and custodians,

Plaintiffs now renew this request to extend as follows:

| Event | Current Date | Plaintiffs' Proposed Date |
| --- | --- | --- |
| Fact discovery cut-off | June 12, 2026 | September 14, 2026 |
| Mediation deadline | April 24, 2026 | July 24, 2026 |
| Expert disclosures | July 2, 2026 | October 2, 2026 |
| Expert rebuttal | July 31, 2026 | November 2, 2026 |
| Expert discovery cut-off | August 28, 2026 | November 30, 2026 |
| Dispositive motion hearing deadline | November 5, 2026 | February 11, 2027 |
| Pretrial conference statement due | January 8, 2027 | April 16, 2027 |
| Pretrial conference | January 15, 2027 at 2:00 p.m. | April 23, 2027 at 2:00 p.m. |
| Trial | February 8, 2027 at 8:30 a.m. | May 17, 2027 at 8:30 a.m. |

### B.    Defendants' Position

Plaintiffs' rhetoric falls far short of the requisite showing necessary for a change in the discovery schedule. This is a relatively straightforward case based on Uber's public communications to consumers and public cancellation flow. There is no need for much of the discovery Plaintiffs have served and certainly no need for an extension of the case schedule. Defendants have met every single discovery deadline set by the federal rules and every single discovery deadline set by the Court. Plaintiffs will thus have more than enough material to try to make their case under the current schedule. Instead, Plaintiffs appear to be dragging their feet in the hopes of causing the Court to grant an extension of the schedule. For example, Plaintiffs waited until the last day permitted by the scheduling order to amend their pleadings. Plaintiffs also attempted to renegotiate portions of the ESI order to which the parties had already agreed. Moreover, Plaintiffs refused to advance custodial discovery—against Uber's wishes—while moving the goalposts for what they say is required to suggest even one custodian. Plaintiffs' request for an extension should be denied.

However, if the Court is inclined to extend the schedule—and to be clear, no such extension is warranted—Uber respectfully requests the opportunity to be heard at the status conference about the interplay of a couple of the dates on the case schedule.

Dated: April 3, 2026

Respectfully submitted,

/s/ Benjamin M. Mundel

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729
Facsimile: +1 202 736 8711

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: +1 650 600 5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
Marissa M. Wenzel (*pro hac vice*)
marissa.wenzel@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: +1 212 230 8800

**Attorneys for Defendants**
**Uber Technologies, Inc. and**
**Uber USA, LLC**

/s/ Stephanie Liebner

Paul Mezan
Stephanie Liebner
James Doty
Sarah Abutaleb
Allison Wojcicki
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
(202) 758-4177 (Mezan)
E-mail: pmezan@ftc.gov
(202) 326-3395 (fax)

**Attorneys for Plaintiff**
**Federal Trade Commission**

OFFICE OF THE ATTORNEY GENERAL
OF MARYLAND, CONSUMER
PROTECTION DIVISION

/s/ Philip Ziperman

Philip Ziperman (MD Bar No.: 9012190379)
Deputy Chief
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
pziperman@oag.maryland.gov
(410) 576-6417

Luke Riley (MD Bar No.: 2502271005)
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
lriley@oag.maryland.gov
(410) 576-6568

*Attorneys for Plaintiff*
*Office of the Maryland Attorney General,*
*Consumer Protection Division*

STEVE MARSHALL
*ATTORNEY GENERAL*

By:

*/s/ Michael G. Dean*

Michael G. Dean
*Assistant Attorney General*

*/s/ Lindsay D. Barton*

Lindsay D. Barton
*Assistant Attorney General*

Office of the Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
Michael.Dean@AlabamaAG.gov
Lindsay.Barton@AlabamaAG.gov

*Attorneys for Plaintiff*
*Attorney General of Alabama*

**KRISTIN K. MAYES**
**Attorney General of Arizona**

*/s/ Alyse Meislik*

Alyse Meislik, AZ Bar No. 024052
Assistant Attorney General
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3702
Fax: (602) 542-4377
Email:  consumer@azag.gov
Alyse.Meislik@azag.gov

*Attorney for Plaintiff*
*Arizona Attorney General*

URSULA JONES DICKSON
District Attorney of Alameda County

*/s/ Andres H. Perez*
ANDRES H. PEREZ (SBN 186219)
Assistant District Attorney
HUY T. LUONG (SBN 251507)
Deputy District Attorney
Consumer, Environmental & Worker
Protection Division
7677 Oakport Street, Suite 650
Oakland, CA 94621
Telephone (510) 383-8600
Email: andres.perez@acgov.org
      huy.luong@acgov.org

