

**CAROLYN A. QUATTROCKI**
*Chief Deputy Attorney General*

**LEONARD J. HOWIE III**
*Deputy Attorney General*

**CARRIE J. WILLIAMS**
*Deputy Attorney General*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**
**CONSUMER PROTECTION DIVISION**

**ANTHONY G. BROWN**
*Attorney General*

**WILLIAM D. GRUHN**
*Division Chief*

**PETER V. BERNS**
*General Counsel*

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**PHILIP ZIPERMAN**
*Deputy Chief*

April 14, 2026

***By ECF***

Honorable Thomas S. Hixson
United States District Court, Northern District of California
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

     Re:    *FTC et al. v. Uber Technologies, Inc. et al.*, Case No. 4:25-cv-03477-JST

Dear Judge Hixson:

     Plaintiffs, the Attorneys General of Nebraska, Montana, Maryland, and Alabama ("Plaintiff States"), and Defendants Uber Technologies, Inc. and Uber USA, LLC ("Uber" or "Defendants"), submit this joint statement pursuant to the Court's Discovery Standing Order.

     Counsel for the Plaintiff States met and conferred with counsel for the Defendants on March 30, 2026, and were unable to resolve their dispute.

                                Respectfully submitted,

                                 */s/ Benjamin J. Swanson*

                                 Benjamin J. Swanson
                                 Office of the Nebraska Attorney
                                 General, Consumer Protection Bureau

                                 *Attorney for Plaintiff State of Nebraska*

*/s/ Anna Schneider*

Anna Schneider
Office of Consumer Protection
Montana Department of Justice

*Attorney for Plaintiff State of Montana*

*/s/ Michael G. Dean*

Michael G. Dean
Office of the Attorney General of
Alabama, Consumer Interest Division

*Attorney for Plaintiff Attorney
General of Alabama*

*/s/ Luke Riley*

Philip Ziperman
Luke Riley
Office of the Attorney General of
Maryland, Consumer Protection
Division

*Attorney for Plaintiff Office of the
Maryland Attorney General,
Consumer Protection Division*

*/s/ David Gringer*

David Gringer
WilmerHale

*Attorney for Uber Technologies, Inc.
and Uber USA, LLC*

2

## I. **The Plaintiff States' Statement**

Uber has served improper 30(b)(6) Notices of Deposition on the Nebraska and Montana Attorney General's Offices (*see* Exs. A-B, collectively, the "Notices"). The Plaintiff States have met and conferred with Uber but have been unable to reach a resolution. Thus, the Plaintiff States respectfully seek a protective order quashing the Notices on the grounds that (1) they effectively seek to depose counsel regarding their protected work product; (2) any limited non-privileged information can be sought through less intrusive and burdensome means, such as interrogatories; and (3) they are unduly burdensome, and ask that the deposition that Uber is still seeking to take of the Nebraska Attorney General's Office be stayed pending a ruling on these objections.[1]

As "[n]umerous other federal courts have similarly concluded . . . 30(b)(6) deposition notices directed to a law enforcement agency involving the type of information Defendants seek in this case [a]re, in effect, notices to depose opposing counsel of record and [sh]ould not be permitted given a) the agencies' lack of independent knowledge of the transactions at issue and that the information the noticing party [i]s seeking was generated by the agencies' counsel or counsel's agents in preparation of trial, b) the consequent high potential for intrusion into attorney work product, c) the undue burden and inefficiency entailed to prepare a lay witness to engage in rote memorization and recitation of the evidence in the case, and d) the availability of alternative means to secure legitimate factual discovery." *E.E.O.C. v. McCormick & Schmick's Seafood Restaurants, Inc.*, 2010 WL 2572809, at *4 (D. Md. June 22, 2010).

First, a protective order is warranted because the Notices seek to depose counsel for Nebraska and Montana regarding protected work product. The Notices' topics for examination concern (i) the Plaintiff States' investigation of this matter; (ii) their answers to interrogatories and initial disclosures; and (iii) the support for the alleged violations in the Amended Complaint. *See* Exs. A and B. The only individuals with knowledge of these topics within the Nebraska and Montana Attorneys General Offices are attorneys. The offices are law enforcement agencies; their knowledge of the facts comes solely through their attorneys, knowledge which was acquired largely through privileged communications with FTC through its attorneys. Indeed, Nebraska's and Montana's Rule 26(a)(1)(i) disclosures made it clear they relied on FTC's investigation and that the individuals within their offices with knowledge of that investigation are limited to their attorneys assigned to work on the matter or investigators who were closely supervised by counsel and are similarly at risk of disclosing work product.

