# Exhibit B

**SIDLEY AUSTIN LLP**
LAUREN C. FREEMAN (SBN 324572)
101 California Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
Email: lfreeman@sidley.com

BENJAMIN M. MUNDEL (*pro hac vice*)
1501 K Street, N.W.
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
Email: bmundel@sidley.com

*Attorneys for Defendants Uber*
*Technologies, Inc. and Uber USA, LLC*

**WILMER CUTLER PICKERING
HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 600-5051
Email: sonal.mehta@wilmerhale.com

DAVID GRINGER (*pro hac vice*)
MARISSA M. WENZEL (*pro hac vice*)
7 World Trade Center
250 Greenwich Street New York, NY 10007
Telephone: (212) 230-8800
Email: david.gringer@wilmerhale.com
marissa.wenzel@wilmerhale.com

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>UBER TECHNOLOGIES, INC., a corporation, and Uber USA, LLC, a limited liability company,<br>                    Defendants. | Case No. 4:25-CV-3477-JST<br><br><br>DEFENDANTS UBER TECHNOLOGIES, INC. AND UBER USA, LLC'S NOTICE OF TAKING VIDEOTAPED DEPOSITION OF THE ATTORNEY GENERAL OF THE STATE OF MONTANA UPON ORAL EXAMINATION PURSUANT TO RULE 30(b)(6); EXHIBIT A |

**DEFENDANTS UBER TECHNOLOGIES, INC. AND
UBER USA, LLC'S NOTICE
OF TAKING VIDEOTAPED DEPOSITION UPON
<u>ORAL EXAMINATION PURSUANT TO RULE 30(b)(6)</u>**

TO:    THE ATTORNEY GENERAL OF THE STATE OF MONTANA

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants UBER TECHNOLOGIES, INC. and UBER USA, LLC will take the deposition upon oral examination of THE ATTORNEY GENERAL OF THE STATE OF MONTANA on April 10, 2026, beginning at 9:00 a.m. ET, via videoconference. The deposition will be conducted before an officer authorized by law to administer oaths, and the testimony will be recorded by video and stenographically. Defendants reserve the right to use electronic exhibit software during the deposition.

The deposition will proceed in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California. This deposition is being taken for the purpose of discovery, for use at trial, and for any other purpose permitted under the applicable Federal and Local Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff must designate to testify one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, who must testify about information known or reasonably available to Plaintiff. The matters for examination are set forth in Exhibit A. Unless otherwise indicated, Defendants will examine Plaintiff on these matters as to the time period from October 1, 2021, to present. Defendants request that Plaintiff provide written notice no later than 14 days before the deposition identifying the name and employment position of each designee and setting out the matters on which each person designated will testify. Defendants reserve the right to seek relief from the Court in the event that the designated deponent is not properly prepared to testify on behalf of Plaintiff with respect to each of the identified matters for examination.

1

Defendants reserve the right to supplement or modify the topics listed in Exhibit A or to serve additional Notice(s) of Deposition with additional topics at a later time.

DATED: March 26, 2026

*/s/ David Gringer*
DAVID GRINGER (pro hac vice)
SONAL N. MEHTA (SBN 222086)
MARISSA M. WENZEL (pro hac vice)
*Attorneys for Defendants*
*Uber Technologies, Inc. and Uber USA, LLC*

2

# Exhibit A

**EXHIBIT A**

**Definitions**

Unless otherwise indicated, the following definitions apply.

1.  "Defendants" means the Defendants in the Action, Uber Technologies, Inc. and Uber USA, LLC. "Action" means the above-captioned litigation, Case No. 4:25-CV-3477-JST.

2.  "Complaint," when not preceded by the terms "consumer" or "customer," means the First Amended Complaint for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief (ECF No. 46) filed in the Action, and any future amended pleadings You may serve or seek to serve.

3.  "Include(s)" or "Including" means including, not limited to.

