# Exhibit A

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

Ausjia L. Perlow (*pro hac vice*)
aperlow@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: 212-839-5886
Facsimile: 212-839-5599

*Attorneys for Defendants*
*Uber Technologies Inc. and Uber USA, LLC*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>            Plaintiff,<br><br>        vs.<br><br>UBER TECHNOLOGIES, INC., a corporation, and Uber USA, LLC, a limited liability company,<br><br>            Defendants. | Case No. 4:25-CV-3477-JST<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION**<br><br>Complaint Filed: April 21, 2025 |

**PROPOUNDING PARTY:** UBER TECHNOLOGIES, INC.

**RESPONDING PARTY:** FEDERAL TRADE COMMISSION

**SET NO.:** 1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 33 of the Civil Local Rules for the Northern District of California (the "Local Rules"), Defendant Uber Technologies, Inc. ("Uber") requests that Plaintiff, Federal Trade Commission, respond to the following interrogatories within 30 days of service and in accordance with the Definitions and Instructions set forth below.

## DEFINITIONS

Unless indicated otherwise, the following Definitions are incorporated into each of the following Interrogatories. Further, the Definitions, Instructions, and rules of construction set forth in Rule 33 are incorporated herein by reference. All terms used herein shall be construed in an ordinary, common sense manner, and not in a hyper technical, strained, overly literal, or otherwise restrictive manner.

1.      "Plaintiff" means the Plaintiff in the Action, the Federal Trade Commission ("FTC").

2.      "Defendants" means the Defendants in the Action, Uber Technologies, Inc. and Uber USA, LLC.

3.      "Action" means the above-captioned litigation, Case No. 4:25-CV-3477-JST.

4.      "Cancellation Flow" means the processes by which a customer can cancel an Uber One membership, in all forms in which that process has existed from November 1, 2021, to the present.

5.      "Complaint," when not preceded by the terms "consumer" or "customer," means the Complaint filed in the Action, and any future amended pleadings You may serve or seek to serve.

6.      "Communication(s)" means any transmission or transfer of information of any kind, at any time or place, and under any circumstances, whether oral, written, or electronic utterance, notation, or statement of any nature whatsoever, Including: correspondence; personal conversations; witness statements; telephone calls; voice messages; letters; notes; summaries; photographs; videos; electronic or magnetic media; dialogues; discussions; interviews; consultations; telegrams; emails; text messages; messages sent over social media (Including LinkedIn, Facebook, Snapchat, WhatsApp, and Instagram); applications; facsimile transmissions; memoranda; agreements; audio recordings; and other materials or memorials of Communication, as well as the transfer of any Document from one Person to another.

7.      "Concerning" means relating to, referring to, regarding, describing, evidencing, or constituting.

8.      "Document(s)" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A)

2

and shall Include: all writings of any nature whatsoever, whether printed, microfilmed, electronically stored, or electronically recorded in sound or pictures, within the possession, custody, or control of You or any of Your agents or representatives, Including attorneys, advisors, and accountants, or any other Person acting or purporting to act for You or on Your behalf or in concert with You, Including information stored on a computer or a computer-accessible medium (such as floppy disk, blackberry device, cell phone, smartphone, USB stick, hard disk, PDA, Palm Pilot, iPad or similar tablet device, or CD Rom storage), computer tapes and cards, cloud service account (such as Box.com, Dropbox.com, or Apple iCloud), emails, tape recordings, affidavits, contracts, agreements, Communications, correspondence, telegrams, memoranda, records, reports, books, notebooks, summaries or records of telephone conversations, text messages, instant messages, voicemails, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes, appraisals, records, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, advertisements, any marginal comments or notes appearing on any Document, and all other written, printed, typed, or otherwise recorded material, Including photographic matter or sound productions, however produced or reproduced. "Document" also Includes, without limitation, all originals; all copies which are different in any way from the originals (whether by interlineation, receipt stamp, notation, highlighting, indication of copies sent or received, or otherwise); and all drafts (whether printed, filed, recorded, or reproduced by hand).

