# Exhibit B

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
(202) 326-3395 (fax)

Attorneys for Plaintiff
Federal Trade Commission

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. 4:25-cv-03477-JST |
| Plaintiff, | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES** |
| v. | |
| **UBER TECHNOLOGIES, INC.**, a corporation, and | |
| **UBER USA, LLC**, a limited liability company, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Federal Trade Commission ("FTC") hereby objects and responds to Defendant Uber Technologies, Inc.'s First Set of Interrogatories ("Interrogatories").

## GENERAL RESPONSES AND OBJECTIONS

1.    Discovery has not concluded in this litigation. Accordingly, the FTC's responses

1    PLAINTIFF'S RESPONSES & OBJECTIONS
TO DEFENDANT UBER'S
FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

and objections are based upon the information available to the FTC at this stage in the litigation and presently known by the FTC. The FTC reserves the right to supplement, revise, modify, or otherwise change or amend these responses in light of any information that it subsequently may obtain or discover, consistent with Federal Rule of Civil Procedure 26(e). The FTC does not waive its right to rely upon information that is not being disclosed at this time, including but not limited to information that the FTC has requested or will request through its own discovery propounded on Uber Technologies, Inc., Uber USA, LLC (collectively, "Uber"), and third parties. Objections made by the FTC are made without prejudice to the FTC's right to assert additional objections in the event that additional grounds for objections are discovered by the FTC subsequent to this response.

### OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:  State the complete factual basis that caused You to open the Investigation. Your response should identify all sources or requests for investigation, Including, but not limited to, from consumers, government agencies, government officials, and any Third Parties.**

**RESPONSE:**  The FTC objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Interrogatory because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques.

The FTC objects to this Interrogatory as vague insofar as it seeks a "complete factual

basis" and "sources or requests for investigation." The FTC also objects that the request for the "complete factual basis" for the FTC's opening its investigation is overly broad and unduly burdensome.

The FTC objects that this Interrogatory is beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The reasons that the FTC opened its investigation are irrelevant to whether Uber violated the FTC Act or ROSCA.

Without waiving and subject to the foregoing objections, the FTC states that it has complaints from consumers about Uber One and Uber Pass regarding unauthorized charges and issues with enrollment and cancellation processes. As stated in response to Uber's Document Request No. 7, the FTC will produce copies of all consumer complaints concerning Uber One or Uber Pass that the FTC is able to locate based on a reasonable and diligent search of the FTC's Consumer Sentinel database and Division of Financial Practices' records. The FTC also states that it reviewed publicly available sources of information, including the Uber Apps, Uber's websites, and Uber's advertising and marketing materials.

**INTERROGATORY NO. 2:  Identify all Third Parties You have communicated with Concerning Uber, this Action, or the Investigation. For each Communication, identify the date(s) of the Communication, the Persons involved in the Communication, the medium, and the subject matter.**

**RESPONSE:**  The FTC objects to this Interrogatory because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques and its communications with other law enforcement agencies.

3

PLAINTIFF'S RESPONSES & OBJECTIONS<br>TO DEFENDANT UBER'S<br>FIRST SET OF INTERROGATORIES<br>4:25-CV-03477-JST

The FTC objects to this Interrogatory on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Interrogatory that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

The FTC objects to this Interrogatory as vague due to the definition of "Investigation," which encompasses "any preliminary work, related or unrelated, leading up to" the inquiry conducted by the FTC pursuant to its September 5, 2024 Voluntary Access Letter ("VAL"). To the extent that this Interrogatory seeks information that is unrelated to the specific allegations in the Complaint, the FTC also objects to this Interrogatory as overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Without waiving and subject to the foregoing objections, the FTC states that it will produce copies of all responsive, nonprivileged email communications with consumers concerning Uber One and this Action in its response to Uber's Document Request 7. In addition, the FTC states that it provided a nonpublic briefing on its investigation to staff of the House Judiciary Committee on January 17, 2025.

**INTERROGATORY NO. 3:  Identify the source of each fact supporting Your Complaint, Including identifying each Document and any evidence You relied on in drafting the Complaint.**

**RESPONSE:**  The FTC objects that this Interrogatory seeks information "relied on in

4     PLAINTIFF'S RESPONSES & OBJECTIONS
TO DEFENDANT UBER'S
FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

drafting the Complaint," which is protected by the attorney work product doctrine and deliberative process privilege. *See, e.g., In re: Ashworth, Inc. Sec. Litig.*, 213 F.R.D. 385, 386-89 (S.D. Cal. 2002) (rejecting interrogatory seeking "names of current or former employees . . . who provided information regarding the allegations in the [Complaint]" in part because disclosure "would necessarily reveal counsel's opinions regarding the relative importance of those witnesses"). The FTC also objects to this Interrogatory because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. To the extent the Interrogatory seeks something beyond the FTC's identification of documents it relied upon, the FTC further objects that this Interrogatory is unduly burdensome and overly broad, in that it asks for the source of each fact that supports the Complaint.

