# Exhibit C

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

Ausjia Perlow (*pro hac vice*)
aperlow@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: 212-839-5886
Facsimile: 212-839-5599

*Attorneys for Defendants Uber Technologies, Inc.
and Uber USA, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company, <br><br> Defendants. | Case No. 4:25-CV-3477-JST <br><br> **DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION** <br><br> Complaint Filed: April 21, 2025 |

**PROPOUNDING PARTY:** UBER TECHNOLOGIES, INC.

**RESPONDING PARTY:** FEDERAL TRADE COMMISSION

**SET NO.:** 1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rules 26 and 34 of the Civil Local Rules for the Northern District of California (the "Local Rules"), Defendant Uber Technologies, Inc. ("Uber") requests that Plaintiff, Federal Trade Commission ("FTC"), respond to the following requests for production within 30 days of service and in accordance with the Definitions and Instructions set forth below.

## **DEFINITIONS**

Unless indicated otherwise, the following Definitions are incorporated into each of the following Requests. Further, the Definitions, Instructions, and rules of construction set forth in Rule 34 are incorporated herein by reference. All terms used herein shall be construed in an ordinary, common sense manner, and not in a hyper technical, strained, overly literal, or otherwise restrictive manner.

1. "Plaintiff" means the Plaintiff in the Action, the Federal Trade Commission ("FTC").

2. "Defendants" means the Defendants in the Action, Uber Technologies, Inc. and Uber USA, LLC.

3. "Action" means the above-captioned litigation, Case No. 4:25-CV-3477-JST.

4. "Cancellation Flow" means the processes by which a customer can cancel an Uber One membership, in all forms in which that process has existed from November 1, 2021, to the present.

5. "Complaint," when not preceded by the terms "consumer" or "customer," means the Complaint filed in the Action, and any future amended pleadings You may serve or seek to serve.

6. "Communication(s)" means any transmission or transfer of information of any kind, at any time or place, and under any circumstances, whether oral, written, or electronic utterance, notation, or statement of any nature whatsoever, including: correspondence; personal conversations; witness statements; telephone calls; voice messages; letters; notes; summaries; photographs; videos; electronic or magnetic media; dialogues; discussions; interviews; consultations; telegrams; emails; text messages; messages sent over social media (including LinkedIn, Facebook, Snapchat, WhatsApp, and Instagram); applications; facsimile transmissions; memoranda; agreements; audio recordings; and other materials or memorials of Communication, as well as the transfer of any Document from one Person to another.

7. "Concerning" means relating to, referring to, regarding, describing, evidencing, or constituting.

8. "Document(s)" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall Include: all writings of any nature whatsoever, whether printed, microfilmed, electronically stored, or electronically recorded in sound or pictures, within the possession, custody, or control of You or any of Your agents or representatives, including attorneys, advisors, and accountants, or any other Person acting or purporting to act for You or on Your behalf or in concert with You, including information stored on a computer or a computer-accessible medium (such as floppy disk, blackberry device, cell phone, smartphone, USB stick, hard disk, PDA, Palm Pilot, iPad or similar tablet device, or CD Rom storage), computer tapes and cards, cloud service account (such as Box.com, Dropbox.com, or Apple iCloud), emails, tape recordings, affidavits, contracts, agreements, Communications, correspondence, telegrams, memoranda, records, reports, books, notebooks, summaries or records of telephone conversations, text messages, instant messages, voicemails, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes, appraisals, records, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, advertisements, any marginal comments or notes appearing on any Document, and all other written, printed, typed, or otherwise recorded material, including photographic matter or sound productions, however produced or reproduced. "Document" also Includes, without limitation, all originals; all copies which are different in any way from the originals (whether by interlineation, receipt stamp, notation, highlighting, indication of copies sent or received, or otherwise); and all drafts (whether printed, filed, recorded, or reproduced by hand).

9. "Enrollment Flow" means the processes by which a consumer can sign up for an Uber One membership, in all forms from November 1, 2021 to the present.

10. "FTC" means the Federal Trade Commission.

11. "FTC Act" means the Federal Trade Commission Act, 15 U.S.C. §§ 41–58, as amended.

12. "Include(s)" or "including" shall be construed to mean including, not limited to.

