# Exhibit D

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
(202) 326-3395 (fax)

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. 4:25-cv-03477-JST |
| Plaintiff, | **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| **UBER TECHNOLOGIES, INC.**, a corporation, and | |
| **UBER USA, LLC**, a limited liability company, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC" or the "Commission"), pursuant to Federal Rules of Civil Procedure 26 and 34, hereby objects and responds to Defendant Uber Technologies, Inc.'s First Set of Requests for Production of Documents ("RFPs" or, individually, "Requests").

## GENERAL RESPONSES AND OBJECTIONS

1.     The FTC's responses are based upon the information available at this stage in the litigation. The FTC does not waive its right to rely upon or use documents that are not being produced at this time, including but not limited to documents and other evidence that the FTC has requested or will request through its own discovery propounded on Defendants and third parties. Objections made by the FTC to the RFPs are based upon the information presently known by the FTC and are made without prejudice to the FTC's right to assert additional objections in the event additional grounds for objections are discovered by the FTC subsequent to this response. The FTC reserves the right to supplement, revise, modify, or otherwise change or amend these responses in light of any documents or information it may subsequently obtain or discover, consistent with Federal Rule of Civil Procedure 26(e).

2.     In providing these responses and objections, the FTC does not waive, but rather preserves all objections, including: (1) any objections to the competency, relevance, materiality, privilege, authenticity, or admissibility of evidence or other information referenced herein; (2) the right to object on any ground to the use of information produced herein at any hearing or trial; and (3) the right to object on any ground to any further discovery requests.

3.     The FTC objects to the RFPs, and to each Request, instruction, and definition therein, to the extent that they seek information that is not discoverable pursuant to the Federal Rules of Civil Procedure or otherwise is exempt from disclosure by law, including but not limited to, information protected from disclosure by the deliberative process privilege, attorney-client privilege, law enforcement privilege, the work product doctrine, or any other applicable privilege or protection. The FTC does not intend to waive any of the privileges asserted in this objection by any inadvertent reference to, or production of, protected documents or information

that may occur, and reserves the right to seek the return of any such material inadvertently produced.

4.     The FTC objects to the RFPs, and to each Request, instruction, and definition therein, to the extent that they call for production and copying of materials that Defendants can obtain from another source that is more convenient to them, less burdensome to the FTC, and less expensive for both parties, including but not limited to publicly available materials and materials in Defendants' own possession, custody, or control.

5.     The FTC objects to the RFPs, and to each Request, instruction, and definition therein, to the extent they seek information that is not relevant to any party's claim or defense or proportional to the needs of this case.

6.     The FTC objects to the RFPs, and to each Request, instruction, and definition therein, to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

7.     The FTC objects to the RFPs, and to each Request, instruction, and definition therein, to the extent that they seek to impose on the FTC any obligations beyond those provided for in the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of California.

8.     The FTC objects to the RFPs, and to each Request, instruction, and definition therein, to the extent that they seek to require the FTC to respond to any Request based on information that is not within the FTC's possession, custody, or control.

9.     Each of foregoing general objections are incorporated by reference to each specific response set forth below.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1: All Documents and Communications identified in your Rule 26(a)(1) disclosures.**

**RESPONSE:** The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants. The FTC will not produce any such responsive materials.

Without waiving and subject to the foregoing general and specific objections, the FTC will conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the FTC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2: All Documents and Communications Referenced or relied upon in preparing Your responses to Interrogatories in this Action.**

**RESPONSE:** The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the

deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants. The FTC will not produce any such responsive materials.

Without waiving and subject to the foregoing general and specific objections, the FTC will conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the FTC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:  All Documents and Communications relating to the Investigation, including Your investigation file.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request to the extent that it calls for materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants. The FTC will not produce any such responsive materials.

The FTC objects to this Request as vague due to the definition of "Investigation," which encompasses "any preliminary work, related or unrelated, leading up to" the inquiry conducted by the FTC pursuant to its September 5, 2024 Voluntary Access Letter. To the extent that this Request seeks materials that are unrelated to the specific allegations in the Complaint, the FTC also objects to this Request as overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Without waiving and subject to the foregoing general and specific objections, the FTC will conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the FTC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4:  All Communications with Third Parties relating to Uber, the Investigation, or this Action.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques and its coordination

with other law enforcement agencies. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

The FTC objects to this Request as vague due to the definition of "Investigation," which encompasses "any preliminary work, related or unrelated, leading up to" the inquiry conducted by the FTC pursuant to its September 5, 2024 Voluntary Access Letter. To the extent that this Request seeks materials that are unrelated to the specific allegations in the Complaint, the FTC also objects to this Request as overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Without waiving and subject to the foregoing general and specific objections, the FTC will conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the FTC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:  All Documents and Communications that were produced by Third Parties relating to Uber, the Investigation, or this Action.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement

privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

The FTC objects to this Request as vague due to the definition of "Investigation," which encompasses "any preliminary work, related or unrelated, leading up to" the inquiry conducted by the FTC pursuant to its September 5, 2024 Voluntary Access Letter. To the extent that this Request seeks materials that are unrelated to the specific allegations in the Complaint, the FTC also objects to this Request as overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The FTC further objects to the production of any responsive materials that are publicly available.

