# Exhibit E



UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Bureau of Consumer Protection

**September 17, 2025**

*Via Email*

Lauren C. Freeman
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

Ausjia Perlow
aperlow@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: 212-839-5886
Facsimile: 212-839-5599

Benjamin M. Mundel
bmundel@sidley.com
Drew Langan
dlangan@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

*Attorneys for Defendants Uber Technologies, Inc. and Uber USA, LLC*

**RE:**  *Federal Trade Commission v. Uber Technologies, Inc., et al.*
**Case No. 4:25-cv-03477-JST (N.D. Cal.)**

Dear Counsel:

We write to memorialize our meet-and-confers regarding the discovery requests of Uber Technologies, Inc. ("Uber"), which were conducted on September 5, 2025, and September 8, 2025. Subject to and without waiving its responses and objections dated August 11, 2025 ("Plaintiff's Responses and Objections"), the FTC's answers to questions raised in those meet-and-confers are included below. Please let us know if anything appears to be inaccurate or if you would like to discuss any topics further.

### Uber's First Set of Requests for Production

- RFP 1:  You requested that the FTC produce publicly available materials included in its Rule 26(a)(1) disclosures, in addition to the other materials the FTC agreed to produce in

Plaintiff's Responses and Objections. The FTC confirmed it would produce such materials if they were captured during its investigation.

- RFP 4:  You requested that the FTC identify third parties with whom the FTC had communications via channels other than email, in addition to the other materials the FTC agreed to produce in Plaintiff's Responses and Objections. Pursuant to Uber's Interrogatory No. 2, the FTC will conduct a reasonable search and produce non-privileged, responsive information.

- RFP 7:  You requested that the FTC produce "all consumer complaints, comments, or Communications regarding Uber, Lyft, DoorDash, Grubhub, or Instacart." For the reasons stated in Plaintiff's Responses and Objections, the FTC confirms it will only search for and produce consumer complaints regarding Uber One or Uber Pass.

- RFP 12:  You asked whether the FTC conducted surveys, copy tests, research, analyses, studies, or other tests during its investigation and whether the FTC would produce such materials. The FTC states there are no non-privileged materials responsive to this request.

- RFPs 13, 15, 16, 17, and 18: You asked whether the FTC would produce all the materials it produced in its case against Amazon. The FTC responds that it will search for and produce: (i) all final, public versions of FTC guidance, publications, or policy statements related to Negative Options or ROSCA; (ii) all final, public materials in which it has described, "what does or does not constitute a 'simple' cancellation method; and (iii) copies of any recordings of public workshops relating to Negative Options or ROSCA.[1] These are materials that were searched for and produced by the FTC in its case against Amazon that are also responsive to your requests.

### Uber's First Set of Interrogatories

- Interrogatory 1:  You requested that the FTC supplement its response to provide more detail. The FTC will search for and produce non-privileged material in its possession, custody, or control.

  Interrogatory 2:  As discussed above in connection with Uber's RFP 4, the FTC will search for and produce non-privileged information in response to this interrogatory.

- Interrogatory 3:  You asked whether the FTC's response was complete and whether it was withholding any information on privilege grounds. The FTC's response identifies documents quoted or expressly referenced in the complaint. The FTC is not withholding any information on privilege grounds.

- Interrogatory 4:  You asked whether the FTC's response was complete. The FTC responds that it is but reserves the right to supplement its response as discovery progresses.

---

[1] The FTC notes that public comments submitted to the FTC regarding the relevant subject matters are available on Regulations.gov.

- Interrogatories 5, 6, and 7: You asked whether the FTC would provide internal information concerning standards it uses to assess whether a charge is an "additional fee"; when a customer provides "express informed consent"; and whether cancellation mechanisms are "simple" as required by ROSCA. The FTC's position is that this information is privileged.

- Interrogatories 8, 9, 10, and 15: You asked whether the FTC plans to identify specific consumers in response to these interrogatories. The FTC stands on its objections but will reconsider those objections after Uber produces the data that the FTC requested.

- Interrogatory 11: You requested that the FTC identify the specific enrollment and cancellation flows that are at issue in the case. The FTC responded that it would identify such flows after it receives the screenshots, captures, and other materials related to Uber's enrollment and cancellation flows that the FTC requested.

- Interrogatory 12: You asked whether the FTC would identify every single change we contend that Uber must make so that its enrollment and cancellation flows comply with ROSCA. The FTC will not respond further to this Interrogatory. The FTC is not required to redline Uber's websites and applications and suggest line-by-line edits to advise defendants on how to comply with ROSCA. Additionally, the Complaint is replete with information that explains how the FTC believes Uber's websites and applications violate federal law and harm consumers.

- Interrogatory 13: You asked whether the FTC would supplement its response. The FTC responded that it would identify advertisements that it contends violate the FTC Act after Uber produces its advertisements.

- Interrogatory 14: You asked whether the FTC would respond to this interrogatory. For the reasons stated in Plaintiff's Responses and Objections, the FTC will not provide a further response.

- Interrogatory 16: You asked whether and when the FTC would inform Uber of the injunctive relief it will seek in this case. The FTC will provide this information upon the filing of any summary judgment motion.

- Interrogatory 17: You asked whether and when the FTC would inform Uber of the monetary relief it will seek in this case. The FTC will provide a further response to this interrogatory as discovery progresses.

3

We are happy to discuss Uber's discovery requests further in another call after you have had the opportunity to review.

Sincerely,

*/s/ Paul Mezan*
Paul Mezan
Federal Trade Commission

cc:    Stephanie Liebner (sliebner@ftc.gov)
       James Doty (jdoty@ftc.gov)

4