# Exhibit F



SIDLEY AUSTIN LLP
1501 K STREET, N.W.
WASHINGTON, D.C. 20005
+1 202 736 8000
+1 202 736 8711 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 202 736 8157
BMUNDEL@SIDLEY.COM

November 4, 2025

**Via Email**

Paul Mezan, Esq.
Stephanie Liebner, Esq.
James Doty, Esq.
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, D.C. 20580
E: pmezan@ftc.gov

*Attorneys for Plaintiff Federal Trade Commission*

> **Re:**   *FTC v. Uber Technologies, Inc. and Uber USA, LLC, No. 4:25-cv-03477 –* Response to Discovery Letters

Dear Counsel:

We write in response to the parties' meet-and-confers on August 27, 2025, September 5, 2025, and September 8, 2025, and your letters dated September 10, 2025 and September 17, 2025, regarding the parties' first sets of requests for production of documents (RFPs) and interrogatories.

### Uber's First Set of Requests for Production

- RFP 1: The FTC stated that while it would produce, *inter alia*, complaints, third-party communications, and web captures, it would withhold FTC-internal memoranda on privilege grounds.

- RFPs 2 and 3: The FTC stated that it would produce all responsive non-privileged documents.

- RFP 4: The FTC stated that it would identify any oral communication it had with potential witnesses in response to Interrogatory #2.

Sidley Austin (DC) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Paul Mezan, Esq.
Stephanie Liebner, Esq.
James Doty, Esq.
Page 2

- RFP 7: The FTC stated that it would use the Consumer Sentinel Network to search for complaints related to Uber One and Uber subscription services only. Uber reiterated its request that the FTC also search for and produce all complaints listed in the Request. The FTC stated in its letter dated September 17, 2025 that "it will only search for and produce consumer complaints regarding Uber One or Uber Pass." We believe the parties are at an impasse on this Request and may move to compel a complete response.

- RFP 12: The FTC stated in its letter dated September 17, 2025 that "there are no non-privileged materials responsive to this request." Uber reiterates its request that the FTC supplement its response to identify whether it is withholding any materials responsive to RFP 12 on the basis of privilege.

- RFPs 13, 15, 16, 17, and 18: The FTC stated in its letter dated September 17, 2025 that it will search for and produce three categories of documents "that were searched for and produced by the FTC in its case against Amazon." Uber reiterates its request that the FTC disclose whether it will withholding any materials here that were produced in the Amazon matter.

## Uber's First Set of Interrogatories

- Interrogatory 1: The FTC stated in its letter dated September 17, 2025 that it "will search for and produce non-privileged material in its possession, custody, or control." Uber reiterates its request that the FTC also supplement its interrogatory response, in addition to searching for and producing non-privileged, responsive documents.

- Interrogatory 2: The FTC stated in its letter dated September 17, 2025 that it "will search for and produce non-privileged information in response to this interrogatory" and in connection with Uber's RFP 4. Uber reiterates its request that the FTC supplement its interrogatory response.

- Interrogatory 4: The FTC stated that it would determine whether it was withholding any information from its responses on privilege grounds.

- Interrogatories 5, 6, and 7: We acknowledge that the FTC takes the position that the information it generally uses to determine whether a charge is an "additional fee"; when a customer provides "express informed consent"; and whether cancellation mechanisms are "simple" as required by ROSCA, is privileged. Uber reiterates its request that FTC supplement its responses to provide any non-privileged information. Uber reserves all rights to challenge the FTC's claim of privilege regarding this information.

# SIDLEY

Paul Mezan, Esq.
Stephanie Liebner, Esq.
James Doty, Esq.
Page 3

- Interrogatories 9, 10, and 15: Uber requested that the FTC supplement its responses to these Interrogatories soon to clarify whether and when it will identify specific customers. The FTC stated that it would consider this request.

- Interrogatory 11: The FTC agreed that, once Uber produced all of the Enrollment and Cancellation Flows, the FTC would supplement its response to identify, by bates number, which Flows it believes violate ROSCA.

- Interrogatory 12: Uber reiterates its request that the FTC substantively respond to this Interrogatory.

- Interrogatory 14: The FTC said it will not provide a substantive response to this Interrogatory.  We believe the parties are at an impasse on this Interrogatory and may move to compel a response.

### FTC's First Set of Requests for Production

- RFP 1: Uber will produce a corporate organization chart in response to this RFP.

- RFP 16: In addition to the summary in your September 10, 2025 letter, Uber also stated during the meet-and-confers that Uber would not search for complaints from other regulatory bodies, like US state governments or foreign governments.

- RFP 22: In addition to the summary in your September 10, 2025 letter, Uber also stated during the meet-and-confers that sub-part (d) of this request, which covers family/household enrollments, is overbroad and that Uber would not produce documents in response to that request.

- RFP 25: In addition to the summary in your September 10, 2025 letter, Uber also stated that while certain codes, tags, or categorizations may be "responsive" to the request, the request is overbroad and targets information that has no bearing on the allegations in the complaint.

- RFP 38: Uber understands that the FTC will suggest search terms for this request and the parties will negotiate from there.

- RFP 39: Uber will produce documents sufficient to identify its document retention and destruction policies and the effective dates of such policies.

# SIDLEY

Paul Mezan, Esq.
Stephanie Liebner, Esq.
James Doty, Esq.
Page 4

Sincerely,

/s/ Benjamin M. Mundel
Benjamin M. Mundel
SIDLEY AUSTIN LLP
1501 K. Street, N.W.
Washington, D.C. 20005
(202) 736-8000

cc:    Lauren Freeman (lfreeman@sidley.com)
       Drew Langan (dlangan@sidley.com)