# Exhibit H

| | |
|---|---|
| **From:** | Mezan, Paul <pmezan@ftc.gov> |
| **Sent:** | Friday, January 16, 2026 4:34 PM |
| **To:** | Mundel, Benjamin; Sidrys, Lydia; Freeman, Lauren; Langan, Drew |
| **Cc:** | Doty, James; Liebner, Stephanie |
| **Subject:** | RE: FTC et al v. Uber Discovery |

**EXTERNAL EMAIL - Use caution with links and attachments.**

Ben and team,

Can you please let us know when we we'll have your revisions to the case management statement? We plan to add some additional information concerning the state plaintiffs.

Separately, below are responses to outstanding questions relating to Uber's discovery requests of the FTC. We expect to produce responsive materials in the next 1-2 weeks.

Uber RFPs

- RFP 1:  The FTC's forthcoming production will include non-privileged documents identified in its initial disclosures.
- RFP 3:  The FTC's forthcoming production will include non-privileged documents from its investigation.
- RFPs 4, 5:  The FTC's forthcoming production will include non-privileged communications with, and documents produced by, consumers.  The production will include documents that identify non-privileged oral communications with consumers.
- RFP 6:  The FTC's forthcoming production will include transcripts of testimony provided by third parties.
- RFP 7:  The FTC's forthcoming production will include consumer complaints regarding Uber One and Uber Pass (e.g., materials from the FTC's Consumer Sentinel database and other sources).
- RFP 12:  The FTC expects it may withhold certain responsive materials on privilege grounds.  To the extent they exist, the FTC will identify responsive materials withheld on privilege grounds in a log consistent with the parties' anticipated ESI agreement.
- RFP 13, 15, 16, 17, 18, 19:  The FTC's forthcoming production will include (i) final, public versions of FTC guidance, publications, or policy statements related to Negative Options or ROSCA; (ii) final, public materials in which it has described, "what does or does not constitute a 'simple' cancellation method; and (iii) copies of recordings of public workshops relating to Negative Options or ROSCA. With respect to materials produced by the FTC in *Amazon*, these materials were produced in response to discovery requests that are significantly different from those propounded by Uber in this case.  Accordingly, the FTC has not determined whether it will be withholding any materials here that were produced in the *Amazon* matter.  If Uber identifies specific categories of materials that it believes are responsive to its requests and that were produced in the *Amazon* matter, the FTC can address those specific categories of materials individually.

Uber Interrogatories

- Interrogatory 1:  The FTC relies on and does not intend to supplement its response.  The FTC's forthcoming production will include consumer complaints and public information that served as the basis of its investigation.
- Interrogatory 2:  The FTC's forthcoming production will include communications with consumers. The FTC asserts that any materials used to brief the House Judiciary Committee are privileged.
- Interrogatory 3:  The FTC's forthcoming production will include non-privileged materials from its investigation and materials from Consumer Sentinel (i.e., consumer complaints).
- Interrogatory 4:  As stated in its responses and objections dated August 11, 2025, the FTC interprets this Interrogatory as asking the FTC to specify which Uber One fees or penalties make the statements "cancel anytime with no additional fees," and "cancel anytime without fees or penalties" false or misleading.  Subject to this interpretation, the FTC is not currently withholding any information from its response on privilege grounds, but it reserves the right to supplement its response as discovery progresses.
- Interrogatory 8, 9, 10, 15:  The FTC will reconsider whether and when it plans to identify specific consumers relevant to these requests after Uber produces the data that the FTC requested.
- Interrogatory 16:  The FTC will provide this information upon the filing of any summary judgment motion.
- Interrogatory 17:  The FTC will provide a further response to this interrogatory as discovery progresses.

Notwithstanding the above, the FTC does not waive any of its previously stated objections or claims of privilege. We're happy to schedule a call to further discuss Uber's discovery requests if you think that would be helpful.

Thanks,

Paul


**Paul Mezan**
Division of Financial Practices
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
(202) 758-4177




**From:** Mezan, Paul
**Sent:** Tuesday, January 13, 2026 8:53 PM
**To:** Langan, Drew <dlangan@sidley.com>; Doty, James <jdoty@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
**Cc:** Freeman, Lauren <lfreeman@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>; Benjamin Mundel -Contact <bmundel@sidley.com>
**Subject:** RE: FTC et al v. Uber Discovery

Hi Drew,

Attached please find a draft of the case management statement as well as a revised draft of the ESI agreement. Re the case management statement, we'd appreciate it if you could send it back to us before the end of the week; we may have minor additions. Additionally, you'll see that we're proposing an extension to the schedule. We're happy to discuss this more if you think that would be useful.

