# EXHIBIT A

Michael G. Dean (Alabama Bar No. 0409A63D)
Lindsay D. Barton (Alabama Bar No. 1165G00N)

Office of the Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152

*Attorneys for Plaintiff*
*State of Alabama*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION;** ) | |
| **THE ATTORNEYS GENERAL OF THE** ) | **Case Number: 4:25-cv-03477-JST** |
| **STATES OF ALABAMA, ARIZONA,** ) | |
| **CONNECTICUT, MARYLAND,** ) | |
| **MINNESOTA, MISSOURI, MONTANA,** ) | |
| **NEBRASKA, NEW HAMPSHIRE,** ) | **PLAINTIFF STATE OF ALABAMA'S** |
| **NEW JERSEY, NEW YORK,** ) | **OBJECTIONS & RESPONSES TO** |
| **NORTH CAROLINA, OHIO,** ) | **DEFENDANTS' FIRST SET OF** |
| **OKLAHOMA, PENNSYLVANIA,** ) | **INTERROGATORIES** |
| **VIRGINIA, WEST VIRGINIA,** ) | |
| **WISCONSIN, AND THE DISTRICT OF** ) | |
| **COLUMBIA; THE PEOPLE OF THE** ) | |
| **STATE OF CALIFORNIA, THE** ) | |
| **PEOPLE OF THE STATE OF** ) | |
| **ILLINOIS, AND THE PEOPLE OF THE** ) | |
| **STATE OF MICHIGAN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **UBER TECHNOLOGIES, INC.,** ) | |
| **a corporation, and UBER USA, LLC, a** ) | |
| **limited liability company** ) | |
| ) | |
| **Defendants.** ) | |

1

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff State of Alabama ("Alabama") objects and responds to Defendants' ("Uber") First Set of Interrogatories ("Interrogatories") as follows:

**<u>GENERAL OBJECTIONS</u>**

Alabama objects that many of the Interrogatories are premature and, as such, it provides the responses set forth herein solely based upon information presently known to and within the possession, custody, or control of Alabama. Discovery has only just begun in this action. Subsequent discovery, information produced by the Defendants in this litigation, investigation, expert discovery, third-party discovery, depositions, and further analysis may result in additions to, changes or modifications in, and/or variations from the responses and objections set forth herein. Accordingly, Alabama specifically and expressly reserves the right to supplement, amend, and/or revise the responses and objections set forth herein in due course and in accordance with Rule 26 of the Federal Rules of Civil Procedure.

Alabama objects to these Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, as information gathered or prepared in anticipation of litigation, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information"). Alabama further objects to these Interrogatories to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Alabama further objects to these Interrogatories to the extent that, as written, they seek information not within Alabama's knowledge, possession, or control.

2

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Alabama further objects to these Interrogatories to the extent they seek information about consumers or entities outside Alabama or Uber's conduct towards consumers or entities outside Alabama. Alabama also objects to these Interrogatories to the extent they seek information about allegations contained in any pleadings filed prior to the First Amended Complaint ("FAC"), and its responses regarding allegations in the Complaint are limited to allegations contained in the First Amended Complaint.

### DEFINITIONS

Alabama objects to the definitions of "Plaintiff," "You," and "Your," to the extent such definitions purport to obligate Alabama to provide information maintained by, or respond on behalf of, state agencies, state boards, or other public entities other than the Office of the Attorney General.

Alabama neither agrees nor stipulates to the definitions.

### INSTRUCTIONS

Alabama objects generally to the Defendants' prefatory instructions and definitions, to the extent they require more than the Federal Rules of Civil Procedure require a party to provide in discovery. Alabama neither agrees nor stipulates to the instructions.

### OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Identify five subscription services offered to consumers that You contend do not violate ROSCA, 15 U.S.C. §§ 8401-8405.

**RESPONSE:** Alabama objects to this Interrogatory on the grounds that it is beyond the permissible scope of discovery because it seeks information that is not relevant to any party's claim or defense, or even if relevant, that is disproportional to the needs of the case. *See* Fed. R.

