# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN, | Case No. 4:25-cv-03477-JST |
| Plaintiffs, v. | **PLAINTIFF STATE OF MARYLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SET OF INTERROGATORIES** |
| UBER TECHNOLOGIES, INC., a corporation; and UBER USA, LLC, a limited liability company, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff State of Maryland ("Maryland") objects and responds to Defendant Uber Technologies, Inc.'s (together with Uber USA, LLC, "Uber") First set of Interrogatories ("Interrogatories") as follows:

## **GENERAL OBJECTIONS**

1

Maryland objects that many of the Interrogatories are premature and, as such, it provides the responses set forth herein solely based upon information presently known to and within the possession, custody, or control of Maryland. Discovery has only just begun in this action. Subsequent discovery, information produced by the Defendants in this litigation, investigation, expert discovery, third-party discovery, depositions, and further analysis may result in additions to, changes or modifications in, and/or variations from the responses and objections set forth herein. Accordingly, Maryland specifically and expressly reserves the right to supplement, amend, and/or revise the responses and objections set forth herein in due course and in accordance with Rule 26 of the Federal Rules of Civil Procedure.

Maryland objects to these Interrogatories to the extent they seek information that is protected from discovery by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, deliberative process privilege, public official privilege, as information gathered or prepared in anticipation of litigation, and/or by any other privilege or immunity from disclosure. Maryland further objects to these Interrogatories to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Maryland further objects to these Interrogatories to the extent that, as written, they seek information not within Maryland's knowledge, possession, or control.

Maryland further objects to these Interrogatories to the extent they seek information about non-Maryland consumers or entities outside Maryland or Uber's conduct towards non-Maryland consumers or entities outside Maryland. Maryland also objects to these Interrogatories to the extent they seek information about allegations contained in any pleadings filed prior to the First

2

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Amended Complaint ("FAC"), and its responses regarding allegations in the Complaint are limited to allegations contained in the First Amended Complaint.

## DEFINITIONS

Maryland objects to the definitions of "Plaintiff," "You," and "Your," to the extent such definitions purport to obligate Maryland to provide information maintained by, or respond on behalf of, state agencies or entities other than the Office of the Attorney General.

Maryland neither agrees nor stipulates to the definitions contained in the Interrogatories.

## INSTRUCTIONS

Maryland objects generally to the Interrogatories' prefatory instructions and definitions, to the extent they require more than the Federal Rules of Civil Procedure require a party to provide in discovery. Maryland neither agrees nor stipulates to the instructions.

## OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Identify five subscription services offered to consumers that You contend do not violate ROSCA, 15 U.S.C. §§ 8401-8405.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it is beyond the permissible scope of discovery because it seeks information that is not relevant to any party's claim or defense, or even if relevant, that is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Whether Maryland considers other subscription services to be compliant with, or in violation of, ROSCA is irrelevant to the issue of whether Uber has violated ROSCA as alleged in this case.

3

Maryland further objects to this Interrogatory on the ground that it improperly seeks a legal analysis from Maryland on the legality of various other subscription platforms, none of which are relevant to claims and defenses of the parties in this case. *See Santos v. Baca*, 2016 WL 1611584, at *1 (D. Nev. Apr. 21, 2016)("Rule 33 does not permit interrogatories directed to issues of "'pure law," *i.e.* legal issues unrelated to the facts of the case.'"). Moreover, to the extent this Interrogatory suggests that other platforms are operating in violation of ROSCA, Maryland is not required to bring simultaneous enforcement actions across the entirety of the online subscription platform industry. *See Consumer Prot. Div. Off. of Atty. Gen. v. Consumer Pub. Co.*, 304 Md. 731, 752 (1985) ("[A]n enforcement agency 'cannot be expected to bring simultaneous proceedings against all of those engaged in identical practices.'") (quoting *Ger-Ro-Mar, Inc. v. FTC*, 518 F.2d 33, 35 (2d Cir. 1975).

Based on these objections, Maryland will not provide any further response to this Interrogatory.

**<u>INTERROGATORY NO. 2</u>**

Describe any Investigation ever conducted by You, Including by Identifying all Persons or Entities who had any involvement in the Investigation in any respect, the dates on which the Investigation was conducted, the identities of all Persons from whom information was sought, and what kinds of work product (if any) were created. If no such Investigation existed, You must so state.

