# EXHIBIT A

Michael G. Dean (Alabama Bar No. 0409A63D)
Lindsay D. Barton (Alabama Bar No. 1165G00N)

Office of the Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152

*Attorneys for Plaintiff*
*State of Alabama*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION;** ) **THE ATTORNEYS GENERAL OF THE** ) **STATES OF ALABAMA, ARIZONA,** ) **CONNECTICUT, MARYLAND,** ) **MINNESOTA, MISSOURI, MONTANA,** ) **NEBRASKA, NEW HAMPSHIRE,** ) **NEW JERSEY, NEW YORK,** ) **NORTH CAROLINA, OHIO,** ) **OKLAHOMA, PENNSYLVANIA,** ) **VIRGINIA, WEST VIRGINIA,** ) **WISCONSIN, AND THE DISTRICT OF** ) **COLUMBIA; THE PEOPLE OF THE** ) **STATE OF CALIFORNIA, THE** ) **PEOPLE OF THE STATE OF** ) **ILLINOIS, AND THE PEOPLE OF THE** ) **STATE OF MICHIGAN,** ) ) **Plaintiffs,** ) ) **vs.** ) ) **UBER TECHNOLOGIES, INC.,** ) **a corporation, and UBER USA, LLC, a** ) **limited liability company** ) ) **Defendants.** ) | **Case Number: 4:25-cv-03477-JST** <br><br> **PLAINTIFF STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

1

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff State of Alabama ("Alabama") objects and responds to Defendants' (referred to as "Uber") First set of Requests for Production of Documents ("RFPs" or, individually, "Requests") as follows:

## GENERAL RESPONSES AND OBJECTIONS

Alabama's responses are based upon the information available at this stage in the litigation. Alabama does not waive its right to rely upon or use documents that are not being produced at this time, including but not limited to documents and other evidence that the Plaintiffs have requested or will request through their own discovery propounded on Defendants and third parties. Objections made by Alabama to the RFPs are based upon the information presently known by Alabama and are made without prejudice to Alabama's right to assert additional objections in the event additional grounds for objections are discovered by Alabama subsequent to this response. Alabama reserves the right to supplement, revise, modify, or otherwise change or amend these responses in light of any Documents or information it may subsequently obtain or discover, consistent with Federal Rule of Civil Procedure 26(e).

In providing these responses and objections, Alabama does not waive, but rather preserves all objections, including: (1) any objections to the competency, relevance, materiality, privilege, authenticity, or admissibility of evidence or other information referenced herein; (2) the right to object on any ground to the use of information produced herein at any hearing or trial; and (3) the right to object on any ground to any further discovery requests.

Alabama objects to the RFPs, and to each Request, instruction, and definition therein, to the extent they seek information that is not discoverable under the Federal Rules of Civil Procedure or that is otherwise exempt from disclosure by law, including but not limited to,

2

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, as information gathered or prepared in anticipation of litigation, and/or by any other applicable privilege or immunity from disclosure. Alabama does not intend to waive any of the privileges asserted in this objection by any inadvertent reference to, or production of, protected Documents or information that may occur, and reserves the right to seek the return of any such material inadvertently produced.

Alabama objects to the RFPs, and to each Request, instruction, and definition therein, to the extent that they call for production and copying of materials that Defendants can obtain from another source that is more convenient to them, less burdensome to Alabama, and less expensive for both parties, including but not limited to publicly available materials; materials in Defendants' own possession, custody, or control; and materials Defendants are seeking, have received, or will receive from the Federal Trade Commission ("FTC") or other Plaintiffs.

Alabama objects to the RFPs, and to each Request, instruction, and definition therein, to the extent they seek information that is not relevant to any party's claim or defense.

Alabama objects to the RFPs, and to each Request, instruction, and definition therein, to the extent they are vague, ambiguous, overly broad, unduly burdensome or not proportional to the needs of this case.

Alabama objects to these Requests to the extent they seek information about allegations contained in any pleadings filed prior to the First Amended Complaint ("FAC"), and its responses regarding allegations in the Complaint are limited to the First Amended Complaint.

