# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

FEDERAL TRADE COMMISSION;
THE ATTORNEYS GENERAL OF THE
STATES OF ALABAMA, ARIZONA,
CONNECTICUT, MARYLAND,
MINNESOTA, MISSOURI, MONTANA,
NEBRASKA, NEW HAMPSHIRE, NEW
JERSEY, NEW YORK, NORTH
CAROLINA, OHIO, OKLAHOMA,
PENNSYLVANIA, VIRGINIA, WEST
VIRGINIA, WISCONSIN, AND THE
DISTRICT OF COLUMBIA; THE PEOPLE
OF THE STATE OF CALIFORNIA, THE
PEOPLE OF THE STATE OF ILLINOIS,
AND THE PEOPLE OF THE STATE OF
MICHIGAN,

          Plaintiffs,
    v.

UBER TECHNOLOGIES, INC., a
corporation; and

UBER USA, LLC, a limited liability
company,

          Defendants.

Case No. 4:25-cv-03477-JST

**PLAINTIFF STATE OF MARYLAND'S RESPONSES AND OBJECTIONS TO DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff the Attorney General of Maryland ("Maryland"), pursuant to Federal Rules of Civil Procedure 26 and 34, hereby objects and responds to Defendant Uber Technologies, Inc.'s First Set of Requests for Production of Documents ("RFPs" or, individually, "Requests").

**GENERAL RESPONSES AND OBJECTIONS**

1.    Maryland's responses are based upon the information available at this stage in the litigation. Maryland does not waive its right to rely upon or use documents that are not being produced at this time, including but not limited to documents and other evidence that the

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST

1

Plaintiffs have requested or will request through their own discovery propounded on Defendants and third parties. Objections made by Maryland to the RFPs are based upon the information presently known by Maryland and are made without prejudice to Maryland's right to assert additional objections in the event additional grounds for objections are discovered by Maryland subsequent to this response. Maryland reserves the right to supplement, revise, modify, or otherwise change or amend these responses in light of any documents or information it may subsequently obtain or discover, consistent with Federal Rule of Civil Procedure 26(e).

2.      In providing these responses and objections, Maryland does not waive, but rather preserves all objections, including: (1) any objections to the competency, relevance, materiality, privilege, authenticity, or admissibility of evidence or other information referenced herein; (2) the right to object on any ground to the use of information produced herein at any hearing or trial; and (3) the right to object on any ground to any further discovery requests.

3.      Maryland objects to the RFPs, and to each Request, instruction, and definition therein, to the extent that they seek information that is not discoverable pursuant to the Federal Rules of Civil Procedure or otherwise is exempt from disclosure by law, including but not limited to, information protected from disclosure by the deliberative process privilege, law enforcement privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or protection. Maryland does not intend to waive any of the privileges asserted in this objection by any inadvertent reference to, or production of, protected documents or information that may occur, and reserves the right to seek the return of any such material inadvertently produced.

4.      Maryland objects to the RFPs, and to each Request, instruction, and definition

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
2                    Case No. 4:25-cv-03477-JST

therein, to the extent that they call for production and copying of materials that Defendants can obtain from another source that is more convenient to them, less burdensome to Maryland, and less expensive for both parties, including but not limited to publicly available materials, materials in Defendants' own possession, custody, or control, and materials Defendants are seeking, have received, or will receive from the Federal Trade Commission ("FTC") or other Plaintiffs.

5.    Maryland objects to the RFPs, and to each Request, instruction, and definition therein, to the extent they seek information that is not relevant to any party's claim or defense or proportional to the needs of this case.

6.    Maryland objects to the RFPs, and to each Request, instruction, and definition therein, to the extent they are vague, ambiguous, overly broad, or unduly burdensome.

7.    Maryland objects to the RFPs, and to each Request, instruction, and definition therein, to the extent that they seek to impose on Maryland any obligations beyond those provided for in the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of California.

8.    Maryland objects to the RFPs, and to each Request, instruction, and definition therein, to the extent that they seek to require Maryland to respond to any Request based on information that is not within Maryland's possession, custody, or control.

9.    Maryland objects to the definitions of "Plaintiff," "You," and "Your," to the extent such definitions purport to obligate Maryland to provide documents maintained by, or respond on behalf of, state agencies or entities other than the Office of the Attorney General.

