

Division of Financial Practices
Bureau of Consumer Protection

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

April 21, 2026

**By ECF**

Honorable Thomas S. Hixson
United States District Court, Northern District of California
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

     Re:    *FTC et al. v. Uber Technologies, Inc. et al.*, Case No. 4:25-cv-03477-JST

     Dear Judge Hixson:

     Plaintiff Federal Trade Commission ("FTC") and Defendants Uber Technologies, Inc. and Uber USA, LLC ("Uber" or "Defendants") submit this status report pursuant to the Court's April 10, 2026 (Dkt. 176) Order.

     The parties hereby attest that they have met and conferred in good faith prior to filing this status report.

                        Respectfully submitted,

                     */s/ Sarah Abutaleb*

                     Sarah Abutaleb
                     Federal Trade Commission

                     *Attorney for Plaintiff FTC*

                     */s/ Ben Mundel*

                     Ben Mundel
                     Sidley Austin LLP

                     *Attorney for Uber Technologies, Inc. and Uber USA, LLC*

## I.    FTC's Statement

As discussed below, (1) the parties have agreed to a production schedule and resolved all but one of the issues for this status report (setting a production deadline for RFPs 8 and 10), and (2) there are several remaining discovery issues that may require future Court intervention.

### A.  The Parties' Production Schedule

On April 14, 2026, the parties met and conferred on several of the FTC's discovery requests. The parties have agreed to the production schedule below. The FTC requests that the Court enter this schedule.

| RFP | Production Timing |
|---|---|
| 8 and 10 (Uber Pass) | Defendants to complete production by April 27 |
| 8 and 10 (Five Foreign Jurisdictions) | Defendants to produce documents sufficient to show the cancellation flow in Germany by April 27 |
| 16 and 17 (investigations and lawsuits) | Defendants to complete production by April 27 |
| 21, 23, and 24 (customer service documents) | Defendants to produce additional responsive documents by April 27 |
| 25 (meaning of issue codes) | Defendants to complete production by April 27 |
| 27 (advertisements) | Defendants to complete production by May 8 |
| 35 (customer list) | Defendants to complete production by April 27, which will include Membership IDs |

For the remainder of the foreign jurisdiction flows responsive to RFPs 8 and 10, Defendants have only said they would update the FTC on their progress by May 8 and have not agreed to complete their production by any particular date. The FTC requests that Defendants be ordered to complete it by May 15, 2026.

### B.  Upcoming Disputes that May Require Court Intervention

Three categories of issues are not yet ripe but may soon require Court intervention. First, the FTC is currently reviewing Defendants' non-custodial and data productions for completeness and may find deficiencies that will require resolution. Second, on April 16, 2026, the FTC sent a revised search term proposal to Defendants. After Defendants run a hit report, the parties will further discuss and bring any disputes to the Court. Third, the parties are continuing to meet and confer on Defendants' 30(b)(6) notice to the FTC, which is improper for the same reasons this Court just ruled that the deposition notice to Nebraska is improper. *See* ECF No. 183. At

Defendants' request, the FTC served formal objections to the notice on April 21, 2026.  Should Defendants refuse to withdraw the notice, the FTC expects further motion practice will be necessary.

The FTC requests that the parties be required to submit a joint status report to the Court on May 15, 2026 raising any outstanding discovery issues.

## II.    Uber's Statement

### A.  FTC's Scheduling Request

Uber is generally able to meet the deadlines the FTC proposes above.[1] There is one exception where more time is needed for Uber to complete its response: foreign flows.

For RFPs 8 and 10, the Court ordered Uber to produce documents responsive to RFPs 8 and 10 for Germany, Mexico, the United Kingdom, Brazil, and South Korea. Producing enrollment and cancellation flows for foreign countries is extremely burdensome and time-consuming due to language barriers, volume, and the decentralized location of the documents. Uber does not have a repository where the flows are stored and from which they may be collected. Instead, Uber must work—and is currently working—to connect with various international operations teams to identify the relevant enrollment and cancellation flows in each of the five countries. These teams also do not have repositories for each of the flows. Instead, each team is manually researching all of the different ways customers in those countries can enroll in Uber One, and the teams are manually collecting the various enrollment and cancellation flows in those jurisdictions.

Uber does not believe it can complete its production of foreign jurisdiction enrollment and cancellation flows by May 15, 2026, as the FTC requested, but Uber is working as quickly as possible to collect these documents. Uber has offered to provide the FTC with an update of its progress on the five foreign jurisdictions by May 8, 2026, and to produce the flows on a rolling basis. Given these difficulties, Uber asks the Court to decline to adopt the FTC's proposed deadline and instead enter an order for Uber to complete its production of these flows by May 29, 2026. Adopting Uber's proposed deadline would not prejudice the FTC.

### B.  Deadline for the FTC to Amend Its Interrogatory Responses

On April 16, 2026, the Court granted Uber's motion to compel on Interrogatory Nos. 2 and 10 served on the FTC. Discovery Order, Dkt. 183. In sum, these ask the FTC to identify communications with non-parties regarding this matter and to identify the Uber One customers it contends were unable to cancel or simply cancel their memberships, and to state the factual basis for those contentions, respectively.

---

[1] For the avoidance of doubt, while the FTC correctly represents that Uber agreed to produce additional responsive documents by April 27 for RFPs 21, 23, and 24, the FTC's chart omits the parties' agreement that Uber will need additional time to complete its responses to those RFPs, including because Uber agreed to expand the date range for each of these requests.

Uber requests that the Court set a deadline of April 30, 2026, which is two weeks after the Court issued the Discovery Order, for the FTC to serve amended responses.

**C. Disputes Not Ripe for Review**

Uber agrees with the FTC that the additional issues the FTC has raised are not ripe for review. First, Uber is not aware of any deficiencies with its non-custodial and data productions. Second, while the FTC did send Uber a search term proposal on April 16, 2026, Uber informed the FTC on April 20, 2026, that many of the search strings in the FTC's proposal do not meet Relativity parameters and cannot be run on the system. Uber is waiting for the FTC to send a revised set of search terms that can be run in Relativity. And third, the FTC has not yet served formal objections to Uber's 30(b)(6) notice to the FTC, but looks forward to receiving them and conferring with the FTC about them.

Uber is not opposed to the FTC's request for the parties to submit a joint status report to the Court on May 15. If the Court sets a deadline for the parties to submit a joint status report, Uber requests that the Court order the FTC to send its portion of the report to Uber by 9:00 a.m. PT at least two business days before the filing deadline, so that Uber has adequate time to address the FTC's arguments regarding any outstanding discovery issues. For this status report and the status report filed on April 8, the FTC sent its portion of the status report to Uber only a few hours before the filing deadline, which makes it unnecessarily challenging for Uber to adequately address the FTC's arguments.

3