UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No.  25-cv-03477-JST   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 185, 186 |

Uber and the States have filed joint discovery letter briefs in which Uber moves to compel concerning its interrogatories and requests for production.  ECF Nos. 185, 186.  The Court addresses the parties' arguments below.

**A.     ECF No. 185**

Uber moves to compel the States to respond, or to respond further, to its interrogatories 1, 4, 5, 8, 9, 10 and 14.  The States oppose.

**1.     Interrogatory No. 1**

Rog 1 asked the States to "Identify five subscription services offered to consumers that You contend do not violate ROSCA, 15 U.S.C. §§ 8401-8405."

There are several problems with this rog.  The first is that it seeks irrelevant information. What the States think about services offered by other companies has nothing to do with anything. Uber contends this information is relevant because Uber can use the States' response "to benchmark its own processes against relevant comparators."  However, that argument does not make sense.  The States are not the Court, and benchmarking Uber's challenged business practices against business practices whose legality is unadjudicated is an irrelevant waste of time.  This lawsuit is about whether Uber's challenged business practices are legal or illegal.  It is not about

how similar or different Uber's business practices are from other business practices the States consider to be legal.

Uber cites the Court's discovery order at ECF No. 167, which ordered Uber to produce its enrollment and cancellation flows from some foreign jurisdictions. But the Court ordered Uber to produce *Uber's* enrollment and cancellations flows in certain foreign jurisdictions because they likely bear on Uber's business justification arguments and on the availability of alternative designs, as well as on Uber's knowledge of that. The Court did not say that what *other companies do* is relevant to Uber's business justification arguments or is evidence of what options are available to Uber and what Uber knows about.

Uber also asserts that the requested information is relevant within the meaning of the FTC's argument that "investigations and private lawsuits related to the same or similar conduct alleged in the FAC, are squarely relevant to Defendants' knowledge or notice of unlawful practices needed to award civil penalties." ECF No. 179-1. But the FTC was arguing that investigations and private lawsuits *about Uber* concerning similar conduct are relevant. The FTC was not arguing that investigations and private lawsuits *about other companies* are relevant to Uber's knowledge or notice.

Second, forcing the States to come up with an answer to this rog would require them to do a lot of work. Before they could be sure that some other company's subscription service does not violate ROSCA, they would need to do a thorough investigation. It's not like the States already possess all the information that exists in the world, such that they have developed opinions about the legality of everybody's business practices. In order to know if some other company's subscription service violates ROSCA, the States would have to conduct discovery to learn that. That would be an enormous, time-consuming undertaking. The Court is not going to send the States off on a project to find five subscription services that do not violate ROSCA. Even if that information were relevant, and it's not, that effort is not proportional to the needs of the case.

Third, Uber seems not to understand what a contention rog is. You can discover what your opponent contends, but you can't make them contend things. Here, the States don't want to make, and are not making, contentions about other subscription services not violating ROSCA.

United States District Court
Northern District of California

Remember, rog 1 asked: "Identify five subscription services offered to consumers that *You contend* do not violate ROSCA, 15 U.S.C. §§ 8401-8405." (emphasis added). If the States are not making such contentions, there is no answer to this rog. Now, if rog 1 sought relevant information that was proportional to the needs of the case, the Court might very well grant Uber's motion to compel, and then leave it to the States to say they don't make such contentions. As you'll see below, the Court does take that approach with respect to some of Uber's other rogs. But because of the relevance and proportionality problems, the Court declines to take that approach here. Accordingly, Uber's motion to compel on rog 1 is **DENIED**.

### 2.    Interrogatory No. 4

This rog asked: "Identify all Individuals You have communicated with Concerning Uber One, this Action, or the Investigation. For each Communication, Identify the date(s) of the Communication, the Persons involved in the Communication, the medium, the duration of the Communication, and the subject matter."

In the joint discovery letter brief, the States say they have agreed to give Uber the information it seeks, where it exists. Uber responds that it does not know the bounds of that supplementation or whether all States have agreed to it.

This discovery dispute doesn't sound ripe. The Court **ORDERS** the parties to meet and confer and to file one of two things within 14 days: A notice that they have resolved the dispute over rog 4 or a further joint discovery letter brief setting forth their respective positions.

### 3.    Interrogatory No. 5

Rog 5 asked: "Identify every Communication ever made by Uber and, within each such Communication, Identify each statement or omission that the Complaint alleges violates Your State Consumer Protection Statute."

Uber argues that this rog seeks information relevant to the States' claims under their respective consumer protection statutes. The States respond that this rog improperly seeks a legal analysis of every communication ever made by Uber, regardless of whether it is relevant to this case. The States also assert that Uber's document productions are too deficient for them to answer this rog. Further, the States argue that their narrative responses to rog 5, which generally describe

United States District Court
Northern District of California

Uber's deceptive practices without identifying any specific documents, are sufficient.

