Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
Marissa M. Wenzel (*pro hac vice*)
marissa.wenzel@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company, <br><br> Defendants. | Case No. 4:25-cv-3477-JST <br><br> **DEFENDANTS' LOCAL RULE 79-5(f)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL** |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Uber Technologies, Inc. and Uber USA, LLC (collectively, "Uber") file this statement in response to Plaintiff FTC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 198 (the "Administrative Motion" or "Admin. Mot.").

### A.    Background

On May 1, 2026, the FTC filed a Second Amended Complaint for Permanent Injunction, Monetary Judgment, Civil Penalty Judgment, and Other Relief (the "SAC"), ECF No. 196. The FTC filed the SAC with redactions based on the Court's Order re: Defendant's Local Rule 79-5(f)(3) Statement and Request to Permanently Seal, ECF No. 25, which sealed such content.

However, the redactions were not properly applied. The items were blacked out but not actually redacted. *See* Admin. Mot. at 1–2. For example, if the blacked-out content was copied and pasted into a new document, the blacked-out content was identifiable.

When Uber realized that the redactions had been improperly applied and informed the FTC, the FTC contacted the clerk's office, and the document was locked. The FTC then filed the Administrative Motion and asked the Court to permanently seal the entire SAC that had been filed as ECF No. 196. The FTC also re-filed the SAC with proper redactions as ECF No. 199.

### B.    Relief Requested

Uber seeks to seal only the portions of the SAC (filed as ECF No. 196) that the Court previously sealed, *see* ECF No. 25, which are the blacked-out portions.

### C.    Conclusion

For these reasons, the Court should GRANT Uber's request to permanently seal the specified information pursuant to the Court's previous order sealing such content, ECF No. 25.

Date: May 11, 2026                                  Respectfully submitted,

                                                    SIDLEY AUSTIN LLP
                                                    By:    */s/ Benjamin M. Mundel*
                                                           Benjamin M. Mundel
                                                           *Attorney for Defendants*

DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL
CASE NO. 4:25-CV-3477