UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION, et al.,

        Plaintiffs,

    v.

UBER TECHNOLOGIES, INC., et al.,

        Defendants.

Case No.  25-cv-03477-JST   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 200

Sometimes there is too much meeting and conferring.  In this important case, the parties have been meeting and conferring about search terms for custodial document productions for almost six months.  That's too long.  In part that delay was caused by their disagreement over how many document custodians there should be, since the number of custodians drives the hit counts for search terms, and the Court resolved the custodian issue a month ago.  ECF No. 177.  But the months-long dispute over custodians was itself an example of the parties getting bogged down in meeting and conferring instead of moving the case forward.

Search terms are both a first step and a prediction.  They are a first step because custodial document productions can't begin until the search terms are resolved, and that means depositions can't go forward, so the case is on ice while the parties argue about search terms.  They are a prediction because they represent both sides' estimations about how relevant documents are likely to be written.  They should be an educated prediction, of course, and hit counts are an important tool in that regard.  Also, the FTC has some ability to know how Uber's documents are likely to be written from the non-custodial documents that have been produced.  But it's still true that search terms are a forward-looking prediction about how relevant custodial documents will be written.

That means each side should use its best efforts to come up with thoughtful search term proposals, but we shouldn't be worried about perfection because we can't expect predictions to be perfect. We're looking for something that does the job and lets the case move forward.

The FTC's proposed search terms (ECF No. 200-1) do that. They are thoughtfully designed and look well calibrated to find relevant documents. They generate approximately 647,000 hits, which is a lot of documents to review, but which is also proportional to the needs of this case. Could these search terms be made slightly better through additional weeks or months of meeting and conferring? Possibly. There are many things in life that could be made a little bit better if you put tons more time into them. But that's where we get the saying "don't let the perfect be the enemy of the good." Fact discovery closes in four months, ECF No. 189, and Uber needs to get going on its custodial document productions and not remain stuck in meeting and conferring. The FTC's proposed search terms are good, so that's what we're going with.

Uber's opening bid is that the Court should do nothing at all while the parties meet and confer further about search terms. Failing that, Uber proposes to (1) use 13 of the proposed search strings, (2) do some adjustments to 14 search strings and then do some sampling to see if the modifications affect the hit count, and (3) not use six of the search strings. Uber's opening bid is a non-starter. Uber's description of how it will do the sampling for 14 of the search strings sounds like it will take forever, and it's not clear that it would actually improve the quality of the search strings. And Uber's argument that it need not use six of the search strings because it already produced responsive documents (or, in the case of RFP 16, stated it had no responsive documents) does not make sense. None of these RFPs is a "sufficient to show" RFP, so if there are additional responsive documents possessed by any of the custodians, they should be produced.

Accordingly, the Court **ORDERS** Uber to use the FTC's proposed search terms.

The FTC also asks the Court to order Uber to complete its custodial document productions by May 22, 2026, reviewing only for privilege and not for relevance or responsiveness, and to produce a privilege log by June 5, 2026. The Court **DENIES** those requests without prejudice. The Court expects Uber to complete its custodial document productions expeditiously. If Uber drags its feet, the FTC may renew its requests for a production and privilege log deadline and for

Uber to screen only for privilege.

**IT IS SO ORDERED.**

Dated: May 12, 2026

THOMAS S. HIXSON
United States Magistrate Judge