Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
Marissa M. Wenzel (*pro hac vice*)
marissa.wenzel@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company, <br><br> Defendants. | Case No. 4:25-cv-3477-JST <br><br> **DEFENDANTS' LOCAL RULE 79-5(f)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL** |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Uber Technologies, Inc., and Uber USA, LLC (collectively, "Uber") file this statement in response to Plaintiff FTC's Administrative Motions to Consider Whether Another Party's Material Should Be Sealed. ECF No. 201. Defendants do not seek to keep either exhibit under seal in their entirety but to redact a portion of both exhibits because they contain competitively sensitive information.

## I.    BACKGROUND

The parties filed a joint discovery status report on May 5, 2026. ECF No. 200. With this, the FTC filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed—specifically, Exhibits B and C to the Joint Discovery Status Report, which Uber had designated as confidential. ECF No. 201.

Uber does not seek to keep under seal the entirety of the material included in the Administrative Motion. Instead, Uber seeks to seal only the information within those decks that is competitively sensitive information. Namely, Exhibit B is a comprehensive PowerPoint deck that contains detailed, competitively sensitive, non-public information about Uber One's global business performance, strategy, and finances as of December 2023. Likewise, Exhibit C is a PowerPoint deck that memorializes a confidential investigation that Uber conducted related to refund requests it has received, and it contains sensitive business observations and data resulting from that investigation. Uber seeks to keep this limited information under seal because public disclosure would harm Uber's competitive standing.

## II.    LEGAL STANDARD

Although there is a presumptive right of public access to court records, "access to judicial records is not absolute." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Courts in this District apply the "compelling reasons" standard when considering motions to seal a complaint. *See, e.g.*, *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 7678649, at *1 (N.D. Cal. Nov. 13, 2023). The Ninth Circuit has recognized that compelling reasons justify the sealing of information such as "business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.

2016) (quoting *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598–99 (1978)); *see also Skillz Platform*, 2023 WL 7678649, at *2 (observing that "the 'compelling reasons' standard is met for confidential business information that would harm a party's competitive standing").

Local Rule 79-5(c)(1) requires the party requesting to seal information to provide a statement explaining the reasons for keeping information under seal, including "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative is not sufficient." Civ. L.R. 79-5(c)(1). Rule 79-5 also requires that party to provide "evidentiary support from declarations where necessary" and "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(c)(2)-(3). Because the documents at issue here were filed by the FTC and contain Uber's confidential information, Rule 79-5(f)(3) allows Uber to "file a statement and/or declaration as described in [Rule 79-5](c)(1)." Civ. L.R. 79-5(f)(3).

### III.    ARGUMENT

There are "compelling reasons" to redact Exhibits B and C because the documents contain confidential business information, including competitively sensitive global performance figures, business strategy, and confidential investigation data. Uber's request to seal is narrowly tailored to avert the disclosure of information that would cause competitive harm.

#### A.    The Information Is Confidential and Competitively Sensitive, and Uber Would Be Injured If Sealing Were Denied

To ensure litigants access to judicial process without significant and undue competitive harm, courts find compelling reasons to seal confidential and sensitive business information from public disclosure. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, No. 5:18-MD-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ("Courts applying the compelling reasons standard have upheld the sealing of . . . detailed product-specific financial information, customer information, internal reports, and other such materials that could harm a party's competitive standing.") (collecting cases). Here, Uber seeks to seal confidential business information about

2

Uber One that contains details about Uber's business performance, strategy, and finances (Exhibit B), as well as detailed data about the number of Uber One consumer refund requests it has received, the reasons for those requests, and Uber's handling of the same (Exhibit C). This Court has routinely held that compelling reasons exist to seal similar information because they can cause competitive harm.[1]

Uber requests to redact particular portions of both Exhibits B and C. This information is not publicly known, and its confidentiality is strictly maintained by Uber. *See* Declaration of Danielle Sheridan, attached hereto and incorporated herein as Exhibit 1 ("Sheridan Decl.") ¶ 3; Declaration of Alex Wagner, attached hereto and incorporated herein as Exhibit 2 ("Wagner Decl.") ¶ 3. If this information were made public, Uber would be injured because Uber's competitors would have insight into Uber's business model, financial status, marketing and pricing strategy, and product testing research related specifically to Uber One refund requests. *See Primus Group, Inc. v. Inst. for Envtl. Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (compelling reasons include "sources of business information that might harm a litigant's competitive standing" and "a company's confidential profit, cost, and pricing information that if publicly disclosed could put the company at a competitive disadvantage"); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (noting holdings that information such as "pricing strategy, business decision-making, customer research, and financial records" would cause "competitive harm if disclosed").

Revealing the confidential business information in Exhibit B would allow competitors to access detailed insights from Uber's internal analysis of Uber One's business and financial position at the end of 2023 and its strategy for pricing and future business development in 2024 and beyond,

---

[1] *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing customer research and pricing strategy); *Day v. GEICO Casualty Co.*, No. 21-cv-02103-BLF, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023) (sealing "confidential information regarding [Defendant's] competitive business intelligence and strategy" and "internal figures"); *Space Data Corp. v. Alphabet Inc.*, No. 16-cv-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (sealing portions of complaint that "contain Defendants' confidential business and financial information"); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [defendants'] business performance, structure, and finances that could be used to gain unfair business advantage against them").

3

in turn allowing competitors to modify their own strategies to unfairly compete with Uber. *See* Sheridan Decl. ¶ 3. Moreover, if the confidential business information about the investigation conducted by Uber in Exhibit C were to be unsealed, Uber's competitive standing would be harmed because the data would reveal Uber's insights into the behavior of Uber One consumers and their decisions about whether and how to apply refunds, which would allow competitors to undercut Uber in competing for the business of those same customers. *See* Wagner Decl. ¶ 3.

### B.    The Request Is Narrowly Tailored

The requested sealing of discrete information is narrowly tailored to seal or redact only Uber's confidential business information, leaving the entire joint discovery status report and most of the exhibits available to the public. There is no less-restrictive alternative to sealing the information that would prevent competitive harm to Uber. *See Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, No. 17-cv-04992-BLF, 2019 WL 11658748, at *1 (N.D. Cal. July 11, 2019) ("The motions are narrowly tailored, proposing redactions to specific references to confidential material rather than the sealing of documents in their entirety.").

\*        \*        \*

For the foregoing reasons, the Court should GRANT Uber's request to permanently seal the specified information attached to ECF Nos. 155 and 158.

Date: May 12, 2026

Respectfully submitted,

SIDLEY AUSTIN LLP

By:    /s/ *Benjamin M. Mundel*
         Benjamin M. Mundel
         *Attorney for Defendants*