Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street, Suite 3500
San Francisco, CA 94111
Telephone: +1 415 772 1200

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: +1 650 858 6000

David Zahler Gringer (*pro hac vice*)
gringer@wilmerhale.com
Marissa M. Wenzel (*pro hac vice*)
marissa.wenzel@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: +1 212 230 8800

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,<br>　　　　　Plaintiffs,<br><br>　　　v. | Case No. 4:25-cv-3477-JST<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF**<br><br>Assigned to: Hon. Jon S. Tigar<br><br>Second Amended Complaint Filed: May 1, 2026 |

UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company,

                Defendants.

2

Defendants Uber Technologies, Inc. and Uber USA, LLC (collectively, "Uber" or "Defendants") by and through their undersigned counsel, hereby answer the allegations in the Second Amended Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint") filed by Plaintiffs the Federal Trade Commission ("FTC"); the Attorneys General of the States of Alabama, Arizona, Connecticut, Maryland, Minnesota, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Virginia, West Virginia, Wisconsin, and the District of Columbia; the People of the State of California, the People of the State of Illinois, and the People of the State of Michigan (collectively, "State Plaintiffs") (together with the FTC, "Plaintiffs"), and assert their defenses as follows.

Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses.

## **GENERAL RESPONSE TO PLAINTIFFS' ALLEGATIONS**

1. Uber is a technology company that has revolutionized the way that people, food, and products get around cities and towns. Uber connects riders with drivers, eaters with restaurants, and shoppers with merchants. Billions of times, Uber has provided these valuable services to consumers seeking more cost-effective and efficient means of transportation and delivery. Like many companies, Uber also offers a membership program, called Uber One, that provides consumers additional savings and exclusive benefits. As is common with such programs, consumers can try Uber One for free and see if it makes sense for them. Before consumers join or try Uber One, Uber informs consumers about the terms of the Uber One membership. And members can cancel Uber One whenever they wish, with no additional fees or penalties for doing so.

2. These common and unremarkable features are the target of the lawsuit, which includes claims under the FTC Act, the Restore Online Shoppers' Confidence Act ("ROSCA"),

and various state laws. The Complaint gets the facts wrong and is not supported by the law. Discovery will reveal the many weaknesses in the Plaintiffs' case, but a few fundamental flaws pervade all of the claims.

3.    *First*, there is nothing false or misleading about Uber's statement that consumers could "cancel anytime with no additional fees or penalties." Even the Complaint admits that Uber One members can cancel their memberships anytime through either the App's self-cancellation flow or by contacting Uber Support in the app or on the web. And the Complaint does not allege that Uber charges an *additional* fee or penalty *for cancelling* Uber One. It alleges only that Uber charges consumers for membership for the next membership period (during which they can continue to use their membership benefits) if they did not cancel more than 48 hours before their next billing date, as disclosed and agreed to by consumers. Charging a consumer for a membership from which the consumer continues to benefit is not an "additional" cancellation fee or penalty; it is a membership charge.

4.    *Second*, the experience of a handful of members seeking to cancel within 48 hours of a renewal date describes nothing unlawful. Prior to a policy change and technological update months before the initial complaint was filed, Uber disclosed to members that they should cancel their membership more than 48 hours prior to the next membership period to avoid charges for the next month. This was because the next month's charge may have already begun processing, due to financial institutions' processing windows. If a member nevertheless sought to cancel within the 48-hour window, Uber would direct them to do so through customer support—allowing members to request a refund of the next month's membership if they wanted. Just like any other time, therefore, members could cancel, and Uber charged them no cancellation fee to do so.

5.    *Third*, Uber clearly and conspicuously disclosed all material terms of Uber One, and

2

consumers agreed to those terms before enrolling. The Complaint's screenshots plainly show that Uber informs consumers of the price, renewal terms, billing practices, and cancellation policies in simple language set off in bold or contrasting text. By telling consumers the terms and then asking them to click a button to join, Uber obtains their express informed consent before enrollment. On the other end, cancelling is also simple and intuitive, using familiar features like a "Manage Membership" button. The buttons to press are clear and simple and easy to read, and the cancellation process is fast.

