UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No.  25-cv-03477-JST   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 212 |

The parties filed a status report at ECF No. 212.  In it, the FTC makes four requests.

First, the FTC requests that the Court order Uber to produce all customer correspondence associated with the Uber One issue codes that Uber identified as relevant to the issues in this case. There are apparently four million such communications.  The FTC contends that there is no need for Uber to perform a responsiveness/relevance or privilege review, and therefore that Uber should be ordered to complete this document production by May 29, 2026.

Uber contends that both privilege and responsiveness/relevance is review is appropriate. As to privilege, Uber maintains that these communications are kept in a database that may include internal Uber communications with counsel about how to address complaints (including legal complaints) from customers.  As for relevance and responsiveness, Uber states that customer communications could include complaints from a customer about the restaurant selection on Uber One, a delayed delivery, or a missing item from an order – issues that have nothing to do with the challenged practices in this case.  Uber says it can complete this document production by June 24, 2026.

The Court agrees with Uber.  Accordingly, the Court **ORDERS** Uber to complete this document production by June 24, 2026.  In so doing, Uber may review for privilege and

relevance/responsiveness.

Second, the FTC requests that the Court order Uber to produce all materials obtained through direct pulls responsive to RFPs 8-10, 31, and 32 by May 29. The Court interprets "direct pulls" to mean non-custodial document productions. Uber says it needs until June 12, 2026 for RFPs 8-10 (other than foreign jurisdiction flows for RFPs 8 and 10, which have a May 29, 2026 deadline) and June 30, 2026 for RFPs 31 and 32.

Uber's June 12 proposed deadline seems fine, but Uber's rationale for its June 30 deadline is that Uber is too busy doing other discovery in this case. The Court will not accept that argument. At the hearing Uber clarified that the issue is not its legal staffing but client time devoted to discovery. However, the company is expected to devote appropriate resources to conduct discovery expeditiously. Accordingly, the Court **ORDERS** Uber to complete its non-custodial document productions for RFPs 8 and 10 (other than foreign jurisdiction flows), 9, 31 and 32 by June 12, 2026.

Third, the FTC requests that Uber be ordered to produce materials sufficient to identify each enrollment process used by consumers to subscribe to Uber One. The issue here is that Uber claims to have produced what it has, and the FTC can't find the information it seeks in the documents that have been produced. The FTC says that Uber is obligated to provide data in a form that Plaintiffs can understand and interpret. The FTC proposes that Uber identify by bates number every enrollment flow that corresponds to each "entry point" variable or that the Court should require Uber to use an alternative method to provide the missing information so that the FTC may interpret and understand the data that Uber has produced.

However, the Court agrees with Uber that a document request is a document request. In responding to an RFP, Uber is obligated to produce only documents that it has. It is not obligated to explain them, or create dictionaries, or map documents to entry points, or do anything else the FTC is proposing. There is nothing unusual about a litigant's documents being mysterious to outsiders, and that is what depositions or interrogatories are for. Accordingly, the FTC's request is **DENIED**.

Fourth, the FTC requests that the Court order Uber to provide a proposed production

United States District Court
Northern District of California

schedule for all custodial documents (including Slack and Google Drive materials) no later than May 22, 2026.  As part of that request, the FTC asks the Court order Uber to use the Court-ordered search terms (ECF No. 209) on Slack and Google Drive documents.  For its part, Uber agrees to propose a complete custodial document production schedule by May 22, 2026.  Uber is unwilling to commit to use the Court-ordered search terms for Slack and Google Drive, but says it currently plans to do so unless the hit counts render this infeasible.

The Court agrees with the FTC that the Court-ordered search terms apply to all custodial documents, regardless of their source.  Having said that, the Court issued that order when hit counts were available only for Gmail, so if the hit counts for Slack and Google Drive turn out to be extraordinary, Uber could seek modification of the order.  In the meantime, the Court **ORDERS** Uber to propose a production schedule for all custodial documents no later than May 22, 2026.

The Court **ORDERS** the parties to file another joint status report no later than June 5, 2026.  The Court sets a further discovery hearing for June 9, 2026 at 1:00 p.m. by Zoom videoconference.

**IT IS SO ORDERED.**

Dated: May 18, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California