Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>        Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., a corporation, and<br><br>UBER USA, LLC, a limited liability company,<br><br>        Defendants. | Case No. 4:25-cv-03477-JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**<br><br>Assigned to: Hon. Jon. S. Tigar<br><br>Date: August 13, 2026<br>Time: 2:00pm<br>Place: Courtroom 6<br><br>**Answer Filed: May 15, 2026** |

# TABLE OF CONTENTS

NOTICE OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES......................................................... 2

INTRODUCTION................................................................................................................. 2

LEGAL STANDARD ........................................................................................................... 3

ARGUMENT......................................................................................................................... 5

    I.    The First and Second Affirmative Defenses Are Legally Insufficient and Seek to Relitigate the Motion to Dismiss.......................................................... 5

        A.    The First Affirmative Defense Fails Because ROSCA Is Not Constitutionally Vague ................................................................................ 5

        B.    The Second Affirmative Defense Fails Because Defendants Had Knowledge of ROSCA and Its Requirements, as Pled in the SAC....... 7

    II.    The Third Affirmative Defense Fails Because Misleading Commercial Speech is Not Protected by the First Amendment...................................................... 9

    III.    The Fourth and Sixth Affirmative Defenses Are Inapplicable to FTC Actions ........................................................................................................................ 10

        A.    The Fourth Affirmative Defense Fails Because Good Faith Is Not a Valid Defense to FTC Act, ROSCA, or State Consumer Protection Claims.......................................................................................................... 10

        B.    The Sixth Affirmative Defense Fails Because Neither Statute of Limitations nor Laches Are Valid Defenses Here............................... 12

    IV.    The Seventh Affirmative Defense, "Violation of the APA and Major Questions," is Legally Insufficient......................................................... 16

    V.    The Fifth and Eighth Affirmative Defenses Fail Because Both Are Erroneous as a Matter of Law and Neither Is a Defense to Liability ............................... 17

        A.    The Fifth Affirmative Defense Fails Because Defendants Are Not Entitled to Offsets ..................................................................................... 18

        B.    The Eighth Affirmative Defense Fails Because "Excessive Fines" Limitations Do Not Apply ...................................................................... 19

    VI.    The Court Should Strike All Affirmative Defenses that Are Insufficiently Pled, including the First, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Defenses.......................................................................................................... 21

CONCLUSION .................................................................................... 23

**TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Page(s)**

*Amy v. Curtis*, 2021 WL 858399 (N.D. Cal. Mar. 8, 2021)…………………………………………...19

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010)………………………………………………………………………………………………..22

*California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36 (N.D. Cal. 1981)……..4

*Castellano v. Access Premier Realty7, Inc.*, 2015 WL 7423821 (E.D. Cal. Nov. 23, 2015)…….18

*Eng v. SEC*, 49 Fed.Appx. 697, 2002 WL 31356626 (9th Cir. 2002)…………………...……...9

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds* by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994))…………………………………………………………….4

*FTC v. Am. Tax Relief, LLC*, 2011 WL 13135578 (C.D. Cal. Oct. 19, 2011)……………………17

*FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297 (W.D. Wash. 2024)…………………………...16

*FTC v. Amazon.com, Inc.*, 2025 WL 2098599 (W.D. Wash. July 25, 2025)………………………6

*FTC v. Amazon.com, Inc.*, 2025 WL 2677086 (W.D. Wash. Sept. 17, 2025)……………………..7

*FTC v. Cardiff*, 2020 WL 6540509 (C.D. Cal. Oct. 9, 2020)……………………………………16

*FTC v. Cardiff*, 2021 WL 3616071 (C.D. Cal. June 29, 2021)…………………………………..19

*FTC v. Com. Planet, Inc.*, 2010 WL 11673795 (C.D. Cal. July 6, 2010)………………………..14

*FTC v. Consumer Def., LLC*, 2019 WL 266287 (D. Nev. 2019)…………………………………...14

*FTC v. Cyberspace.com, LLC*, 453 F.3d 1196 (9th Cir. 2006)………………………………….10

*FTC v. Dave, Inc.*, 2025 WL 2698698 (C.D. Cal. Sept. 12, 2025)………………………………16

*FTC v. Dluca*, 2018 WL 4794518 (S.D. Fla. Sept. 5, 2018)……………………………………..18

*FTC v. Doxo, Inc.*, 771 F. Supp. 3d 1162 (W.D. Wash. 2025)…………………………………...16

*FTC v. Figgie Int'l, Inc.*, 994 F.2d 595 (9th Cir. 1993)…………………………………...18, 19

*FTC v. Green Equitable Sols.*, 2023 WL 7107273 (C.D. Cal. Sept. 29, 2023)………….……..14

*FTC v. Health Formulas, LLC*, 2015 WL 2130504 (D. Nev. May 6, 2015)……..……………16

*FTC v. Hornbeam Special Situations, LLC*, 308 F. Supp. 3d 1280 (N.D. Ga. 2018)…………....12

*FTC v. IQVIA Holdings Inc.*, 2023 WL 7152577 (S.D.N.Y. Oct. 31, 2023)…………………..15

*FTC v. Ivy Cap., Inc.*, 2011 WL 2470584 (D. Nev. June 20, 2011)…………………........10, 12, 15

*FTC v. Kuykendall*, 371 F.3d 745 (10th Cir. 2004)…………………………………………...18

*FTC v. LoanPointe, LLC*, 2011 WL 4348304 (D. Utah Sept. 16, 2011)…………………………11

*FTC v. Meta Platforms Inc.*, 2022 WL 16637996 (N.D. Cal. Nov. 2, 2022)……………………17

*FTC v. N. Am. Mktg. & Assocs.*, 2012 WL 5034967 (D. Ariz. Oct. 17, 2012)………....4, 6, 10, 21

*FTC v. NCH, Inc.*, 1995 U.S. Dist. LEXIS 21098 (D. Nev. May 31, 1995)……………………10

*FTC v. Neovi, Inc.*, 2009 WL 56130 (S.D. Cal. Jan. 7, 2009), *aff'd*, 604 F.3d 1150 (9th Cir. 2010)………………………………………………………………………………………………17

*FTC v. OMICS Grp. Inc.*, 2017 WL 6806802 (D. Nev. Dec. 15, 2017)…………………………14

*FTC v. Publ'rs Bus. Servs.*, 540 F. App'x 555, 557-558 (9th Cir. 2013)………………………..18

*FTC v. Quincy Bioscience Holding Co., Inc.*, 2020 WL 1031271 (S.D.N.Y. Mar. 2, 2020)..5-6, 14

*FTC v. Roca Labs, Inc.*, 345 F. Supp. 3d 1375 (M.D. Fla. 2018)…………………………...8

*FTC v. Stefanchik*, 2004 WL 5495267 (W.D. Wash. Nov. 12, 2004)………………....4, 8, 9, 11

*FTC v. Triangle Media Corp.*, 2018 WL 4051701 (S.D. Cal. Aug. 24, 2018)…………………..16

*FTC v. USA Fin., LLC*, 415 F. App'x 970 (11th Cir. 2011)……………………………………..10

*FTC v. Vyera Pharms., LLC*, 2020 WL 7695828 (S.D.N.Y. Dec. 28, 2020)……………………...5

*FTC v. Wellness Support Netwk., Inc.*, 2014 WL 644749 (N.D. Cal. Feb. 19, 2014)……16-17, 17

*FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020 (7th Cir. 1988)………….…………11

*FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015)……………………….....7, 8

*General Convention of New Jerusalem in United States of Am. v. Calamigos Ranch Corp.*, 2023 WL 6192704 (C.D. Cal. Aug. 10, 2023)……………………………………………………..4

*Global Green, Inc. v. SEC*, 631 F. App'x 868 (11th Cir. 2015) (per curiam)……………..………8

*Grolier Inc. v. FTC*, 699 F.2d 983 (9th Cir. 1983)…………………………………………………...9

*Hall-Johnson v. Citibank, N.A.*, 2024 WL 3907037 (N.D. Cal. Aug. 19, 2024)…………..4, 15, 21

