UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No.  25-cv-03477-JST   (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 226

The parties filed a joint status report on June 5, 2026 at ECF No. 226.  The Court held a hearing on it on June 9, 2026.  In response to Uber's request for additional briefing concerning whether it should dispense with relevance and responsiveness review in doing its custodial document production, the Court ordered the parties to file a joint discovery letter brief on that issue no later than noon Pacific time on June 12, 2026.  The Court now issues the following order concerning the remainder of the status report.

**A.     RFPs 14, 29, 33, 35(b)(iii), 35(b)(iv)**

In ECF No. 150, the Court ordered Uber to produce non-custodial documents responsive to RFPs 35 and 14(g) and (h) within 30 days, which meant April 10, 2026.  The Court ordered Uber to produce non-custodial documents responsive to RFP 33(c) and (d) within 45 days, which meant April 25, 2026.  The Court did not set a deadline for Uber to produce non-custodial documents responsive to RFP 29.  The FTC complains that Uber did not make complete, timely productions as to RFPs 14, 33 and 35(b)(iii) and (b)(iv) and has also not completed its production for RFP 29.  The FTC asks the Court to order Uber, by June 12, to produce documents and data responsive to these RFPs, and to certify to the Court under penalty of perjury that it has done so.  For its part, Uber asks the Court to set a June 24 deadline for Uber to complete its non-custodial production in

United States District Court
Northern District of California

United States District Court
Northern District of California

response to RFP 29.  Uber also asks the Court to set a deadline of June 24 for a "supplemental" non-custodial document production for RFPs 14 and 33, if any further documents can be found. And Uber requests a June 24/July 1 deadline  to complete a "supplemental" production for RFP 35.

For RFP 29, the Court has not previously set a deadline for Uber to produce documents. While the Court appreciates the FTC's desire to move the case forward quickly, a June 12 deadline would be three days from now, and that seems unreasonably short.  Accordingly, the Court agrees with Uber's proposal and **ORDERS** Uber to complete its non-custodial production for RFP 29 by June 24, 2026.

With respect to RFPs 14 and 33, the Court already gave Uber deadlines to complete its non-custodial documents productions, and those deadlines have passed.  If Uber has non-custodial documents responsive to those RFPs that it has not produced, those were required to have been produced in April, and Uber's failure to do so means it violated the Court's order.  The Court will not give Uber an extension to June 24 (or even to June 12, as the FTC requests) to produce documents it was already required to have produced.

Uber says that for RFPs 29, 14 and 33, it is also expediting its review of custodial documents and expects to produce them by June 12.  The Court has no objection to that, but observes that this has nothing to do with Uber's compliance or non-compliance with ECF No. 150, which addressed non-custodial document productions for RFPs 14, 33 and 35.

For RFP 35(b)(iii) and (b)(iv), Uber requests a June 24/July 1 deadline to produce three additional categories of data.  First is the "transaction/order-level data."  Uber says the requested data could not be produced because it was not reasonably available, but then Uber immediately contradicts itself by saying:  "Uber has proactively worked to pull, standardize, and present data from across more than 3 billion records that is stored across multiple data tables in Uber's system. This is data that is in different formats and different structures.  Uber believes that it can complete this data creation effort and produce explainable transaction savings information by July 1."

Second is the "promotions available to Uber Consumers."  Here Uber explains that it "identified this body of data in the course of its investigation of the FTC's questions about whether any possible additional data exists.  Uber explained that the data is not structured, is not

2

located in one table, and did not appear consistent. Rather than producing unstructured and unclear data that the FTC cannot use, Uber has been working hard to determine how to produce this data accurately and reliably. It will take at least 3 more weeks for Uber's data experts to finalize this data in a transactional form, as explained for the first category of data. Uber asks the Court to set a July 1 deadline to produce this data, given the high burden to create the database."

Third is the "Clickthrough Data." Uber states that "The FTC asked Uber to research whether this data exists, and Uber was able to confirm that some clickthrough data exists but explained to the FTC that the data is inconsistent and may not be accurate. Uber is trying to get the data in a form that is reliable and accurate to avoid an inefficient back and forth where Uber produces unreliable data, the FTC does not understand the data, and then Uber has to go back and fix the data. It is not possible for Uber to produce this data by June 12. Uber asks the Court to set a June 24 deadline for Uber to produce this data."

All three categories of data are responsive to RFP 35(b)(iii) and (b)(iv), and all three categories are reasonably available. The Court-ordered deadline to produce non-custodial data in response to RFP 35 was April 10. Accordingly, Uber has been in violation of that order every day since April 10. Uber's request for a future deadline to produce these three categories of data is a request for forgiveness that the Court won't give.

Finally, the Court will not order Uber, as the FTC requests, to certify under penalty of perjury by June 12 that it has completed its non-custodial document productions in response to RFPs 14, 29, 33 and 35(b)(iii) and (b)(iv). For all four RFPs the proposed date is wrong. For RFP 29, the deadline is June 24. For RFPs 14, 33 and 35, the deadlines were back in April. And now we come to the more substantive reason why the Court won't order Uber to certify under penalty of perjury that it timely completed those document productions: It didn't.

**IT IS SO ORDERED.**

Dated: June 9, 2026

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3