# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al., | Case No. 4:25-cv-3477-JST |
| Plaintiffs, | |
| v. | **DECLARATION OF JEFF GROBART** |
| UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company, | |
| Defendants. | |

I, Jeff Grobart, hereby declare and state as follows:

1.    I am currently employed as an Associate Director, Client Solutions at Omni-Invictus LLC, d/b/a Array ("Array"). Defendants Uber Technologies, Inc. and Uber USA, LLC (together, "Uber") retained Array to manage Uber's Technology Assisted Review ("TAR") with Continuous Active Learning ("CAL"), also known as TAR 2.0, workflow in this matter.

2.    I am over the age of 18 and competent to make this Declaration. The statements contained in this Declaration are based on my personal knowledge. If called and sworn as a witness, I would and could testify competently to the matters set forth herein.

**Relevant Educational Background**

3.    I received a Master of Science degree in Data Science from Northwestern University in 2019. My graduate coursework included advanced statistical analysis and the application of a range of machine learning techniques. This academic training informs my work in Technology Assisted Review ("TAR"), including the design, evaluation, and validation of TAR workflows.

**eDiscovery Industry Experience**

4.    In my role as an Associate Director at Array, I serve as a subject matter expert in TAR. When I refer to "TAR" in this Declaration, I am referring to TAR with CAL (or TAR 2.0). My TAR expertise includes TAR workflows, use cases, and best practices. This also includes providing support related to the statistical analysis and evaluation of TAR results, including the validation of the TAR models.

5.    I joined Array in February 2026. Before joining Array, I worked in similar roles in the eDiscovery industry for over 20 years. Prior to joining Array, I worked in similar eDiscovery roles at Lighthouse, H5, FTI, and Sidley Austin.

**Review Timing in This Case**

6.    We estimate the ESI review population in this case to be approximately 1.2-1.5 million documents.  The amount of documents to review in this case is far larger than the typical amount in civil litigation I have been involved in.

7. To review this number of documents without technology assistance, it would typically take 6-12 months.

8. I have been asked by Uber to complete this review as quickly and efficiently as possible, while still maintaining the integrity of the review. To do so, Array has been authorized to retain more than 100 contract attorneys, and we have 110 currently assigned to this review.

9. Based on the information available to me, Array has only retained this many contract attorneys in fewer than five out of 700 reviews over the past five years.

10. We believe we can complete the review and production by July 13. Completing this review in this period of time is highly unusual for Array and is faster than 99% of reviews we conduct.

11. If the Court were to order a privilege-only review, that would take longer than the responsive and privilege review we are planning. That is because in a responsiveness and privilege review, we only need to review responsive documents for privilege. Whereas if we produced all documents unless they were privileged, we would need to review all documents for privilege. Typically a privilege review is more time consuming and manual than a responsiveness review.

12. Current estimates are that approximately 10% of the entire universe of documents will be coded as responsive.

### TAR and Disclosures

13. We are using the standard TAR 2.0 (technology assisted review with continuous active learning) process in this case. I have used this technology and these procedures in more than 100 cases before. It is a well-accepted methodology and approach in the field of eDiscovery.

14. I have provided standard disclosures about the TAR 2.0 process being used here to the FTC. I am willing to have further discussion with the FTC eDiscovery expert to make sure they have all the information they need to consider this approach.

By: _____
Jeff Grobart

DECLARATION OF JEFF GROBART
CASE NO. 4:25-CV-3477-JST
2