UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,

Defendants.

Case No.  25-cv-03477-JST   (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 226, 231

We are here on a dispute concerning Uber's custodial document production.  In the parties' status report at ECF No. 226, the FTC proposed that the Court order Uber to complete its custodial document production by June 26, 2026, without reviewing the documents for relevance and responsiveness, just for privilege and work product.  The way that would work is that Uber would run the FTC's search terms (*see* ECF No. 209, adopting the FTC's search terms), screen for privilege and work product, and then produce everything not privileged.  Uber proposed using TAR to review the estimated 1.2 million or more documents that the FTC's search terms hit on, and to complete document production by August 14, 2026.  At the June 9, 2026 hearing, the Court expressed its tentative agreement with the FTC's proposal.  The Court's central concern was that Uber's proposed schedule left only a month between the completion of custodial document production and the close of fact discovery.  At the hearing Uber requested leave to brief the matter further, and because telling a company not to review its documents for relevance or responsiveness is no small matter, the Court agreed.  The parties have since filed a joint discovery letter brief at ECF No. 231 that provides further argument.

Uber has also upped its game.  It has more than doubled the number of contract attorneys reviewing documents and now states it can complete custodial document production by July 13,

2026. That's much better than August 14. As matters stand now, the parties' proposals (June 26 vs. July 13) are only 17 days apart. We also have to remember that under the FTC's proposal, what the agency would receive by June 26 would be raw search term results (minus privileged documents). Although the Court does think the FTC's search terms were good, raw search term results are likely to include a substantial number of irrelevant documents. This means the FTC would be on the receiving end of something resembling a document dump, making its review of Uber's produced documents more time consuming and burdensome. Given that reality, it's no longer clear that the FTC's proposal would even be faster.

Uber has also demonstrated that its TAR proposal is appropriate. It is consistent with industry standards and is well suited for this type of document review. ECF Nos. 226-4 (Declaration of Vincent Liu), 231-1 (Declaration of Jeff Grobart).

Accordingly, the Court **ORDERS** Uber to complete its custodial document production by July 13, 2026. Uber may review documents for relevance and responsiveness (as well as privilege and work product, of course) and may utilize its proposed TAR methodology.

**IT IS SO ORDERED.**

Dated: June 12, 2026

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2