Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>        Plaintiffs,<br>    v.<br><br>UBER TECHNOLOGIES, INC., a corporation, and<br><br>UBER USA, LLC, a limited liability company,<br><br>        Defendants. | Case No. 4:25-cv-03477-JST<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME FOR DEFENDANTS' DEADLINE TO OPPOSE PLAINTIFFS' MOTION TO STRIKE**<br><br>Assigned to: Hon. Jon. S. Tigar |

**INTRODUCTION**

Although Defendants have ample time to respond to the Plaintiffs' Motion to Strike, Defendants have now moved to extend the deadline to obtain additional time to respond to this motion.  Plaintiff Federal Trade Commission opposes the motion because no good cause exists for the extension requested and the extension would adversely affect the Plaintiffs.

**BACKGROUND**

On May 1, 2026, Plaintiffs filed their Second Amended Complaint. Dkt. 196. On May 15, 2026, Defendants filed their Answer and Affirmative Defenses to the Second Amended Complaint. Dkt. 213. On June 5, 2026, Plaintiffs filed their Motion to Strike Defendants' Affirmative Defenses. Dkt. 225. Under Civil Local Rules 7- 3(a), Defendants are required to oppose the Motion to Strike within 14 days. However, because that deadline would have been June 19, a federal holiday, Defendants were afforded an additional three days, until June 22, to file an opposition.[1] Defendants now seek an extra 9-day extension of their deadline from the Court. Dkt. 232.

**I.    No Good Cause Exists for An Extension to Oppose the Motion to Strike**

Civil Local Rules 7-3(a) sets a 14-day deadline to file and serve an opposition. Under Fed. R. Civ. P. 6(b), an extension may be granted only upon a showing of good cause. Defendants have not demonstrated good cause because Defendants have ample time under the current schedule to complete the opposition, and the reasons cited as justification for an extension were foreseeable to Defendants' counsel. The deadline for Plaintiffs to file a Motion to

---

[1] On June 9, 2026, Defendants' counsel wrote to Plaintiffs' counsel requesting an additional enlargement of the briefing deadlines. Counsel for the FTC responded that Defendants' counsel had not provided any justification for an extension. On June 10, Defendants' counsel renewed the request, citing upcoming deadlines in other litigations. Counsel for the FTC responded that such an extension would pose a similar burden to FTC counsel responsible for drafting the Reply brief due to competing deadlines in July in other litigations.

1

Strike under Rule 12(f)(2) was June 5. Knowing this, and being aware of their deadlines on other cases, Defendants' counsel should have staffed the case appropriately to allow them to file any opposition within two weeks of that date, or shifted assignments between the two firms representing Defendants.[2] Plaintiffs arranged for staff availability to file a reply in support of the Motion to Strike within 7 days of the opposition deadline.

If competing litigation deadlines in other cases are considered good cause for Defendants to request an extension of this briefing deadline, then Plaintiffs also have good cause for opposing such an extension based on the same reasoning. Plaintiffs' attorneys responsible for drafting the Reply brief have multiple litigation deadlines in July that would make the extended briefing schedule more burdensome. Nothing in the local rules or Guidelines for Professional Conduct state that one party needs to put itself in a worse position by agreeing to an extension that does not work for its schedule in order to accommodate the other party's schedule.

Defendants also noted in their motion that June 19 is a federal holiday. Dkt. 232 at 3. Plaintiffs find this to be a puzzling justification for an extension, given that June 19 being a federal holiday gives Defendants three extra days to file their opposition. Moreover, the proposed extension would make the Fourth of July federal holiday fall during Plaintiffs' reply period.

**II.    Plaintiffs Have Agreed to Reasonable, Justified Extension Requests in the Past and Would Again in the Future**

Plaintiffs have agreed to other extension requests in the past when they were supported and equitable, such as with the Motion to Dismiss briefing schedule (Dkt. 59) and the stipulation to enlarge Defendants' time to respond to RFP 27 (Dkt. 204). However, Defendants have opposed requests Plaintiffs have made to extend the discovery schedule (*see* Dkt. 84), even

---

[2] Defendants are represented by multiple attorneys at both Wilmer Cutler Pickering Hale and Dorr LLP and Sidley Austin LLP.

2

though Defendants have missed multiple court-ordered discovery deadlines. *See* Dkt. 230 ("Accordingly, Uber has been in violation of that order every day since April 10. Uber's request for a future deadline to produce these three categories of data is a request for forgiveness that the Court won't give.").[3] Defendants should not be allowed to use these types of requests to game the system—consistently requesting additional briefing time, while simultaneously trying to jam Plaintiffs in discovery. However, Plaintiffs will continue to extend professional courtesy and consider reasonable, justified extension requests in the future.

**III.    If the Court Is Inclined to Grant Defendants' Request for an Extension, Plaintiffs' Request 14 Days to Reply**

While Plaintiffs would still be burdened with competing deadlines in July, if Defendants were allowed the enlargement they seek, fairness dictates that Plaintiffs should be afforded reasonable additional time to file any reply in support of their Motion to Strike. Thus, if Defendants' motion is granted, Plaintiffs should be allowed 14 days, until July 15, to file their reply.

**CONCLUSION**

For the foregoing reasons, Plaintiff Federal Trade Commission respectfully requests the Court deny Defendants' motion for an enlargement of time to respond to Plaintiffs' Motion to Strike.

---

[3] Defendants also opposed a routine motion to stay this matter due to a federal government shutdown. Dkt. 37.

3

Dated: June 15, 2026

Respectfully submitted,

FEDERAL TRADE COMMISSION

*/s/ Stephanie E. Liebner*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

4