*Attorneys for Plaintiff*
*People of the State of California*


STATE OF CONNECTICUT

WILLIAM TONG

ATTORNEY GENERAL OF THE STATE
OF CONNECTICUT

*/s/ Brendan T. Flynn*
Brendan T. Flynn
Fed. Bar No. ct04545
Assistant Attorney General
Office of the Attorney General of the
State of Connecticut
165 Capitol Ave.
Hartford, CT  06106
Tel: 860-808-5400
Fax: 860-808-5593
Brendan.Flynn@ct.gov

*Attorney for Plaintiff*
*Attorney General of the State of Connecticut*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Coty Montag*

COTY MONTAG [CA BAR #255703]
Deputy Attorney General, Public Advocacy
Division
Coty.Montag@dc.gov

BETH MELLEN
WILLIAM STEPHENS
Assistant Deputy Attorneys General, Public
Advocacy Division

KEVIN VERMILLION
Director, Office of Consumer Protection

EMILY HOLNESS
Deputy Director, Office of Consumer
Protection

BRITTANY NYOVANIE
Assistant Attorney General, Office of
Consumer Protection

Office of the Attorney General
for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
Tel: (202) 702-5686
Email: Brittany.Nyovanie@dc.gov

*Attorneys for Plaintiff*
*District of Columbia*

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:25-cv-03477-JST

PEOPLE OF THE STATE OF ILLINOIS

*/s/ Hal B. Dworkin*

HAL B. DWORKIN, IL Bar No. 6318213
Senior Assistant Attorney General
Office of the Illinois Attorney General
Consumer Protection Division
Consumer Fraud Bureau
115 South LaSalle Street
Chicago, IL 60603
(312) 814-5159
Hal.Dworkin@ilag.gov

*Attorney for Plaintiff*
*The People of the State of Illinois*


FOR PLAINTIFF THE PEOPLE OF THE
STATE OF MICHIGAN:

*/s/ Aaron W. Levin*

AARON W. LEVIN
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Fax: (517) 335-6755
levina@michigan.gov

*Attorney for Plaintiff*
*The People of the State of Michigan*

KEITH ELLISON
Attorney General of Minnesota

*/s/ Daniel Rife*

DANIEL RIFE
SARAH DOKTORI
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2130
jacob.harris@ag.state.mn.us
Telephone: (651) 300-7591
Sarah.doktori@ag.state.mn.us
Telephone: (651) 583-6694

*Attorneys for Plaintiff*
*State of Minnesota by its Attorney General*
*Keith Ellison*


Catherine Hanaway
Missouri Attorney General

*/s/ Alison Esbeck*

Alison Esbeck (MO Bar # 58501)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-4977
Alison.Esbeck@ago.mo.gov

Connor McNeall (MO Bar # 76836)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-7888
connor.mcneall@ago.mo.gov

*Attorneys for Plaintiff*
*Missouri Attorney General's Office*

STATE OF MONTANA

*/s/ Brent Mead*

Brent Mead (MT #68035000)
Deputy Solicitor General
Office of Consumer Protection
Montana Department of Justice
P.O. Box 200151
Helena, MT 59620-0151
(406) 444-4500
Brent.mead2@mt.gov

*Attorney for Plaintiff*
*State of Montana*


STATE OF NEBRASKA

*/s/ Benjamin J. Swanson*

Benjamin J. Swanson (NE #27675)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
(402) 471-7759
benjamin.swanson@nebraska.gov

*Attorney for Plaintiff*
*State of Nebraska*

FOR PLAINTIFF STATE OF NEW HAMPSHIRE:

JOHN M. FORMELLA
Attorney General

*/s/ Amanda N. Purcell*

Amanda N. Purcell, NH Bar #278532
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
One Granite Place South
Concord, NH 03301
Telephone: (603) 271-1215
Email: Amanda.N.Purcell@doj.nh.gov

*Attorney for Plaintiff*
*State of New Hampshire*


JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

*/s/ Zeyad A. Assaf*

Zeyad A. Assaf
Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey St., 5th Fl.
Newark, NJ 07102
Phone: (609) 696-5363
Email: Zeyad.Assaf@law.njoag.gov

*Attorney for Plaintiff*
*Attorney General of the State of New Jersey*

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General of the State of New York

By:  */s/ Patrick Gibson*

Patrick Gibson (NY Bar No. 5267489)
Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, NY 10005
Tel: (212) 416-6067
Email: patrick.gibson@ag.ny.gov