Depositions of opposing counsel are disfavored by courts. *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 509–10 (1947); *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 276–77 (D.D.C.2001); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir.1999); *EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994) ("Taking an opposing counsel's deposition has 'long been discouraged.'") (quoting *Shelton*, 805 F.2d at 1327)). "Because deposition of a party's attorney is usually both burdensome and disruptive, the mere request to depose a party's attorney constitutes good cause

---

[1] Uber served the deposition notices without making any attempt to consult with the Plaintiff States as required by the Northern District's Local Rules and applicable Standing Order. *See* L.R. 30-1 and JST Civil Standing Order, Section F(3) (June 2, 2025). Uber agreed to withdraw its notice to Montana due to this deficiency, but refused to withdraw its notice to Nebraska. Because Uber has indicated it intends to reschedule its deposition of the Montana Attorney General's Office and to serve other state plaintiffs with similar notices, the Plaintiff States seek relief for both Nebraska and Montana and to protect other Plaintiff States' offices from having to respond to corporate designee deposition notices similar to those served on Nebraska and Montana.

1

for obtaining a Rule 26(c), Fed. R. Civ. P., protective order unless the party seeking the deposition can show both the propriety and need for the deposition." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 85 (M.D. N.C. 1987). In *Shelton*, the court reaffirmed the widespread disfavor of attempts to depose opposing counsel, establishing a three-part test for situations in which a deposition of opposing counsel is implicated. 805 F.2d at 1327. To take such a deposition, a party must establish that: "(1) no other means exist to obtain the information . . . (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* (citation omitted).

Where the corporate designee sought is from a government agency prosecuting the underlying enforcement, there are heightened concerns regarding privilege. For this reason, federal courts have been loath to order the deposition of prosecutors to conduct "fact" discovery. *See e.g.*, *S.E.C. v. Jasper*, 2009 WL 1457755, at *3–5 (N.D. Cal. 2009) (granting protective order precluding 30(b)(6) deposition on grounds that "it appears that what defendant really seeks is a probing examination as to . . . the recollections of the SEC counsel who are prosecuting this matter—recollections which this court finds are not easily segregated from those attorneys' thoughts, mental impressions, opinions or conclusions about this case."); *HBE Corp*., 157 F.R.D. at 466 ("As defendant well knows, it is the selection and compilation of the relevant facts that is at the heart of the work product doctrine."); *S.E.C. v. Monterosso,* 2009 WL 8708868, at *1 (S.D. Fl. 2009) ("[A]ny question on the 'factual basis' for an allegation [by the SEC] implicates attorney work product.").

In case after case, courts have recognized the unique position occupied by government plaintiffs, which, unlike private plaintiffs, have no firsthand knowledge of the facts of the case other than through the efforts of their attorneys. *See, e.g.*, *S.E.C. v. Buntrock*, 217 F.R.D. 441, 444–45 (N.D. Ill. 2003). Here, all of the information that has been obtained by the Plaintiff States was acquired by their attorneys through consultation with one another and the FTC. Although the topic areas described in the deposition notices are couched as factual requests, they plainly seek the Plaintiff States' theories that support their complaint and claims for relief. *See Buntrock*, 217 F.R.D. at 445; *Sec. v. Morelli*, 143 F.R.D. 42, 46–48 (1992); *EEOC v. Evans Fruit Co.*, No. 10-cv-3033, 2012 WL 442025, at *1 (E.D. Wash. Feb. 10, 2012) (granting motion to quash where defendants sought the "interpretation or evaluation of how particular facts support or refute the allegations" in the complaint); *EEOC v. Justin Vineyards & Winery LLC*, No. 22-cv-06039, 2024 WL 5431489, at *4 (C.D. Cal. Dec. 10, 2024) (granting motion to quash because the "ordering of proof and collection of facts that [a law enforcement plaintiff] intends to use to support certain claims or allegations" is work product). These types of requests are not merely attempts to learn facts, but rather they are inappropriate attempts to discover how the Plaintiff States intend to marshal facts and evidence in order to discover inferences that the Plaintiff States believe can be drawn from the facts. Thus, the Defendants are improperly seeking to discover the Plaintiff States' assessments and impressions of the significance of the facts they have acquired. *See F.T.C. v. U.S. Grant Res., LLC*, 2004 WL 1444951, at *10 (E.D. La., 2004).