4.  "Interrogatories" means Defendants' First Set of Interrogatories to Plaintiff the Attorney General of the State of Montana, as well as any future Interrogatories served by Defendants on Plaintiff the Attorney General of the State of Montana in this Action.

5.  "Investigation" means all work Relating to any formal or informal inquiry Related to Uber One undertaken by Plaintiff or any Entity acting in coordination with Plaintiff.

6.  "Plaintiff" means the Attorney General of the State of Montana, one of the Plaintiffs in the Action.

7.  "Entity" means and refers to any natural person, corporation, firm, association, partnership, joint venture, sole proprietorship, governmental body, or any other organization, business, or legal entity, whether or not engaged for profit, and all predecessors or successors in interest.

8.  "Relate to" or "Related to" or "Relating to" means concerning; regarding; reflecting; referring to; having a relationship to; pertaining to; identifying; containing; pertinent to; comprising; setting forth; showing; disclosing; describing; explaining; summarizing; evidencing; memorializing; or constituting; directly or indirectly, in whole or in part, or to be otherwise factually, legally, or logically connected to the subject matter.

9.  "Uber" means Uber Technologies, Inc. and/or Uber USA, LLC.

10. "You" or "Your" refers to Plaintiff.

1

DEFENDANTS' NOTICE OF DEPOSITION OF THE ATTORNEY GENERAL OF THE STATE OF MONTANA
PURSUANT TO RULE 30(B)(6)
Case No. 4:25-CV-3477-JST

### Matters for Examination

You are directed, pursuant to Federal Rule of Civil Procedure 30(b)(6), to designate one or more officers, directors, managing agents, or other persons most knowledgeable of its affairs, relevant to each of the topics set forth below.

1. All facts within Your knowledge Relating to any Investigation(s) Relating to the allegations in the Complaint, Including the identities of the individuals who participated in any Investigation(s), the dates on which such Investigation(s) occurred, and all facts learned in the course of such Investigation(s).

2. All facts within Your knowledge Relating to Your initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

3. All facts within Your knowledge Relating to Your responses to Interrogatories.

4. All facts within Your knowledge Relating to the allegation that it was misleading for Uber to state that consumers could "cancel their subscription services at any time with no additional fees." Complaint ¶ 98(a).

5. All facts within Your knowledge Relating to the allegation that it was misleading for Uber to state that a benefit of Uber One is "$0 Delivery Fee on eligible food, groceries, and more." Complaint ¶ 20, Ex. 2.

6. All facts within Your knowledge Relating to the allegation that it was misleading for Uber to state that consumers save an average of $25 every month with Uber One. *See* Complaint ¶ 19, Ex.1.

7. All facts within Your knowledge Relating to Your allegation that Uber "charge[s] consumers without obtaining consumers' express informed consent." Complaint ¶ 102.

8. All facts within Your knowledge Relating to the impact(s) of the conduct alleged in the Complaint on Montana's consumers, including quantification of any financial impact.

9. All facts within Your knowledge Relating to the allegation that Uber "failed to provide simple mechanisms" for cancelling Uber One. Complaint ¶ 116.

10. All facts within Your knowledge Related to any attempts by any Montana consumer to cancel their Uber One membership, Including whether such attempts were successful.

11. All facts within Your knowledge Related to Your claim for monetary and equitable relief, as set forth in the "prayer for relief" of the Complaint, Including, but not limited to, the "civil penalties, damages, restitution, and/or forfeitures for each [alleged] violation of

2

[the] respective state law, as well as attorneys' fees, costs, and expenses as provided under state law." Complaint at 50.

12.   All facts within Your knowledge Relating to any Investigation(s) Relating to whether Defendants' alleged practices and policies challenged in the Complaint have been discontinued.

13.   All facts within Your knowledge Relating to Your contention that, "[a]bsent injunctive relief by [the] Court, Defendants are likely to continue to injure consumers and harm the public interest." Complaint ¶ 118.

3