9.    "Enrollment Flow" means the processes by which a consumer can sign up for an Uber One membership, in all forms from November 1, 2021 to the present.

10.    "FTC" means the Federal Trade Commission.

11.    "FTC Act" means the Federal Trade Commission Act, 15 U.S.C. §§ 41–58, as amended.

12.    "Identify" means, when referring to a Person, to give, to the extent known, the Person's full name, present or last known address, phone number, email address, and any other contact information, and when referring to a natural person, additionally, the present or last known place of employment. Once a Person has been identified in accordance with this subparagraph, only

3

the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person. When referring to Documents, "Identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; any Bates number or other identifier, if applicable; and (iv) author(s), addressee(s) and recipient(s).

13.    "Include(s)" or "Including" shall be construed to mean including, not limited to.

14.    "Investigation" means the inquiry conducted by the FTC pursuant to the September 5, 2024 Voluntary Access Letter and any preliminary work, related or unrelated, leading up to that investigation.

15.    "Object," "Objection," or "Objecting" shall mean any disapproval, disagreement, dislike, or opposition communicated by You to any Person who is affiliated with any Defendant.

16.    "Person(s)" or "Entity" means and refers to any natural person, corporation, firm, association, partnership, joint venture, sole proprietorship, governmental body, or any other organization, business, or legal entity, whether or not engaged for profit, and all predecessors or successors in interest.

17.    "Reference" or "referenced" means quoted, mentioned, cited, specified, illustrated, excerpted, cross-referenced, summarized, or invoked.

18.    "Relate to" or "related to" or "relating to" means concerning; relating to; regarding; reflecting; referring to; having a relationship to; pertaining to; identifying; containing; pertinent to; comprising; setting forth; showing; disclosing; describing; explaining; summarizing; evidencing; memorializing; or constituting; directly or indirectly, in whole or in part, or to be otherwise factually, legally, or logically connected to the subject matter of the particular Request.

19.    "ROSCA" means the Restore Online Shoppers' Confidence Act, 15 U.S.C. §§ 8401–8405.

20.    "Third Party" or "Third Parties" means any individual, agency, or other Entity that is not You or the Defendants.

21.    "Uber" means Uber Technologies, Inc. and/or Uber USA, LLC.

22.    "Uber Apps" means the Uber App and the Uber Eats App, collectively.

23.    "You" or "Your" refers to Plaintiff.

4

## INSTRUCTIONS

1.      Unless otherwise indicated, the time period covered by these Interrogatories is November 1, 2021 to the present.

2.      Comply with the Federal Rules and the Local Rules.

3.      The terms used in the Interrogatories are to be given their most expansive and inclusive interpretation unless otherwise expressly limited in a subset of the Interrogatories. This Includes the following: construing "and" and "or" in the disjunctive or conjunctive as necessary to make the Interrogatories more inclusive; construing the singular form of a word to Include the plural and the plural to Include the singular; construing the term "among" to mean between or among; construing the term "any" to mean any, all, each, and every; construing masculine, feminine, or neuter pronouns to Include other genders; and construing the present tense of a verb to Include its past tense and vice versa.

4.      The obligation in responding to these Interrogatories is intended to be of a continuing nature, and You are required to supplement the responses to the Interrogatories upon identifying additional facts not identified in Your original response or discovery that information provided therein is erroneous.

5.      If You Object to any of the following Interrogatories, You must state specifically the legal or factual basis for the Objection and the extent to which You are refusing to comply with the Interrogatory. You must not Object solely on the ground that the Interrogatory presents a genuine issue for trial.

6.      If any response to an Interrogatory or portion of an Interrogatory is withheld under a claim of privilege or immunity, describe for each such response as to which a privilege or immunity is claimed: (a) the subject matter of the privileged information; (b) the privilege or immunity claimed; and (c) if the privilege or immunity pertains to a Communication, the date and place of the Communication as well as the participants in the Communication.