Without waiving and subject to the foregoing objections, the FTC responds to this Interrogatory by identifying documents quoted or otherwise expressly referenced in the Complaint.

The following Complaint paragraphs reference the documents listed below:

- ¶ 2, lines 2-3: Uber Responses to VAL Interrogatory 5(a)
- ¶ 3, lines 9-11: consumer complaints in Consumer Sentinel
- ¶ 3, lines 11-12: UBER-SEPT24-00000178
- ¶ 14, lines 17-18: Uber Responses to VAL Interrogatory 5(a)
- ¶ 15, lines 22-23: Uber Responses to VAL Interrogatory 5(b)
- ¶ 15, lines 23-24: Uber Responses to VAL Interrogatory 5(c)
- ¶ 16, lines 2-3: Uber in-app enrollment flow, screenshot Ex.1
- ¶ 17, lines 18-19: Uber website sign-up page, screenshot Ex. 2

PLAINTIFF'S RESPONSES & OBJECTIONS
TO DEFENDANT UBER'S
FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

- ¶ 18: UBER-SEPT24-00000001

- ¶ 19, lines 20-23: UBER-SEPT24-00000156

- ¶ 22, lines 9-11: UBER-SEPT24-00000073

- ¶ 23: UBER-SEPT24-00000344

- ¶ 25, lines 19-22: UBER-SEPT24-00000344

- ¶ 26-28: UBER-SEPT24-00000344

- ¶ 30-31: Uber App, screenshot Exs. 7-9

- ¶ 32: Uber website

- ¶ 34: consumer complaints in Consumer Sentinel

- ¶ 35, lines 24-25: Uber Responses to VAL Interrogatory 5(b)

- ¶ 36, lines 2-3: Uber App, screenshot Ex. 9

- ¶ 38, lines 8-10: UBER-SEPT24-00000064; UBER-SEPT24-00000148

- ¶ 40-46, ¶ 47 line 22 - ¶ 55: Uber in-app self-help cancellation flow

- ¶ 47, lines 18-19: UBER-SEPT24-00000133

- ¶ 56: consumer complaints in Consumer Sentinel

- ¶ 58: consumer complaints in Consumer Sentinel

- ¶ 59, lines 11-15: consumer complaints in Consumer Sentinel

- ¶ 59, lines 16-19: UBER-SEPT24-00000607

- ¶ 60: consumer complaints in Consumer Sentinel

- ¶ 61-70: Uber app customer support cancellation path

- ¶ 71, lines 6-8: consumer complaints in Consumer Sentinel

- ¶ 72, lines 10-12: UBER-SEPT24-00000748

- ¶ 74, lines 22-24: UBER-SEPT24-00000064; UBER-SEPT24-00000148

- ¶ 75, lines 3-6: online tutorials, including:

    o "How to Cancel Uber One Subscription" (https://www.youtube.com/watch?v=N7v0bTCd7c8);
    o "How to cancel/refund Uber One subscription" (https://www.youtube.com/watch?v=YxNPN1T9XGo);
    o "How to Cancel Uber Eats One Subscription" (https://www.youtube.com/watch?v=pHrZxj4Jt6w);
    o "Uber One Membership Scam!" (https://www.youtube.com/watch?v=3yZXsIRFhAs); and
    o "How to Cancel Uber Eats Membership" (https://www.youtube.com/watch?v=WMOQII0FOso)

- ¶ 75, lines 7-2: consumer complaints in Consumer Sentinel

- ¶ 76, lines 7-9: consumer complaints in Consumer Sentinel

- ¶ 78: consumer complaints in Consumer Sentinel

- ¶ 80: consumer complaints in Consumer Sentinel

- ¶ 81, lines 19-20: screenshot Ex. 31

- ¶ 83, lines 27-17: consumer complaints in Consumer Sentinel

- ¶ 85, lines 27-2: Uber Responses to VAL Interrogatory 1(d)

- ¶ 85, lines 2-5: UBER-SEPT24-00000178

**INTERROGATORY NO. 4:  Identify all fees and penalties that you contend make the statements "cancel anytime with no additional fees," and "cancel anytime without fees or penalties," false or misleading.**

RESPONSE:  The FTC objects to this Interrogatory on the basis that the phrase "all" fees and penalties is vague because it is not limited to this Action. To the extent this Interrogatory seeks something beyond the FTC's identification of Uber One fees and penalties,

the FTC also objects that the Interrogatory is unduly burdensome, overly broad, and beyond the scope of permissible discovery, in that it asks for all fees and penalties that could make those claims false or misleading without limitation to this Action.