13.    "Interrogatories" means Defendants' First Set of Interrogatories to Plaintiff FTC, served concurrently herewith.

14.    "Investigation" means the inquiry conducted by the FTC pursuant to the September 5, 2024 Voluntary Access Letter and any preliminary work, related or unrelated, leading up to that investigation.

15.    "Negative Option" shall have the meaning ascribed to it under the Telemarketing Sales Rule, 16 C.F.R. part 310, as used in ROSCA.

16.    "Negative Option Rule" means, 88 Fed. Reg. 24,716, 24,734–736 (proposed Apr. 24, 2023) (to be codified at 16 C.F.R. pt. 425).

17.    "Object," "Objection," or "Objecting" shall mean any disapproval, disagreement, dislike, or opposition communicated by You to any Person who is affiliated with any Defendant.

18.    "Person(s)" or "Entity" means and refers to any natural person, corporation, firm, association, partnership, joint venture, sole proprietorship, governmental body, or any other organization, business, or legal entity, whether or not engaged for profit, and all predecessors or successors in interest.

19.    "Reference" or "referenced" means quoted, mentioned, cited, specified, illustrated, excerpted, cross-referenced, summarized, or invoked.

20.    "Relate to," "related to," or "relating to" means concerning; relating to; regarding; reflecting; referring to; having a relationship to; pertaining to; identifying; containing; pertinent to; comprising; setting forth; showing; disclosing; describing; explaining; summarizing; evidencing; memorializing; or constituting; directly or indirectly, in whole or in part, or to be otherwise factually, legally, or logically connected to the subject matter of the particular Request.

21.    "ROSCA" means the Restore Online Shoppers' Confidence Act, 15 U.S.C. §§ 8401–8405.

22.    "Third Party" or "Third Parties" means any individual, agency, or other Entity that is not You or the Defendants.

23.    "Uber" means Uber Technologies, Inc. and/or Uber USA, LLC.

4

24.    "Uber Apps" means the Uber App and the Uber Eats App, collectively.

25.    "VAL" means the Voluntary Access Letter sent to Uber by FTC on September 5, 2024.

26.    "You" or "Your" refers to Plaintiff.

**INSTRUCTIONS**

1.    Unless otherwise indicated, the time period covered by these Requests is November 1, 2021 to present.

2.    Comply with the Federal Rules and the Local Rules.

3.    Whenever necessary to bring within the scope of a Request any Documents that might otherwise be construed to be outside its scope, You shall construe: (a) the use of a verb in any tense as the use of that verb in all other tenses; and (b) the use of the feminine, masculine, or neuter genders as including all genders.

4.    The terms "all," "any," and "each" shall be construed as encompassing any and all.

5.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a Request any Documents that might otherwise be construed to be outside of its scope.

6.    The use of the singular form of any word includes the plural and vice versa.

7.    No paragraph herein shall be construed with Reference to any other paragraph for the purpose of limitation.

8.    Each Request shall be construed independently and without Reference to any other Request for the purpose of limitation or exclusion.

9.    Produce all responsive Documents in Your custody, possession, or control, or subject to Your custody or control, whether directly or indirectly, Including any Documents in the custody or control of Your predecessors, successors, employees, agents, attorneys, or other Persons acting or purporting to act on Your behalf.

10.    Produce responsive Documents as they are kept in the ordinary course of business. A Request for a Document includes a request for any and all file folders or binders within which the

5

document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself. The integrity and internal sequence of the requested Documents within each folder or binder shall not be disturbed or commingled with the contents of another folder or binder. All Documents should be stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found.

11. All Documents requested herein shall be produced in their entirety, along with any attachments, drafts, and non-identical copies, Including copies that differ due to handwritten notes or other notes or markings. If any responsive Documents cannot be produced in full, produce such Documents to the extent possible and specify the reason for the inability to produce the remainder.

12. If any responsive Document is not produced because of a claim of privilege or work product, provide an appropriate privilege log, Including, for each Document: (i) the nature of the privilege being claimed; (ii) the type of Document; (iii) a brief description of the nature and subject matter of the Document, Including the subject line of an email; (iv) the date of the Document; and (v) the author(s) of the Document, the addressee(s) of the Document, and any other recipient(s), and, where not apparent, the relationship of the author(s), addressee(s), and recipient(s) to each other.