Without waiving and subject to the foregoing general and specific objections, the FTC will conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the FTC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:  All transcripts of testimony provided by Third Parties relating to Uber, the Investigation, or this Action.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC

also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request as vague due to the definition of "Investigation," which encompasses "any preliminary work, related or unrelated, leading up to" the inquiry conducted by the FTC pursuant to its September 5, 2024 Voluntary Access Letter. To the extent that this Request seeks materials that are unrelated to the specific allegations in the Complaint, the FTC also objects to this Request as overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Without waiving and subject to the foregoing general and specific objections, the FTC will conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the FTC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:  All consumer complaints, comments, or Communications regarding Uber, Lyft, DoorDash, Grubhub, or Instacart.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's

claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Consumer complaints, comments, or Communications regarding Lyft, DoorDash, Grubhub, or Instacart are not relevant to whether Defendants violated the FTC Act or ROSCA or any party's claim or defense. Similarly, consumer complaints, comments, or Communications regarding Uber that are unrelated to the specific allegations in the Complaint are also irrelevant.

Without waiving and subject to the foregoing general and specific objections, the FTC will conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the FTC's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:  All Documents and Communications relating to any allegation in the Complaint, Including all Documents that are Referenced or relied upon in the Complaint, all Documents that support any allegation in the Complaint, and all Documents that contradict, refute, undermine, or disprove any allegation in the Complaint.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request to the extent that it calls for materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would

be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants. The FTC will not produce any such responsive materials.

The FTC objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

The FTC objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery because it requests "All Documents relating to any allegation in the Complaint," including all Documents that "support[,] . . . contradict, refute, or disprove any allegation in the Complaint." The FTC also objects to this Request as vague to the extent that it seeks all documents that "support[,] . . . contradict, refute, or disprove any allegations in the Complaint."

Without waiving and subject to the foregoing general and specific objections, the FTC notes that any non-privileged materials responsive to this Request that are within the FTC's possession, custody, or control would be responsive to other Requests in Defendant's First Set of RFPs, and will be produced accordingly.

**REQUEST FOR PRODUCTION NO. 9:  All Documents and Communications relating to the Investigation or this Action, Including all Documents that tend to support or undermine Plaintiff's contention that Uber has violated the law.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the

deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request to the extent that it calls for materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants. The FTC will not produce any such responsive materials.

The FTC objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

The FTC objects to this Request as vague due to the definition of "Investigation," which encompasses "any preliminary work, related or unrelated, leading up to" the inquiry conducted by the FTC pursuant to its September 5, 2024 Voluntary Access Letter. To the extent that this Request seeks materials that are unrelated to the specific allegations in the Complaint, the FTC also objects to this Request as overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Without waiving and subject to the foregoing general and specific objections, the FTC notes that any non-privileged materials responsive to this Request that are within the FTC's possession, custody, or control would be responsive to other Requests in Defendant's First Set of RFPs, and will be produced accordingly.

**REQUEST FOR PRODUCTION NO. 10:  All Documents and Communications You have relied upon or intend to rely upon in the Action.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request to the extent that it calls for materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants. The FTC will not produce any such responsive materials.

The FTC objects to this Request to the extent it purports to require the FTC to determine and identify documents it may rely upon far in advance of what is required by the Federal Rules of Civil Procedure. The FTC will identify such documents in accordance with Fed. R. Civ. P. 26(a)(3)(A)(iii) and the Scheduling Order in this Action. Finally, the FTC objects to this

Request to the extent it seeks information covered by Fed. R. Civ. P. 26(b)(4) or Fed. R. Civ. P. 26(a)(2)(D).

Without waiving and subject to the foregoing general and specific objections, the FTC notes that any non-privileged materials responsive to this Request that are within the FTC's possession, custody, or control would be responsive to other Requests in Defendant's First Set of RFPs, and will be produced accordingly.

**REQUEST FOR PRODUCTION NO. 11:  All Documents and Communications relating to Your allegations that Uber's Cancellation Flows were not or are not "simple."**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request to the extent that it calls for materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants. The FTC will not produce any such responsive materials.

The FTC objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this

Request that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

Without waiving and subject to the foregoing general and specific objections, the FTC notes that any non-privileged materials responsive to this Request that are within the FTC's possession, custody, or control would be responsive to other Requests in Defendant's First Set of RFPs, and will be produced accordingly.