Thanks,

Paul

**Paul Mezan**
Division of Financial Practices
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
(202) 758-4177

---

**From:** Langan, Drew <dlangan@sidley.com>
**Sent:** Tuesday, January 13, 2026 4:23 PM
**To:** Mezan, Paul <pmezan@ftc.gov>; Doty, James <jdoty@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
**Cc:** Freeman, Lauren <lfreeman@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>; Benjamin Mundel -Contact <bmundel@sidley.com>
**Subject:** RE: FTC et al v. Uber Discovery

Hi Paul and team –at our meet and confer last week, you said you would send us your draft of the case management statement by today. Should we still expect that before the end of the day?

Thank you,
Drew

**DREW LANGAN**
Managing Associate

**SIDLEY AUSTIN LLP**
+1 202 736 8191
dlangan@sidley.com

---

**From:** Mezan, Paul <pmezan@ftc.gov>
**Sent:** Friday, January 2, 2026 1:44 PM
**To:** Mundel, Benjamin <bmundel@sidley.com>; Doty, James <jdoty@ftc.gov>; Langan, Drew <dlangan@sidley.com>; Liebner, Stephanie <sliebner@ftc.gov>
**Cc:** Freeman, Lauren <lfreeman@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>
**Subject:** RE: FTC et al v. Uber Discovery

We can do 11:30 EST on 1/8. Hope you all had a nice New Years, too.

Paul

3

**From:** Mundel, Benjamin <bmundel@sidley.com>
**Sent:** Friday, January 2, 2026 9:39 AM
**To:** Doty, James <jdoty@ftc.gov>; Langan, Drew <dlangan@sidley.com>; Mezan, Paul <pmezan@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
**Cc:** Freeman, Lauren <lfreeman@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>
**Subject:** Re: FTC et al v. Uber Discovery

Can we schedule a meet and confer between 9-1 on the 8th ?  We will have a detailed written response to your discovery questions in advance of that.  We can then cover any remaining outstanding items. Thanks and hope you all had a great new years.

**From:** Doty, James <jdoty@ftc.gov>
**Sent:** Wednesday, December 24, 2025 5:51:06 PM
**To:** Mundel, Benjamin <bmundel@sidley.com>; Langan, Drew <dlangan@sidley.com>; Mezan, Paul <pmezan@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
**Cc:** Freeman, Lauren <lfreeman@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>
**Subject:** RE: FTC et al v. Uber Discovery

No problem, hope you get some time off the next few days.

**From:** Mundel, Benjamin <bmundel@sidley.com>
**Sent:** Wednesday, December 24, 2025 5:41 PM
**To:** Doty, James <jdoty@ftc.gov>; Langan, Drew <dlangan@sidley.com>; Mezan, Paul <pmezan@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
**Cc:** Freeman, Lauren <lfreeman@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>
**Subject:** RE: FTC et al v. Uber Discovery

Thanks for catching that.  We fixed and filed

**BENJAMIN M. MUNDEL**

**SIDLEY AUSTIN LLP**
+1 202 736 8157
bmundel@sidley.com

> **From:** Doty, James <jdoty@ftc.gov>
> **Sent:** Wednesday, December 24, 2025 2:53 PM
> **To:** Langan, Drew <dlangan@sidley.com>; Mezan, Paul <pmezan@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
> **Cc:** Freeman, Lauren <lfreeman@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>; Mundel, Benjamin <bmundel@sidley.com>
> **Subject:** RE: FTC et al v. Uber Discovery
>
> Yes, you can file.  Just please give another proofread before you do—for example, "Defendants' reply" in the last clause is missing an apostrophe.

**From:** Langan, Drew <dlangan@sidley.com>
**Sent:** Wednesday, December 24, 2025 2:48 PM
**To:** Doty, James <jdoty@ftc.gov>; Mezan, Paul <pmezan@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
**Cc:** Freeman, Lauren <lfreeman@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>; Benjamin Mundel -Contact <bmundel@sidley.com>
**Subject:** RE: FTC et al v. Uber Discovery

James and team – here is the final stipulation we plan to file. Could you please confirm we have permission to file with the signature line filled in from James? We'll need to file today.