State of Alabama's Objections & Responses to Defendants' First Set of Interrogatories
4:25-cv-03477-JST

Civ. P. 26(b)(1). Whether Alabama considers other subscription services to be compliant with, or in violation of, ROSCA is irrelevant to the issue of whether Uber has violated ROSCA as alleged in this case.

Alabama further objects to this Interrogatory on the ground that it improperly seeks a legal analysis from Alabama on the legality of various other subscription platforms, none of which are relevant to the claims or defenses of the parties in this case. *See Santos v. Baca*, No. 211CV01251KJDNJK, 2016 WL 1611584, at *1 (D. Nev. Apr. 21, 2016)("Rule 33 does not permit interrogatories directed to issues of '"pure law," *i.e.* legal issues unrelated to the facts of the case.'"). Moreover, to the extent this Interrogatory suggests that other platforms are operating in violation of ROSCA, Alabama is not required to bring simultaneous enforcement actions across the entirety of the online subscription platform industry. *See Ger-Ro-Mar, Inc. v. FTC*, 518 F.2d 33, 35 (2d Cir. 1975)(the government "'cannot be expected to bring simultaneous proceedings against all of those engaged in identical practices," and is "under no obligation to start simultaneous suits against all alleged offenders[.]").

Based on these objections, Alabama will not provide any further response to this Interrogatory.

**INTERROGATORY NO. 2**

Describe any Investigation ever conducted by You, Including by Identifying all Persons or Entities who had any involvement in the Investigation in any respect, the dates on which the Investigation was conducted, the identities of all Persons from whom information was sought, and what kinds of work product (if any) were created. If no such Investigation existed, You must so state.

4

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, in that it seeks information about the internal workings of the Attorney General's investigative processes and the Attorney General's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects that this Interrogatory is beyond the permissible scope of discovery because it seeks information that is not relevant to any party's claim or defense, or even if relevant, that is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The nature of Alabama's Investigation and its investigative techniques are not relevant to the issues of whether Uber violated the Deceptive Trade Practices Act or ROSCA.

Without waiving and subject to the foregoing objections, Alabama answers that it began its Investigation in August 2025 when it first engaged in discussions with the FTC about the case. Since that time, counsel for Alabama has met with the FTC and counsel for the other plaintiff states and had internal discussions and deliberations within the Office of the Attorney General. Alabama's Investigation relied on evidence gathered by the FTC during its Investigation, conversations between counsel for Alabama and counsel for the FTC, a review of the FTC's allegations as set forth in the First Amended Complaint, and internal deliberations within the Office of the Attorney General.

**INTERROGATORY NO. 3**

If an Investigation existed, Identify all facts that caused You to conduct the Investigation.

5

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, in that it seeks information about the internal workings of the Attorney General's investigative processes and the Attorney General's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects that this Interrogatory is beyond the permissible scope of discovery because it seeks information that is not relevant to any party's claim or defense, or even if relevant, that is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Alabama's reason for opening its Investigation and its investigative techniques are not relevant to the issues of whether Uber violated the Deceptive Trade Practices Act or ROSCA.

Without waiving and subject to the foregoing objections, Alabama answers that it initiated its Investigation based on information presented by the FTC, particularly evidence demonstrating that Uber made deceptive representations regarding the amount of savings consumers would receive on ride bookings and delivery services if they subscribed to Uber One; falsely represented that consumers could cancel their Uber One subscriptions "anytime" without incurring additional fees while creating obstacles that make it unreasonably difficult, if not impossible, for consumers to actually cancel their subscriptions; and that Uber charged consumers for Uber One subscriptions without the consumers' consent. Based on this information, Alabama determined that Uber has violated the Deceptive Trade Practices Act and ROSCA as set out in the First Amended Complaint.

6

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Alabama further relies on and adopts the FTC's answer to Uber's Interrogatory No. 1 to the FTC.

**INTERROGATORY NO. 4**

Identify all Individuals You have communicated with Concerning Uber One, this Action, or the Investigation. For each Communication, Identify the date(s) of the Communication, the Persons involved in the Communication, the medium, the duration of the Communication, and the subject matter.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, in that it seeks information about the internal workings of the Attorney General's investigative processes and the Attorney General's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects that this Interrogatory is beyond the permissible scope of discovery because it seeks information that is not relevant to any party's claim or defense, or even if relevant, that is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The nature of Alabama's Investigation, its investigative techniques, and its Communications with other law enforcement agencies, including the other plaintiff states and the FTC, are not relevant to the issues of whether Uber violated the Deceptive Trade Practices Act or ROSCA.