**RESPONSE:** Maryland objects to this Interrogatory on the ground that it seeks information protected by the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, and the deliberative process privilege, in that it seeks information

4

about the internal workings of the Attorney General's investigative processes and the Attorney General's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects that this Interrogatory is beyond the permissible scope of discovery because it seeks information that is not relevant to any party's claim or defense, or even if relevant, that is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The nature of Maryland's investigation and its investigative techniques are not relevant to the issues of whether Uber violated the Maryland Consumer Protection Act or ROSCA.

Without waiving and subject to the foregoing objections, Maryland answers that it began its investigation in August 2025 when it first engaged in discussions with the FTC about the case. Since that time, counsel for Maryland has met with the FTC and counsel for the other plaintiff states, had internal discussions and deliberations within the Office of the Attorney General, reviewed consumer complaints, and reviewed publicly available information on the internet. Maryland's investigation relied on evidence gathered by the FTC during its investigation, conversations between counsel for Maryland and counsel for the FTC, a review of the FTC's allegations as set forth in the First Amended Complaint, and internal deliberations within the Office of the Attorney General.

**INTERROGATORY NO. 3**

If an Investigation existed, Identify all facts that caused You to conduct the Investigation.

5

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

**RESPONSE:** Maryland objects to this Interrogatory on the ground that it seeks information protected by the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, and the deliberative process privilege, in that it seeks information about the internal workings of the Attorney General's investigative processes and the Attorney General's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects that this Interrogatory is beyond the permissible scope of discovery because it seeks information that is not relevant to any party's claim or defense, or even if relevant, that is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Maryland's reason for opening its investigation and its investigative techniques are not relevant to the issues of whether Uber violated the Maryland Consumer Protection Act or ROSCA.

Without waiving and subject to the foregoing objections, Maryland answers that it initiated its investigation based on information presented by the FTC, particularly evidence demonstrating that Uber made deceptive representations regarding the amount of savings consumers would receive on ride bookings and delivery services if they subscribed to Uber One; falsely represented that consumers could cancel their Uber One subscriptions "anytime" without incurring additional fees while creating obstacles that make it unreasonably difficult, if not impossible, for consumers to actually cancel their subscriptions; and that Uber charged consumers for Uber One subscriptions without the consumers' consent. Based on this information, Maryland determined that Uber has violated the Maryland Consumer Protection Act and ROSCA as set out in the First Amended Complaint.

6

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Maryland further relies on and adopts the FTC's answer to Uber's Interrogatory No. 1 to the FTC.

**INTERROGATORY NO. 4**

Identify all Individuals You have communicated with Concerning Uber One, this Action, or the Investigation. For each Communication, Identify the date(s) of the Communication, the Persons involved in the Communication, the medium, the duration of the Communication, and the subject matter.

**RESPONSE:** Maryland objects to this Interrogatory on the ground that it seeks information protected by the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, and the deliberative process privilege, in that it seeks information about the internal workings of the Attorney General's investigative processes and the Attorney General's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects that this Interrogatory is beyond the permissible scope of discovery because it seeks information that is not relevant to any party's claim or defense, or even if relevant, that is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The nature of Maryland's investigation, its investigative techniques, and its communications with other law enforcement agencies, including the other plaintiff states and the FTC, are not relevant to the issues of whether Uber violated the Maryland Consumer Protection Act or ROSCA.

Without waiving and subject to the foregoing objections, Maryland answers that, from August 2025 through the present, its counsel has had communications with counsel for the FTC

7

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

and the other plaintiff states, as well as internal discussions within the Office of the Attorney General. Because the details of those communications are privileged, Maryland will not provide any additional information about them.

To the extent this Interrogatory seeks information about communications with consumers, Maryland refers the Defendants to the consumer complaints it has previously produced and is producing in response to Uber's Requests for Production Nos. 1, 2, 3, 4, 5, 9, 10, 12, 13, 14, 15, 16, 18, 23, 24, and 25 (MD-UBER-00000001 – MD-UBER-00000023). Maryland also refers Defendants to the press correspondence it is producing in response to Uber's Requests for Production Nos. 9, 10, and 22 (MD-UBER-00000032 – MD-UBER-00000033).