3

Alabama objects to the definitions of "Plaintiff," "You," and "Your," to the extent such definitions purport to obligate Alabama to provide information maintained by, or respond on behalf of, state agencies, state boards, or other public entities other than the Office of the Attorney General. Alabama further objections to the RFPs, and to each Request, instruction, and definition therein, to the extent they seek to require Alabama to respond to any Request based on information that is not within Alabama's possession, custody, or control.

Alabama objects to the RFPs, and to each Request, instruction, and definition therein, to the extent they seek to impose on Alabama any obligations beyond those provided for in the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of California.

Alabama neither agrees nor stipulates to the definitions or instructions.

Each of foregoing general objections is incorporated by reference to each specific response set forth below.

### OBJECTIONS AND RESPONSES

Alabama's responses are based on the Investigation it has conducted to date. Discovery is ongoing. Accordingly, Alabama expressly reserves its right to supplement, revise, modify, or otherwise change or amend its responses based on any new facts obtained through further investigation or discovery. Alabama will supplement any production pursuant to its obligations under Federal Rules of Civil Procedure 26(e).

### REQUEST FOR PRODUCTION NO. 1

All Documents and Communications Referenced in Your Rule 26(a)(1) disclosures.

**RESPONSE**: Alabama objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Alabama further objects to this Request to the extent it seeks materials that are protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, which are being reproduced with this response along with a newly-received complaint, Bates Nos. UBER-AL-00000014-00000016, 00000019-00000021, 00000027-00000028, 00000045-00000047, 00000082-00000090, 00000099-00000102, 00000120-00000121, 00000197-00000199, 00000205-00000206, and the documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2**

All Documents and Communications You have relied upon or may rely upon in the Action.

5

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Alabama objects to this Request to the extent it purports to require Alabama to determine and identify Documents it may rely upon far in advance of what is required by the Federal Rules of Civil Procedure. Alabama will identify such Documents in accordance with Fed. R. Civ. P. 26(a)(3)(A)(iii) and the Scheduling Order in this Action. Finally, Alabama objects to this Request to the extent it seeks information covered by Fed. R. Civ. P. 26(b)(4) or Fed. R. Civ. P. 26(a)(2)(D).

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced. *See* Bates Nos. UBER-STATES-00000001 – 00000013. Alabama will also provide additional Documents, including reproduction of the previously provided consumer complaints, a newly-

6

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPs
4:25-CV-03477-JST

received complaint, and Uber's response(s) to those complaints. Bates Nos. UBER-AL-00000001-00000055, 00000082-00000127, 00000195-00000206. Alabama is also relying on the documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**

All Documents and Communications Referenced or relied upon in preparing Your responses to Interrogatories.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

7

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013. Alabama will also provide additional Documents, including reproduction of the previously provided consumer complaints, a newly-received complaint, and Uber's response(s) to those complaints. Bates Nos. UBER-AL-00000001-00000055, 00000082-00000127, 00000195-00000206. Alabama is also relying on documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession and some of which are set out in the First Amended Complaint. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4**

All Documents and Communications Relating to any allegation in the Complaint, Including all Documents that are Referenced or relied upon in the Complaint.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

8

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Alabama further objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Alabama further objects to this Request to the extent it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, Plaintiffs will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, Uber's response(s) to those complaints, Alabama's Communications with consumers and with Uber regarding the complaints, and the press release that was issued by Alabama, all of which are being produced with this Response, Bates No. UBER-AL-00000001-00000055, 00000082-00000206. Alabama also refers Defendants to the documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

9

**REQUEST FOR PRODUCTION NO. 5**

All Documents and Communications Relating to the Investigation (if any), Including all Investigation files.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, Uber's response(s) to those complaints, Alabama's Communications with consumers and with Uber regarding the complaints, and the press release that was issued by Alabama, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-

10

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

00000055, 00000082-00000206. Alabama also refers Defendants to the documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications reflecting captures, printouts, or screenshots of any Uber website or application that are in Your possession, custody, or control because of the Investigation or this Action.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