10.    Each of foregoing general objections are incorporated by reference to each specific response set forth below.

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST
3

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1: All Documents and Communications Referenced in Your Rule 26(a)(1) disclosures.**

**RESPONSE:**

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023) and the documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2: All Documents and Communications You have relied upon or may rely upon in the Action.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
4                                  Case No. 4:25-cv-03477-JST

materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Maryland objects to this Request to the extent it purports to require Maryland to determine and identify documents it may rely upon far in advance of what is required by the Federal Rules of Civil Procedure. Maryland will identify such documents in accordance with Fed. R. Civ. P. 26(a)(3)(A)(iii) and the Scheduling Order in this Action. Finally, Maryland objects to this Request to the extent it seeks information covered by Fed. R. Civ. P. 26(b)(4) or Fed. R. Civ. P. 26(a)(2)(D).

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023). Maryland is also relying on the documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3**: **All Documents and Communications Referenced or relied upon in preparing Your responses to Interrogatories.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
5                            Case No. 4:25-cv-03477-JST

materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023). Maryland is also relying on the documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4: All Documents and Communications Relating to any allegation in the Complaint, Including all Documents that are Referenced or relied upon in the Complaint.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST
6

produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023) and the press release that was issued by Maryland that is being produced with this Response (MD-UBER-00000024 – MD-UBER-00000031). Maryland also refers the Defendants to the documents that Defendants produced to the FTC and that the FTC produced to Defendants, all of which are already in Defendants' possession. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5: All Documents and Communications Relating to the Investigation (if any), Including all Investigation files.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023) and the press release that was issued by Maryland that is being produced with this Response (MD-UBER-00000024 – MD-UBER-00000031). Maryland also refers the Defendants to the documents that Defendants produced to the FTC and that the FTC produced to Defendants,

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
7                    Case No. 4:25-cv-03477-JST

all of which are already in Defendants' possession. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6: All Documents and Communications reflecting captures, printouts, or screenshots of any Uber website or application that are in Your possession, custody, or control because of the Investigation or this Action.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland has no such screenshots beyond those that are being produced by the Plaintiffs or have been produced to the FTC by Uber, including those that were included in the Complaint. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7: All Documents and Communications Relating to any surveys, research, analyses, studies, or other tests conducted by or for You Concerning Uber One, the Investigation, or this Action.**

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST

8

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Request that relates to potential experts will not be provided at this time. Instead, Plaintiffs will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland does not have any such surveys, research, analyses, studies, or other tests other than the work product and mental impressions of its attorneys and the other Plaintiffs' attorneys. Accordingly, all documents and communications in support thereof are protected attorney work product and subject to the law enforcement privilege and the deliberative process privilege.

**REQUEST FOR PRODUCTION NO. 8: All Documents and Communications Relating to any surveys, research, analyses, studies, or other tests conducted by or for You Concerning the cancellation process for any renewing product or service.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST
9

Request that relates to potential experts will not be provided at this time. Instead, Plaintiffs will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland does not have any such surveys, research, analyses, studies, or other tests other than the work product and mental impressions of its attorneys and the other Plaintiffs' attorneys. Accordingly, all documents and communications in support thereof are protected attorney work product and subject to the law enforcement privilege and the deliberative process privilege.

**REQUEST FOR PRODUCTION NO. 9: All Communications with Third Parties Relating to Uber One, the Investigation, or this Action.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers Defendants to the consumer complaints it has previously produced (MD-UBER-00000001 – MD-UBER-00000023) and the press correspondence that is being produced with this Response (MD-UBER-00000032 – MD-UBER-00000033). Other than the foregoing, Maryland's communications with third parties regarding Uber One, the Investigation, or this Action have been with the other Plaintiffs and are therefore protected attorney work product and subject to the law enforcement privilege and deliberative process privilege.

**REQUEST FOR PRODUCTION NO. 10: All Documents and Communications that were produced to You by Third Parties Relating to Uber One, the Investigation, or this Action.**

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers Defendants to the consumer complaints it has previously produced (MD-UBER-00000001 – MD-UBER-00000023) and the press correspondence that is being produced with this Response (MD-UBER-00000032 – MD-UBER-00000033). Other than the foregoing, Maryland's communications with third parties regarding Uber One, the Investigation, or this Action have been with the other Plaintiffs and are therefore protected attorney work product and subject to the law enforcement privilege and deliberative process privilege.