The States are wrong that the rog seeks irrelevant information. The concluding phrase "that the Complaint alleges violates Your State Consumer Protection Statute" modifies everything that precedes it. In other words, the concluding phrase modifies not just "each statement or omission," but also "every Communication" and "each such Communication." The Court understands that as a matter of ordinary English grammar, it might be tempting to think that the concluding phrase modifies only "each statement or omission," but that would turn the opening phrase ("Identify every Communication ever made by Uber") into overbroad nonsense. Discovery requests should be read sensibly, even when they are not perfectly drafted. Thus, the Court concludes that the concluding phrase modifies the whole rog.

Rog 5 is a contention rog. It seeks information about communications "that the Complaint alleges" violate the States' consumer protection statutes. That is relevant information, and it is up to the States to decide what are the communications they allege violate their consumer protection statutes. The States must say what their contentions are. If there are any specific communications that they contend violate their consumer protection laws, they must identify them as requested by the rog. They must identify any responsive contentions that they have with respect to any documents in their possession, and then they must supplement their response with any further contentions they may have based on additional documents produced by Uber.

The Court fully understands that the States are likely to litigate summary judgment and trial with examples of allegedly unlawful communications, rather than a complete, comprehensive set of hundreds or thousands of responsive communications. In other words, the States are not likely to ever come up with a complete answer to rog 5. And that's fine. This is a discovery order, and it is not telling the States how to build their case. Rather, whatever the States' case is, they must disclose it to Uber, and they must do so in fact discovery. Discovery is for Uber to discover the case against it.

Accordingly, Uber's motion to compel concerning rog 5 is **GRANTED**.

### 4.    Interrogatory No. 8

This rog asked: "Identify every Communication where the words 'eligible' or 'eligibility'

4

do not appear with or in close proximity to the statement, '$0 delivery fees.' If You cannot Identify any such Communication, so state."

This too is a contention rog. Although it is possible to read this rog as requesting a home work assignment for the States to read through every communication and identify the ones that meet this description, in reality it is asking the States to identify the ones they contend meet this description. As such, this is a repeat of rog 5. The States decide what their contentions are, and they must disclose them to Uber in fact discovery. Uber's motion to compel is therefore **GRANTED**.

### 5.    Interrogatory No. 9

Rog 9 asked: "State whether reasonable consumers understand that a claim that consumers '[s]ave $25 every month' 'on average' means that consumers are guaranteed to save at least $25 per month and Identify all facts in support of your response."

The States argue that rog 9 is vague because it does not define the term "reasonable consumer." They also argue that rog 9 misstates the States' contentions, and that the term "reasonable consumer" is not the right standard under some of their consumer protection laws.

The States' arguments are off base. The term "reasonable consumer" is not vague. Rog 9 is a contention rog about a relevant subject, and Uber is entitled to know if the States make the contention it asks about. The States must answer rog 9. Their answer is up to them. If they think rog 9 misstates their contentions, they can say they do not make that contention. If they don't make any contentions about reasonable consumers because that is not the standard under their state's law, they can say that. Of course, they will then be stuck with that answer on summary judgment or trial. The Court accordingly **GRANTS** Uber's motion to compel.

### 6.    Interrogatory No. 10

Rog 10 asked: "State whether reasonable consumers believe that a membership or loyalty program's claim of average savings includes the cost of that membership or loyalty program and Identify all facts in support of your response." The Court's analysis is the same as for rog 9. Uber's motion to compel is **GRANTED**.

United States District Court
Northern District of California

### 7.    Interrogatory No. 14

This rog asked:  "Identify all facts in support of the allegation in paragraph 83 of the Complaint that consumers have spent 'unreasonably long wait times in the Uber customer support chat queue.'"

The States argue that "as set out in the First Amended Complaint, consumers who have sought support from Uber while trying to cancel their subscriptions have waited hours, up to an entire day, for a response from Uber."  They explain "that they expected additional facts supporting their allegation to be uncovered during discovery."  They assert that "Uber has yet to provide the States with sufficient information to identify specific instances of consumers enduring unreasonably long wait times," so "the States cannot provide Uber with that additional detail at this time."

The Court **GRANTS** Uber's motion to compel.  Rog 14 is a contention rog about a relevant subject.  The States must identify what they contend are the facts in support of the referenced allegation.  The Court understands that the States' contentions are necessarily limited by what they know.  They must answer rog 14 to the best of their ability now, and if their responsive contentions expand or change during fact discovery based on additional information they obtain, then they must amend their rog response.  Again, whatever the States contend is up to them, but Uber is entitled to discover the case against it so it can prepare for trial.

### B.    ECF No. 186

Uber moves to compel against the States concerning its requests for production 16, 17, 18 and 20.  The States oppose.