6.      At its core, this lawsuit is quintessential regulator overreach. It attacks lawful practices that look nothing like those ROSCA was meant to prohibit. Congress passed that law in the early years of the Internet to stamp out pernicious tactics employed by third-party sellers who tricked consumers into unknowingly buying their products or services while completing a transaction with a different online retailer. Uber One, by contrast, is a popular, well-known, and straightforward membership for which consumers must take an affirmative step to enroll. The lawsuit's substantive flaws also reflect a more troubling trend: the FTC, and several State Attorneys General, have made no secret of their crusade against renewal subscriptions and against "Big Tech," and this case appears to be just the latest installment. Uber vigorously disputes and denies all of the Plaintiffs' claims.

**GENERAL DENIAL**

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

3

## ANSWERS TO PLAINTIFFS' SPECIFIC ALLEGATIONS

Subject to their Defenses, Defendants plead as follows to the specific allegations contained in the numbered paragraphs of the Complaint.[1]

1. Paragraph 1 is a summary of the nature of the FTC's claims and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1.

2. Paragraph 2 is a summary of the nature of the State Plaintiffs' claims and therefore no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2.

3. Defendants admit that Uber offers a membership program called Uber One, currently offered at a standard rate of $9.99 per month or $96 per year. Uber admits that Uber One members receive certain savings and can cancel anytime without additional fees. Defendants otherwise deny the allegations in Paragraph 3.

4. Defendants lack sufficient information or knowledge to admit the allegations in the first sentence of Paragraph 4, for which no citation is provided. To the extent that the allegations in the second sentence of Paragraph 4 purport to paraphrase from and characterize documents, the documents speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterization contrary to or beyond the terms of the documents. Defendants respectfully refer the Court to the referenced documents for the full context of the research. Defendants otherwise deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

---

[1] Defendants do not understand the headers or sub-headers in the Complaint to assert any substantive allegations. Defendants therefore do not respond individually to the headers or sub-headers. Defendants restate the headers and sub-headers for ease of reading and organization only. To the extent the headers or sub-headers are construed to assert any allegations, Defendants deny those allegations.

4

6.      Defendants admit that this Court has subject matter jurisdiction.

7.      Defendants admit that venue is proper in this District.

8.      Defendants admit that assignment to the Oakland Division is proper.

9.      Defendants admit that the FTC is an agency of the United States Government. The remaining allegations in Paragraph 9 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

10.     Defendants admit the State Plaintiffs are legal officers of their respective jurisdictions. The remaining allegations in Paragraph 10 consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

11.     Defendants admit that the State Plaintiffs assert claims under ROSCA. Defendants otherwise deny the allegations in Paragraph 11.

12.     Defendants admit that Uber Technologies, Inc. is a Delaware corporation with its principal place of business in San Francisco, California. Defendants otherwise deny the allegations in Paragraph 12.

13.     Defendants admit the allegations in the first sentence of Paragraph 13. Defendants deny the allegations in the second sentence of Paragraph 13.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants otherwise deny the allegations in Paragraph 14.

15.     Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

16.     Defendants admit the allegations in the first two sentences of Paragraph 16. Defendants otherwise deny the allegations in Paragraph 16.

17.     Defendants admit that Uber has offered a membership service called Uber One since November 2021. Defendants admit that Uber One members typically pay $9.99 per month for a monthly membership or $96 per year for an annual membership. Defendants admit that Uber One memberships renew until cancelled. Defendants admit that month-to-month plans are renewed and charged monthly, and annual plans are renewed and charged on a yearly basis. Defendants otherwise deny the allegations in Paragraph 17.

18.     Defendants admit that more than 28.7 million consumers in the United States have enrolled in an Uber One membership as of September 2024. Defendants otherwise deny the allegations in Paragraph 18.

19.     Defendants admit that Uber advertises Uber One. Defendants admit Uber One members can cancel anytime. Paragraph 19 includes an image of what some consumers may see on Uber's apps.[2] Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. The allegations in Paragraph 19 purport to quote from and characterize documents which speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants respectfully refer the Court to the referenced documents for the full versions of the quotes Plaintiffs selectively excerpted. Defendants otherwise deny the allegations in Paragraph 19, including the footnote to Paragraph 19.

20.     Defendants admit that Paragraph 20 includes an image of what some consumers may see on Uber's website. Defendants deny that this image fairly or fully represents Uber's disclosures

---

[2] For all images reproduced in the Complaint, Defendants note that these images may differ in appearance from those seen by consumers using the Uber apps and Uber website, including in size, resolution, and coloring. No admission by Defendants should be interpreted as admitting that the appearance of an image reproduced in the Complaint is an accurate reflection of what was seen by consumers.

and advertisements. The allegations in Paragraph 20 purport to quote from and characterize that image, and the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image.