*Perez v. W. Coast Drywall & Co., Inc.*, 2016 WL 11002590 (C.D. Cal. Nov. 10, 2016)………..20

*Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959 (9th Cir. 2014)……………….………….…….4

*POM Wonderful, LLC v. FTC*, 777 F.3d 478 (D.C. Cir. 2015)……………….………………17

*Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Ca. 2004)…………………...21, 22

*Ridley v. Massachusetts Bay Transp. Auth.*, 390 F.3d 65 (1st Cir. 2004)…………………….7

*Sandhu v. Sessions*, 2019 WL 13023918 (N.D. Cal. Oct. 25, 2019)……………………….…..15

*Schecter v. Comptroller of New York*, 79 F.3d 265 (2d Cir. 1996)……………………………….22

*SEC v. Sands*, 902 F. Supp. 1149 (C.D. Cal. 1995)……………………………………………14

*SEC v. Toomey*, 866 F. Supp. 719 (S.D.N.Y 1992)……………………………………………15

*Solem v. Helm*, 463 U.S. 277 (1983)……………………………………………………20-21

*Solis v. Zenith Cap., LLC*, 2009 WL 1324051 (N.D. Cal. May 8, 2009)………………………….4

*United States Dep't of Just. v. Daniel Chapter One*, 89 F. Supp. 3d 132 (D.D.C. 2015), *aff'd*, 650 F. App'x 20 (D.C. Cir. 2016)……………………………………………………………….21

*United States Equal Emp. Opportunity Comm'n v. Marquez Bros. Int'l Inc.*, 2017 WL 4123915, at *8 (E.D. Cal. Sept. 18, 2017)……………………………………………………….15

*U.S. v. Acad. Mortg. Corp.*, 2020 WL 7056017 (N.D. Cal. Dec. 2, 2020)…………....11, 13, 17-18

*U.S. v. Adobe, Inc.*, 791 F. Supp. 3d 966 (N.D. Cal. 2025)……………………………………16

*U.S. v. Bajakajian*, 524 U.S. 321 (1998)………………………………………………..20, 21

*U.S. v. Dos Cabezas Corp.*, 995 F.2d 1486 (9th Cir.1993)…………………………………....10

*U.S. v. Global Mortg. Funding, Inc.*, 2008 WL 5264986 (C.D. Cal. May 15, 2008)……………14

*U.S. v. Iron Mountain Mines*, 812 F. Supp. 1528 (E.D. Cal. 1992)………………………...10

*U.S. v. Mackby*, 261 F.3d 821 (9th Cir. 2001)…………………………………….……19, 20

*U.S. v. Ruby Co.*, 588 F.2d 697 (9th Cir. 1978)…………………………………………………13, 15

*U.S. v. Schiff*, 379 F.3d 621 (9th Cir. 2004)……………………………………………………….9

*U.S. v. Summerlin*, 310 U.S. 414 (1940)…………………………………………………………13

*U.S. v. Tobin*, 676 F.3d 1264 (11th Cir. 2012)…………………………………………………..6

*Washington v. Alderwood Surgical Ctr., LLC*, 2023 WL 3687053 (W.D. Wash. May 26, 2023)..13

*Wesch v. Yodlee, Inc.*, 2021 WL 6206642 (N.D. Cal. Dec. 6, 2021)………………..…….6, 16, 22

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010)……………………………...4

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979)………………………………...4, 21

*Xilinx, Inc. v. Altera Corp.*, 1993 WL 767688 (N.D. Cal. Oct. 25, 1993)……………………….22

**Statutes and Rules**                                                                **Page(s)**

Fed. R. Civ. P. 8……………………………………………………………………….……12

Fed. R. Civ. P. 12(f)…………………………………………………………………………..3

15 U.S.C. § 45(m)(1)(A)………………………………………………………………….11, 20

15 U.S.C. § 45(m)(1)(C)………………………………………………………………………20

15 U.S.C. § 53(b)…………………………………………………………………………....12

15 U.S.C. § 57(a)…………………………………………………………..………………19

15 U.S.C. § 57b……………………………………………………..………........13, 19, 20

15 U.S.C. § 8403……………………………………………………………………………11

15 USCA § 8404(a)…………………………………………………………………………12

15 U.S.C. § 8404(b)…………………………………………………..………………………19

28 U.S.C. § 2462……………………………………………………………………………13

**NOTICE OF MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on August 13, 2026 at 2:00pm, Plaintiffs will bring for hearing this Motion before the Honorable Jon S. Tigar, Oakland Courthouse, Courtroom 6. The Court should strike the affirmative defenses raised in Defendants' Answer, Dkt. 213, pursuant to Rule 12(f)(2), because each of the eight affirmative defenses is improperly pled, irrelevant, and/or insufficient as a matter of law. This motion is based on the attached memorandum and such arguments as may be presented before or after the hearing on this matter.

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### INTRODUCTION

Plaintiffs move to strike eight affirmative defenses raised in the Answer filed by Defendants, Dkt. 213.  As explained in greater detail below, each of these affirmative defenses is improperly pled, irrelevant, and/or insufficient as a matter of law.[1]

Several of the affirmative defenses (first, second, and fourth) revisit issues the Court has already decided.  Two of the affirmative defenses (fifth and eighth) are simply attempts to limit the FTC's ability to obtain monetary relief, wrongly reframed as affirmative defenses to liability.  Defendants also raise several frivolous defenses (fourth and sixth) that do not apply to claims under the Federal Trade Commission Act ("FTC Act") and Restore Online Shoppers' Confidence Act ("ROSCA") or that are not available in this government law enforcement action.  Most of Defendants' affirmative defenses clearly fail as a matter of law (first, second, third, fourth, sixth, and seventh), and others are insufficiently pled, failing to provide Plaintiffs' "fair notice" of the basis of the defense (first, third, fourth, fifth, sixth, seventh, and eighth).

These affirmative defenses will invite wasteful and unnecessary pretrial expense and litigation over irrelevant issues, significantly prejudicing the Plaintiffs.  To promote cost-effective and speedy resolution of this action, the Court should strike these affirmative defenses from Defendants' Answer.

### BACKGROUND

For years, Defendants have enrolled consumers in subscription plans and charged them on a recurring basis without their knowledge or consent, including by using billing information consumers have previously provided to book a ride or order food.  Consumers report that they never signed up and have no idea why they were charged.  Defendants also make false claims

---

[1] "Defendants" and "Uber" refer to Uber Technologies, Inc. and Uber USA, LLC, collectively.

about the subscription's benefits and savings, such as consumers will save $25 per month. Once consumers realize they are paying for a service they never wanted, or that fails to deliver on promised benefits, they must navigate a cancellation maze that requires them to take at least 12 to 32 actions and includes contacting Defendants' customer support to cancel, where they experience long wait times, significant delays, and often responses that simply are not helpful. Further, even though Uber promises consumers can cancel any time without additional fees, it nonetheless charges additional fees if they cancel during certain times – even during purported free trials.

The FTC filed this lawsuit to enjoin Defendants from further illegal conduct and obtain redress for consumers who were harmed. Dkt. 1. The FTC filed its First Amended Complaint ("FAC") on December 15, 2025 adding certain allegations, 22 state plaintiffs, and a request for civil penalties. Dkt. 46. On January 27, 2026, Defendants filed a partial Motion to Dismiss ("MTD") the FAC. Dkt. 116. The Court denied Defendants' MTD in most respects, but granted it with prejudice as to one of Plaintiffs' subclaims and granted it with leave to amend as to Plaintiffs' state law allegations. Dkt. 178. Plaintiffs then filed a Second Amended Complaint ("SAC") on May 1, 2026 re-pleading the state law counts. Dkt. 196. On May 15, 2026, Defendants filed an Answer to the SAC, asserting eight affirmative defenses. Dkt. 213.