*Attorney for Plaintiff*
*The State of New York*


FOR PLAINTIFF THE STATE OF NORTH CAROLINA:

JEFF JACKSON
North Carolina Attorney General

*/s/ Jesse Ramos*

JESSE RAMOS (NC Bar No. 51663)
Special Deputy Attorney General

KUNAL CHOKSI (NC Bar No. 55666)
Senior Deputy Attorney General

BRIAN RABINOVITZ (NC Bar No. 41538)
Special Deputy Attorney General

Consumer Protection Division
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602
Tel: (919) 716-6000
Fax: (919) 716-6050
Email: jramos@ncdoj.gov

*Attorneys for Plaintiff*
*The State of North Carolina*

DAVE YOST
OHIO ATTORNEY GENERAL

*/s/ Kevin R. Walsh*

Kevin R. Walsh (0073999)
Senior Assistant Attorney General
Consumer Protection Section
615 W. Superior Avenue, 11th Floor
Cleveland, Ohio 44113
Telephone: (216) 787-3447
Facsimile: (866) 947-3223
Email: Kevin.Walsh@ohioago.gov

*Attorneys for Plaintiff*
*Ohio Attorney General*

GENTNER DRUMMOND,
ATTORNEY GENERAL OF OKLAHOMA

*/s/ Christopher J. Campbell*

Cameron R. Capps, OBA No. 32742
Christopher. J. Campbell, OBA No. 33649
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 522-1260
Fax: (405) 521-3921
Cameron.Capps@oag.ok.gov
Chris.Campbell@oag.ok.gov

*Attorneys for Plaintiff*
*Attorney General of Oklahoma*

DAVID W. SUNDAY, Jr.
PENNSYLVANIA ATTORNEY GENERAL

By:

/s/ Merna T. Hoffman

MERNA T. HOFFMAN
Senior Deputy Attorney General
PA Attorney I.D. No. 312897
15th Floor, Strawberry Square
Harrisburg, PA 17120
Email: mhoffman@attorneygeneral.gov

JOHN M. ABEL
Chief Deputy Attorney General
Bureau of Consumer Protection
PA Attorney I.D. No. 47313
15th Floor, Strawberry Square
Harrisburg, PA 17120
Email: jabel@attorneygeneral.gov

*Attorneys for Plaintiff*
*Attorney General of Pennsylvania*

**JAY JONES,**
**ATTORNEY GENERAL OF THE**
**COMMONWEALTH OF VIRGINIA**

/s/ Mark S. Kubiak

Mark S. Kubiak (VSB No. 73119)
Senior Assistant Attorney General
Timothy S. Allison (VSB No. 98083)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, Virginia 23219
Telephone: (804) 786-7364 (Kubiak)
              (804) 786-0594 (Allison)
E-mail: mkubiak@oag.state.va.us
            tallison@oag.state.va.us

*Attorneys for Plaintiff*
*Jay Jones, Attorney General of the*
*Commonwealth of Virginia*

**JOHN B. MCCUSKEY,**
**ATTORNEY GENERAL OF WEST**
**VIRGINIA**

*/s/ Tanya L. Godfrey*

Ann L. Haight (WVSB# 1527)
Deputy Attorney General, Consumer Director
Tanya L. Godfrey (WVSB# 7448)
Assistant Attorney General
Office of the West Virginia Attorney General
P.O. Box 1789
Charleston, WV 25326
Telephone: (304) 558-8986
Ann.L.Haight@wvago.gov
Tanya.L.Godfrey@wvago.gov

*Attorneys for Plaintiff*
*Attorney General of West Virginia*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Laura E. McFarlane*

LAURA E. MCFARLANE
Assistant Attorney General
State Bar #1089358
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8911
(608) 294-2907 (Fax)
laura.mcfarlane@wisdoj.gov

*Attorney for Plaintiff*
*State of Wisconsin*

Co-counsel for Plaintiffs' attorneys appearing
*pro hac vice*:

Kerry O'Brien (CABN 149264)
Federal Trade Commission
Western Region San Francisco
90 Seventh St., Suite 14-300
San Francisco, CA 94103
Phone: (415) 848-5100
Email: kobrien@ftc.gov

**ECF ATTESTATION**

I, Stephanie Liebner, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing or email on January 20, 2026, on all counsel of record.

_/s/ Stephanie Liebner_____

Stephanie Liebner

JOINT CASE MANAGEMENT STATEMENT
Case No. 4:25-cv-03477-JST