Uber's suggestion during the meet and confer that the Plaintiff States simply "hire" a non-attorney to serve as the designee does not address these concerns. The only way to prepare that person would be for the Plaintiff States' attorneys to communicate privileged work product to the designee, meaning that "the preparation of that witness would almost certainly result in the disclosure of work product privileged information so that the deposition of any non-lawyer would be the functional equivalent of deposing the attorneys." *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, No. 09-cv-1002, 2012 WL 3537070, at *5 (M.D. Fla. Aug. 14, 2012);

*McCormick & Schmick's*, 2010 WL 2572809, at \*6 (where "[a]ll of the subject areas are likely to require testimony of [ ] counsel or a proxy prepared by counsel," "an invasion of attorney work product would be inevitable.").

Beyond the privilege concerns, any non-privileged information sought by the Notices could be obtained through less burdensome and less intrusive means.[2] Nebraska and Montana have timely and fully responded to the interrogatories and document requests served on them by the Defendants and provided the limited information they can that is non-privileged. Uber can and has the requested discovery through sources without intruding upon the work product of an enforcement authority's attorneys. *See, e.g.*, *S.E.C. v. Rosenfeld*, 1997 WL 576021, at \*3 (S.D.N.Y., 1997) (defendant could use contention interrogatories at or towards the close of other discovery); *Am. Int'l Grp., Inc.*, 1994 WL 376052, at \*3 (S.D.N.Y., 1994) ("The inquiries into the Complaint, proposed by the defendants, should be more appropriately pursued through 'contention interrogatories' under Rule 33(b), Federal Rules of Civil Procedure.").

**II. Uber's Statement**

Plaintiff States unjustifiably seek to avoid basic discovery because they are represented by counsel and/or because they are government entities. But organizational depositions of government parties are expressly permitted under the Federal Rules. *See* Fed. R. Civ. P. 30(b)(6) ("a party may name as the deponent … a governmental agency"). And several courts have ordered State AG offices to sit for depositions in similar cases. *See, e.g.*, *In re Generic Pharms. Pricing Antitrust Litig.*, 2023 WL 6035689, at \*3 (E.D. Pa. Aug. 24, 2023) ("The mere fact that DCAG is an attorney's general office does not preclude it from having to present a witness pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure") (special master's report and recommendation); *Washington v. Alderwood Surgical Ctr., LLC*, 2024 WL 1888531, at \*1 (W.D. Wash. Apr. 30, 2024) (denying motion to quash 30(b)(6) deposition of Washington AG on topics including "[a]ll evidence obtained by the WAG during its investigation of Defendants"). Uber is permitted to discover facts known by its party-opponent—and to confront that party with exculpatory facts—no matter the party. If anything, that is especially true when the party-opponent carries the force of a sovereign. *E.E.O.C. v. California Psychiatric Transitions*, 258 F.R.D. 391, 397 (E.D. Cal. June 18, 2009) ("When the government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over.").

As Plaintiff States' own cases show, depositions are only quashed where every "type of information" sought is categorically improper. *E.E.O.C. v. McCormick & Schmick's Seafood Restaurants, Inc.*, 2010 WL 2572809, at \*4 (D. Md. June 22, 2010) (granting protective order based on "the type of information Defendants seek in this case"); *S.E.C. v. Jasper*, 2009 WL 1457755, at \*3 (N.D. Cal. May 26, 2009) (granting protective order precluding deposition seeking counsel recollections that could not be "easily segregated from … attorneys' thoughts, mental impressions, opinions or conclusions about this case"). Where Rule 30(b)(6) depositions seek "nonprivileged matter that is relevant to any party's claim or defense and proportional to the