7.      Each Interrogatory shall be construed independently and without Reference to any other Interrogatory for the purpose of limitation or exclusion.

5

**INTERROGATORIES**

**INTERROGATORY NO. 1**

State the complete factual basis that caused You to open the Investigation. Your response should identify all sources or requests for investigation, Including, but not limited to, from consumers, government agencies, government officials, and any Third Parties.

**INTERROGATORY NO. 2**

Identify all Third Parties You have communicated with Concerning Uber, this Action, or the Investigation. For each Communication, identify the date(s) of the Communication, the Persons involved in the Communication, the medium, and the subject matter.

**INTERROGATORY NO. 3**

Identify the source of each fact supporting Your Complaint, Including identifying each Document and any evidence You relied on in drafting the Complaint.

**INTERROGATORY NO. 4**

Identify all fees and penalties that you contend make the statements "cancel anytime with no additional fees," and "cancel anytime without fees or penalties," false or misleading.

**INTERROGATORY NO. 5**

Identify and describe the standard You use to assess whether a charge is an "additional fee" as used in paragraphs 90 and 91 of Your Complaint.

**INTERROGATORY NO. 6**

Identify and describe the standard You use to assess when a customer provides "express informed consent," Including a description of what factors You consider under this standard, the relative weight of such factors in Your assessment of whether consent is express and informed, and the legal authority for such factors.

**INTERROGATORY NO. 7**

Identify and describe the standard You use to assess whether cancellation mechanisms are "simple" as required by ROSCA, Including a description of what factors You consider under this standard, the relative weight of such factors in Your assessment of whether a cancellation mechanism is simple, and the legal authority for such factors.

6

**INTERROGATORY NO. 8**

Identify all Uber customers that were allegedly harmed by the practices identified in the Complaint. For each customer, explain how they were harmed and identify by how much they were harmed. Your response should state the complete factual basis for why you believe that such customers were harmed.

**INTERROGATORY NO. 9**

Identify all Uber One customers that were allegedly not aware at the time of enrollment of the material terms of the Uber One membership. Your response should identify the customers, identify the term they were not aware of, and state the complete factual basis for Your belief that such customers were not aware of the material terms.

**INTERROGATORY NO. 10**

Identify the Uber One customers that were allegedly not able to cancel their membership and those that were allegedly not able to simply cancel their membership. Your response should state the complete factual basis, Including what the Cancel Flow was and why the customer was unable to cancel or unable to simply cancel with that Cancel Flow.

**INTERROGATORY NO. 11**

Identify each iteration and feature of the Enrollment Flows and Cancellation Flows that You contend violate ROSCA and explain why.

**INTERROGATORY NO. 12**

Identify every single change You contend that Uber must make so that its Enrollment Flows and Cancellation Flows comply with ROSCA. State your answer separately for each Enrollment Flow and Cancellation Flow that You identify in response to Interrogatory No. 11.

**INTERROGATORY NO. 13**

Identify every single Uber advertisement and advertising statement You contend violates the FTC Act.

**INTERROGATORY NO. 14**

Identify all enrollment and cancellation flows from any other business or entity that comply with ROSCA.

7

**INTERROGATORY NO. 15**

Identify all consumers You contend were deceived or misled by any Uber advertisement or advertising statement. For each consumer, identify the specific advertisement and advertising statement and the basis for Your belief that the consumer was misled.

**INTERROGATORY NO. 16**

Identify and describe the specific terms of the injunctive relief that You are seeking in this Action.

**INTERROGATORY NO. 17**

Identify and describe the monetary relief You are seeking this Action and provide the complete factual bases that You contend support such relief.

Dated: July 11, 2025

SIDLEY AUSTIN LLP

By: _/s/ Lauren C. Freeman_

Lauren C. Freeman (SBN 324572)
Benjamin M. Mundel (*pro hac vice*)
Ausjia L. Perlow (*pro hac vice*)

*Attorneys for Defendants Uber Technologies, Inc. and Uber USA, LLC*

DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF
CASE NO. 4:25-CV-3477-JST