The FTC interprets this Interrogatory as asking the FTC to specify which Uber One fees or penalties make the statements "cancel anytime with no additional fees," and "cancel anytime without fees or penalties" false or misleading. Given that interpretation, the FTC objects that this Interrogatory seeks information protected by the attorney work product doctrine and deliberative process privilege.

The FTC objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents and data that would inform the FTC's determination of all fees and penalties that make the statements "cancel anytime with no additional fees," and "cancel anytime without fees or penalties," false or misleading.

Without waiving and subject to the foregoing objections, the FTC responds as follows: As the Complaint alleges, the statements "cancel anytime with no additional fees" and "cancel anytime without fees or penalties" are false or misleading because consumers who have cancelled in the last 48 hours of their current billing cycle have been charged for an additional monthly or yearly subscription fee, and many consumers who have cancelled or attempted to cancel their free trials or subscriptions have been charged additional subscription fees.

**INTERROGATORY NO. 5:  Identify and describe the standard You use to assess whether a charge is an "additional fee" as used in paragraphs 90 and 91 of Your Complaint.**

RESPONSE:  The FTC objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, attorney-client privilege, and

PLAINTIFF'S RESPONSES & OBJECTIONS
TO DEFENDANT UBER'S
FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

deliberative process privilege, insofar as it calls for internal FTC information or analyses of what constitutes an "additional fee."

The FTC objects that this Interrogatory goes beyond the permissible scope of discovery in that it seeks Plaintiff's legal analysis, rather than relevant facts or the FTC's contentions regarding how the law applies to the relevant facts. *See, e.g., A.G. v. Oregon Dep't of Human Servs.*, 2015 WL 1548919, at *2 (D. Oregon Apr. 7, 2015) (rejecting interrogatory that did "not ask for facts or the application of law to facts" and instead sought "discovery on defendants' motion argument, not facts relevant to [plaintiffs'] claims").

Without waiving and subject to the foregoing objections, the FTC notes that the Merriam-Webster Dictionary defines "additional" as "more than is usual or expected" and "fee" as "a sum paid or charged for a service." Also, in response to Interrogatory 4 above, the FTC identified ways in which Uber has charged "additional fees."

**INTERROGATORY NO. 6:  Identify and describe the standard You use to assess when a customer provides "express informed consent," Including a description of what factors You consider under this standard, the relative weight of such factors in Your assessment of whether consent is express and informed, and the legal authority for such factors.**

RESPONSE:  The FTC objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, attorney-client privilege, or deliberative process privilege, insofar as it calls for internal FTC information or analyses of a "express informed consent."

The FTC objects that this Interrogatory goes beyond the permissible scope of discovery in that it seeks Plaintiff's legal analysis, rather than relevant facts or the FTC's contentions

PLAINTIFF'S RESPONSES & OBJECTIONS
TO DEFENDANT UBER'S
FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

regarding how the law applies to the relevant facts. *See, e.g., A.G. v. Oregon Dep't of Human Servs.*, 2015 WL 1548919, at *2 (D. Oregon Apr. 7, 2015) (rejecting interrogatory that did "not ask for facts or the application of law to facts" and instead sought "discovery on defendants' motion argument, not facts relevant to [plaintiffs'] claims").

Without waiving and subject to the foregoing objections, the FTC notes that the Complaint, in Paragraphs 76 through 85, identifies and describes ways in which consumers have been charged by Uber without express informed consent.

**INTERROGATORY NO. 7:  Identify and describe the standard You use to assess whether cancellation mechanisms are "simple" as required by ROSCA, Including a description of what factors You consider under this standard, the relative weight of such factors in Your assessment of whether a cancellation mechanism is simple, and the legal authority for such factors.**

**RESPONSE:**  The FTC objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, attorney-client privilege, or deliberative process privilege, insofar as it calls for internal FTC information or analyses of a "simple" cancellation method.

The FTC objects that this Interrogatory goes beyond the permissible scope of discovery in that it seeks Plaintiff's legal analysis, rather than relevant facts or the FTC's contentions regarding how the law applies to the relevant facts. *See, e.g., A.G. v. Oregon Dep't of Human Servs.*, 2015 WL 1548919, at *2 (D. Oregon Apr. 7, 2015) (rejecting interrogatory that did "not ask for facts or the application of law to facts" and instead sought "discovery on defendants' motion argument, not facts relevant to [plaintiffs'] claims").