13. If an Objection is made to any particular Request, state in Your response whether Documents are being withheld from inspection and production on the basis of such Objection, or whether inspection and production of the responsive Documents will occur notwithstanding such Objection.

14. If, in responding to these Requests, You claim any ambiguity in a Request or in a definition or instruction applicable thereto, such claim shall not be utilized as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Request.

15. If an Objection is made to a portion of any Request, You shall furnish Documents responsive to the remainder of that Request.

16. If there are no Documents responsive to a particular Request, state so in Your response to that particular Request.

6

17.    These Requests are continuing in nature. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required to promptly serve supplementary responses and produce additional Documents if You obtain further or different information.

**<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

**<u>REQUEST FOR PRODUCTION NO. 1</u>**

All Documents and Communications identified in your Rule 26(a)(1) disclosures.

**<u>REQUEST FOR PRODUCTION NO. 2</u>**

All Documents and Communications Referenced or relied upon in preparing Your responses to Interrogatories in this Action.

**<u>REQUEST FOR PRODUCTION NO. 3</u>**

All Documents and Communications relating to the Investigation, including Your investigation file.

**<u>REQUEST FOR PRODUCTION NO. 4</u>**

All Communications with Third Parties relating to Uber, the Investigation, or this Action.

**<u>REQUEST FOR PRODUCTION NO. 5</u>**

All Documents and Communications that were produced by Third Parties relating to Uber, the Investigation, or this Action.

**<u>REQUEST FOR PRODUCTION NO. 6</u>**

All transcripts of testimony provided by Third Parties relating to Uber, the Investigation, or this Action.

**<u>REQUEST FOR PRODUCTION NO. 7</u>**

All consumer complaints, comments, or Communications regarding Uber, Lyft, DoorDash, Grubhub, or Instacart.

**<u>REQUEST FOR PRODUCTION NO. 8</u>**

All Documents and Communications relating to any allegation in the Complaint, Including all Documents that are Referenced or relied upon in the Complaint, all Documents that support any

allegation in the Complaint, and all Documents that contradict, refute, undermine, or disprove any allegation in the Complaint.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications relating to the Investigation or this Action, Including all Documents that tend to support or undermine Plaintiff's contention that Uber has violated the law.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications You have relied upon or intend to rely upon in the Action.

**REQUEST FOR PRODUCTION NO. 11**

All Documents and Communications relating to Your allegations that Uber's Cancellation Flows were not or are not "simple."

**REQUEST FOR PRODUCTION NO. 12**

All Documents and Communications relating to any surveys, copy tests, research, analyses, studies, or other tests conducted by or done for You regarding Uber, the Investigation, or this Action.

**REQUEST FOR PRODUCTION NO. 13**

All Documents and Communications relating to methods of cancelling a subscription, Including all Documents in which You have described what does or does not constitute a "simple" cancellation method, and all drafts thereof.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications relating to any monetary relief or injunctive relief sought by You in this Action.

**REQUEST FOR PRODUCTION NO. 15**

Transcripts of any depositions given by You in any other case brought under the Restore Online Shoppers' Confidence Act.

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communications relating to any guidance, publication, opinion, policy statement, hearing statement, congressional testimony, or rulemaking related to Negative Options or ROSCA.

**REQUEST FOR PRODUCTION NO. 17**

All Documents and Communications relating to any of Your internal guidelines, policies, or manuals for enforcing or prosecuting alleged violations of ROSCA or any practices related to Negative Options.

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications relating to the Negative Option Rule, Including any drafts, Documents, Communications, comments You have received from Third Parties regarding the Proposed Rule, and Documents showing Communications relating to the impact of the Proposed Rule on the Investigation or the Action.

**REQUEST FOR PRODUCTION NO. 19**

Copies of all laws, regulations, guidance, or policy statements that You contend Uber violated, Including laws, regulations, guidance, or policy statements related to Negative Options or ROSCA.

Dated: July 11, 2025

SIDLEY AUSTIN LLP

By: _/s/ Lauren C. Freeman_

Lauren C. Freeman (SBN 324572)
Benjamin M. Mundel (*pro hac vice*)
Ausjia Perlow (*pro hac vice*)

*Attorneys for Defendants Uber Technologies, Inc. and Uber USA, LLC*