**REQUEST FOR PRODUCTION NO. 12:  All Documents and Communications relating to any surveys, copy tests, research, analyses, studies, or other tests conducted by or done for You regarding Uber, the Investigation, or this Action.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request as vague due to the definition of "Investigation," which encompasses "any preliminary work, related or unrelated, leading up to" the inquiry conducted by the FTC pursuant to its September 5, 2024 Voluntary Access Letter. To the extent that this Request seeks materials that are unrelated to the specific allegations in the Complaint, the FTC also objects to this Request as overly broad, unduly burdensome, and beyond the permissible

scope of discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

The FTC objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

Without waiving and subject to the foregoing general and specific objections, the FTC notes that any non-privileged materials responsive to this Request that are within the FTC's possession, custody, or control would be responsive to other Requests in Defendant's First Set of RFPs, and will be produced accordingly.

**REQUEST FOR PRODUCTION NO. 13:  All Documents and Communications relating to methods of cancelling a subscription, Including all Documents in which You have described what does or does not constitute a "simple" cancellation method, and all drafts thereof.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques.

The FTC objects to this Request to the extent that it calls for materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would

be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants.

The FTC objects to this Request for "All Documents Relating to methods of cancelling a subscription" as overly broad and unduly burdensome, including because it is not limited to the subject matter of this Action. The FTC further objects that the request is beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). "All Documents Relating to methods of cancelling a subscription" without limitation to the specific allegations in the Complaint or the FTC's investigation of those allegations, are not relevant to whether Uber has violated the FTC Act or ROSCA or any party's claim or defense.

Accordingly, the FTC will not produce materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 14:  All Documents and Communications relating to any monetary relief or injunctive relief sought by You in this Action.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques. The FTC will not produce any such privileged or protected information.

The FTC objects to this Request to the extent that it calls for materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC during the FTC's pre-suit investigation. It would

be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced to the FTC than for the FTC to re-produce such materials to Defendants. The FTC will not produce any such responsive materials.

The FTC objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

Without waiving and subject to the foregoing general and specific objections, the FTC notes that any non-privileged materials responsive to this Request that are within the FTC's possession, custody, or control would be responsive to other Requests in Defendant's First Set of RFPs, and will be produced accordingly.

**REQUEST FOR PRODUCTION NO. 15: Transcripts of any depositions given by You in any other case brought under the Restore Online Shoppers' Confidence Act.**

**RESPONSE:** The FTC objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Deposition transcripts from other prosecutions are not relevant to whether Defendants violated ROSCA in this Action, or any party's claim or defense.

Accordingly, the FTC will not produce materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16: All Documents and Communications relating to any guidance, publication, opinion, policy statement, hearing statement, congressional testimony, or rulemaking related to Negative Options or ROSCA.**

**RESPONSE:** The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques.

The FTC also objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, the FTC will not produce materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 17:** **All Documents and Communications relating to any of Your internal guidelines, policies, or manuals for enforcing or prosecuting alleged violations of ROSCA or any practices related to Negative Options.**

**RESPONSE:** The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques.

The FTC objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ.

P. 26(b)(1). The FTC further objects as vague to this Request for "internal guidelines, policies, or manuals for enforcing or prosecuting alleged violations of ROSCA or any practices related to Negative Options."

Accordingly, the FTC will not produce materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18:  All Documents and Communications relating to the Negative Option Rule, Including any drafts, Documents, Communications, comments You have received from Third Parties regarding the Proposed Rule, and Documents showing Communications relating to the impact of the Proposed Rule on the Investigation or the Action.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques.

The FTC objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, the FTC will not produce materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19:  Copies of all laws, regulations, guidance, or policy statements that You contend Uber violated, Including laws, regulations, guidance, or policy statements related to Negative Options or ROSCA.**

**RESPONSE:**  The FTC objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and the deliberative process privilege. Specifically, it seeks information concerning FTC counsel's mental impressions and the FTC's internal decision-making processes. The FTC also objects to this Request because it calls for information protected by the law enforcement privilege, such as information concerning the FTC's investigative techniques.

The FTC objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Beyond the violations alleged in the Complaint, the FTC's position on whether Uber has violated any other laws, regulations, guidance, or policy statements is not relevant to this Action.

Accordingly, the FTC will not produce materials responsive to this Request.

Dated: August 11, 2025                 */s/ Paul Mezan*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 758-4177 (Mezan)
pmezan@ftc.gov (Mezan)
sliebner@ftc.gov (Liebner)
jdoty@ftc.gov (Doty)

**ATTORNEYS FOR PLAINTIFF**
**FEDERAL TRADE COMMISSION**

21        PLAINTIFF'S RESPONSES & OBJECTIONS
TO DEFENDANT UBER'S FIRST SET OF RFPS
4:25-CV-03477-JST