Thank you,
Drew

**DREW LANGAN**
Associate

**SIDLEY AUSTIN LLP**
+1 202 736 8191
dlangan@sidley.com

---

**From:** Mundel, Benjamin <bmundel@sidley.com>
**Sent:** Wednesday, December 24, 2025 2:29 PM
**To:** Doty, James <jdoty@ftc.gov>; Mezan, Paul <pmezan@ftc.gov>; Freeman, Lauren <lfreeman@sidley.com>; Langan, Drew <dlangan@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>
**Cc:** Liebner, Stephanie <sliebner@ftc.gov>
**Subject:** Re: FTC et al v. Uber Discovery

We will file the stipulation with a 7 day extension—14 days for the reply.

We reserve the right to move for more time with the court if necessary depending upon your opposition.

---

**From:** Doty, James <jdoty@ftc.gov>
**Sent:** Wednesday, December 24, 2025 8:34:49 AM
**To:** Mundel, Benjamin <bmundel@sidley.com>; Mezan, Paul <pmezan@ftc.gov>; Freeman, Lauren <lfreeman@sidley.com>; Langan, Drew <dlangan@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>
**Cc:** Liebner, Stephanie <sliebner@ftc.gov>
**Subject:** RE: FTC et al v. Uber Discovery

Hi Ben,

We're extremely reluctant to give any extra time for the reply given the belatedness of (and the unusual manner in which you've raised) the request.  But we'll agree to one extra week for any reply.

On a meet-and-confer:  we're happy to meet on item no. 3 on either of the days you propose.  With respect to item 1, please respond in writing to the items from my

5

11/26 email.  We have already met and conferred two times about these items.  When we attempted to talk through the items a third time, you said you preferred to handle in writing.  Then, when we sent you a writing, you ignored it for a month and counting.  Now, you want to get back on the phone.  I'm not sure whether you're deliberately attempting to thwart discovery or if it's just incidental, but either way the most productive path forward is for you to answer the very specific questions in my 11/26 email.  And then we can add any outstanding items to the M&C agenda if it makes sense.  Similarly, with respect to the ESI agreement and search terms, please respond in writing and then we can proceed from there.

**From:** Mundel, Benjamin <bmundel@sidley.com>
**Sent:** Tuesday, December 23, 2025 10:18 PM
**To:** Mezan, Paul <pmezan@ftc.gov>; Freeman, Lauren <lfreeman@sidley.com>; Langan, Drew <dlangan@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>
**Cc:** Doty, James <jdoty@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
**Subject:** RE: FTC et al v. Uber Discovery

Do you have time on Jan 2 or 5 to meet and confer about these?

**BENJAMIN M. MUNDEL**

**SIDLEY AUSTIN LLP**
+1 202 736 8157
bmundel@sidley.com

*******************************************************************************************************
This e-mail is sent by a law firm and may contain information that is privileged or confidential.
If you are not the intended recipient, please delete the e-mail and any attachments and notify us
immediately.
*******************************************************************************************************

**From:** Mezan, Paul <pmezan@ftc.gov>
**Sent:** Tuesday, December 23, 2025 4:55 PM
**To:** Mundel, Benjamin <bmundel@sidley.com>; Freeman, Lauren <lfreeman@sidley.com>; Langan, Drew <dlangan@sidley.com>; Sidrys, Lydia <lydia.sidrys@sidley.com>
**Cc:** Doty, James <jdoty@ftc.gov>; Liebner, Stephanie <sliebner@ftc.gov>
**Subject:** FTC et al v. Uber Discovery

Ben and team,

A few items:

> Please let us know when we can expect a response to James's email re the FTC's discovery requests from nearly one month ago.  It appears that you are simply refusing to engage with us on discovery.

> We sent proposed revisions to the ESI agreement on 12/5.  Please respond.

> We would like to meet-and-confer with respect to Interrogatory 1, which is patently defective.  You have identified only 7 individuals, but there are approximately 200 individuals whose names or emails appear in Uber's extremely limited pre-complaint production and who clearly possess relevant information.  And we believe that many individuals with relevant

knowledge do not appear in the limited documents Uber has produced thus far.

We are attaching a search term proposal.  We are also attaching a list of the ~200 people who, based on Uber's production to date, have relevant knowledge.  To narrow the list to a manageable custodian list, we will need complete responses to Interrogatory 1 and RFPs 2 and 3.  We reserve the right to add individuals to the list based on Uber's forthcoming responses and productions.

Please let us know when we should expect to hear back on the above and when you are available to meet-and-confer on your response to Interrogatory 1.

Thanks,

Paul


**Paul Mezan**
Division of Financial Practices
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC  20580
(202) 758-4177

7