Without waiving and subject to the foregoing objections, Alabama answers that, from August 2025 through the present, its counsel has had Communications with counsel for the FTC

7

and the other plaintiff states, as well as internal discussions within the Office of the Attorney General. Because the details of those Communications are privileged, Alabama will not provide any additional information about them.

To the extent this Interrogatory seeks information about Communications with consumers, Alabama has had Communications with the consumers identified in the complaints submitted along with its initial disclosures, Bates Nos. UBER-STATES-00000001 – 00000013. Alabama will provide additional documents related to those complaints, including Communications with Uber regarding these complaints, in response to Uber's First Set of Requests for Production.

**INTERROGATORY NO. 5**

Identify every Communication ever made by Uber and, within each such Communication, Identify each statement or omission that the Complaint alleges violates Your State Consumer Protection Statute.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, beyond the scope of permissible discovery, and disproportional to the needs of the case, in that it seeks "every Communication ever made by Uber." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Alabama objects to this interrogatory on the grounds that it is overly broad and unduly burdensome because Uber is already in possession of, and has knowledge of, "every Communication ever made by Uber." *See id.*

Alabama further objects to this Interrogatory on the ground that it requires Alabama to offer a legal analysis regarding the legality of each and every Communication Uber has ever made under the Deceptive Trade Practices Act, regardless of whether a particular

8

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Communication is relevant to the claims or defenses at issue in this case. *See Santos*, 2016 WL 1611584, at *1. Moreover, Alabama objects to this Interrogatory on the ground that it seeks a legal analysis of Uber's Communications where Uber has not provided Alabama with every Communication it has ever made. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Alabama answers that Uber has made deceptive representations in its advertising regarding the amount of savings consumers would receive on ride bookings and delivery services if they subscribed to Uber One and falsely represented in its advertising that consumers could cancel their Uber One subscriptions "anytime" without incurring additional fees, while creating obstacles that make it unreasonably difficult, if not outright impossible, for consumers to actually cancel their subscriptions. Furthermore, Uber, through its enrollment practices and practice of creating obstacles to cancellation, has charged consumers for Uber One subscriptions without the consumers' consent. Alabama alleges that these acts constitute "unconscionable, false, misleading, or deceptive act[s] or practice[s] in the conduct of trade or commerce," in violation of Section 8-19-5(27) of the Code of Alabama.

**INTERROGATORY NO. 6**

Identify all facts supporting the allegation in paragraphs 19-22 of the Complaint that the statement, "Cancel anytime without fees or penalties" is "false," Including by Identifying all the fees and penalties (by dollar amount and when and how they were charged) that make or made the statement false.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the

9

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects that this Interrogatory is overly broad and burdensome in that it requests "all facts" supporting the allegations contained in Paragraphs 19-22 of the First Amended Complaint. *See* Fed. R. Civ. P. 26(b)(1). Alabama further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Alabama to identify "all facts" supporting the allegation in the First Amended Complaint that the statement "[c]ancel anytime without fees or penalties" is false. *See* Fed. R. Civ. P. 33(a)(2). Likewise, Alabama objects that this Interrogatory prematurely seeks information regarding "all the fees and penalties . . . that make or made the statement false," as Uber has not produced documents or data sufficient to enable Alabama to identify "all the fees and penalties" that demonstrate the falsity of Uber's statement that consumers could " [c]ancel anytime without fees or penalties." *See id.*

Without waiving and subject to the foregoing objections, Alabama answers that Uber has represented to consumers that they may cancel their subscriptions at any time without being subject to additional fees. However, Uber charges consumers for a new subscription term (whether monthly or annually) up to forty-eight hours before their stated billing date, thereby causing consumers who attempt to cancel during the last forty-eight hours of their free trial or subscription period to incur additional fees for an unwanted subscription term. Furthermore, Uber creates so many obstacles to cancellation, particularly within the last forty-eight hours of

10

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

a consumer's billing date, that, as a practical matter, consumers are unable to cancel their subscriptions without making further unwanted payments.