**INTERROGATORY NO. 5**

Identify every Communication ever made by Uber and, within each such Communication, Identify each statement or omission that the Complaint alleges violates Your State Consumer Protection Statute.

**RESPONSE:** Maryland objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, beyond the scope of permissible discovery, and disproportional to the needs of the case, in that it seeks "every Communication ever made by Uber." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Maryland objects to this interrogatory on the grounds that it is overly broad and unduly burdensome because Uber is already in possession of, and has knowledge of, "every Communication ever made by Uber." *See id.*

Maryland further objects to this Interrogatory on the ground that it requires Maryland to offer a legal analysis regarding the legality of each and every Communication Uber has ever

8

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

made under the Maryland Consumer Protection Act, regardless of whether a particular Communication is relevant to the claims or defenses at issue in this case. *See Santos*, 2016 WL 1611584, at *1. Moreover, Maryland objects to this Interrogatory on the ground that it seeks a legal analysis from Maryland where Uber has not provided Maryland with every Communication it has ever made. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Maryland answers that Uber has made deceptive representations in its advertising regarding the amount of savings consumers would receive on ride bookings and delivery services if they subscribed to Uber One and falsely represented in its advertising that consumers could cancel their Uber One subscriptions "anytime" without incurring additional fees, while creating obstacles that make it unreasonably difficult, if not outright impossible, for consumers to actually cancel their subscriptions. Furthermore, Uber, through its enrollment practices and practice of creating obstacles to cancellation, has charged consumers for Uber One subscriptions without the consumers' consent. Maryland alleges that these acts constitute unfair and deceptive trade practices in violation of MD. CODE ANN., COM. LAW § 13-303, as defined by §§ 13-301(1).

**INTERROGATORY NO. 6**

Identify all facts supporting the allegation in paragraphs 19-22 of the Complaint that the statement, "Cancel anytime without fees or penalties" is "false," Including by Identifying all the fees and penalties (by dollar amount and when and how they were charged) that make or made the statement false.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law

9

enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects that this Interrogatory is overly broad and burdensome in that it requests "all facts" supporting the allegations contained in Paragraphs 19-22 of the First Amended Complaint. *See* Fed. R. Civ. P. 26(b)(1). Maryland further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Maryland to identify "all facts" supporting the allegation in the First Amended Complaint that the statement "[c]ancel anytime without fees or penalties" is false. *See* Fed. R. Civ. P. 33(a)(2). Likewise, Maryland objects that this Interrogatory prematurely seeks information regarding "all the fees and penalties . . . that make or made the statement false," as Uber has not produced documents or data sufficient to enable Maryland to identify "all the fees and penalties" that demonstrate the falsity of Uber's statement that consumers could " [c]ancel anytime without fees or penalties." *See id.*

Without waiving and subject to the foregoing objections, Maryland answers that Uber has represented to consumers that they may cancel their subscriptions at any time without being subject to additional fees. However, Uber charges consumers for a new subscription term (whether monthly or annually) forty-eight hours before their stated billing date, thereby causing consumers who attempt to cancel during the last forty-eight hours of their free trial or subscription period to incur additional fees for an unwanted subscription term. Furthermore, Uber creates so many obstacles to cancellation, particularly within the last forty-eight hours of

10

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

a consumer's billing date, that, as a practical matter, consumers are unable to cancel their subscriptions without making further unwanted payments.

**INTERROGATORY NO. 7**

Identify all facts supporting the allegation in paragraph 43 of the Complaint that "Uber One cancellation is actually time-restricted," Including by Identifying by hour, minute, second, and day, all times at which the Cancellation Flow is or was unavailable. If You cannot Identify any such hours, minutes, or seconds, or days, so state.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects to this Interrogatory on the ground that it is vague, in that the Defendants do not define the circumstances under which the Uber One Cancellation Flow would be considered unavailable. Maryland also objects on the ground that this Interrogatory is overly broad, unduly burdensome, beyond the scope of permissible discovery, and disproportional to the needs of the case, in that it seeks information about every moment, down to the second, during which Uber One's Cancellation Flow has ever been unavailable. *See* Fed. R. Civ. P. 26(b)(1).