11

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Without waiving these objections and subject to the foregoing general and specific objections, Alabama has no captures, printouts, or screenshots beyond those that are being produced by other Plaintiffs or have been produced to the FTC by Uber, including those that were included in the First Amended Complaint. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications Relating to any surveys, research, analyses, studies, or other tests conducted by or for You Concerning Uber One, the Investigation, or this Action.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, Alabama will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

12

Without waiving these objections and subject to the foregoing general and specific objections, Alabama does not have any surveys, research, analyses, studies, or other tests other than the work product and mental impressions of its attorneys and the attorneys for the FTC and the other plaintiff states. Accordingly, all Documents and Communications in support thereof are protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, law enforcement privilege, and/or the deliberative process privilege.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications Relating to any surveys, research, analyses, studies, or other tests conducted by or for You Concerning the cancellation process for any renewing product or service.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, Plaintiffs

13

will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama does not have any such surveys, research, analyses, studies, or other tests other than the work product and mental impressions of its attorneys and the attorneys for the FTC and the other plaintiff states. Accordingly, all Documents and Communications in support thereof are protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, law enforcement privilege, and/or the deliberative process privilege.

## REQUEST FOR PRODUCTION NO. 9

All Communications with Third Parties Relating to Uber One, the Investigation, or this Action.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request as overly broad, unduly burdensome, and disproportional to the needs of this case, to the extent it requests "[a]ll Communications," without regard to their relevance to this case.

14

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, Uber's response(s) to those complaints, Alabama's Communications with consumers and with Uber regarding the complaints, the press release that was issued by Alabama, and other responsive Documents, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-00000055, 00000082-00000206. Other than the foregoing, Alabama's Communications with third parties regarding Uber One, the Investigation, or this Action have been with the other Plaintiffs and are therefore protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, law enforcement privilege, and/or the deliberative process privilege. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications that were produced to You by Third Parties Relating to Uber One, the Investigation, or this Action.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the

15

Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, and Uber's response(s) to those complaints, all of which are being produced with this Response, *see* Bates Nos. UBER-AL-00000001-00000055, 00000082-00000127, 00000195-00000206. Other than the foregoing, Alabama's Communications with third parties regarding Uber One, the Investigation, or this Action have been with the other Plaintiffs and are therefore protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, law enforcement privilege, and/or the deliberative process privilege. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11**

All press releases, public statements, and drafts thereof Relating to Uber One, the Investigation, or this Action.

**RESPONSE:** Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions,

16

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request because it seeks Documents that are irrelevant to any party's claim or defense.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers to the press release that was issued by Alabama that is being produced with this Response, along with an image published on the Attorney General's Office's social media pages, Bates No. UBER-AL-00000128-00000194. Any relevant social media posts by the Attorney General or the Attorney General's Office are publicly available on the Attorney General's and/or the Attorney General's Office's social media channels. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12**

All Communications, Including consumer complaints, You have received Relating to Uber One, Lyft Pink, DashPass, Amazon Prime, Grubhub+, Instacart+, and any other service that advertises that members "will save certain amounts off" regular prices "compared to those without [a] membership" (Compl. ¶ 3).

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure.

17

Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Consumer complaints and Communications regarding Lyft Pink, DashPass, Amazon Prime, Grubhub+, Instacart+, and other non-Uber services are not relevant to any party's claim or defense. To the extent Defendants contend that they are being singled out or selectively prosecuted, Alabama is not required to take industry-wide enforcement action. *See Ger-Ro-Mar, Inc. v. FTC*, 518 F.2d 33, 35 (2d Cir. 1975)(the government "'cannot be expected to bring simultaneous proceedings against all of those engaged in identical practices," and is "under no obligation to start simultaneous suits against all alleged offenders[.]"). Similarly, consumer complaints, comments, or Communications regarding Uber that are unrelated to the specific allegations in the First Amended Complaint are also irrelevant and the request to produce them is disproportional to the needs of the case.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, Uber's response(s) to those complaints, Alabama's Communications with consumers and with

18

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Uber regarding the complaints, and other responsive Documents, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-00000127, 00000195-00000352, and the documents that the FTC produced to Defendants, all of which are already in Defendants' possession, regarding Defendants' subscription services.

Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control. Alabama will not produce Documents relating to other companies that are not relevant to any party's claims or defenses in this Action.

**REQUEST FOR PRODUCTION NO. 13**

All consumer Communications, Including complaints, Relating to Uber One that have ever been part of any Investigation, regardless whether You received them.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery to the extent it seeks consumer Communications concerning investigations not related to the Action. Alabama further Alabama objects to this

19

Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery to the extent it purports to require Alabama to produce consumer Communications it has not received.

Alabama objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Plaintiffs have already produced to Defendants in this matter. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced by Plaintiffs.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints the plaintiff states have previously produced, Bates Nos. UBER-STATES-00000001 – 00001045, as well as a reproduction of the previously-produced complaints received by Alabama and a newly-received complaint, any supporting documentation submitted with those complaints, and Alabama's Communications with consumers regarding the complaints, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-00000055, 00000082-00000127, 00000195-00000206. Alabama further refers Defendants to the documents the Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications Relating to Your allegations that Uber charged consumers for Uber One without consent, including documents sufficient to show the identity of all such consumers that Uber charged without consent.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, Uber's response(s) to those complaints, and Alabama's Communications with consumers and with

21

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Uber regarding the complaints, the press release that was issued by Alabama, and other responsive Documents, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-00000352. Alabama also refers Defendants to the documents that Defendants produced to the FTC and that the FTC produced to Defendants. Alabama further refers Defendants to documents in Defendants' possession concerning enrollment and subscription data and consumer complaints to Uber regarding enrollment. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15**

All Documents and Communications Relating to Your allegations that Uber One's Enrollment Flows were or are deceptive or unfair.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It

22

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPs
4:25-CV-03477-JST

would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Alabama further objects to this Request to the extent it seeks Documents regarding "unfair" conduct, as Alabama is not required to prove Defendants engaged in unfair conduct under the Deceptive Trade Practices Act. *See* Ala. Code § 8-19-5.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, Uber's response(s) to those complaints, and Alabama's Communications with consumers and with Uber regarding the complaints, the press release that was issued by Alabama, and other responsive Documents, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-00000352. Alabama also refers Defendants to the documents that Defendants produced to the FTC and that the FTC produced to Defendants. Alabama further refers Defendants to documents in Defendants' possession concerning enrollment and subscription data and consumer complaints to Uber regarding enrollment. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communications Relating to Your allegations that Uber's marketing Relating to Uber One was or is deceptive or unfair, Including all Communications containing every single Uber statement or omission that You contend violates the State Consumer Protection Statute.

23

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action. Alabama further objects to this Request to the extent it seeks counsel's views regarding what acts and practices support liability.

Alabama further objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, Uber's response(s) to those complaints, and Alabama's Communications with consumers and with Uber regarding the complaints, the press release that was issued by Alabama, and other responsive Documents, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001- 00000352. Alabama also refers Defendants to the documents that Defendants produced to the FTC

24

and that the FTC produced to Defendants. Alabama further refers Defendants to documents in Defendants' possession concerning enrollment and subscription data and consumer complaints to Uber regarding enrollment. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17**

All Documents and Communications Relating to methods of cancelling a loyalty or membership program, Including all Documents in which You have described what does or does not constitute a "simple" cancellation method, and all drafts thereof.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, Alabama will not produce materials responsive to this Request.

25

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications Relating to Your allegations that Uber's Cancellation Flows were not or are not "simple," Including documents sufficient to show the identity of all consumers who found Uber's Cancellation Flows to not be "simple."

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, Uber's response(s) to those complaints, and Alabama's Communications with consumers and with

26

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Uber regarding the complaints, and the press release that was issued by Alabama, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-00000352. Alabama also refers Defendants to the documents that Defendants produced to the FTC and that the FTC produced to Defendants. Alabama further refers Defendants to documents in Defendants' possession concerning enrollment and subscription data and consumer complaints to Uber regarding enrollment. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19**

All Documents and Communications Concerning any case You have brought under ROSCA, Including transcripts of any depositions given by You in any such case and any expert reports You have worked on in any capacity.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure.