**REQUEST FOR PRODUCTION NO. 11: All press releases, public statements, and drafts thereof Relating to Uber One, the Investigation, or this Action.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland further objects to this Request because it seeks documents that are irrelevant to any party's claim or defense.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers to the press release that was issued by Maryland that is being produced with this Response (MD-UBER-00000024 – MD-UBER-00000031). Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within the Maryland's possession, custody, or control.

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
11                    Case No. 4:25-cv-03477-JST

**REQUEST FOR PRODUCTION NO. 12:  All Communications, Including consumer complaints, You have received Relating to Uber One, Lyft Pink, DashPass, Amazon Prime, Grubhub+, Instacart+, and any other service that advertises that members "will save certain amounts off" regular prices "compared to those without [a] membership" (Compl. ¶ 3).**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Consumer complaints and Communications regarding Lyft Pink, DashPass, Amazon Prime, Grubhub+, Instacart+, and other non-Uber services are not relevant to any parties' claim or defense. To the extent that Defendants contend that they are being singled out or selectively prosecuted, Maryland is not required to take industry-wide enforcement actions. *See Consumer Prot. Div. Off. of Atty. Gen. v. Consumer Pub. Co.,* 304 Md. 731, 752-54 (1985). Similarly, consumer complaints, comments, or Communications regarding Uber that are unrelated to the specific allegations in the First Amended Complaint are also irrelevant.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023) and the documents that the FTC produced to Defendants, all of which are already in Defendants' possession, regarding Defendants' subscription services. Maryland will continue to

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
12                         Case No. 4:25-cv-03477-JST

conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13: All consumer Communications, Including complaints, Relating to Uber One that have ever been part of any Investigation, regardless whether You received them.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery to the extent it seeks consumer Communications concerning Investigations not related to the present lawsuit. Maryland further Maryland objects to this Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery to the extent it purports to require Maryland to produce consumer Communications it has not received.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Plaintiffs have already produced to Defendants in this matter. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the materials previously produced by Plaintiffs.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023) and the documents that Defendants produced to the FTC and that the FTC produced

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
13                                    Case No. 4:25-cv-03477-JST

to Defendants, all of which are already in Defendants' possession. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14: All Documents and Communications Relating to Your allegations that Uber charged consumers for Uber One without consent, including documents sufficient to show the identity of all such consumers that Uber charged without consent.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023), as well as the documents that Defendants produced to the FTC and that the FTC produced to Defendants. Maryland further refers Defendants to documents in Defendants' possession concerning enrollment and subscription data and consumer complaints to Uber regarding enrollment. Maryland will continue to conduct a reasonable search and produce

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
14                            Case No. 4:25-cv-03477-JST

nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15: All Documents and Communications Relating to Your allegations that Uber One's Enrollment Flows were or are deceptive or unfair.**

RESPONSE: Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes. Maryland further objects to this Request in that it asks for counsels' views on what acts and practices support liability.

Maryland objects to this Request to the extent that it seeks materials that are in Defendants' possession, custody, or control. Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials, as well as to other materials within Defendants' possession, custody, or control that it has not yet produced to Plaintiffs.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023), as well as the documents that Defendants produced to the FTC and that the FTC produced to Defendants. Maryland further refers Defendants to documents in Defendants' possession concerning enrollment and subscription data and consumer complaints to Uber

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
15                          Case No. 4:25-cv-03477-JST

regarding enrollment. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16: All Documents and Communications Relating to Your allegations that Uber's marketing Relating to Uber One was or is deceptive or unfair, Including all Communications containing every single Uber statement or omission that You contend violates the State Consumer Protection Statute.**

RESPONSE: Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes. Maryland further objects to this Request in that it asks for counsels' views on what acts and practices support liability.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials, as well as to other materials within Defendants' possession, custody, or control that it has not yet produced to Plaintiffs.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023), as well as the documents that Defendants produced to the FTC and that the FTC produced to Defendants. Maryland further refers Defendants to documents in Defendants'

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
16                    Case No. 4:25-cv-03477-JST

possession concerning Defendants' marketing of Uber One and any related concerns or complaints. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17: All Documents and Communications Relating to methods of cancelling a loyalty or membership program, Including all Documents in which You have described what does or does not constitute a "simple" cancellation method, and all drafts thereof.**