### 1.    RFP 16

RFP 16 asked for:  "All Documents and Communications Relating to Your allegations that Uber's marketing Relating to Uber One was or is deceptive or unfair, Including all Communications containing every single Uber statement or omission that You contend violates the State Consumer Protection Statute."

As drafted this RFP seems to request the States' internal attorney-client privileged and word product legal analysis in this case, since those are communications relating to the States'

allegations that Uber's marketing relating to Uber One was or is deceptive or unfair. In the joint discovery letter brief, Uber clarifies that it "seeks consumer-facing documents containing the statements or omissions that allegedly mislead customers so that Uber can understand the claims against it and prepare a defense." Thus, the Court thinks that Uber is moving to compel consumer-facing documents by Uber containing the statements or omissions that allegedly mislead customers.

The Court **DENIES** Uber's motion to compel because Uber has these documents already, simply by definition. The purpose of a document request is to get things you don't have. Your opponent doesn't need to produce your own documents back to you. The Court understands that Uber wants the States to produce a group of documents specifically responsive to RFP 16, in effect saying "these are the documents that mislead the customers." But asking your opponent to specify which of the documents you already have are the basis for their claim is an interrogatory (more specifically, it is Uber's rog 5), not an RFP.

### 2.      RFP 17

This RFP asked for: "All Documents and Communications Relating to methods of cancelling a loyalty or membership program, Including all Documents in which You have described what does or does not constitute a 'simple' cancellation method, and all drafts thereof."

The Court **DENIES** Uber's motion to compel. RFP 17 is not proportional to the needs of the case because it is not limited to Uber and the Uber One service at issue in this lawsuit, but generally concerns all methods of canceling a loyalty or membership program, no matter what the program is, and concerning all businesses in existence no matter how unrelated to or different from Uber they are. Thus, for example, if the States have documents concerning how to cancel a Disney World loyalty program or an Equinox gym membership, those would be responsive to this RFP.

Uber offers two theories of why this discovery is relevant, but neither is persuasive. First, Uber says it wants to take fact discovery to learn what the law is. Uber asserts that "because the text of ROSCA is vague . . . both sides will need to submit evidence showing how the standard should apply to Uber One." Uber asserts that "Documents showing how the States have

United States District Court
Northern District of California

United States District Court
Northern District of California

interpreted ROSCA in the past bear directly on the persuasiveness of their argument for ROSCA liability in this case . . .”  In making this argument, Uber seems to forget that RFP 17 asked for “*All* Documents and Communications Relating to methods of cancelling a loyalty or membership program,” not just documents in which the States took a legal position on whether a particular method of cancellation was “simple” or not.  For example, if the State of California conducted an investigation into how hard it is to cancel a Costco membership, all documents about Costco’s cancellation policy would be responsive to RFP 17.  This is plainly unreasonable.

Even if RFP 17 were narrowed to statements by the States concerning what constitutes a “simple” cancellation method, the Court would still deny the motion to compel.  What the States said in other proceedings about ROSCA is relevant to nothing.  It does not make any fact in dispute in this lawsuit more or less likely to be true.  Candidly, Uber is not even pretending that RFP 17 is an effort at fact discovery.  Uber is trying to get statements by the States in other proceedings that may be inconsistent with what the States are saying in this lawsuit about ROSCA, so that Uber can use those statements in making arguments to the Court about how ROSCA should be interpreted.  That’s not fact discovery.

Second, Uber argues that “the States have alleged that Uber violated ROSCA with actual knowledge.  Again, evidence that ROSCA’s requirements are unclear, or have been interpreted inconsistently, would undercut actual knowledge of a violation.”  However, documents that Uber doesn’t have and has never seen could not possibly be relevant to whether Uber violated ROSCA with actual knowledge.

Accordingly, Uber’s motion to compel is **DENIED**.

### 3.      RFP 18

RFP 18 ask for:  “All Documents and Communications Relating to Your allegations that Uber’s Cancellation Flows were not or are not ‘simple,’ Including documents sufficient to show the identity of all consumers who found Uber’s Cancellation Flows to not be ‘simple.’”

As with RFP 16, this RFP on its face appears to be asking for attorney-client privileged and work product materials.  In the joint discovery letter brief, Uber characterizes this RFP as asking for “documents identifying consumers who found Uber’s flows to be not simple,” so the

Court assumes that is what Uber is moving to compel. The States report that they have produced all consumer complaints they received concerning the Uber One cancellation process. That is a sufficient response, and Uber's motion to compel is **DENIED**.

### 4.    RFP 20

This RFP asked for: "All Documents and Communications Relating to any guidance, publication, opinion, policy statement, comments to rulemaking, statements on rulemaking, or enforcement action Relating to Negative Options or Cancellation Flows."

The Court **DENIES** Uber's motion to compel RFP 20 for the same reasons it denied Uber's motion with respect to RFP 17.

**IT IS SO ORDERED.**

Dated: April 27, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

9