21.     The allegations in Paragraph 21 purport to quote from and characterize documents which speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 21.

22.     To the extent that the allegations in Paragraph 22 purport to quote from and characterize documents, those documents speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 22.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants deny the allegations in Paragraph 24.

25.     Defendants admit that consumers can enroll in Uber One through the Uber App or Uber Eats App, and on Uber's website. Defendants otherwise deny the allegations in Paragraph 25.

26.     Defendants admit that Paragraph 26 includes an image of what some consumers may see on Uber's apps. Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. To the extent that the allegations in Paragraph 26 purport to quote from and characterize that image, the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants otherwise deny the allegations in Paragraph 26.

27.     Defendants admit that Paragraph 27 includes an image of what some consumers may see on Uber's apps. Defendants deny that this image fairly or fully represents Uber's disclosures and

advertisements. To the extent that the allegations in Paragraph 27 purport to quote from and characterize that image, the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants otherwise deny the allegations in Paragraph 27.

28.    Defendants deny the allegations in Paragraph 28.

29.    Defendants admit that Paragraph 29 includes an image of what some consumers may see on Uber's apps. Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. To the extent that the allegations in Paragraph 29 purport to quote from and characterize that image, the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants otherwise deny the allegations in Paragraph 29.

30.    Defendants admit that Paragraph 30 includes an image of what some consumers may see on Uber's apps. Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. To the extent that the allegations in Paragraph 30 purport to quote from and characterize that image, the image speaks for itself; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants otherwise deny the allegations in Paragraph 30.

31.    Defendants deny the allegations in Paragraph 31.

32.    The allegations in Paragraph 32 purport to quote from and characterize an image, which speaks for itself; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the image. Defendants deny that this image fairly or fully represents Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 32.

8

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. The allegations in Paragraph 35 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 35.

36. Defendants admit that consumers can enroll in Uber One using Uber's website. Defendants otherwise deny the allegations in Paragraph 36.

37. Defendants deny the allegations in Paragraph 37.

38. The allegations in Paragraph 38 purport to quote from and characterize sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 38 and so deny them.

39. Defendants admit that Uber sometimes offers a free trial of the Uber One membership that can vary in length. Defendants admit the allegations in the third sentence of Paragraph 39. Defendants otherwise deny the allegations in Paragraph 39.

40. To the extent the allegations in Paragraph 40 purport to quote from and characterize documents, the documents speak for themselves; thus no response is required. To the extent a response is required, Defendants admit that Uber discloses to consumers a date when they will be charged and that they may cancel an Uber One membership anytime. Defendants deny any characterization contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42.    To the extent that the allegations in Paragraph 42 purport to quote from and characterize documents, the documents speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterization contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 42.

43.    Defendants deny the allegations in Paragraph 43.

44.    The allegations in Paragraph 44 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 44.

45.    The allegations in Paragraph 45 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 45.

46.    The allegations in Paragraph 46 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 46.

47.    The allegations in Paragraph 47 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that

10

these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 51.

11

52.     The allegations in Paragraph 52 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 52.

53.     The allegations in Paragraph 53 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that

12

these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 57.

58.     Defendants deny the allegations in Paragraph 58.

59.     Defendants deny the allegations in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations in Paragraph 61.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants deny the allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that

13

these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 66.

67.    The allegations in Paragraph 67 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 67.

68.    The allegations in Paragraph 68 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 68.

69.    The allegations in Paragraph 69 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 69.

70.    The allegations in Paragraph 70 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 70.

14

71.     The allegations in Paragraph 71 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 72.

73.     The allegations in Paragraph 73 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 73.

74.     The allegations in Paragraph 74 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75. Defendants deny the allegations in the footnote to Paragraph 75, except that Defendants admit Uber One members could cancel their

15

membership at any time by contacting Uber Support, including within 48 hours of renewal of their membership.

76.    To the extent that the allegations in Paragraph 76 purport to quote from and characterize documents, the documents speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 76.

77.    Defendants deny the allegations in Paragraph 77.

78.    Defendants deny the allegations in Paragraph 78.

79.    Paragraph 79 contains allegations that purport to quote from and characterize unverified sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 79 and so deny them.

80.    Defendants lack sufficient information or knowledge to admit the allegations in the third sentence of Paragraph 80, for which no citation is provided, and so deny them. Defendants otherwise deny the allegations in Paragraph 80.