If not stricken, Defendants' affirmative defenses will prolong the litigation, lead to wasteful discovery, and unnecessarily consume the parties' and the Court's resources. Because Defendants' affirmative defenses lack legal basis, Plaintiffs request that the Court grant this Motion to strike them.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court may strike a defense that is immaterial, insufficient, or redundant. Fed. R. Civ. P. 12(f). A defense is "immaterial" if it "has

no essential or important relationship to the claim for relief." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). A defense is "insufficient" if it fails as a matter of law or if it does not provide "fair notice" of the basis of the defense. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *FTC v. N. Am. Mktg. & Assocs.*, 2012 WL 5034967, at *5 (D. Ariz. Oct. 17, 2012). "Where an affirmative defense simply states a legal conclusion or theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Hall-Johnson v. Citibank, N.A.*, 2024 WL 3907037, at *2 (N.D. Cal. Aug. 19, 2024) (J. Tigar) (quoting *Solis v. Zenith Cap., LLC*, 2009 WL 1324051, at *2 (N.D. Cal. May 8, 2009). A defense is redundant if it duplicates legal contentions presented elsewhere in the pleading. *General Convention of New Jerusalem in United States of Am. v. Calamigos Ranch Corp.*, 2023 WL 6192704, at *4 (C.D. Cal. Aug. 10, 2023). In assessing the viability of any affirmative defense in the context of a motion to strike, the Court must assume that the moving party – here, the Plaintiffs – can successfully prove the allegations of its Complaint at trial. *FTC v. Stefanchik*, 2004 WL 5495267, at *1 (W.D. Wash. Nov. 12, 2004).

A motion to strike allows the Court "to avoid the expenditure of time and money that [would] arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc.*, 984 F.2d at 1527) (internal quotation mark omitted). Disposing of such defenses early in the proceedings streamlines the ultimate resolution of the action. *See California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981).

## ARGUMENT

### I. The First and Second Affirmative Defenses Are Legally Insufficient and Seek to Relitigate the Motion to Dismiss

Defendants plead that Plaintiffs' claims are barred "because ROSCA is unconstitutionally vague" and because "Plaintiffs failed to provide fair notice that Defendants' alleged conduct violated the law." Dkt. 213 at 52-53. The Court should strike both of these defenses (first and second) because each raises an argument that the Court has already rejected. *See FTC v. Vyera Pharms., LLC*, 2020 WL 7695828, at * 2 (S.D.N.Y. Dec. 28, 2020) (rejecting defenses that sought merely to "reargue the sufficiency of the allegations in the amended complaint and the denial of [defendants'] motion to dismiss"). Both defenses should also be struck as legally insufficient, and because they would open the door to irrelevant and burdensome discovery requests from Defendants.

#### A. The First Affirmative Defense Fails Because ROSCA Is Not Constitutionally Vague

The first affirmative defense should be stricken because it regurgitates an argument explicitly rejected by this Court in its ruling on Defendants' motion to dismiss. Specifically, Defendants plead that "ROSCA is unconstitutionally vague as applied by Plaintiffs to Uber's alleged conduct." Dkt. 213 at 52. As this Court held in denying the motion to dismiss: "Uber's cursory argument is insufficient to establish as a matter of law that any ambiguity in ROSCA prevented Uber from possessing the requisite knowledge or led it to make a mistake of law. It does not, for example, provide an interpretation of the statute and then explain why its conduct complied with that interpretation." Dkt. 178 at 21. Uber's response was to plead a defense that mirrors those deficiencies, so the Court should reject the invitation to relitigate the issue and instead strike it from the pleadings. *FTC v. Quincy Bioscience Holding Co., Inc.*, 2020 WL

1031271, at *2 (S.D.N.Y. Mar. 2, 2020) (striking the defense that plaintiffs fail to state a claim because "[t]here is no need to litigate the same issue again").

Further, the defense is not – and could not be – sufficiently pled. As a threshold matter, the defense is insufficiently supported by facts as it does not provide "fair notice" of the basis of the defense. *See Wesch v. Yodlee, Inc.*, 2021 WL 6206642, at *3 (N.D. Cal. Dec. 6, 2021) (striking affirmative defense because where "it is not clear why this defense is applicable."); *FTC v. N. Am. Mktg. & Assocs.*, 2012 WL 5034967, at *1 ("Ninth Circuit precedent requires that Defendants' pleading give 'fair notice' of the affirmative defense to Plaintiff."). But even if this defense were to be sufficiently pled, it could not survive because it lacks merit under any set of facts. *Id.* ("Further, an affirmative defense may be legally insufficient if it clearly lacks merit under any set of facts the defendant might allege."). The defense appears to rest entirely on Defendants' assertion that the FTC has "admitted" that the statute is unclear in its Proposed Rulemaking for the Negative Option Rule ("NOR"). Dkt. 213 at 52; Dkt. 116 at 26. However, as noted in Plaintiffs' Opposition to the Motion to Dismiss, courts have categorically rejected this contention: "the record does not show that the FTC has 'admitted' that ROSCA 'lacks clarity.'" *FTC v. Amazon.com, Inc.*, 2025 WL 2098599, at *4 (W.D. Wash. July 25, 2025).

Moreover, the enactment of a rule expressly dealing with specific conduct does not compel the conclusion that a prior statute did not already prohibit the conduct. *See U.S. v. Tobin*, 676 F.3d 1264, 1274-75 (11th Cir. 2012) (even before Congress passed more explicit statute, conduct was unlawful under prior statute; enactment of newer statute did not compel conclusion that prior statute was ambiguous). Even assuming enactment of the NOR would have simplified future FTC actions against businesses that use prohibited subscription services, ROSCA and Section 5 of the FTC Act clearly prohibited the challenged conduct in this case long before the NOR was contemplated and continues to do so today.

The relevant test, then, centers on the text of ROSCA itself.  "The mere fact that a regulation requires interpretation does not make it vague." *Ridley v. Mass. Bay Transp. Auth.*, 390 F.3d 65, 93 (1st Cir. 2004).  "In the context of civil statutes regulating economic activities, such as ROSCA, a law is unconstitutionally vague only where it is 'so vague and indefinite as really to be no rule or standard at all.'" *FTC v. Amazon.com, Inc.*, 2025 WL 2677086, at *15 (W.D. Wash. Sept. 17, 2025).  ROSCA is not vague because it clearly specifies a standard of conduct.  *Id.* at *15 (granting summary judgment on Defendants' due process vagueness challenges to ROSCA; holding "Defendants' vagueness challenges fail because ROSCA specifies a standard of conduct…. ROSCA also uses familiar legal terms and standards that are often found in state and federal law.").  For these reasons, the Court should strike Defendants' first affirmative defense.

**B.    The Second Affirmative Defense Fails Because Defendants Had Knowledge of ROSCA and Its Requirements, as Pled in the SAC**

The second affirmative defense should be stricken because Defendants could reasonably foresee that Uber's conduct was subject to ROSCA.  Defendants argue that "Plaintiffs failed to provide fair notice that Defendants' alleged conduct violated the law as required by the Due Process Clause."  Dkt. 213 at 53.  In evaluating fair notice under a civil statute such as ROSCA, "a company is not entitled to such precision as would eliminate all close calls…Fair notice is satisfied here as long as the company can reasonably foresee that a court could construe its conduct as falling within the meaning of the statute."  *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236, 256 (3d Cir. 2015).  Furthermore, the "fair notice doctrine," is applied only in a very limited set of circumstances that are not present in this case, such as where an agency interpretation was so far from a reasonable person's understanding of a regulation that a regulated party would not have been fairly informed of the agency's perspective, or where the

agency changed course with respect to its interpretation of a statute. *Global Green, Inc. v. SEC*, 631 F. App'x 868, 870 (11th Cir. 2015) (per curiam); *FTC v. Roca Labs, Inc.*, 345 F. Supp. 3d 1375, 1397 (M.D. Fla. 2018) (Fair Notice "doctrine is only applied in very limited circumstances.").