---

[2] *See e.g. SEC v. Nacchio*, 614 F. Supp. 2d 1164, 1177 (D. Colo. 2009) (affirming Magistrate Judge's order quashing as unduly burdensome and "inefficient in the extreme" a 30(b)(6) notice that would require the designee to "recite by rote all of the facts in excruciating detail for the allegations in paragraph 132 or 147 or whatever number"); *Figueroa v. Butterball, LLC*, No. 20-cv-585, 2023 WL 4112763, at \*4 (E.D.N.C. June 21, 2023) (topic seeking the factual basis for Defendant's affirmative defenses overly broad and not reasonably particularized); *BioConvergence LLC v. Emergent BioSolutions, Inc.*, No. 21-cv-1959, 2023 WL 3866412, at \*2–3 (D. Md. June 7, 2023) (topics similar to "[t]he specific factual basis for any defenses or claims you have asserted" are overbroad and justify entry of a protective order).

3

needs of the case," they are allowed. Fed. R. Civ. P. 26(b)(1).[3] That is what Uber's deposition notice seeks here—essentially three categories of facts closely related to Plaintiffs' theories of liability and requests for relief: (1) facts learned during pre-complaint investigation (or the absence of facts); (2) the factual bases for Plaintiff States' liability theories; and (3) facts about State-specific injury, restitution, and the need for injunctive relief.[4] Each category is relevant and nonprivileged. Because Uber's deposition notice does not seek exclusively (or, in fact, any) privileged material, the proper course is to let the deposition proceed. If a question calls for privileged information, objections can be raised to that question, as is always true in a deposition. *See, e.g.*, *SEC v. Merkin*, 283 F.R.D. 689, 698 (S.D. Fla. 2012) ("[l]itigants usually cannot prohibit a 30(b)(6) deposition by arguing in advance that each and every question would trigger the disclosure of attorney-client and work product information"); *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011) (rejecting SEC attempt to "assert a blanket claim of privilege in response to a Rule 30(b)(6) notice"); *E.E.O.C. v. Sterling Jewelers Inc.*, 2010 WL 2803017, at *2 (W.D.N.Y. Jul. 15, 2010) ("'Unless and until Defendants actually ask a question at the deposition that intrudes upon [an] alleged applicable privilege, the Court finds that the EEOC's objections are premature.'").

**A. Uber should be allowed to depose Plaintiff States about what they did to investigate their claims and what facts were learned through investigation**

Uber is entitled to learn the sources of Plaintiff States' factual assertions, the extent of Plaintiff States' pre-complaint investigation, and the identities of persons with discoverable information. *See* Topics 1-3. Courts have "consistently held that the work product concept furnished no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he or she had learned such facts." Wright & Miller, 8 Fed. Prac. & Proc. § 2023 (3d ed.); *see also Schreib v. Am. Fam. Mut. Ins. Co.*, 304 F.R.D. 282, 288 (W.D. Wash. 2014) (holding that "work product doctrine applies to the disputed Rule 30(b)(6) topics only to the extent that [the] questions would require the deponent to divulge 'mental impressions, conclusions, opinions or legal theories,' and that "counsel may question [the] deponent regarding relevant facts"). For example, in *Consumer Financial Protection Bureau v. Universal Debt Solutions, LLC*, the court ordered sanctions against the Consumer Financial Protection Bureau ("CFPB") for disobeying repeated direction to produce a witness who could describe what the agency learned from its investigation. 2017 WL 3887187, at *7-8 (N.D. Ga. Aug. 25, 2017), *aff'd sub nom. CFPB v. Brown*, 69 F.4th 1321.

The investigation-related information Uber seeks is no less relevant because Plaintiff States have reportedly not conducted independent investigation of their claims and relied instead on the FTC's investigation. The facts surrounding Plaintiff States' lack of independent investigation are themselves relevant because they might tend to undermine the credibility of Plaintiff States' witnesses or other evidence. A 30(b)(6) deposition is the appropriate mechanism for Uber to establish—by binding organizational testimony—the factual details surrounding what State-specific information any investigation (independent, dependent, or lack thereof) uncovered and what sources of facts exist for Uber to pursue through further discovery.