Without waiving and subject to the foregoing objections, the FTC notes that in the Complaint, in paragraphs 39 through 75, identifies and describes ways in which the Uber One cancellation process has not been "simple."

**INTERROGATORY NO. 8:  Identify all Uber customers that were allegedly harmed by the practices identified in the Complaint. For each customer, explain how they were harmed and identify by how much they were harmed. Your response should state the complete factual basis for why you believe that such customers were harmed.**

**RESPONSE:**  The FTC objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, attorney-client privilege, or deliberative process privilege, insofar as it is requesting FTC counsel's mental impressions or the Commission's internal deliberations regarding its investigation.

The FTC objects to this Interrogatory as overly broad and unduly burdensome, as Uber is in possession of the identities of "all Uber customers" who were allegedly harmed and did not produce all such information to the FTC in response to the FTC's Voluntary Access Letter.

The FTC objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents and data that would inform the FTC's determination of "all" Uber customers that were harmed by the practices identified in the Complaint.

Based on its objections, the FTC will not respond further to this Interrogatory.

**INTERROGATORY NO. 9:  Identify all Uber One customers that were allegedly not aware at the time of enrollment of the material terms of the Uber One membership. Your response should identify the customers, identify the term they were not aware of, and state the complete factual basis for Your belief that such customers were not aware of the**

**material terms.**

**RESPONSE:** The FTC objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, attorney-client privilege, or deliberative process privilege, insofar as it is requesting FTC counsel's mental impressions or the Commission's internal deliberations regarding its investigation.

The FTC objects to this Interrogatory as overly broad and unduly burdensome, as Uber is in possession of the identities of "all Uber One customers" who were allegedly not aware at the time of enrollment of the material terms of the Uber One Subscription and did not produce all such information to the FTC in response to the FTC's Voluntary Access Letter.

The FTC objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents and data that would inform the FTC's determination of "all" Uber One customers that were not aware at the time of enrollment of the material terms of the Uber One subscription.

Based on its objections, the FTC will not respond further to this Interrogatory.

**INTERROGATORY NO. 10:  Identify the Uber One customers that were allegedly not able to cancel their membership and those that were allegedly not able to simply cancel their membership. Your response should state the complete factual basis, Including what the Cancel Flow was and why the customer was unable to cancel or unable to simply cancel with that Cancel Flow.**

**RESPONSE:** The FTC objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, attorney-client privilege, or deliberative process privilege, insofar as it is requesting FTC counsel's mental impressions or the

Commission's internal deliberations regarding its investigation.

The FTC objects to this Interrogatory as overly broad and unduly burdensome, as Uber is in possession of the identities of "Uber One customers" who were allegedly unable to cancel or simply cancel their subscriptions and did not produce all such information to the FTC in response to the FTC's Voluntary Access Letter.

The FTC objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents and data that would inform the FTC's determination of the Uber One customers who were not able to cancel their membership or who were unable to simply cancel their membership.

Based on its objections, the FTC will not respond further to this Interrogatory.

**INTERROGATORY NO. 11: Identify each iteration and feature of the Enrollment Flows and Cancellation Flows that You contend violate ROSCA and explain why.**

**RESPONSE:** The FTC objects to this Interrogatory on the grounds that "iteration" and "feature" are vague. The FTC also objects to this Interrogatory as overly broad and unduly burdensome, as Uber is in possession of "each iteration and feature of the Enrollment Flows and Cancellation Flows" and did not produce all such information to the FTC in response to the FTC's Voluntary Access Letter. The FTC further objects to this Interrogatory as premature, given that discovery is ongoing and Uber has not produced all "iterations" and "features" of the Uber One Enrollment Flow or Cancellation Flow, or documents and data relating to those "iterations" and "features."

Without waiving and subject to the foregoing objections, the FTC responds that the Complaint sets forth information showing how Defendants' Enrollment Flows and Cancellation

Flows violate ROSCA.

**INTERROGATORY NO. 12**:  Identify every single change You contend that Uber must make so that its Enrollment Flows and Cancellation Flows comply with ROSCA. State your answer separately for each Enrollment Flow and Cancellation Flow that You identify in response to Interrogatory No. 11.

RESPONSE:  The FTC objects to this Interrogatory on the ground that it is not relevant to any claim or defense in this Action, vague and ambiguous, and overly burdensome. The FTC is not required to redline Uber's websites and applications and suggest line-by-line edits to advise Defendants on how to comply with ROSCA. *See FTC v. Doxo, Inc.*, No. 2-24-cv-00569-TSZ, Dkt. No. 54 (W.D. Wash. June 18, 2025).