**INTERROGATORY NO. 7**

Identify all facts supporting the allegation in paragraph 43 of the Complaint that "Uber One cancellation is actually time-restricted," Including by Identifying by hour, minute, second, and day, all times at which the Cancellation Flow is or was unavailable. If You cannot Identify any such hours, minutes, or seconds, or days, so state.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects to this Interrogatory on the ground that it is vague, in that the Defendants do not define the circumstances under which the Uber One Cancellation Flow would be considered unavailable. Alabama also objects on the ground that this Interrogatory is overly broad, unduly burdensome, beyond the scope of permissible discovery, and disproportional to the needs of the case, in that it seeks information about every moment, down to the second, during which Uber One's Cancellation Flow has ever been unavailable. *See* Fed. R. Civ. P. 26(b)(1).

Alabama further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Alabama to identify all facts

11

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

supporting the allegation in the First Amended Complaint that Uber One cancellation is time-restricted. *See* Fed. R. Civ. P. 33(a)(2). Likewise, Alabama objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Alabama to identify the times when the Uber One Cancellation Flow has been unavailable. *See id.*

Without waiving and subject to the foregoing objections, Alabama answers that Uber bills consumers for the next subscription term up forty-eight hours before the stated billing date and creates barriers to cancellation, which become more difficult within that forty-eight hour period, thereby restricting consumers' ability to cancel Uber One before their next billing date without incurring additional fees.

**INTERROGATORY NO. 8**

Identify every Communication where the words "eligible" or "eligibility" do not appear with or in close proximity to the statement, "$0 delivery fees." If You cannot Identify any such Communication, so state.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, beyond the scope of permissible discovery, and disproportional to the needs of the case, in that it requests Alabama to identify every Communication Uber has ever made where the words "'eligible or eligibility' do not appear with or in close proximity to the statement, '$0 delivery fees.'" *See* Fed. R. Civ. P. 26(b)(1). Moreover, Alabama objects to this Interrogatory on the ground that it is vague, in that it does not adequately define the scope of the terms "with" or "in close proximity to." Alabama further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because Uber is already in possession of, and has

12

knowledge of, every Communication Uber has ever made where the words "'eligible' or 'eligibility' do not appear with or in close proximity to the statement, '$0 delivery fees.'" *See* Fed. R. Civ. P. 26(b)(1).

Without waiving and subject to the foregoing objections, Alabama answers that its allegations have nothing to do with what purchases/services are "eligible." Rather, Alabama claims that Uber promises "$0 delivery fees" while still charging delivery fees.

**INTERROGATORY NO. 9**

State whether reasonable consumers understand that a claim that consumers "[s]ave $25 every month" "on average" means that consumers are guaranteed to save at least $25 per month and Identify all facts in support of your response.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects to this interrogatory on the ground that it is vague, in that it does not provide an adequate definition of the term "reasonable consumers."

Without waiving and subject to the foregoing objections, Alabama answers that Uber has falsely represented that consumers who enrolled in their subscription services would save a specific amount, such as "$25 a month," when they did not.

13

**INTERROGATORY NO. 10**

State whether reasonable consumers believe that a membership or loyalty program's claim of average savings includes the cost of that membership or loyalty program and Identify all facts in support of your response.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects to this interrogatory on the ground that it is vague, in that it does not provide an adequate definition of the term "reasonable consumers."

Without waiving and subject to the foregoing objections, Alabama answers that Uber has made deceptive representations to consumers about the benefits of an Uber One subscription, omitting the fact that any amount they will save excludes the costs of membership. Consumers would rightly have expected, based on Uber's representations, that the benefits from their subscriptions (*i.e.,* their savings) would have at least exceeded the costs of their subscriptions.

**INTERROGATORY NO. 11**

Identify all facts supporting the allegation in paragraph 114 of the Complaint that consumers do not provide "express informed consent" for Uber One charges, Including by Identifying all Persons or Entities who were charged without such consent.