Maryland further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Maryland to identify all facts supporting the allegation in the First Amended Complaint that Uber One cancellation is time-

11

restricted. *See* Fed. R. Civ. P. 33(a)(2). Likewise, Maryland objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Maryland to identify the times when the Uber One Cancellation Flow has been unavailable. *See id.*

Without waiving and subject to the foregoing objections, Maryland answers that Uber bills consumers for the next subscription term forty-eight hours before the stated billing date and creates barriers to cancellation, which become more difficult within that forty-eight hour period, thereby restricting consumers' ability to cancel Uber One before their next billing date without incurring additional fees.

**INTERROGATORY NO. 8**

Identify every Communication where the words "eligible" or "eligibility" do not appear with or in close proximity to the statement, "$0 delivery fees." If You cannot Identify any such Communication, so state.

**RESPONSE:** Maryland objects to this Interrogatory on the ground that it is overly broad, unduly burdensome, beyond the scope of permissible discovery, and disproportional to the needs of the case, in that it requests Maryland to identify every Communication Uber has ever made where the words "'eligible or eligibility' do not appear with or in close proximity to the statement, '$0 delivery fees.'" *See* Fed. R. Civ. P. 26(b)(1). Moreover, Maryland objects to this Interrogatory on the ground that it is vague, in that it does not adequately define the scope of the terms "with" or "in close proximity to." Maryland further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome because Uber is already in possession of, and has knowledge of, every Communication Uber has ever made where the words "'eligible' or

12

'eligibility' do not appear with or in close proximity to the statement, '$0 delivery fees.'" *See* Fed. R. Civ. P. 26(b)(1).

Without waiving and subject to the foregoing objections, Maryland answers that its allegations have nothing to do with what purchases/services are "eligible." Rather, Maryland claims that Uber promises "$0 delivery fees" while still charging delivery fees.

**INTERROGATORY NO. 9**

State whether reasonable consumers understand that a claim that consumers "[s]ave $25 every month" "on average" means that consumers are guaranteed to save at least $25 per month and Identify all facts in support of your response.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects to this interrogatory on the ground that it is vague, in that it does not provide an adequate definition of the term "reasonable consumers." Maryland further objects to this interrogatory to the extent it suggests a fact should be weighed regarding its impact on a "reasonable consumer." *See Golt v. Phillips*, 308 Md. 1, 10 (1986) ("An omission is considered material if a significant number of unsophisticated consumers would attach importance to the information in determining a choice of action.").

13

Without waiving and subject to the foregoing objections, Maryland answers that Uber has falsely represented that consumers who enrolled in their subscription services would save a specific amount, such as "$25 a month," when they did not.

**INTERROGATORY NO. 10**

State whether reasonable consumers believe that a membership or loyalty program's claim of average savings includes the cost of that membership or loyalty program and Identify all facts in support of your response.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects to this interrogatory on the ground that it is vague, in that it does not provide an adequate definition of the term "reasonable consumers." Maryland further objects to this interrogatory to the extent it suggests a fact should be weighed regarding its impact on a "reasonable consumer." *See Golt*, 308 Md. at 10.

Without waiving and subject to the foregoing objections, Maryland answers that Uber has made deceptive representations to consumers about the benefits of an Uber One subscription, omitting the fact that any amount they will save excludes the costs of membership. Consumers would rightly have expected, based on Uber's representations, that the benefits from their subscriptions (*i.e.,* their savings) would have at least exceeded the costs of their subscriptions.

14

**INTERROGATORY NO. 11**

Identify all facts supporting the allegation in paragraph 114 of the Complaint that consumers do not provide "express informed consent" for Uber One charges, Including by Identifying all Persons or Entities who were charged without such consent.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland also objects to the Interrogatory as overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Maryland to identify every single person or entity Uber has ever charged without consent, without limitation to the claims at issue in this case. *See* Fed. R. Civ. P. 26(b)(1). Likewise, this Interrogatory is also overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Maryland to identify every single person or entity outside of Maryland that Uber ever charged without consent. *See id.*

Maryland further objects that this Interrogatory is overly broad and burdensome in that it requests "all facts" supporting the allegations contained in Paragraph 114 of the First Amended Complaint. *See* Fed. R. Civ. P. 26(b)(1). Maryland further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Maryland to determine "all facts" that would support the allegation in Paragraph 114, nor

15

has Uber produced documents or data that would enable Maryland to discover the identities of Uber customers in Maryland who were charged without giving express informed consent. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Maryland answers that Uber has failed to obtain consumers' express informed consent by signing consumers up for Uber One without their knowledge; failed to sufficiently disclose material terms of an Uber One subscription, such as Uber's restriction on cancelling the subscription within forty-eight hours of the billing date; and charged consumers who have cancelled their subscriptions for additional subscription terms without their consent.