Alabama further objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Deposition transcripts from other prosecutions are not relevant to whether Defendants violated ROSCA in this Action, nor are they relevant to any party's claim or defense.

Accordingly, Alabama will not respond to this Request further.

27

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

**REQUEST FOR PRODUCTION NO. 20**

All Documents and Communications Relating to any guidance, publication, opinion, policy statement, comments to rulemaking, statements on rulemaking, or enforcement action Relating to Negative Options or Cancellation Flows.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, it seeks information concerning counsel for Alabama's mental impressions and Alabama's internal decision-making processes.

Alabama further objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, Alabama will not respond to this Request further.

**REQUEST FOR PRODUCTION NO. 21**

All Documents and Communications Relating to whether or how any actual or theoretical membership or loyalty programs could or do violate the State Consumer Protection Statute.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure.

28

Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Without waiving these objections and subject to the foregoing general and specific objections, to the extent this Request seeks Documents about Uber's membership programs, Alabama refers Defendants to its responses herein, as well as the allegations contained in the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 22**

All Communications with and all Documents exchanged with any media and/or press representative(s) or outlet(s) Relating to Uber One, the Investigation, or the Action.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, it seeks information concerning counsel for Alabama's mental impressions and Alabama's internal decision-making processes.

29

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to Alabama's press release and other responsive Documents, which are being produced with this Response, Bates No. UBER-AL-00000056-00000081, 00000128-00000194, 00000207-00000352. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23**

Documents sufficient to show the identities of, and contact information for, all Persons or Entities on whose behalf You intend to seek relief in this Action.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request to the extent it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the

30

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

previously-produced materials, as well as to other materials within Defendants' possession, custody, or control that it has not yet produced to the plaintiffs in this Action.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints along with a newly-received complaint, Bates Nos. UBER-AL-00000014-00000016, 00000019-00000021, 00000027-00000028, 00000045-00000047, 00000082-00000090, 00000099-00000102 00000120-00000121, 00000197-00000199, 00000205-00000206, the documents that Defendants produced to the FTC, and the documents the FTC produced to Defendants. The identity and contact information of impacted consumers is also contained in data and information in Defendants' possession and that has been requested by the plaintiffs in this Action. Alabama further refers Defendants to documents in Defendants' possession concerning Uber One enrollment, payment, and cancellation data. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24**

All Documents and Communications Relating to any informal dispute resolution of consumer complaints Relating to Uber One, Including any mediations in which You have participated.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege,

31

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, it seeks information concerning counsel for Alabama's mental impressions and Alabama's own internal decision-making processes.

Alabama further objects to this Request to the extent it seeks materials that are already in Defendants' possession, custody, or control, including responsive materials that Alabama has already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, Uber's response(s) to those complaints, and Alabama's Communications with consumers and with Uber regarding the complaints, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-00000055, 00000082-00000127, 00000195-00000206. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25**

All Documents and Communications Relating to any compensation, relief, restitution, or other payment or remedy that has already been negotiated or delivered for any injury you intend to remedy through this Action.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest

doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, it seeks information concerning counsel for Alabama's mental impressions and Alabama's own internal decision-making processes.

Alabama further objects to this Request to the extent it seeks materials that are already in Defendants' possession, custody, or control, including responsive materials that Alabama has already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama refers Defendants to the consumer complaints it has previously produced, Bates Nos. UBER-STATES-00000001 – 00000013, as well as a reproduction of those complaints, a newly-received complaint, any supporting documentation submitted with those complaints, Uber's response(s) to those complaints, and Alabama's Communications with consumers and with Uber regarding the complaints, all of which are being produced with this Response, Bates Nos. UBER-AL-00000001-00000055, 00000082-00000127, 00000195-00000206.

To the extent the Defendants are seeking information concerning any refunds they have already paid to consumers, information and data responsive to this request are already in Defendants' possession and have been requested by the plaintiffs in this Action. Alabama will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Alabama's possession, custody, or control.