RESPONSE: Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, Maryland will not produce materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18: All Documents and Communications Relating to Your allegations that Uber's Cancellation Flows were not or are not "simple," Including documents sufficient to show the identity of all consumers who found Uber's Cancellation Flows to not be "simple."**

RESPONSE: Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
17                    Case No. 4:25-cv-03477-JST

Maryland objects to this Request to the extent that it seeks materials that are in Defendants' possession, custody, or control. Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials, as well as to other materials within Defendants' possession, custody, or control that it has not yet produced to Plaintiffs.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023), as well as the documents that Defendants produced to the FTC and that the FTC produced to Defendants. Maryland further refers Defendants to documents in Defendants' possession concerning the complexity of Defendants' Cancellation Flows and consumer complaints to Uber regarding cancellation. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19: All Documents and Communications Concerning any case You have brought under ROSCA, Including transcripts of any depositions given by You in any such case and any expert reports You have worked on in any capacity.**

**RESPONSE:** Maryland objects to this Request as overly broad, unduly burdensome, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed.

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
18          Case No. 4:25-cv-03477-JST

R. Civ. P. 26(b)(1). Deposition transcripts from other prosecutions are not relevant to whether Defendants violated ROSCA in this Action, or any party's claim or defense.

Accordingly, Maryland will not produce materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 20: All Documents and Communications Relating to any guidance, publication, opinion, policy statement, comments to rulemaking, statements on rulemaking, or enforcement action Relating to Negative Options or Cancellation Flows.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, Maryland will not produce materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 21: All Documents and Communications Relating to whether or how any actual or theoretical membership or loyalty programs could or do violate the State Consumer Protection Statute.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes. Maryland further objects to this Request in that it asks for counsels' views on what acts and practices support liability.

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
19   Case No. 4:25-cv-03477-JST

Maryland objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense or, even if relevant, is disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Without waiving these objections and subject to the foregoing general and specific objections, to the extent this Request seeks documents about Uber's membership programs, Maryland refers the Defendants to its responses herein.

**REQUEST FOR PRODUCTION NO. 22: All Communications with and all Documents exchanged with any media and/or press representative(s) or outlet(s) Relating to Uber One, the Investigation, or the Action.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers Defendants to the press release that was issued by Maryland that is being produced with this Response (MD-UBER-00000024 – MD-UBER-00000031) and the press correspondence that is being produced with this Response (MD-UBER-00000032 – MD-UBER-00000033). Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23: Documents sufficient to show the identities of, and contact information for, all Persons or Entities on whose behalf You intend to seek relief in this Action.**

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST

20

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Defendants produced to the FTC or that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials, as well as to other materials within Defendants' possession, custody, or control that it has not yet produced to Plaintiffs.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023), as well as the documents that Defendants produced to the FTC and that the FTC produced to Defendants. The identity and contact information of impacted consumers is also contained in data and information in the Defendants' possession and that has been requested by the Plaintiffs. Maryland further refers Defendants to documents in Defendants' possession concerning Uber One enrollment, payment, and cancellation data. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24: All Documents and Communications Relating to any informal dispute resolution of consumer complaints Relating to Uber One, Including any mediations in which You have participated.**

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
21    Case No. 4:25-cv-03477-JST

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023). Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25: All Documents and Communications Relating to any compensation, relief, restitution, or other payment or remedy that has already been negotiated or delivered for any injury you intend to remedy through this Action.**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request to the extent that it seeks materials that are publicly available or already in Defendants' possession, custody, or control, including responsive materials that Plaintiffs have already produced to Defendants. It would be more convenient, less burdensome, and less expensive for Defendants to refer to the previously-produced materials.

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
22                    Case No. 4:25-cv-03477-JST

Without waiving these objections and subject to the foregoing general and specific objections, Maryland refers the Defendants to the consumer complaints it has previously produced and is reproducing with this Response (MD-UBER-00000001 – MD-UBER-00000023). To the extent Defendants are seeking information concerning any refunds they have already paid to consumers, information and data responsive to this request are already in the Defendants' possession and have been requested by the Plaintiffs. Maryland will continue to conduct a reasonable search and produce nonprivileged materials responsive to this Request that are within Maryland's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26: Documents sufficient to show all enrollment process(es) for any automatically renewing service(s) offered by You or any of Your political subdivisions Including, for example, any benefits or utilities plans that automatically renew after a certain timeframe but may be cancelled.**

**RESPONSE:** Maryland objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Any such enrollment processes are not relevant to whether Defendants violated ROSCA in this Action, or any party's claim or defense. Maryland further objects to this request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery to the extent the phrase "Your political subdivisions" is intended to encompass entities outside of the Office of the Attorney General of Maryland.