81.    Defendants lack sufficient information or knowledge to admit the allegations in Paragraph 81, for which no citation is provided, and so deny them. Defendants otherwise deny the allegations in Paragraph 81.

82.    Paragraph 82 contains allegations that purport to quote from and characterize unverified sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 82 and so deny them.

83.    Defendants deny the allegations in Paragraph 83.

16

84.     Paragraph 84 contains allegations that purport to quote from and characterize unverified sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 84 and so deny them.

85.     The allegations in Paragraph 85 purport to quote from and characterize images, which speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterizations contrary to or beyond the terms of the images. Defendants deny that these images fairly or fully represent Uber's disclosures and advertisements. Defendants otherwise deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Paragraph 87 contains allegations that purport to quote from and characterize unverified sources for which no citation is provided. Defendants therefore lack sufficient information or knowledge to admit the allegations in Paragraph 87 and so deny them.

88.     Defendants deny the allegations in Paragraph 88.

89.     To the extent that the allegations in Paragraph 89 purport to paraphrase from and characterize documents, the documents speak for themselves; thus no response is required. To the extent that a response is required, Defendants deny any characterization contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 89.

90.     Defendants deny the allegations in Paragraph 90.

91.     To the extent that the allegations in Paragraph 91 purport to quote from and characterize documents, the documents speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 91.

92.     Defendants deny the allegations in Paragraph 92.

17

93. To the extent that the allegations in Paragraph 93 purport to quote from and characterize documents, the documents speak for themselves; thus no response is required. To the extent a response is required, Defendants deny any characterizations contrary to or beyond the terms of the documents. Defendants otherwise deny the allegations in Paragraph 93.

94. Admitted.

95. Paragraph 95 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

96. Paragraph 96 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

97. Paragraph 97 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count I**

**Misrepresentations (FTC Act)**

98. Defendants repeat and reassert their answers to Paragraphs 1–97 as if fully set forth herein. Defendants admit that Uber informs consumers that they may cancel their Uber One membership "anytime" and that they may do so "with no additional fees" or "without fees or penalties." Defendants also admit that Uber discloses to consumers a date when they will be billed or charged. Defendants otherwise deny the allegations in Paragraph 98.

99. Defendants deny the allegations in Paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

**Count II (FTC Act)**

**Unfairness**

18

101.    Defendants repeat and reassert their answers to Paragraphs 1–100 as if fully set forth herein. Defendants deny the allegations in Paragraph 101.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