Defendants do not and cannot allege either that they lacked reasonable foreseeability that their conduct could fall under ROSCA or that the FTC abruptly changed course in its enforcement of ROSCA. In fact, the FTC has brought "more than a dozen actions against other companies under the FTC Act and ROSCA, including for failing to have simple cancellation mechanisms and charging consumers without authorization." Dkt. 196, SAC p. 43 ¶ 91. *Cf. FTC v. Wyndham Worldwide Corp.*, 799 F.3d at 257 ("That the FTC commissioners—who must vote on whether to issue a complaint…believe that alleged cybersecurity practices fail the cost-benefit analysis of § 45(n) certainly helps companies with similar practices apprehend the possibility that their cybersecurity could fail as well.")

In fact, the SAC includes express factual allegations establishing Uber's knowledge of ROSCA and its requirements, including "a public outpouring of complaints about unauthorized charges and difficulty cancelling Uber's subscription services," Dkt. 196, p. 43 ¶ 92, and Uber's "extensive legal resources, including in-house and outside counsel who are responsible for ensuring Uber complies with all applicable consumer protection laws and regulations," *Id.* at p. 43-44 ¶ 93. "On a motion to strike, the Court must treat as admitted all material factual allegations underlying the challenged defenses and all reasonable presumptions that can be drawn therefrom. The Court must also assume that the plaintiff can prove its factual allegations at trial." *Stefanchik*, 2004 WL 5495267, at *1. In denying Defendants' motion to dismiss, this Court held that "[o]ther district courts in the Ninth Circuit have recently found similar—and even less robust—facts sufficient to plausibly allege the knowledge required for the imposition of civil

penalties." Dkt. 178 at 21.  Thus, assuming the factual allegations in the SAC are true, Defendants had more than "fair notice," and the second affirmative defense fails as a matter of law and should be stricken.

**II.     The Third Affirmative Defense Fails Because Misleading Commercial Speech is Not Protected by the First Amendment**

The third affirmative defense should be stricken because it is legally insufficient. Defendants assert that Plaintiffs' claims would violate Uber's right to free speech under the First Amendment.  Dkt. 213 at 53.  However, a valid affirmative defense must present a "matter, which, assuming the Complaint to be true, constitutes a defense to it."  Black's Law Dictionary at 60 (6th Ed. 1990).  *See also Stefanchik*, 2004 WL 5495267, at *1.

The SAC alleges that marketing for Defendants' subscription services are violations of the FTC Act and ROSCA.  SAC p. 7-10 ¶¶ 19-24; p. 16-17 ¶¶ 40-41; p. 45 ¶¶ 98-100; p. 100 ¶¶ 127-128.  Assuming Plaintiffs' allegations are true, any speech at issue would be false or misleading commercial speech, which is not protected by the First Amendment.  *See U.S. v. Schiff*, 379 F.3d 621, 629-30 (9th Cir. 2004) (holding that false or misleading commercial speech is not constitutionally protected); *Eng v. SEC*, 49 F. App'x. 697, 2002 WL 31356626, at *1 (9th Cir. 2002) ("First Amendment protection is only given for commercial speech to statements that are truthful and not misleading."); *Grolier Inc. v. FTC*, 699 F.2d 983, 988 (9th Cir. 1983) ("Since [defendant's] practices are both illegal and misleading, First Amendment protections do not apply…."); *Stefanchik*, 2004 WL 5495267, at *2 ("The law is well settled that, once speech is deemed to be false, misleading, and commercial, it is not constitutionally protected.").

Therefore, the third affirmative defense should be stricken as a matter of law.  *Id.* at *2 (striking affirmative defense based on First Amendment because "[a]ssuming that defendants' marketing statements are false and deceptive commercial speech, and assuming that defendants

are liable for the dissemination of those claims, defendants' First Amendment defense fails as a matter of law"); *FTC v. N. Am. Mktg. & Assocs., LLC*, 2012 WL 5034967, at *2 (striking Defendants' affirmative defense of commercial speech).

**III.     The Fourth and Sixth Affirmative Defenses Are Inapplicable to FTC Actions**

The fourth and sixth affirmative defenses should be stricken because they are not valid defenses in FTC or state enforcement actions, or require pleading extraordinary facts absent here. Specifically, as discussed further below, equitable defenses are generally not available in law enforcement actions brought by a government agency to enforce or protect a public right. *See, e.g.*, *U.S. v. Iron Mountain Mines*, 812 F. Supp. 1528, 1546 (E.D. Cal. 1992) (holding that estoppel and unclean hands, among other equitable defenses, "may not be asserted against sovereigns who act to protect the public welfare"). And a defendant may not assert a statute of limitations defense against the United States government unless the statute in question contains an express limitations period. *U.S. v. Dos Cabezas Corp.*, 995 F.2d 1486, 1489 (9th Cir. 1993); *FTC v. Ivy Cap., Inc.*, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011).

**A.     The Fourth Affirmative Defense Fails Because Good Faith Is Not a Valid Defense to FTC Act, ROSCA, or State Consumer Protection Claims**

Good faith is not a defense to claims under Section 13(b) or under Section 19 for violations of Section 5 of the FTC Act or ROSCA because neither statute requires proof of intent to deceive. *See, e.g.*, *FTC v. Cyberspace.com, LLC*, 453 F.3d 1196, 1202 (9th Cir. 2006) (rejecting defense based on belief that acts did not violate the FTC Act); *FTC v. NCH, Inc.*, 1995 U.S. Dist. LEXIS 21098, *21 (D. Nev. May 31, 1995) ("As a matter of law, a defendant's good faith is not a defense to liability for a violation of 15 U.S.C. § 45(a)."); *FTC v. USA Fin., LLC*, 415 F. App'x 970, 974 n.2 (11th Cir. 2011) ("[A] defendant cannot avoid liability under Section 5 of the FTC [Act] by showing that he acted in good faith because the statute does not require an

intent to deceive."); *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) ("To be actionable under section 5, these misrepresentations or practices need not be made with an intent to deceive… Indeed 'an advertiser's good faith does not immunize it from responsibility for its misrepresentations…'") (citations omitted); *FTC v. LoanPointe, LLC*, 2011 WL 4348304, at *9 (D. Utah Sept. 16, 2011) ("[G]ood faith is not a defense to liability under the FTC Act, in part because the FTC need not prove intent."); *see also* 15 U.S.C. § 8403 (no scienter requirement for violations of ROSCA).   Similarly, good faith is not a legal element in assessing whether Defendants engaged in fraudulent or deceptive conduct under the Plaintiff States' consumer protection laws.  *See, e.g.*, *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 162 (NY App. 2010) (intent to defraud is not an element of a claim under N.Y. General Business Law § 349).

To the extent that Defendants intend to use "good faith" as a defense to the imposition of civil penalties under ROSCA or state consumer protection acts, this would not "bar" Plaintiffs' claims as Defendants contend, but could, at most, limit relief.  *See U.S. v. Acad. Mortg. Corp.*, 2020 WL 7056017, at *5 (N.D. Cal. Dec. 2, 2020) (striking affirmative defense because it was not a true affirmative defense but could at most "limit damages.").  Further, the SAC alleges extensive facts establishing Uber's "actual knowledge or knowledge fairly implied on the basis of objective circumstances."  15 U.S.C. § 45(m)(1)(A).  *See* Dkt. 196, SAC p. 43-44 ¶¶ 91-93. As explained above, the court has already decided this issue in denying the motion to dismiss, holding that Plaintiffs pled facts sufficient to plausibly allege the knowledge required for the imposition of civil penalties. Dkt. 178 at 21.  Thus, presuming the facts alleged in the SAC are true, as is required on a motion to strike (*see Stefanchik*, 2004 WL 5495267, at *1), the "good faith" defense fails as a matter of law on this point as well.

Like the other invalid defenses, requiring the FTC to litigate a "good faith" defense would be prejudicial because it would require expending resources on irrelevant issues. The Court should therefore strike the fourth affirmative defense as immaterial.