---

[3] Plaintiff States are incorrect that Uber made no attempt to consult about scheduling the deposition as required by the Northern District's Local Rules and applicable Standing Order (*see supra*, fn.1). Uber's deposition notice contained a placeholder date and time, but Uber repeatedly made clear that the date and time could be shifted to accommodate deponent availability.

[4] Topics are cited from the deposition notice Uber served on Nebraska; Uber has for now withdrawn the notice it served on Montana.

**B.  Uber should be allowed to depose Plaintiff States about the claims' factual bases**

Several of the topics target certain aspects of the factual bases for Plaintiff States' claims, which are straightforwardly relevant because they would tend to determine (or disprove) liability. Because the topics seek testimony about facts rather than legal reasoning, they steer clear of privilege or work product. And because the topics are focused rather than sweeping, they do not pose an "undue burden." *S.E.C. v. Nacchio*, 614 F. Supp. 2d 1164, 1178 (D. Colo. 2009) (deposition quashed where the "generalized nature of the issues listed in [the] notice asked the SEC to "'lay out [their] case chapter and verse'"). Uber's notice seeks "facts within [the State's] knowledge" about: the alleged misrepresentation that users can cancel anytime without additional fees (Topic 4); the alleged misrepresentation that Uber One offers $0 Delivery Fees on eligible orders (Topic 5); the alleged misrepresentation that Uber One members save $25 per month on average (Topic 6); and Uber's alleged failure to provide simple cancellation mechanisms (Topics 8-9). *See Universal Debt Solutions*, 2017 WL 3887187, at *2 (permitting as 30(b)(6) topics "[a]ll facts within the CFPB's knowledge" related to claims against the defendant). Again, Uber's topics seek "facts within [the State's] knowledge," not mental impressions, communications with counsel, or other protected material. And they are targeted to central representations predicating the deception claims and ROSCA elements. In *Universal Debt Solutions*, the court confirmed that "factual support for contentions is an area of inquiry that's appropriate" and that, "if [a topic of inquiry] goes to an element of the claim, then that is a fair question." 2017 WL 3887187, at *3.

**C.  Uber should be allowed to depose Plaintiff States about injury and remedies**

Because the FAC alleges consumer injury and seeks restitution, penalties, and permanent injunctive relief, Uber seeks to discover facts about the alleged impact of Uber's conduct on State consumers. This includes quantification of financial impact (Topic 7); factual bases for the requested relief (Topic 10); facts relating to Uber's challenged practices being discontinued (Topic 11); and factual bases for Plaintiff States' contention that, absent injunctive relief, Uber is likely to continue harming consumers and the public interest (Topic 12). Again, these topics elicit facts—not legal opinions—directly relevant to the remedies sought and are thus proper. *See W. Virginia Pipe Trades Health & Welfare Fund v. Medtronic*, *Inc*., 2017 WL 9325026, at *8 (D. Minn. Oct. 12, 2017) ("'The types, categories, and nature of the damages [the plaintiff] claims to have suffered' are proper topics for a Rule 30(b)(6) deposition.") (citation omitted).

**D.  Plaintiff States rejected Uber's offer to narrow topics through compromise**

Uber has made clear that it is open to narrowing or even potentially eliminating topics to address particular concerns. Plaintiff States have refused topic-by-topic discussion. They insist that the deposition not proceed at all. But that is not how Rule 30 works. If privileged questions arise, a State can instruct its witness not to answer. The witness must answer other questions. Providing written discovery or documents does not eliminate Rule 30 obligations. *See California Psychiatric Transitions*, 258 F.R.D. at 397 ("'[p]roviding an investigative file does not relieve the EEOC of its obligation under Rule 30(b)(6) to provide a witness to answer questions about those documents for purposes of clarification and interpretation'").[5] Nor should the deposition be quashed because a lawyer might be a designee. A State can select anyone—a non-lawyer investigator, a hired outsider, or otherwise. Information lawyers know is not automatically privileged. *Travelers Prop. Cas. Co. of Am. v. AF Evans Co*., 2012 WL 12882931, at *2 (W.D. Wash. Nov. 8, 2012) ("organization's lawyer" can serve as 30(b)(6) designee).

---

[5] In any event, as explained by separate discovery correspondence, Plaintiff States' document productions and interrogatory responses have been insufficient.