The FTC also objects to this Interrogatory to the extent it seeks information protected from disclosure by the deliberative process privilege, the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection. The FTC further objects to this Interrogatory as premature, given that discovery is ongoing and Uber has not produced all its Uber One enrollment and cancellation flows, or documents and data relating to those flows.

Without waiving and subject to the foregoing objections, the FTC responds that the Complaint sets forth information showing how Defendants' Enrollment Flows and Cancellation Flows violate ROSCA.

**INTERROGATORY NO. 13**:  Identify every single Uber advertisement and advertising statement You contend violates the FTC Act.

RESPONSE:  The FTC objects that this Interrogatory is overly broad, unduly burdensome, and beyond the permissible scope of discovery, in that it seeks "every single" Uber

advertisement and advertising statement that the FTC contends violates the FTC Act. The FTC also objects to this Interrogatory as overly broad and unduly burdensome because Uber is in possession of "every single Uber advertisement and advertising statement." The FTC further objects to this Interrogatory as premature, given that discovery is ongoing, and Uber has not produced all advertisements and advertising statements.

Without waiving and subject to the foregoing objections, the FTC refers to Paragraphs 16 through 20 and Paragraphs 26 and 53 of the Complaint, which identify advertisements and advertising statements that violate the FTC Act.

**INTERROGATORY NO. 14:  Identify all enrollment and cancellation flows from any other business or entity that comply with ROSCA.**

**RESPONSE:**  The FTC objects that this Interrogatory is beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Whether other, non-Uber One enrollment and cancellation flows comply with ROSCA is irrelevant to this Action. This Interrogatory asks the FTC to apply ROSCA to various sets of facts not at issue here. The FTC also objects to this Interrogatory as unduly burdensome in that it would require the FTC to assess the enrollment and cancellation flows of a vast and indeterminate number of businesses and entities that have no connection whatsoever to this case.

Based on its objections, the FTC will not respond further to this Interrogatory.

**INTERROGATORY NO. 15:  Identify all consumers You contend were deceived or misled by any Uber advertisement or advertising statement. For each consumer, identify the specific advertisement and advertising statement and the basis for Your belief that the**

**consumer was misled.**

RESPONSE:  The FTC objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, attorney-client privilege, or deliberative process privilege, insofar as it is requesting FTC counsel's mental impressions or the Commission's internal deliberations regarding its investigation.

The FTC objects to this Interrogatory as overbroad and unduly burdensome to the extent that it asks the FTC identify "all consumers" who were ever deceived or misled by "any" Uber advertisement or advertising statement, without limitation to the Action.

The FTC objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents and data that would inform the FTC's determination of the Uber customers who were deceived or misled.

Based on its objections, the FTC will not respond further to this Interrogatory.

**INTERROGATORY NO. 16:  Identify and describe the specific terms of the injunctive relief that You are seeking in this Action.**

RESPONSE:  The FTC objects to this interrogatory on the ground that discovery has only recently commenced, and the FTC has not yet formulated any specific request for relief.

Without waiving and subject to the foregoing objections, the FTC responds that it seeks an injunction.

**INTERROGATORY NO. 17:  Identify and describe the monetary relief You are seeking this Action and provide the complete factual bases that You contend support such relief.**

RESPONSE:  The FTC objects to this Interrogatory on the ground that discovery has only recently commenced, and the FTC has not yet formulated any specific request for relief.

The FTC also objects to this Interrogatory as vague, overly broad, and unduly burdensome to the extent it seeks the "complete factual bases" supporting the monetary relief it seeks.

Without waiving and subject to the foregoing objections, the FTC responds that it seeks monetary relief. Specifically, the FTC seeks monetary relief pursuant to Section 19 of the FTC Act, 15 U.S.C. § 57b, which authorizes the Court to "grant such relief as the court finds necessary to redress injury to consumers," which relief includes "the refund of money, the payment of damages, and public notification." Based on information currently available, the FTC believes that the redress in this case includes: (1) the total dollar amount of subscription fees paid by consumers to Defendants for their online subscription services, and (2) the cost of time lost by consumers cancelling and attempting to cancel Defendants' online subscription services.

Dated: August 11, 2025

*/s/ Paul Mezan*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 758-4177 (Mezan)
pmezan@ftc.gov (Mezan)
sliebner@ftc.gov (Liebner)
jdoty@ftc.gov (Doty)

**Attorneys for Plaintiff**
**FEDERAL TRADE COMMISSION**