14

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama also objects to the Interrogatory as overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Alabama to identify every single person or entity Uber has ever charged without consent, without limitation to the claims at issue in this case. *See* Fed. R. Civ. P. 26(b)(1). Likewise, this Interrogatory is also overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Alabama to identify every single person or entity outside of Alabama that Uber ever charged without consent. *See id.*

Alabama further objects that this Interrogatory is overly broad and burdensome in that it requests "all facts" supporting the allegations contained in Paragraph 114 of the First Amended Complaint. *See* Fed. R. Civ. P. 26(b)(1). Alabama further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Alabama to determine "all facts" that would support the allegation in Paragraph 114, nor has Uber produced documents or data that would enable Alabama to discover the identities of Uber customers in Alabama who were charged without giving express informed consent. *See* Fed. R. Civ. P. 33(a)(2).

15

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Without waiving and subject to the foregoing objections, Alabama answers that Uber has failed to obtain consumers' express informed consent by signing consumers up for Uber One without their knowledge; failed to sufficiently disclose material terms of an Uber One subscription, such as Uber's restriction on cancelling the subscription within forty-eight hours of the billing date; and charged consumers who have cancelled their subscriptions for additional subscription terms without their consent.

**INTERROGATORY NO. 12**

State whether You contend that Uber did not disclose the date on which the following month or year's Uber One subscription would be charged. If You so contend, Identify all facts in support of your response. If You do not so contend, so state.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Alabama to determine the extent, if any, to which Uber disclosed billing dates for Uber One subscriptions. *See* Fed. R. Civ. P. 33(a)(2).

16

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Without waiving and subject to the foregoing objections, Alabama answers that its allegations do not revolve around Uber's failure to disclose a billing date. Rather, Alabama alleges that Uber charged consumers up to forty-eight hours before the stated billing date, thereby charging consumers without their express informed consent and causing them to pay additional fees despite the consumers having cancelled their subscriptions before the stated billing date.

**INTERROGATORY NO. 13**

Explain in detail what constitutes "simple" cancellation under ROSCA, Including by Identifying any Communications or Documents containing guidance from You Relating to what constitutes "simple" cancellation.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions or calls for internal Alabama Attorney General information or analyses regarding a "simple" cancellation method.

Alabama further objects that this Interrogatory improperly seeks Alabama's legal analysis of ROSCA generally, rather than Alabama's contentions regarding how the law applies to the relevant facts. *See, e.g., A.G. v. Oregon Dep't of Human Servs.*, 2015 WL 1548919, at *2 (D. Oregon Apr. 7, 2015)(rejecting interrogatory that did "not ask for facts or the application of law to facts").

17

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Without waiving and subject to the foregoing objections, Alabama answers that Uber has not provided a simple method for consumers to cancel their Uber One subscriptions because Uber uses a method for cancellation that is far more complicated than the methods used to enroll consumers into subscription services, including that Uber charges consumers for a new subscription term up to forty-eight hours before the stated billing date and employs a series of obstacles to cancellation, which only become more difficult when consumers are within forty-eight hours of their billing dates, all of which restrict consumers' ability to cancel before their next billing date and to do so without incurring additional fees.

## INTERROGATORY NO. 14

Identify all facts in support of the allegation in paragraph 83 of the Complaint that consumers have spent "unreasonably long wait times in the Uber customer support chat queue."

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects that this Interrogatory is overly broad and burdensome in that it requests "all facts" supporting the allegations contained in Paragraph 83 of the First Amended Complaint. *See* Fed. R. Civ. P. 26(b)(1). Alabama further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would

18

enable Alabama to determine and identify "all facts" that would support the allegation in Paragraph 83. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Alabama answers that consumers who have sought support while trying to cancel their Uber One subscriptions have reported waiting for hours, and even up to an entire day, for a response from Uber. Alabama expects additional facts in support of its allegation will be uncovered during the discovery process.

**INTERROGATORY NO. 15**

Identify the dates of injury, type of injury, and extent of injury (Including dollar amount of any monetary injury) for all Persons or Entities on whose behalf You seek relief in this Action.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama further objects that this Interrogatory is unlikely to lead to the discovery of relevant evidence because neither the Deceptive Trade Practices Act nor ROSCA require Alabama to prove injury to a consumer. *See* Ala. Code § 8-19-5; 15 U.S.C. §§ 8402-8403.