**INTERROGATORY NO. 12**

State whether You contend that Uber did not disclose the date on which the following month or year's Uber One subscription would be charged. If You so contend, Identify all facts in support of your response. If You do not so contend, so state.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Maryland to determine the extent,

16

if any, to which Uber disclosed billing dates for Uber One subscriptions. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Maryland answers that its allegations do not revolve around Uber's failure to disclose a billing date. Rather, Maryland alleges that Uber charged consumers forty-eight hours before the stated billing date, thereby charging consumers without their express informed consent and causing them to pay additional fees despite the consumers having cancelled their subscriptions before the stated billing date.

**INTERROGATORY NO. 13**

Explain in detail what constitutes "simple" cancellation under ROSCA, Including by Identifying any Communications or Documents containing guidance from You Relating to what constitutes "simple" cancellation.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions or calls for internal Maryland Attorney General information or analyses regarding a "simple" cancellation method.

Maryland further objects that this Interrogatory improperly seeks Maryland's legal analysis of ROSCA generally, rather than Maryland's contentions regarding how the law applies to the relevant facts. *See, e.g., A.G. v. Oregon Dep't of Human Servs.*, 2015 WL 1548919, at *2 (D. Oregon Apr. 7, 2015)(rejecting interrogatory that did "not ask for facts or the application of law to facts").

17

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

Without waiving and subject to the foregoing objections, Maryland answers that Uber has not provided a simple method for consumers to cancel their Uber One subscriptions because Uber uses a method for cancellation that is far more complicated than the methods used to enroll consumers into subscriptions, including that Uber charges consumers for a new subscription term forty-eight hours before the stated billing date, and employs a series of obstacles to cancellation, which only become more difficult when consumers are within forty-eight hours of their billing dates, all of which restrict consumers' ability to cancel before their next billing date and to do so without incurring additional fees.

**INTERROGATORY NO. 14**

Identify all facts in support of the allegation in paragraph 83 of the Complaint that consumers have spent "unreasonably long wait times in the Uber customer support chat queue."

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects that this Interrogatory is overly broad and burdensome in that it requests "all facts" supporting the allegations contained in Paragraph 83 of the First Amended Complaint. *See* Fed. R. Civ. P. 26(b)(1). Maryland further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would

18

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

enable Maryland to determine and identify "all facts" that would support the allegation in Paragraph 83. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Maryland answers that consumers who have sought support while trying to cancel their Uber One subscriptions have reported waiting for hours, and even up to an entire day, for a response from Uber. Maryland expects additional facts in support of its allegation will be uncovered during the discovery process.

**INTERROGATORY NO. 15**

Identify the dates of injury, type of injury, and extent of injury (Including dollar amount of any monetary injury) for all Persons or Entities on whose behalf You seek relief in this Action.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland further objects that this Interrogatory is unlikely to lead to the discovery of relevant evidence because neither the Consumer Protection Act nor ROSCA require Maryland to prove injury to a consumer. *See* MD. CODE ANN., COM. LAW §§ 13-302.

Maryland further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Maryland to identify the entire

19

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST

population of Maryland consumers who have been injured by Uber's conduct, or the dates, types, or extent of injury suffered by those consumers. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Maryland answers that it is not required to prove injury to show a violation of either the Consumer Protection Act or ROSCA. *See See* MD. CODE ANN., COM. LAW §§ 13-302; 15 U.S.C. §§ 8402-8403. Maryland further answers that it has previously identified consumers who have been injured by the conduct alleged in this case through the consumer complaints it has previously produced and that it is producing in response to the Uber's Requests for Production of Documents (MD-UBER-00000001 – MD-UBER-00000023). Those complaints provide further detail about each consumer's injury. Moreover, Maryland answers that the extent of injury suffered by Maryland consumers would consist of all subscription or other fees paid by consumers who did not give express informed consent to being charged those fees and/or who were charged additional fees after cancelling or attempting to cancel their subscriptions. Maryland expects additional information supporting its allegations and subsequent damages claims will be uncovered during the discovery process.

**INTERROGATORY NO. 16**

Identify all Persons or Entities You allege in this Action to have been deceived or misled by Uber and the complete factual basis for each such instance, Including the specific Communication and the particular statement or omission that was allegedly deceptive or misleading.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel

20

for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland also objects to the Interrogatory as overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Maryland to identify every single person or entity Uber has ever misled, without limitation to the claims at issue in this case. *See* Fed. R. Civ. P. 26(b)(1). Likewise, this Interrogatory is also overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Maryland to identify every single person or entity outside of Maryland that Uber has ever misled. *See id.*

Maryland further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Maryland to determine the identities of Uber customers in Maryland whom Uber misled as alleged in the First Amended Complaint. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Maryland answers that it alleges that Uber has made deceptive representations to consumers regarding the amount of savings they would receive on ride bookings and delivery services if they subscribed to Uber One, promised "$0 deliver fees" while still charging delivery fees; falsely represented that consumers could cancel their Uber One subscriptions "anytime" without incurring additional fees while creating obstacles that make it unreasonably difficult, if not impossible, for consumers to actually cancel their subscriptions; and charged consumers for Uber One subscriptions without the consumers' consent. Maryland has previously identified consumers who have been misled by Uber as alleged in the First Amended Complaint through the consumer complaints through the

21

consumer complaints it has previously produced to Uber and is producing in response to Uber's Requests for production of documents (MD-UBER-00000001 – MD-UBER-00000023), and it expects additional factual details supporting these allegations will be uncovered during the discovery process.

**INTERROGATORY NO. 17**

Identify all Persons or Entities who tried and failed to cancel their Uber One membership, Including all facts Relating to those attempted cancellations.

**RESPONSE:** Maryland objects to this Interrogatory on the grounds that it seeks information protected by the attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege, to the extent that it is requesting counsel for Maryland's mental impressions, Maryland's communications with the FTC and/or the other plaintiff states regarding the investigation, or Maryland's own internal discussions and deliberations regarding the investigation.

Maryland also objects to the Interrogatory as overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Maryland to identify every single person or entity who has ever tried to cancel their Uber One membership, without limitation to the claims at issue in this case. *See* Fed. R. Civ. P. 26(b)(1). Likewise, this Interrogatory is also overly broad, burdensome, and disproportional to the needs of the case to the extent it asks Maryland to identify every single person or entity outside of Maryland that Uber has ever charged without consent. *See id.*

Maryland further objects that this Interrogatory is premature as discovery is ongoing and Uber has not produced documents or data that would enable Maryland to determine the identities

22

of Uber customers in Maryland who tried and failed to cancel their Uber One memberships. *See* Fed. R. Civ. P. 33(a)(2).

Without waiving and subject to the foregoing objections, Maryland answers that it has previously identified consumers who have been injured by the conduct alleged in this case through the consumer complaints it has previously produced and that it is producing in response to Uber's Requests for Production of Documents (MD-UBER-00000001 – MD-UBER-00000023), and it expects additional facts supporting its allegations will be uncovered during the discovery process.

Dated: March 13, 2026

OFFICE OF THE ATTORNEY GENERAL
OF MARYLAND, CONSUMER
PROTECTION DIVISION

*/s/ Philip Ziperman*
Philip Ziperman (MD Bar No.: 9012190379)*
Deputy Chief
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
pziperman@oag.maryland.gov
(410) 576-6417

Luke Riley (MD Bar No.: 2502271005)*
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
lriley@oag.maryland.gov
(410) 576-6568

*Attorneys for Plaintiff*
*Office of the Maryland Attorney General,*
*Consumer Protection Division*

*Admitted pro hac vice

23

MARYLAND'S OBJECTIONS & RESPONSES TO
UBER TECHNOLOGIES, INC'S FIRST SET OF INTERROGATORIES
4:25-CV-03477-JST