33

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

**REQUEST FOR PRODUCTION NO. 26**

Documents sufficient to show all enrollment process(es) for any automatically renewing service(s) offered by You or any of Your political subdivisions Including, for example, any benefits or utilities plans that automatically renew after a certain timeframe but may be cancelled.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, it seeks information concerning counsel for Alabama's mental impressions and Alabama's own internal decision-making processes.

Alabama further objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense and is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Any such enrollment processes are irrelevant to the issue of whether the Defendants violated the Deceptive Trade Practices Act or ROSCA as alleged in this Action, nor are they otherwise relevant to any party's claim or defense. Alabama further objects to this request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks Documents from entities other than the Office of the Attorney General.

Without waiving these objections and subject to the foregoing general and specific objections, the Office of the Attorney General has no Documents responsive to this request as it does not offer any automatically renewing services.

34

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

**REQUEST FOR PRODUCTION NO. 27**

Documents sufficient to show all cancellation process(es) for any automatically renewing service(s) offered by You or any of Your political subdivisions Including, for example, any benefits or utilities plans that automatically renew after a certain timeframe but may be cancelled.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, it seeks information concerning counsel for Alabama's mental impressions and Alabama's own internal decision-making processes.

Alabama further objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense and is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Any such cancellation processes are irrelevant to the issue of whether Defendants violated the Deceptive Trade Practices Act or ROSCA as alleged in this Action, nor are they otherwise relevant to any party's claim or defense. Alabama further objects to this request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks Documents from entities other than the Office of the Attorney General.

Without waiving these objections and subject to the foregoing general and specific objections, the Office of the Attorney General has no Documents responsive to this request as it does not offer any automatically renewing services.

35

**REQUEST FOR PRODUCTION NO. 28**

All Documents and Communications Relating to any complaint, dissatisfaction, or confusion with any of the processes identified in Request Nos. 26 and 27.

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, it seeks information concerning counsel for Alabama's mental impressions and Alabama's own internal decision-making processes.

Alabama objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense and is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Any enrollment or cancellation process identified in Request Nos. 26 and 27 are not relevant to whether Defendants violated the Deceptive Trade Practices Act or ROSCA as alleged in this Action, nor are they otherwise relevant to any party's claim or defense. Alabama further objects to this request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery to the extent it seeks Documents from entities other than the Office of the Attorney General.

Without waiving these objections and subject to the foregoing general and specific objections, the Office of the Attorney General has no Documents responsive to this request as it does not offer any automatically renewing services.

36

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST

**REQUEST FOR PRODUCTION NO. 29**

All Communications between You and the FTC or other States Related to this Action, Uber, or any service that advertises that members "will save certain amounts off" regular prices "compared to those without [a] membership" (Compl. ¶ 3).

**RESPONSE**: Alabama objects to this Request on the grounds that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, the deliberative process privilege, the public official privilege, and/or by any other applicable privilege or immunity from disclosure. Specifically, this Request seeks information regarding counsel for Alabama's mental impressions, Alabama's Communications with the FTC and/or the other plaintiff states regarding the Investigation, or Alabama's own internal discussions and deliberations regarding the Investigation and this Action.

Alabama further objects to this Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's claim or defense and is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Alabama also objects that Communications regarding non-Uber services are not subject to production as they are not relevant to any party's claim or defense. *See Ger-Ro-Mar, Inc.*, 518 F.2d at 35.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama does not have any such Communications other than the work product and mental impressions of its attorneys, the FTC's attorneys, and the other plaintiff states' attorneys. Accordingly, all Documents and Communications in support thereof are protected by the attorney-

37

client privilege, the attorney work product doctrine, the common interest doctrine, law enforcement privilege, and/or the deliberative process privilege.

Dated: March 16, 2026

Steve Marshall
*Attorney General*

*/s/ Michael G. Dean*
Michael G. Dean
*Assistant Attorney General*

Lindsay D. Barton
*Assistant Attorney General*

Office of Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
michael.dean@alabamaag.gov
lindsay.barton@alabamaag.gov

38

STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO
DEFENDANTS' FIRST SET OF RFPS
4:25-CV-03477-JST