Without waiving these objections and subject to the foregoing general and specific objections, the Office of the Attorney General has no documents responsive to this request as it does not offer any automatically renewing services for a cost other than employment-related benefits.

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
23                    Case No. 4:25-cv-03477-JST

**REQUEST FOR PRODUCTION NO. 27**: **Documents sufficient to show all cancellation process(es) for any automatically renewing service(s) offered by You or any of Your political subdivisions Including, for example, any benefits or utilities plans that automatically renew after a certain timeframe but may be cancelled.**

**RESPONSE:** Maryland objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense. *See* Fed. R. Civ. P. 26(b)(1). Any such cancellation processes are not relevant to whether Defendants violated ROSCA in this Action, or any party's claim or defense. Maryland further objects to this request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery to the extent the phrase "Your political subdivisions" is intended to encompass entities outside of the Office of the Attorney General of Maryland.

Without waiving these objections and subject to the foregoing general and specific objections, the Office of the Attorney General has no documents responsive to this request as it does not offer any automatically renewing services for a cost other than employment-related benefits.

**REQUEST FOR PRODUCTION NO. 28**: **All Documents and Communications Relating to any complaint, dissatisfaction, or confusion with any of the processes identified in Request Nos. 26 and 27.**

**RESPONSE:** Maryland objects to this Request as vague, overly broad, unduly burdensome, and beyond the permissible scope of discovery because it seeks information that is irrelevant to any party's claim or defense. See Fed. R. Civ. P. 26(b)(1). Any such enrollment or cancellation processes are not relevant to whether Defendants violated ROSCA in this Action, or any party's claim or defense. Maryland further objects to this request as vague, overly broad,

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
24                Case No. 4:25-cv-03477-JST

unduly burdensome, and beyond the permissible scope of discovery to the extent the phrase "Your political subdivisions" is intended to encompass entities outside of the Office of the Attorney General of Maryland.

Without waiving these objections and subject to the foregoing general and specific objections, the Office of the Attorney General has no documents responsive to this request as it does not offer any automatically renewing services for a cost other than employment-related benefits.

**REQUEST FOR PRODUCTION NO. 29: All Communications between You and the FTC or other States Related to this Action, Uber, or any service that advertises that members "will save certain amounts off" regular prices "compared to those without [a] membership" (Compl. ¶ 3).**

**RESPONSE:** Maryland objects to this Request on the grounds that it seeks information protected by the attorney work product doctrine, the law enforcement privilege, the common interest privilege, and the deliberative process privilege. Specifically, it seeks information concerning Plaintiffs' mental impressions and Plaintiffs' internal decision-making processes.

Maryland objects to this Request as overly broad, unduly burdensome, vague, and beyond the scope of permissible discovery because it seeks materials that are irrelevant to any party's claim or defense or, even if relevant, are disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Communications regarding non-Uber services are not relevant to any parties' claim or defense. *See Consumer Prot. Div. Off. of Atty. Gen. v. Consumer Pub. Co.*, 304 Md. 731, 752-54 (1985).

Without waiving these objections and subject to the foregoing general and specific objections, Maryland does not have any such communications other than the work product and mental impressions of its attorneys, the FTC's attorneys, and the other Plaintiffs' attorneys.

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST

25

Accordingly, all documents and communications in support thereof are protected attorney work product and subject to the law enforcement privilege and the deliberative process privilege.

Dated: March 13, 2026

OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, CONSUMER PROTECTION DIVISION

*/s/ Philip Ziperman*
Philip Ziperman (MD Bar No.: 9012190379)*
Deputy Chief
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
pziperman@oag.maryland.gov
(410) 576-6417

Luke Riley (MD Bar No.: 2502271005)*
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
lriley@oag.maryland.gov
(410) 576-6568

*Attorneys for Plaintiff*
*Office of the Maryland Attorney General,*
*Consumer Protection Division*

*Admitted pro hac vice

Maryland's Responses and Objections To
Uber Technologies, Inc.'s First Set of RFPs
Case No. 4:25-cv-03477-JST

26