## Count III

## Deceptive Trade Practices (Alabama)

104.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

105.    Paragraph 105 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

106.    Paragraph 106 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

107.    Paragraph 107 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

108.    Paragraph 108 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

109.    Paragraph 109 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

110.    Paragraph 110 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count IV

## Deceptive Practices (Arizona)

111.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

19

112. Paragraph 112 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

113. Paragraph 113 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

114. Paragraph 114 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

115. Paragraph 115 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

116. Paragraph 116 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

117. Paragraph 117 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

118. Paragraph 118 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

119. Paragraph 119 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count V**

**Unfair Practices (Arizona)**

120. Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

121. Paragraph 121 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

122. Paragraph 122 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

20

123.    Paragraph 123 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

124.    Paragraph 124 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

125.    Paragraph 125 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

126.    Paragraph 126 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

127.    Paragraph 127 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

128.    Paragraph 128 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

129.    Paragraph 129 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

### Count VI

### Untrue or Misleading Statement (California)

130.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

131.    Paragraph 131 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

132.    Paragraph 132 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

133.    Paragraph 133 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

21

134.    Paragraph 134 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count VII (California)

## Unfair Competition

135.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

136.    Paragraph 136 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

137.    Paragraph 137 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

138.    Paragraph 138 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

139.    Paragraph 139 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

140.    Paragraph 140 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

141.    Paragraph 141 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

142.    Paragraph 142 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

143.    Paragraph 143 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count VIII

### Deceptive Practices (Connecticut)

144.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

145.    Paragraph 145 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

146.    Paragraph 146 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

147.    Paragraph 147 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

148.    Paragraph 148 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

149.    Paragraph 149 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

150.    Paragraph 150 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count IX

### Unfair Practices (Connecticut)

151.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

152.    Paragraph 152 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

153.    Paragraph 153 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

23

154.    Paragraph 154 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

155.    Paragraph 155 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

156.    Paragraph 156 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

157.    Paragraph 157 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

158.    Paragraph 158 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count X

### Deceptive Trade Practices (District of Columbia)

159.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

160.    Paragraph 160 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

161.    Paragraph 161 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

162.    Paragraph 162 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

163.    Paragraph 163 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

164.    Paragraph 164 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

165.    Paragraph 165 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XI

### Unfair Trade Practices (District of Columbia)

166.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

167.    Paragraph 167 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

168.    Paragraph 168 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

169.    Paragraph 169 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

170.    Paragraph 170 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

171.    Paragraph 171 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

172.    Paragraph 172 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

173.    Paragraph 173 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

174.    Paragraph 174 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XII

## Deception (Illinois)

175.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

176.    Paragraph 176 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

177.    Paragraph 177 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

178.    Paragraph 178 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

179.    Paragraph 179 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

180.    Paragraph 180 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XIII

## Unfairness (Illinois)

181.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

182.    Paragraph 182 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

183.    Paragraph 183 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

184.    Paragraph 184 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

26

185.    Paragraph 185 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

186.    Paragraph 186 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XIV

## Deceptive Practices (Maryland)

187.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

188.    Paragraph 188 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

189.    Paragraph 189 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

190.    Paragraph 190 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

191.    Paragraph 191 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

192.    Paragraph 192 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XV

## Unfair Practices (Maryland)

193.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

194.    Paragraph 194 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

27

195.    Paragraph 195 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

196.    Paragraph 196 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

197.    Paragraph 197 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

198.    Paragraph 198 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

199.    Paragraph 199 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

200.    Paragraph 200 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count XVI**

**Unfair, Unconscionable, or Deceptive Methods, Acts, or Practices (Michigan)**

201.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

202.    Paragraph 202 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

203.    Paragraph 203 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

204.    Paragraph 204 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

205.    Paragraph 205 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

28

206.    Paragraph 206 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

207.    Paragraph 207 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

208.    Paragraph 208 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

209.    Paragraph 209 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

210.    Paragraph 210 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

211.    Paragraph 211 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

212.    Paragraph 212 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count XVII**

**Uniform Deceptive Trade Practices Act (Minnesota)**

213.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

214.    Paragraph 214 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

215.    Paragraph 215 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

216.    Paragraph 216 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

29

217.    Paragraph 217 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

218.    Paragraph 218 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XVIII

### Deceptive Practices (Minnesota)

219.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

220.    Paragraph 220 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

221.    Paragraph 221 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

222.    Paragraph 222 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

223.    Paragraph 223 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

224.    Paragraph 224 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

225.    Paragraph 225 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

226.    Paragraph 226 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XIX

### Unfair Practices (Minnesota)

227.    Paragraph 227 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

228.    Paragraph 228 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

229.    Paragraph 229 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

230.    Paragraph 230 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

231.    Paragraph 231 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

232.    Paragraph 232 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

233.    Paragraph 233 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

234.    Paragraph 234 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

235.    Paragraph 235 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

236.    Paragraph 236 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

31

237.    Paragraph 237 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

238.    Paragraph 238 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XX

## Deceptive Practices (Missouri)

239.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

240.    Paragraph 240 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

241.    Paragraph 241 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

242.    Paragraph 242 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

243.    Paragraph 243 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXI

## Unfair Practices (Missouri)

244.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

245.    Paragraph 245 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

246.    Paragraph 246 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

32

247.    Paragraph 247 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

248.    Paragraph 248 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

249.    Paragraph 249 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

250.    Paragraph 250 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

251.    Paragraph 251 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count XXII**

**Deceptive Acts or Practices (Montana)**

252.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

253.    Paragraph 253 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

254.    Paragraph 254 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

255.    Paragraph 255 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

256.    Paragraph 256 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

257.    Paragraph 257 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

33

**Count XXIII**

**Unfair Acts or Practices (Montana)**

258.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

259.    Paragraph 259 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

260.    Paragraph 260 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

261.    Paragraph 261 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

262.    Paragraph 262 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

263.    Paragraph 263 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

264.    Paragraph 264 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

265.    Paragraph 265 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count XXIV**

**Deceptive Practices (Nebraska)**

266.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

267.    Paragraph 267 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

34

268.     Paragraph 268 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

269.     Paragraph 269 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

270.     Paragraph 270 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

271.     Paragraph 271 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

272.     Paragraph 272 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

273.     Paragraph 273 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

274.     Paragraph 274 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

275.     Paragraph 275 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

276.     Paragraph 276 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

277.     Paragraph 277 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

278.     Paragraph 278 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

279.    Paragraph 279 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXV

### Unfair or Deceptive Acts or Practices (New Hampshire)

280.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

281.    Paragraph 281 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

282.    Paragraph 282 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

283.    Paragraph 283 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

284.    Paragraph 284 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

285.    Paragraph 285 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

286.    Paragraph 286 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

287.    Paragraph 287 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

288.    Paragraph 288 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

289.    Paragraph 289 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

36

290.    Paragraph 290 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXVI

### Unconscionable Commercial Practices and Acts of Deception (New Jersey)

291.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

292.    Paragraph 292 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

293.    Paragraph 293 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

294.    Paragraph 294 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

295.    Paragraph 295 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

296.    Paragraph 296 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXVII

### False Promises, Misrepresentation (New Jersey)

297.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

298.    Paragraph 298 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

299.    Paragraph 299 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

37

## Count XXVIII

## Violations of Federal Law (New Jersey)

300.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

301.    Paragraph 301 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

302.    Paragraph 302 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

303.    Paragraph 303 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

304.    Paragraph 304 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

305.    Paragraph 305 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

306.    Paragraph 306 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

307.    Paragraph 307 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

308.    Paragraph 308 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXIX

## Fraud (New York)

309.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

38

310.    Paragraph 310 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

311.    Paragraph 311 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

312.    Paragraph 312 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

313.    Paragraph 313 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

314.    Paragraph 314 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count XXX**

**Deceptive Acts or Practices (New York)**

315.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

316.    Paragraph 316 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

317.    Paragraph 317 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

318.    Paragraph 318 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

319.    Paragraph 319 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

39

## Count XXXI

### False Advertising (New York)

320. Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

321. Paragraph 321 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

322. Paragraph 322 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

323. Paragraph 323 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXXII

### Illegality (New York)

324. Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

325. Paragraph 325 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

326. Paragraph 326 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

327. Paragraph 327 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

328. Paragraph 328 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

329. Paragraph 329 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

40

**Count XXXIII**

**Illegality (New York)**

330.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

331.    Paragraph 331 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

332.    Paragraph 332 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

333.    Paragraph 333 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

334.    Paragraph 334 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

335.    Paragraph 335 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

336.    Paragraph 336 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

337.    Paragraph 337 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

338.    Paragraph 338 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

339.    Paragraph 339 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

340.    Paragraph 340 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXXIV

### Deceptive Practices (North Carolina)

341.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

342.    Paragraph 342 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

343.    Paragraph 343 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

344.    Paragraph 344 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

345.    Paragraph 345 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

346.    Paragraph 346 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXXV

### Unfair Practices (North Carolina)

347.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

348.    Paragraph 348 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

349.    Paragraph 349 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

350.    Paragraph 350 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

42

351.    Paragraph 351 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

352.    Paragraph 352 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

353.    Paragraph 353 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

354.    Paragraph 354 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

355.    Paragraph 355 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count XXXVI**

**Misrepresentations (Ohio)**

356.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

357.    Paragraph 357 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

358.    Paragraph 358 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

359.    Paragraph 359 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

360.    Paragraph 360 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

361.    Paragraph 361 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

362.     Paragraph 362 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

363.     Paragraph 363 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

364.     Paragraph 364 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

365.     Paragraph 365 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

366.     Paragraph 366 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count XXXVII**

**False or Misleading Representations (Oklahoma)**

367.     Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

368.     Paragraph 368 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

369.     Paragraph 369 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

370.     Paragraph 370 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

371.     Paragraph 371 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXXVIII

### Unfair Trade Practices (Oklahoma)

372. Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

373. Paragraph 373 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

374. Paragraph 374 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

375. Paragraph 375 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XXXIX

### Deceptive Trade Practices (Oklahoma)

376. Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

377. Paragraph 377 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

378. Paragraph 378 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

379. Paragraph 379 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

380. Paragraph 380 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

381. Paragraph 381 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

45

382.    Paragraph 382 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

383.    Paragraph 383 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

384.    Paragraph 384 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XL

### Deceptive Practices (Pennsylvania)

385.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

386.    Paragraph 386 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

387.    Paragraph 387 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

388.    Paragraph 388 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

389.    Paragraph 389 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

390.    Paragraph 390 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

391.    Paragraph 391 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

392.    Paragraph 392 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

46

393.    Paragraph 393 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

394.    Paragraph 394 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XLI

## Unfair Practices (Pennsylvania)

395.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

396.    Paragraph 396 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

397.    Paragraph 397 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

398.    Paragraph 398 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

399.    Paragraph 399 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

400.    Paragraph 400 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

401.    Paragraph 401 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

402.    Paragraph 402 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

403.    Paragraph 403 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

404. Paragraph 404 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XLII

### Deceptive Practices (West Virginia)

405. Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

406. Paragraph 406 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

407. Paragraph 407 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

408. Paragraph 408 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

409. Paragraph 409 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

410. Paragraph 410 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Count XLIII

### Unfair Practices (West Virginia)

411. Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

412. Paragraph 412 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

413. Paragraph 413 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

414.    Paragraph 414 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

415.    Paragraph 415 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

416.    Paragraph 416 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

417.    Paragraph 417 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

418.    Paragraph 418 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Count XLIV**

**Deceptive Trade Practices (Wisconsin)**

419.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein.

420.    Paragraph 420 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

421.    Paragraph 421 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

422.    Paragraph 422 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

423.    Paragraph 423 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

424.    Paragraph 424 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

49

425.    Paragraph 425 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

426.    Paragraph 426 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

427.    Paragraph 427 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

428.    Paragraph 428 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

429.    Defendants admit that this is an incomplete description of the legislative history of ROSCA.

430.    Paragraph 430 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

431.    Admitted.

432.    Defendants deny the allegations in Paragraph 432.

433.    Admitted.

434.    Admitted.

## Count XLV

### Failure to Provide Required Disclosures (ROSCA)

435.    Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein. Defendants deny the allegations in Paragraph 435.

436.    Defendants deny the allegations in Paragraph 436.

50

<h3 style="text-align:center">Count XLVI</h3>

<h3 style="text-align:center">Failure to Obtain Express Informed Consent Before Charges (ROSCA)</h3>

437.   Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein. Defendants deny the allegations in Paragraph 437.

438.   Defendants deny the allegations in Paragraph 438.

<h3 style="text-align:center">Count XLVII</h3>

<h3 style="text-align:center">Failure to Provide Simple Mechanisms for Stopping Recurring Charges (ROSCA)</h3>

439.   Defendants repeat and reassert their answers to Paragraphs 1–103 as if fully set forth herein. Defendants deny the allegations in Paragraph 439.

440.   Defendants deny the allegations in Paragraph 440.

<h3 style="text-align:center">CONSUMER INJURY</h3>

441.   Defendants deny the allegations in Paragraph 441.

<h3 style="text-align:center">THE COURT'S POWER TO GRANT RELIEF</h3>

442.   Admitted.

443.   Defendants deny the allegations in Paragraph 443.

<h3 style="text-align:center">PRAYER FOR RELIEF</h3>

Defendants deny that the Plaintiffs are entitled to any relief, in law or in equity, requested or not, including that which is requested in the Plaintiffs' Prayer for Relief.

<h3 style="text-align:center"><u>AFFIRMATIVE DEFENSES</u></h3>

Defendants allege, assert, and state the following as separate and distinct defenses to the Complaint. By virtue of alleging these further defenses, Defendants do not assume any burden of proof, persuasion, or production not otherwise legally assigned to them.

## FIRST AFFIRMATIVE DEFENSE

### (Due Process – Unconstitutional Vagueness)

Plaintiffs' claims are barred, in whole or in part, because ROSCA is unconstitutionally vague as applied by Plaintiffs to Uber's alleged conduct. ROSCA requires sellers of negative option features to disclose material terms "clearly and conspicuously," obtain consumers' "express informed consent," and provide "simple mechanisms for a consumer to stop recurring charges." 15 U.S.C. § 8403. ROSCA does not identify the features necessary for text to be "clear[] and conspicuous[]," to obtain "express informed consent," or for a cancellation mechanism to be "simple." *Id.*; *see* Notice of Proposed Rulemaking, Negative Option Rule, 88 Fed. Reg. 24716, 24718 (Apr. 24, 2023) ("[T]he current framework does not provide clarity about how to avoid deceptive negative option disclosures and procedures."); Advance Notice of Proposed Rulemaking, Rule Concerning the Use of Prenotification Negative Option Plans, 84 Fed. Reg. 52393, 52396 (Oct. 2, 2019) ("ROSCA lacks specificity about cancellation procedures and the placement, content, and timing of cancellation-related disclosures.  Instead, the statute requires marketers to provide a 'simple mechanism' for the consumer to stop recurring charges, but does not specify what methods would satisfy this requirement.").  Applying ROSCA here to prohibit Uber's alleged conduct violates the Due Process Clause.

## SECOND AFFIRMATIVE DEFENSE

### (Due Process – Lack of Fair Notice)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to provide fair notice that Defendants' alleged conduct violated the law as required by the Due Process Clause. ROSCA requires sellers of negative option features to disclose material terms "clearly and conspicuously," obtain consumers' "express informed consent," and provide "simple mechanisms

52

for a consumer to stop recurring charges." 15 U.S.C. § 8403. ROSCA does not identify the features necessary for text to be "clear[] and conspicuous," to obtain "express informed consent," or for a cancellation mechanism to be "simple." *Id.*; *see* Notice of Proposed Rulemaking, Negative Option Rule, 88 Fed. Reg. 24716, 24718 (Apr. 24, 2023) ("[T]he current framework does not provide clarity about how to avoid deceptive negative option disclosures and procedures."); Advance Notice of Proposed Rulemaking, Rule Concerning the Use of Prenotification Negative Option Plans, 84 Fed. Reg. 52393, 52396 (Oct. 2, 2019) ("ROSCA lacks specificity about cancellation procedures and the placement, content, and timing of cancellation-related disclosures.  Instead, the statute requires marketers to provide a 'simple mechanism' for the consumer to stop recurring charges, but does not specify what methods would satisfy this requirement."). Plaintiffs failed to provide fair notice to Uber that it considered design elements like those alleged to have been used by Uber to be a violation of ROSCA.

## THIRD AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiffs' claims are barred, in whole or in part, because they would violate Uber's right to free speech under the First Amendment. Many of the allegations in the Complaint are based on non-deceptive protected speech through which Uber communicates with consumers. Plaintiffs thus improperly seek to impose liability for protected speech and to compel speech in violation of the First Amendment.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, by Uber's good faith and the absence of intentional misconduct and reckless or negligent conduct. Even if Uber's enrollment or cancellation

53

flows are found to violate ROSCA, Uber lacked actual or implied knowledge of such alleged violations.

## FIFTH AFFIRMATIVE DEFENSE

### (Offsets)

Any finding of monetary liability, including any restitution award, should be offset to account for the benefits of Uber One that Uber customers received and to account for refunds paid to customers.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations and Laches)

Plaintiffs' claims are barred to the extent they seek relief based on alleged violations or harms that occurred outside of the applicable limitations periods. For the FTC, this includes their claims for restitutionary damages. The challenged conduct occurred more than three years ago. Similarly, the FTC's request for civil penalties is barred in whole or in part because the challenged conduct occurred more than five years ago. To the extent that any state laws have statutes of limitations, the state-law claims are barred in whole or in part because the challenged conduct occurred outside of the relevant limitations period. Plaintiffs unreasonably and without excuse delayed in asserting their claims and that delay has caused undue prejudice to Defendants such that Plaintiffs' claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Violation of the APA and Major Questions)

Plaintiffs' claims are barred, in whole or in part, because they seek to radically expand the FTC's power to regulate the membership economy without proceeding through rulemaking and without the approval of Congress. The FTC's proposed interpretation of ROSCA would enable it

54

to unilaterally set granular requirements for all membership services. The major questions doctrine precludes the agency from assuming that authority absent clear statutory authorization, which is not found through ROSCA.

## EIGHTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The monetary relief sought is unconstitutional and excessive under the United States Constitution and specifically under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment because it far exceeds the amount of consumer harm.

WHEREFORE, having fully answered, Defendants deny that Plaintiffs are entitled to the relief requested or any other relief.

WHEREFORE, Defendants pray that all of Plaintiffs' claims be dismissed with prejudice; that the Court enter judgment against Plaintiffs and in favor of Defendants on all causes of action; that all of Defendants' costs and fees, including attorneys' fees, be awarded to Defendants; and that the Court grant Defendants such other relief as the Court may deem just and proper.

Date:  May 15, 2026

Respectfully submitted,
/s/ Lauren C. Freeman
Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street, Suite 3500
San Francisco, CA 94111
Telephone: +1 415 772 1200

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729

55

David Zahler Gringer (*pro hac vice*)
gringer@wilmerhale.com
Marissa M. Wenzel (*pro hac vice*)
marissa.wenzel@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: +1 212 230 8800

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: +1 650 858 6000

56