**B.      The Sixth Affirmative Defense Fails Because Neither Statute of Limitations nor Laches Are Valid Defenses Here**

*i.     Statute of Limitations*

Defendants may not assert a statute of limitations defense against the United States government unless the statute in question contains an express limitations period. *FTC v. Ivy Cap., Inc.*, 2011 WL 2470584, at *2. Section 13(b) of the Federal Trade Commission Act specifies no limitations period; rather, the express language of that section dictates that the FTC may bring suit whenever it has reason to believe that a violation has occurred. 15 U.S.C. § 53(b). Likewise, ROSCA does not itself contain a limitations period, stating that the FTC "shall enforce this Act in the same manner, by the same means, and with the same jurisdiction, powers, and duties as though all applicable terms and provisions of the Federal Trade Commission Act (15 U.S.C. 41 et seq.) were incorporated into and made a part of this Act." 15 USCA § 8404(a). *See FTC v. Hornbeam Special Situations, LLC*, 308 F. Supp. 3d 1280, 1294 (N.D. Ga. 2018) (holding that no limitations period applies to ROSCA claims because ROSCA violations are treated the same as FTC Act violations, which have no limitations period).

Notably, Defendants fail to plead facts regarding the statutory basis of any limitations period, much less facts showing that such a period has lapsed. Therefore, the sixth affirmative defense is also insufficient under Fed. R. Civ. P. 8 because it does not provide the Plaintiffs fair notice of the basis for the affirmative defense. To the extent Defendants may be relying on the 3-year limitations period set forth in Section 19 of the FTC Act, this provision only limits the scope

of monetary relief. 15 U.S.C. § 57b.[2] Likewise, to the extent Defendants may be relying on the 5-year limitations period set forth in 28 U.S.C. § 2462, that provision only limits the scope of civil penalties. Contrary to Defendants' assertions, neither of these statutes "bar" Plaintiffs' claims but could, at most, limit relief. *See Acad. Mortg. Corp.*, 2020 WL 7056017, at \*5 (striking affirmative defense because it was not a true affirmative defense but could at most "limit damages.")

Finally, even assuming *arguendo* that a limitations period applied here, it would not preclude the Plaintiffs' case. The SAC alleges that Defendants have engaged in the challenged practices in recent years, including through the date the SAC was filed. SAC p. 43-44 ¶¶ 90-93; p. 101 ¶ 133.[3]

### ii.    Laches

Additionally, the United States, including the FTC as one of its agencies, is not subject to the defense of laches when it undertakes to enforce a public right or to protect the public interest absent a showing of "extraordinary[] affirmative misconduct." *Washington v. Alderwood Surgical Ctr., LLC*, 2023 WL 3687053, at \*3 (W.D. Wash. May 26, 2023) (citing *U.S. v. Ruby Co.*, 588 F.2d 697, 703 (9th Cir. 1978)); *see also U.S. v. Summerlin*, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not bound by state statutes of limitation or subject to the defense of laches in enforcing its rights."). Equitable defenses such as laches are similarly inapplicable to the States in discharging their statutory duties. *See, e.g., State v. Astro Shuttle Arcades, Inc.*, 633 N.Y.S.2d 304, 305 (NY App. 1995) ("The doctrine of laches does not apply to

---

[2] The same would be true of any limitations period claimed for the monetary relief sought by the State Plaintiffs where limitations may be applied to state consumer protection acts.

[3] Defendants also signed a tolling agreement with the FTC, agreeing that any timeliness defense that Defendants may assert with respect to these claims was tolled from November 8, 2024 through the date the FTC filed its Complaint.

the State when it acts in a governmental, as opposed to private or proprietary, capacity to enforce a public right or protect a public interest").

In bringing this action under Section 5 of the FTC Act and ROSCA, the Plaintiffs are protecting the public through enforcement of their consumer protection mission.  Courts have therefore repeatedly and summarily stricken the defense of laches when asserted in FTC Section 5 and similar state enforcement actions.  *See e.g.*, *FTC v. Consumer Def., LLC*, 2019 WL 266287, at *5 (D. Nev. Jan. 18, 2019) (striking laches defense because "the FTC is seeking consumer redress, which renders this action an effort to enforce a public right or protect the public interest."); *FTC v. OMICS Grp. Inc.*, 2017 WL 6806802 (D. Nev. Dec. 15, 2017), *report and recommendation adopted*, 2018 WL 297581 (D. Nev. Jan. 3, 2018) (striking laches defense); *FTC v. Com. Planet, Inc.*, 2010 WL 11673795, at *3 (C.D. Cal. July 6, 2010) (striking laches defense); *U.S. v. Global Mortg. Funding, Inc.*, 2008 WL 5264986, at *3 (C.D. Cal. May 15, 2008) (striking laches defense in suit brought on behalf of FTC because the FTC Act is "plainly designed to protect consumers and rights of the public, and not to aid the government in a commercial or business capacity."); *FTC v. Quincy Bioscience Holding Co., Inc.*, 2020 WL 1031271, at *2 (S.D.N.Y. Mar. 2, 2020) (striking laches defense asserted against the FTC and New York).

Defendants have pled no facts – and indeed could plead no facts – showing the FTC or the State Plaintiffs engaged in such extraordinary affirmative misconduct that the defense of laches should be available against a government agency.  *See FTC v. Green Equitable Sols.*, 2023 WL 7107273, at *2 (C.D. Cal. Sept. 29, 2023) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995) (striking laches defense because allegations of government delay failed to allege government misconduct "so outrageous as to cause constitutional injury"); *see also Washington*, 2023 WL 3687053, at *3 (striking laches defense because defendants failed to plead

facts showing affirmative government misconduct); *United States Equal Emp. Opportunity Comm'n v. Marquez Bros. Int'l Inc.*, 2017 WL 4123915, at *8 (E.D. Cal. Sept. 18, 2017) (same); *Sandhu v. Sessions*, 2019 WL 13023918, at *6 (N.D. Cal. Oct. 25, 2019), *aff'd*, 856 F. App'x 74 (9th Cir. 2021) (citing *Ruby Co.*, 588 F.2d at 705 at n.10) (finding that a "lack of diligence argument does not rise to the required 'affirmative misconduct standard'").

For each of the reasons described above, the Court should strike the sixth affirmative defense as immaterial and legally insufficient. *See, e.g.*, *FTC v. Ivy Cap., Inc.*, 2011 WL 2470584, at *2 (striking statute of limitations affirmative defense because "the FTC may bring suit whenever it has reason to believe that a violation has occurred."); *SEC v. Toomey*, 866 F. Supp. 719, 724-25 (S.D.N.Y 1992) (striking affirmative defense of statute of limitations as legally insufficient with respect to federal agency and prejudicial because it would "only increase the duration and expense of trial"); *Hall-Johnson*, 2024 WL 3907037, at *2-3 (J. Tigar) (striking laches affirmative defense which was based "solely upon information and belief" with "no effort to point to the existence of some identifiable fact that if applicable to Plaintiff would make the affirmative defense plausible on its face.") (citation omitted).

Striking these baseless defenses will avert the needless waste of resources, including judicial resources, as it will prevent fishing-expedition style discovery in pursuit of meritless theories aimed at prejudicing the Plaintiffs. *See, e.g.*, *FTC v. IQVIA Holdings Inc.*, 2023 WL 7152577, at *12 (S.D.N.Y. Oct. 31, 2023) (internal citation omitted) (striking equitable defenses and finding FTC would be prejudiced because litigating such defenses would "needlessly lengthen[] and complicat[e] the discovery process and trial").

**IV.    The Seventh Affirmative Defense, "Violation of the APA and Major Questions," is Legally Insufficient**

The seventh affirmative defense should be stricken because this action announces no new powers or principles; Plaintiffs are simply carrying out their duty to enforce existing laws in the face of Defendants specific violations of those laws. Defendants assert, without basis, that the Plaintiffs "seek to radically expand the FTC's power to regulate the membership economy without proceeding through rulemaking." Dkt. 213 at 54. As a threshold matter, they fail to cite any facts to support this contention, likely because there are none. Thus, this defense should be stricken for failing to provide "fair notice" of its basis. *See Wesch v. Yodlee, Inc.*, 2021 WL 6206642, at *3 (striking affirmative defense where "it is not clear why this defense is applicable.")

In fact, the FTC has a long (and recent) history of enforcing the principles of the FTC Act and ROSCA consistently with the allegations at issue in this case. *See* Dkt. 196, SAC p. 43 ¶ 91 ("Uber began or continued charging for its subscription programs after the FTC brought more than a dozen actions against other companies under the FTC Act and ROSCA, including for failing to have simple cancellation mechanisms and charging consumers without authorization."). *See also, e.g., FTC v. Doxo, Inc.*, 771 F. Supp. 3d 1162 (W.D. Wash. 2025); *FTC v. Dave, Inc.*, 2025 WL 2698698 (C.D. Cal. Sept. 12, 2025); *U.S. v. Adobe, Inc.*, 791 F. Supp. 3d 966 (N.D. Cal. 2025); *FTC v. Amazon.com, Inc.*, 735 F. Supp. 3d 1297 (W.D. Wash. 2024); *FTC v. Cardiff*, 2020 WL 6540509 (C.D. Cal. Oct. 9, 2020); *FTC v. Triangle Media Corp.*, 2018 WL 4051701 (S.D. Cal. Aug. 24, 2018); *FTC v. Health Formulas, LLC*, 2015 WL 2130504 (D. Nev. May 6, 2015).

Moreover, as Courts have repeatedly confirmed, whether the FTC addresses defendants' deceptive conduct via rulemaking or litigation is a decision for the agency to make. *FTC v.*

*Wellness Support Netwk., Inc.*, 2014 WL 644749, at *11 (N.D. Cal. Feb. 19, 2014) (choice between adjudication and rulemaking within agency discretion to allow problems to be addressed on a case-by-case basis) (citations omitted); *POM Wonderful, LLC v. FTC*, 777 F.3d 478, 497 (D.C. Cir. 2015) (FTC's "choice between rulemaking and adjudication lies in the first instance within the agency's discretion") (internal citations omitted); *FTC v. Neovi, Inc.*, 2009 WL 56130, at *7 (S.D. Cal. Jan. 7, 2009), *aff'd*, 604 F.3d 1150 (9th Cir. 2010).

As with its other meritless affirmative defenses, allowing this legally deficient defense to survive would prejudicially expand and prolong discovery. *See FTC v. Meta Platforms Inc.*, 2022 WL 16637996, at *7 (N.D. Cal. Nov. 2, 2022) (quoting *FTC v. Am. Tax Relief, LLC*, 2011 WL 13135578, at *1 (C.D. Cal. Oct. 19, 2011)) (finding prejudice when affirmative defenses "threaten to shift litigation attention and discovery towards the FTC's actions, rather than Defendants' actions."). Thus, the Court should strike the seventh affirmative defense as insufficient. *See Wellness Support Network, Inc.*, 2014 WL 644749, at *11 (rejecting APA defense where "the FTC relies on well-established rules and legal theories in seeking to establish that Defendants' claims" violate the law.); *POM Wonderful, LLC*, 777 F.3d at 498 (rejecting APA defense where "the substantiation standard applied by the Commission is consistent with Commission precedent").

## V.    The Fifth and Eighth Affirmative Defenses Fail Because Both Are Erroneous as a Matter of Law and Neither Is a Defense to Liability

The fifth and eighth affirmative defenses are wrong as a matter of law and improperly pled as affirmative defenses. Defendants' assertions that any monetary relief awarded as restitution must be offset by "benefits" and refunds, Dkt. 213 at 54, and that "the monetary relief sought is unconstitutional and excessive," Dkt. 213 at 55, are legally erroneous. They also fail as affirmative defenses because neither would defeat liability. *Acad. Mortg. Corp.*, 2020 WL

7056017, at *5 (striking excessive fines affirmative defense because it was not an affirmative defense but could at most "limit damages"); *Castellano v. Access Premier Realty7, Inc.*, 2015 WL 7423821, at *3 (E.D. Cal. Nov. 23, 2015) (striking Eighth Amendment "excessive fines" and two other affirmative defenses because "challenges to damages do not constitute proper affirmative defenses, as they will not defeat either of Plaintiff's claims"). As explained further below, both defenses should be stricken.

### A.    The Fifth Affirmative Defense Fails Because Defendants Are Not Entitled to Offsets

The fifth affirmative defense should be stricken because defendants in FTC enforcement actions are not entitled to offsets, and courts have stricken affirmative defenses raising offsets. *See FTC v. Publ'rs Bus. Servs.*, 540 F. App'x 555, 557-558 (9th Cir. 2013) (finding defendants not entitled to offsets because defendants' monetary "calculation was also premised on the assumption that the subscriptions were not valueless. This assumption is not relevant, even if true."); *FTC v. Dluca*, 2018 WL 4794518, at *2 (S.D. Fla. Sept. 5, 2018) (striking affirmative defense that asked the court to consider offsets in calculating monetary relief); *FTC v. Kuykendall*, 371 F.3d 745, 766 (10th Cir. 2004) ("[T]he district court need not offset the value of any product the defrauded consumers received.").

In this case, "the fraud in the selling, not the value of the thing sold, is what entitles consumers in this case to full refunds." *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993). Therefore, while any monetary award may account for sufficiently proven refunds already paid to consumers, Defendants are *not* legally entitled to offsets, including for purported "benefits" of Uber One. Indeed, Plaintiffs' Count I(c) and Count XLV(b) and various state law counts specifically challenge Defendants' conception of the "benefits" of Uber One, alleging as deceptive, for example, Defendants' claim "that consumers who enroll in their subscription

services will save a specific amount, such as "$25 every month."  Dkt. 196, SAC p. 9 ¶ 22; p. 45 ¶¶ 98-100; p. 100 ¶¶ 127-128.

**B.      The Eighth Affirmative Defense Fails Because "Excessive Fines" Limitations Do Not Apply**

The eighth affirmative defense should be stricken because "excessive fines" limitations do not apply to redress awards and Defendants' arguments are meritless as to any civil penalty award.  Defendants' assertion that "[t]he monetary relief sought is unconstitutional and excessive under the United States Constitution…because it far exceeds the amount of consumer harm" (Dkt. 213, at 55) misses the mark.  "The limitations of the Excessive Fines Clause of the Eighth Amendment to the Constitution are applied only to fines 'directly imposed by, and payable to, the government' and only to fines constituting punishment." *Amy v. Curtis*, 2021 WL 858399, at *5 (N.D. Cal. Mar. 8, 2021); *see also U.S. v. Mackby*, 261 F.3d 821, 829 (9th Cir. 2001) (a "payment to the government" can only be constitutionally excessive if it "constitutes punishment for an offense").  The limits do not apply to "wholly civil proceedings intended to compensate victims." *Amy v. Curtis*, 2021 WL 858399, at *5.  Thus, they would not apply to any restitution amount ordered for violations of the FTC Act or ROSCA.  Pursuant to 15 U.S.C. § 8404(b), ROSCA provides that a violation of the statute shall be treated as a violation of a Trade Regulation Rule under 15 U.S.C. § 57(a).  That means the Court can order consumer redress and other relief under Section 19 of the FTC Act, 15 U.S.C. §§ 57b(a)(1) and (b).

Consumer redress is not punitive, but is intended to make consumers whole, and thus would not be subject to such constitutional limits.  *See FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993) (finding consumer redress under FTC Act was not punitive); *FTC v. Cardiff*, 2021 WL 3616071, at *2 (C.D. Cal. June 29, 2021) (Section 19 "plainly authorizes the FTC to seek equitable monetary relief to redress consumer injury resulting from ROSCA violations.");

15 U.S.C. § 57b(b) ("Such relief may include, but shall not be limited to, rescission or reformation of contracts, the refund of money or return of property, the payment of damages…except that nothing in this subsection is intended to authorize the imposition of any exemplary or punitive damages."). *See also Perez v. W. Coast Drywall & Co., Inc.*, 2016 WL 11002590, at *6 (C.D. Cal. Nov. 10, 2016) ("[B]ecause the Secretary requests compensatory rather than punitive damages, the damages cannot be unconstitutionally excessive.").

This defense is also baseless as to any civil penalties awarded under 15 U.S.C. § 45(m)(1)(A) or state consumer protection acts. Defendants' assertion that the amount is excessive because it "far exceeds the amount of consumer harm" (Dkt. 213 at 55) is baseless and irrelevant. It is baseless because Plaintiffs have yet to seek any particular penalty amount, much less an amount that could be considered "excessive." Defendants reasoning is also irrelevant, as civil penalties under Section 5(m)(1)(A) are not determined by the amount of consumer harm but by the factors set forth in Section 5(m)(1)(C), including the degree of culpability, the history of prior such conduct, the defendant's ability to pay, the effect on defendant's ability to continue to do business, and such other matters as justice may require. 15 U.S.C. § 45(m)(1)(C). Defendants failed to plead any facts relevant to the application of these five factors, or to allege how an amount based on these five factors would be constitutionally excessive. The test for whether an amount is constitutionally excessive is whether "the payment is grossly disproportionate to the gravity of the defendant's offense," *U.S. v. Mackby*, 261 F.3d at 829 (citing *U.S. v. Bajakajian*, 524 U.S. 321, 327-28, 334 (1998), *not* whether it exceeds consumer harm. Moreover, as to the penalties sought by the State Plaintiffs under their state consumer protection acts, reviewing courts have granted substantial deference to a penalty amount when that amount has been set by a legislature. *Bajakajian*, 524 U.S. at 336, *citing Solem v. Helm*, 463 U.S. 277, 290 (1983) ("Reviewing courts…should grant substantial deference to the broad

authority that legislatures necessarily possess in determining the types and limits of punishment for crimes.").

Because the eighth affirmative defense is sparsely pled and facially inconsistent, it does not provide Plaintiffs with "fair notice" of the basis of the defense and should be struck. *Cf. United States Dep't of Just. v. Daniel Chapter One*, 89 F. Supp. 3d 132, 154 (D.D.C. 2015), *aff'd*, 650 F. App'x 20 (D.C. Cir. 2016) (refusing to consider Defendants' cursory Eighth Amendment argument because "they do not articulate any basis to support their argument and wholly fail to analyze *Bajakajian*. Specifically, the defendants do not address whether a civil penalty under the FTC Act is punitive or remedial in nature and whether, assuming the civil penalty is punitive and thus subject to the Eighth Amendment, the civil penalty requested by the United States in this case is "grossly disproportional to the gravity of [the] offense.").

## VI.   The Court Should Strike All Affirmative Defenses that Are Insufficiently Pled, including the First, Third, Fourth, Fifth, Sixth, Seventh, and Eighth Defenses

Beyond the reasons described above, at least seven of Defendants' affirmative defenses also fail because they are insufficiently pled. An affirmative defense is governed by the same pleadings standards as a complaint and must give plaintiffs "'fair notice' of the defense being advanced" and the grounds upon which it rests. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d at 827); *Hall-Johnson*, 2024 WL 3907037, at *2 (J. Tigar) (striking affirmative defenses for failing to provide fair notice and noting that the "vast majority of courts,[] including this one, have held that the heightened pleading standard for complaints articulated in *Twombly* and *Iqbal* applies to affirmative defenses.") (citation omitted) (collecting cases); *FTC v. N. Am. Mktg. & Assocs.*, LLC, 2012 WL 5034967, at *1 ("Ninth Circuit precedent requires that Defendants' pleading give 'fair notice' of the affirmative defense to Plaintiff."). An affirmative defense is insufficient on its

face if it is nothing more than a bare conclusory allegation of law unsupported by any asserted facts. *Schecter v. Comptroller of New York*, 79 F.3d 265, 270 (2d Cir. 1996).

Defendants assert their fourth (good faith), fifth (offsets), and eighth (excessive fines) affirmative defenses in one to two sentences with no factual details or legal basis. While Defendants use more words in their first (unconstitutional vagueness), sixth (statute of limitations and laches), and seventh (Violation of the APA and Major Questions) affirmative defenses, they fail to articulate any basis to support their arguments. Their third (First Amendment) affirmative defense doesn't even allege any particular "protected speech" that is allegedly infringed upon. Beyond the other reasons described in the sections above, each of these should be stricken as insufficiently pled. *See, e.g.*, *Xilinx, Inc. v. Altera Corp.*, 1993 WL 767688, at *2 (N.D. Cal. Oct. 25, 1993) (unclean hands affirmative defense stricken because not pled sufficiently to give fair notice to plaintiff); *Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d at 1049-50 (affirmative defenses stating only that plaintiffs are barred from recovery by doctrines of waiver, estoppel, and unclean hands insufficient to provide fair notice to plaintiffs); *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (striking several affirmative defenses, including one about damages offsets, because each "fails to provide any facts, instead, just alleging that the affirmative defense exists."); *Wesch v. Yodlee, Inc.*, 2021 WL 6206642, at *3 (striking "excessive fines" affirmative defense because "in the absence of any facts, it is not clear why this defense is applicable").

The insufficiently pled affirmative defenses are not only legally deficient, but are also unfairly prejudicial to the Plaintiffs and will ultimately waste judicial resources. Defenses pled as bald legal conclusions, lacking facts or basis, prevent proper tailoring of discovery and motions practice, and would result in burdens and prejudice. They must be stricken.

## CONCLUSION

If permitted to proceed to discovery and, eventually, trial, Defendants' specious defenses will delay the proceedings unnecessarily, detract from the pertinent liability issues, and consume the resources of the Court and the parties for no purpose. For these reasons, and those above, Plaintiffs respectfully request that the Court strike Defendants' affirmative defenses.

Dated: June 5, 2026

Respectfully submitted,

FEDERAL TRADE COMMISSION

/s/ Stephanie Liebner

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

OFFICE OF THE ATTORNEY GENERAL
OF MARYLAND, CONSUMER
PROTECTION DIVISION

/s/ Philip Ziperman

Philip Ziperman (MD Bar No.: 9012190379)
Deputy Chief
Luke Riley (MD Bar No.: 2502271005)
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
(410) 576-6417 (Ziperman)
pziperman@oag.maryland.gov
(410) 576-6568 (Riley)
lriley@oag.maryland.gov

*Attorneys for Plaintiff*
*Office of the Maryland Attorney General,*
*Consumer Protection Division*

STEVE MARSHALL
*ATTORNEY GENERAL*

By:

*/s/ Michael G. Dean*

Michael G. Dean
*Assistant Attorney General*

*/s/ Lindsay D. Barton*

Lindsay D. Barton
*Assistant Attorney General*

Office of the Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
Michael.Dean@AlabamaAG.gov
Lindsay.Barton@AlabamaAG.gov

*Attorneys for Plaintiff*
*Attorney General of Alabama*

KRISTIN K. MAYES
Attorney General of Arizona

*/s/ Alyse Meislik*

Alyse Meislik, AZ Bar No. 024052
Assistant Attorney General
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3702
Fax: (602) 542-4377
consumer@azag.gov
Alyse.Meislik@azag.gov

*Attorney for Plaintiff*
*Arizona Attorney General*

PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS MOTION
TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE
Case No. 4:25-cv-03477-JST

URSULA JONES DICKSON
District Attorney of Alameda County

*/s/ Andres H. Perez*

ANDRES H. PEREZ (SBN 186219)
Assistant District Attorney
HUY T. LUONG (SBN 251507)
Deputy District Attorney
Consumer, Environmental & Worker
Protection Division
7677 Oakport Street, Suite 650
Oakland, CA 94621
(510) 383-8600
andres.perez@acgov.org
huy.luong@acgov.org

*Attorneys for Plaintiff*
*People of the State of California*

STATE OF CONNECTICUT

WILLIAM TONG

ATTORNEY GENERAL OF THE STATE
OF CONNECTICUT

*/s/ Brendan T. Flynn*

Brendan T. Flynn
Fed. Bar No. ct04545
Assistant Attorney General
Office of the Attorney General of the
State of Connecticut
165 Capitol Ave.
Hartford, CT  06106
Phone: 860-808-5400
Fax: 860-808-5593
Brendan.Flynn@ct.gov

*Attorney for Plaintiff*
*Attorney General of the State of Connecticut*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Coty Montag*

COTY MONTAG [CA BAR #255703]
Deputy Attorney General, Public Advocacy
Division
Coty.Montag@dc.gov

BETH MELLEN
WILLIAM STEPHENS
Assistant Deputy Attorneys General, Public
Advocacy Division

KEVIN VERMILLION
Director, Office of Consumer Protection

EMILY HOLNESS
Deputy Director, Office of Consumer
Protection

BRITTANY NYOVANIE
Assistant Attorney General, Office of
Consumer Protection

Office of the Attorney General
for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
(202) 702-5686
Brittany.Nyovanie@dc.gov

*Attorneys for Plaintiff*
*District of Columbia*

PEOPLE OF THE STATE OF ILLINOIS

/s/ Hal B. Dworkin

HAL B. DWORKIN, IL Bar No. 6318213
Senior Assistant Attorney General
Office of the Illinois Attorney General
Consumer Protection Division
Consumer Fraud Bureau
115 South LaSalle Street
Chicago, IL 60603
(312) 814-5159
Hal.Dworkin@ilag.gov

*Attorney for Plaintiff*
*The People of the State of Illinois*

FOR PLAINTIFF THE PEOPLE OF THE
STATE OF MICHIGAN:

/s/ Aaron W. Levin

AARON W. LEVIN
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Fax: (517) 335-6755
levina@michigan.gov

*Attorney for Plaintiff*
*The People of the State of Michigan*

KEITH ELLISON
Attorney General of Minnesota

*/s/ Alex Kenneth Baldwin*

DANIEL RIFE
ALEX KENNETH BALDWIN
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2130
Daniel.rife@ag.state.mn.us
Telephone: (651) 757-1104
Alex.Baldwin@ag.state.mn.us
Telephone: (651) 728-4049

*Attorneys for Plaintiff*
*State of Minnesota by its Attorney General*
*Keith Ellison*


CATHERINE HANAWAY
Missouri Attorney General

*/s/ Alison Esbeck*

Alison Esbeck (MO Bar # 58501)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-4977
Alison.Esbeck@ago.mo.gov

Connor McNeall (MO Bar # 76836)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-7888
connor.mcneall@ago.mo.gov

*Attorneys for Plaintiff*
*Missouri Attorney General's Office*

STATE OF MONTANA

*/s/ Anna Schneider*

Anna Schneider (MT #13963)
Special Assistant Attorney General, Senior
Counsel
Office of Consumer Protection
Montana Department of Justice
P.O. Box 200151
Helena, MT 59620-0151
(406) 444-4500
Anna.schneider@mt.gov

*Attorney for Plaintiff*
*State of Montana*


STATE OF NEBRASKA

*/s/ Benjamin J. Swanson*

Benjamin J. Swanson (NE #27675)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
(402) 471-7759
benjamin.swanson@nebraska.gov

*Attorney for Plaintiff*
*State of Nebraska*

FOR PLAINTIFF STATE OF NEW HAMPSHIRE:

JOHN M. FORMELLA
Attorney General

/s/ Amanda N. Purcell

Amanda N. Purcell, NH Bar #278532
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
One Granite Place South
Concord, NH 03301
(603) 271-1215
Amanda.N.Purcell@doj.nh.gov

*Attorney for Plaintiff*
*State of New Hampshire*


JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

/s/ Zeyad A. Assaf

Zeyad A. Assaf
Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey St., 5th Fl.
Newark, NJ 07102
(609) 696-5363
Zeyad.Assaf@law.njoag.gov

*Attorney for Plaintiff*
*Attorney General of the State of New Jersey*

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General of the State of New York

By:  */s/ Christian Reigstad*

Christian Reigstad (NY Bar No. 5158936)
Patrick Gibson (NY Bar No. 5267489)
Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, NY 10005
(212) 416-8321 (Reigstad)
(212) 416-6067 (Gibson)
Christian.reigstad@ag.ny.gov
patrick.gibson@ag.ny.gov

*Attorney for Plaintiff*
*The State of New York*


FOR PLAINTIFF THE STATE OF NORTH CAROLINA:

JEFF JACKSON
North Carolina Attorney General

*/s/ Jesse Ramos*

JESSE RAMOS (NC Bar No. 51663)
Special Deputy Attorney General

KUNAL CHOKSI (NC Bar No. 55666)
Senior Deputy Attorney General

BRIAN RABINOVITZ (NC Bar No. 41538)
Special Deputy Attorney General

Consumer Protection Division
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602
Tel: (919) 716-6000
Fax: (919) 716-6050
jramos@ncdoj.gov

*Attorneys for Plaintiff*
*The State of North Carolina*

DAVE YOST
OHIO ATTORNEY GENERAL

*/s/ Kevin R. Walsh*

Kevin R. Walsh (0073999)
Senior Assistant Attorney General
Consumer Protection Section
615 W. Superior Avenue, 11th Floor
Cleveland, Ohio 44113
Telephone: (216) 787-3447
Facsimile: (866) 947-3223
Kevin.Walsh@ohioago.gov

*Attorneys for Plaintiff*
*Ohio Attorney General*


GENTNER DRUMMOND,
ATTORNEY GENERAL OF OKLAHOMA

*/s/ Christopher J. Campbell*

Cameron R. Capps, OBA No. 32742
Christopher. J. Campbell, OBA No. 33649
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 522-1260
Fax: (405) 521-3921
Cameron.Capps@oag.ok.gov
Chris.Campbell@oag.ok.gov

*Attorneys for Plaintiff*
*Attorney General of Oklahoma*

DAVID W. SUNDAY, Jr.
PENNSYLVANIA ATTORNEY GENERAL

By:

/s/ Merna T. Hoffman

MERNA T. HOFFMAN
Senior Deputy Attorney General
PA Attorney I.D. No. 312897
15th Floor, Strawberry Square
Harrisburg, PA 17120
mhoffman@attorneygeneral.gov

JOHN M. ABEL
Chief Deputy Attorney General
Bureau of Consumer Protection
PA Attorney I.D. No. 47313
15th Floor, Strawberry Square
Harrisburg, PA 17120
jabel@attorneygeneral.gov

*Attorneys for Plaintiff*
*Attorney General of Pennsylvania*

**JAY JONES,**
**ATTORNEY GENERAL OF THE**
**COMMONWEALTH OF VIRGINIA**

/s/ Mark S. Kubiak

Mark S. Kubiak (VSB No. 73119)
Senior Assistant Attorney General
Timothy S. Allison (VSB No. 98083)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7364 (Kubiak)
(804) 786-0594 (Allison)
mkubiak@oag.state.va.us
tallison@oag.state.va.us

*Attorneys for Plaintiff*
*Jay Jones, Attorney General of the*
*Commonwealth of Virginia*

**JOHN B. MCCUSKEY,**
**ATTORNEY GENERAL OF WEST**
**VIRGINIA**

*/s/ Tanya L. Godfrey*

Ann L. Haight (WVSB# 1527)
Deputy Attorney General, Consumer Director
Tanya L. Godfrey (WVSB# 7448)
Assistant Attorney General
Office of the West Virginia Attorney General
P.O. Box 1789
Charleston, WV 25326
(304) 558-8986
Ann.L.Haight@wvago.gov
Tanya.L.Godfrey@wvago.gov

*Attorneys for Plaintiff*
*Attorney General of West Virginia*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Laura E. McFarlane*

LAURA E. MCFARLANE
Assistant Attorney General
State Bar #1089358
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8911
(608) 294-2907 (Fax)
laura.mcfarlane@wisdoj.gov

*Attorney for Plaintiff*
*State of Wisconsin*

Co-counsel for attorneys appearing *pro hac vice*:

Kerry O'Brien (CABN 149264)
Federal Trade Commission
Western Region San Francisco
90 Seventh St., Suite 14-300
San Francisco, CA 94103
(415) 848-5100
kobrien@ftc.gov

**ECF ATTESTATION**

I, Stephanie Liebner, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing or email on June 5, 2026, on all counsel of record.

*/s/ Stephanie Liebner*

Stephanie Liebner (VA Bar No. 90647)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177
Fax: (202) 326-3395
Email: sliebner@ftc.gov