Alabama further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Alabama to identify the entire

19

population of Alabama consumers who have been injured by Uber's conduct, or the dates, types, or extent of injury suffered by those consumers. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Alabama answers that it is not required to prove injury to show a violation of either the Deceptive Trade Practices Act or ROSCA. *See* Ala. Code § 8-19-5; 15 U.S.C. §§ 8402-8403. Alabama further answers that it has previously identified consumers who have been injured by the conduct alleged in this case through the consumer complaints it submitted with its supplemental initial disclosures. *See* Bates Nos. UBER-STATES-00000001 – 00000013. Those complaints, which are being reproduced with Alabama's response to Uber's First Set of Requests for Production, provide further detail about each consumer's injury. Moreover, Alabama answers that the extent of injury suffered by Alabama consumers would consist of all subscription or other fees paid by consumers who did not give express informed consent to being charged those fees and/or who were charged additional fees after cancelling or attempting to cancel their subscriptions. Alabama expects additional information supporting its allegations and subsequent damages claims will be uncovered during the discovery process.

**INTERROGATORY NO. 16**

Identify all Persons or Entities You allege in this Action to have been deceived or misled by Uber and the complete factual basis for each such instance, Including the specific Communication and the particular statement or omission that was allegedly deceptive or misleading.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the

20

common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama also objects to the Interrogatory as overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Alabama to identify every single person or entity Uber has ever misled, without limitation to the claims at issue in this case. *See* Fed. R. Civ. P. 26(b)(1). Likewise, this Interrogatory is also overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Alabama to identify every single person or entity outside of Alabama that Uber has ever misled. *See id.*

Alabama further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Alabama to determine the identities of Uber customers in Alabama whom Uber misled as alleged in the First Amended Complaint. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Alabama answers that it alleges that Uber has made deceptive representations to consumers regarding the amount of savings they would receive on ride bookings and delivery services if they subscribed to Uber One; promised "$0 deliver fees" while still charging delivery fees; falsely represented that consumers could cancel their Uber One subscriptions "anytime" without incurring additional fees while creating obstacles that make it unreasonably difficult, if not impossible, for consumers to actually cancel their subscriptions; and charged consumers for Uber One subscriptions without their consent.

21

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Alabama has previously identified consumers who have been misled by Uber as alleged in the First Amended Complaint through the consumer complaints it submitted with its supplemental initial disclosures, *see* Bates Nos. UBER-STATES-00000001 – 00000013, which it is reproducing with its response to Uber's First Set of Requests for Production, and it expects additional factual details supporting these allegations will be uncovered during the discovery process.

**INTERROGATORY NO. 17**

Identify all Persons or Entities who tried and failed to cancel their Uber One membership, Including all facts Relating to those attempted cancellations.

**RESPONSE:** Alabama objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, the public official privilege, and the deliberative process privilege, to the extent that it is requesting counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation.

Alabama also objects to the Interrogatory as overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Alabama to identify every single person or entity who has ever tried to cancel their Uber One membership, without limitation to the claims at issue in this case. *See* Fed. R. Civ. P. 26(b)(1). Likewise, this Interrogatory is also overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Alabama to identify every single person or entity outside of Alabama that Uber has ever charged without consent. *See id.*

22

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Alabama further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Alabama to determine the identities of Uber customers in Alabama who tried and failed to cancel their Uber One memberships. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Alabama answers that it has previously identified consumers who have been injured by the conduct alleged in this case through the consumer complaints it submitted with its supplemental initial disclosures, *see* Bates Nos. UBER-STATES-00000001 – 00000013, which it is reproducing with its response to Uber's First Set of Requests for Production, and it expects additional factual details supporting these allegations will be uncovered during the discovery process.

23

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Dated: March 16, 2026

Steve Marshall
*Attorney General*

*/s/ Michael G. Dean*
Michael G. Dean
*Assistant Attorney General*

Lindsay D. Barton
*Assistant Attorney General*

Office of Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
michael.dean@alabamaag.gov
lindsay.barton@alabamaag.gov

24

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST