Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., a corporation, and

UBER USA, LLC, a limited liability company,

Defendants.

Case No. 4:25-cv-03477-JST

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

Assigned to: Hon. Jon. S. Tigar

Date: August 13, 2026
Time: 2:00pm
Place: Courtroom 6

**Answer Filed: May 15, 2026**

Plaintiffs have shown that all of Defendants' affirmative defenses should be stricken as legally and factually deficient. Defendants' opposition fails to persuade otherwise.

**I. The First and Second Affirmative Defenses Fail Because ROSCA Is Not Vague And Defendants Had Knowledge of ROSCA's Requirements.**

Plaintiffs have shown that Defendants' vagueness affirmative defense should be stricken because, along with factual deficiencies, ROSCA specifies a standard of conduct and the Court, in effect, has already decided this issue in denying Defendants' motion to dismiss. Dkt. 225 at 5-7. Defendants try to rescue the due process defenses by conjuring some unstated, fundamental, factual distinctions between their conduct and that of other companies, which somehow make ROSCA unconstitutionally vague as applied just to their conduct. Dkt. 242 at 9-10. The Court should proceed no further in this exercise of the imagination. At bottom, "there is no analytic or legally operative distinction between an as-applied vagueness challenge and a facial vagueness challenge." *Hightower v. City & Cnty. of San Francisco*, 77 F. Supp. 3d 867, 886 (N.D. Cal. 2014), *aff'd sub nom. Taub v. City & Cnty. of San Francisco*, 696 F. App'x 181 (9th Cir. 2017). The constitution requires only that ROSCA specify a rule or standard of conduct, *Boutilier v. INS*, 387 U.S. 118, 123 (1967), and ROSCA does just that in "familiar legal terms and standards." *FTC v. Amazon, Inc.*, 2025 WL 2677086, at *15 (W.D. Wash. Sept. 17, 2025).

Also, Plaintiffs have demonstrated that Defendants received fair notice that their conduct violated ROSCA because the FTC has brought numerous actions against other companies for violating ROSCA under similar circumstances, and Defendants knew about consumers complaining of unauthorized charges and difficulty cancelling Defendants' subscription. Dkt. 225 at 7-9. Defendants do not contest the fair notice standard or that these alleged facts fail to meet that standard, other than to assert with no legal authority that the existence of enforcement actions against other companies, "does not give Uber fair notice that Uber's specific practices

would be targeted." Dkt. 242 at 8.[1] Courts have held exactly the opposite. *See, e.g.*, *FTC v. Kochava Inc.*, 671 F. Supp. 3d 1161, 1178 (D. Idaho 2023) (citing press release highlighting FTC enforcement actions against companies engaged in unfair or deceptive practices involving geolocation information as "additional notice [to defendant] that unrestricted sales of geolocation data … could be construed as violating the FTC Act.").

Defendants resort to citing a handful of cases holding that vagueness and fair-notice affirmative defenses *could* survive, Dkt. 242 at 8. But ROSCA was not at issue in those cases. Here, by contrast, the Court can rely on directly relevant authority to dispose of a due process defense that has been held deficient as a matter of law. *See Amazon*, 2025 WL 2677086, at *15.

## II. The Third Affirmative Defense Fails Because Misleading Commercial Speech is Not Protected by the First Amendment.

Defendants' third affirmative defense should be stricken because taking the allegations of the Second Amended Complaint (SAC) as true, the speech at issue is Defendants' misleading commercial speech, which is afforded no First Amendment protection. Dkt. 225 at 9-10. Defendants attempt to sidestep this issue by highlighting (for the first time, *i.e.*, another pleading deficiency) allegedly protected speech—the language in its enrollment and cancellation flows that Defendants say is truthful and only violates ROSCA, not the FTC Act. Dkt. 242 at 10. But ROSCA does not implicate First Amendment rights, because it is "a regulation directed at internet commerce and, at most, imposes an incidental burden on Defendants' speech." *Amazon.com, Inc.*, 2025 WL 2677086, at *16. Therefore, Defendants' argument fails.

Defendants' next argument—that Plaintiffs are seeking to compel speech—fares no better. Dkt. 242 at 11. Defendants must comply with the FTC Act, ROSCA, and the States'

[1] Defendants' argument that the States should be estopped from raising Plaintiffs' ROSCA actions against other companies falls flat. Dkt. 242 at 8-9. The States point to that fact here as evidence that Defendants had fair notice of, or could reasonably foresee, this enforcement action, not that those companies' actions are relevant to the legality of Defendants' conduct at issue here.

consumer protection laws, and can do so in any manner they choose. Plaintiffs' enforcement of those laws does not compel speech, and Defendants are conspicuously silent as to what speech is being compelled from them. The best they can muster is to say the First Amendment "may inform the bounds" (Dkt. 242 at 12) of future injunctive relief for proven violations, thus conceding the failure of their First Amendment defense as an affirmative defense to liability. *See LaSalle Bank Lake View v. Bridgman*, 1991 WL 74605, at *1 (N.D. Ill. May 2, 1991) (striking affirmative defense that is not a "current defense" but instead "advances something totally hypothetical at this stage"). The third affirmative defense should therefore be stricken.

## III. The Fourth Affirmative Defense Fails Because Good Faith Is Not a Valid Defense to FTC Act, ROSCA, or State Consumer Protection Claims.

Plaintiffs have shown that Defendants' good faith affirmative defense should be stricken because, in addition to factual deficiencies, (1) good faith is not a defense to claims under the FTC Act, the States' consumer protection laws, or ROSCA, (2) it would not bar Plaintiffs' claims regardless, and (3) the Court has already found that Plaintiffs have pleaded facts sufficient to plausibly allege the knowledge required for the imposition of civil penalties. Dkt. 225 at 10-11. Defendants entirely ignore the last of these arguments and for good reason; it sinks their affirmative defense. Defendants cannot use the backdoor of an affirmative defense to relitigate an argument they have already lost. Good faith is simply another way of saying Uber "lacked actual or implied knowledge" of the violations, Dkt. 213at 53-54, but accepting the facts alleged in Plaintiffs' SAC as true, *see FTC v. Stefanchik*, 2004 WL 5495267, at *1 (W.D. Wash. Nov. 12, 2004), the good faith defense fails. Further, it is redundant and would lead to a waste of resources for Defendants to plead improperly an existing negative defense as an affirmative defense. *See, e.g.*, Dkt. 213 at ¶ 443 (denying that "Defendants violated ROSCA with actual knowledge or knowledge fairly implied").

## IV. The Sixth Affirmative Defense Fails because Neither Statute of Limitations nor Laches Are Valid Defenses in this Action.

### *i. Statute of Limitations*

Significant portions of the relief requested in this case fall under Section 13(b) of the FTC Act, and that section specifies no limitations period. *See* 15 U.S.C. § 53(b). Thus, the statute of limitations defense is not applicable to any Section 13(b) relief. *See FTC v. Seek Cap., LLC*, 2025 U.S. Dist. LEXIS 211279, at *30 (C.D. Cal. Sept. 16, 2025) (granting summary judgment to FTC as to defendants' statute of limitations defense on the ground that Section 13(b) does not specify a limitations period, regardless of the parties' dispute regarding claims based on acts earlier than the three year time period for restitution in 15 U.S.C. § 57b(d)); *FTC v. Ivy Cap., Inc.*, 2011 WL 2470584, at *2 (D. Nev. June 20, 2011). Nor do Defendants plead any state statute of limitations or address any state law claims that lack statutes of limitation, so the States cannot decipher for which States Defendants are asserting the defense. *See, e.g.*, D.C. Code § 12-301(b) (statute of limitations does not apply to actions brought by the District of Columbia); 815 ILCS 505/7; *Illinois v. Tri-Star Indus. Lighting, Inc.*, 2000 U.S. Dist. LEXIS 14948, at *7-9 (N.D. Ill. Oct. 11, 2000) ("The plain meaning of this provision is that there is no statute of limitations on Consumer Fraud Act claims filed by the State").

Defendants also argue that this Court should not strike its statute of limitations affirmative defense because the defense raises factual questions, such as the temporal scope of Plaintiffs' claims, whether the alleged conduct was continuous, and when the alleged conduct occurred. Dkt. 242 at 16-17 (citing *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970 (9th Cir. 2010)). The *Whittlestone* decision, however, addressed a wholly distinct procedural context; there, the defendant sought to use Rule 12(f) to strike plaintiff's entire claim for damages, and the Ninth Circuit held that such a legal argument was appropriate only on a motion to dismiss or

motion for summary judgment. *Whittlestone,* 618 F.3d at 975. Thus, the decision provides no support for the assertion that a plaintiff's 12(f) motion should be denied when a defendant pleads an affirmative defense of statute of limitations where the relevant statute has no limitations period, as is the case with respect to Section 13(b) of the FTC Act and certain state statutes. Defendants provide no authority otherwise.

*ii. Laches*

Defendants also fail in their affirmative defense of laches. The Answer states in full: "Plaintiffs unreasonably and without excuse delayed in asserting their claims and that delay has caused undue prejudice to Defendants such that Plaintiffs' claims are barred by the doctrine of laches." Dkt. 213 at 54. This barebones statement is nothing more than a conclusory assertion that Plaintiffs' actions met a legal test, lacking entirely in specific supporting factual allegations. Courts regularly strike laches defenses where they are generic, including in a case Defendants cite in their own brief, *Hall-Johnson v. Citibank, N.A.*, 2024 WL 3907037, at *2-3 (N.D. Cal. Aug. 19, 2024) (finding that a generic laches defense, stating only that Plaintiff "unjustifiably delayed" in initiating the action, was not sufficient and striking it under Rule 12(f)); *see also SEC v. Dragonchain, Inc.*, 2023 WL 2428619, at *1 (W.D. Wash. 2023) (striking laches defense for failure to provide fair notice where defendant asserted the defense "as a conclusory statement, with no indication as to which claims … are barred by the doctrine of laches").

Defendants' Answer is devoid of specific facts that could establish that the FTC engaged in "affirmative misconduct" or conduct leading to "extreme unfairness" as would be necessary to sufficiently plead a laches defense in a government enforcement action. *See United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978) (equitable doctrines can only be invoked if the governmental conduct at issue amounts to "affirmative misconduct"); *United States v. Lindberg Corp.,* 882 F.2d 1158, 1164 (7th Cir. 1989) (not all prejudicial conduct is sufficient to state a

laches claim against the government; rather, a court may "apply equitable principles against the government in a case where extreme unfairness [is] shown." (citing *In re American Pouch Foods, Inc.,* 769 F.2d 1190, 1197 (7th Cir. 1985)).

Defendants cite a few cases in which courts did not strike laches defenses against the government, but those cases are inapposite because Defendants do not plead any specific facts regarding misconduct in their Answer. In contrast, in *FTC v. Amazon,* the defendants pled in their affirmative defense that the FTC allegedly had engaged in four specific discovery-related conduct issues, such as refusing to allow Amazon's in-house counsel to be present at Amazon employees' depositions. *FTC v. Amazon.com, Inc*., 2024 WL 4839389, at *5 (W.D. Wash. Nov. 20, 2024). Similarly, the defendants' affirmative defense in *FTC v. DirecTV, Inc*., 2015 WL 9268119, at *2 (N.D. Cal. Dec. 21, 2015) pled that the FTC declined an invitation to participate in a settlement with all fifty state attorneys general of the very same practices challenged in that case. In their brief, Defendants now claim that the FTC delayed "years" in challenging their conduct and failed to provide clear legal guidance, Dkt. 242 at 17-18, but the Court may not consider facts outside of the Answer in considering the motion to strike. *FTC v. Meta Platforms, Inc*., 2022 WL 16637996, at *8 (N.D. Cal. Nov. 2, 2022) (internal citation omitted).

Further, even if the Court were to consider Defendants' unpled "delay" allegations, these facts fall well short of supporting a laches defense against the government. For example, in *Amazon.com*, the court ultimately granted summary judgment to the FTC, finding that a seven-to-nine year period between when the company began its unlawful practices and the FTC filed suit against Amazon.com, did not constitute laches. 2025 WL 2677086, at *14 (W.D. Wash. Sept. 17, 2025). The court noted only a single case supporting a laches defense based on government delay, which involved "a delay of *over 200 years* between the filing of a treaty and a lawsuit challenging the validity of the treaty." *Id*. (citing *Cayuga Indian Nation of New York v. Pataki*,

413 F.3d 266 (2d Cir. 2005) (emphasis added)); *see also Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 952 (9th Cir. 2001) (in copyright infringement case against a private party, finding delay element of laches defense satisfied where the delay was nineteen years). Other courts have denied the laches defense for similar or longer delays than the delay at issue here. *See, e.g.*, *CFPB v. TransUnion*, 701 F. Supp. 3d 744, 754 (N.D. Ill. 2023) (five-year delay not egregious); *United States v. Navistar, Inc.*, 508 F. Supp. 3d 289, 294 (N.D. Ill. 2020) (eight-year delay not egregious); *Groves v. United States*, 2017 WL 1806593, at *6 (N.D. Ill., May 5, 2017) (ten-year delay not egregious). And the agency's alleged failure to issue guidance under ROSCA, Dkt. 242 at 18, is not in any sense "affirmative misconduct" or conduct leading to "extreme unfairness." In short, Defendants have not and *cannot* plead any facts that would support an affirmative defense of laches.

## V. The Seventh Affirmative Defense, "Violation of the APA and Major Questions," is Legally Insufficient.

Plaintiffs have demonstrated that the seventh affirmative defense, alleging violations of the APA and major questions doctrine, should be stricken because the FTC is merely enforcing the FTC Act and ROSCA against Uber, as it has done numerous times against other companies. Dkt. 225 at 16. It's worth repeating, "this action announces no new powers or principles." *Id*.

Defendants' contention that this action violates the major questions doctrine does not pass the laugh test. The Supreme Court has held that in extraordinary cases, an agency's interpretation of its statutory authority, while having a textual basis, was so broad and had such "economic and political significance" that separation of powers principles and a practical understanding of legislative intent require a "clear congressional authorization." *See, e.g.*, *West Virginia v. EPA*, 597 U.S. 697, 721-23 (2022). Defendants have not pled their affirmative defense anywhere within the ambit of that standard, nor could they.

The FTC here is enforcing the FTC Act and ROSCA, statutes that have long been on the books and that courts have held specify standards of conduct. This action would not, as Defendants allege, "expand the FTC's power to regulate the membership economy," Dkt. 213 at 54, or "enable the agency to impose unanticipated demands on all membership services," Dkt. 242 at 18. Rather, the FTC seeks only to enforce well-established laws against Defendants, as a routine exercise of statutorily-prescribed enforcement authority. The requested relief is not only anticipatable but affects Uber One specifically, not "membership services," generally. Defendants have not pointed to any case in which an agency enforcement action violates the major questions doctrine. Nor have they explained what is unclear about Congress's authorization in the FTC Act or ROSCA.

Because Defendants do not, and cannot, point to any other way in which this action is arbitrary or capricious, the seventh affirmative defense should not survive. The two cases on which Defendants rely to support their arbitrary-and-capricious defense are unavailing. In *FTC v. Nat'l Urological Grp., Inc.*, 2005 WL 8155166 (N.D. Ga. June 24, 2005), the court credited defendants' due process allegations that the FTC did not provide a clear definition of the phrase "competent and reliable evidence" and stated that "[b]y allegedly failing to provide clear guidelines, the defendants may be able to show that the FTC acted in an arbitrary and capricious manner," *id.* at *10. Here, for the reasons discussed above, Plaintiffs have shown that ROSCA specifies a clear standard of conduct, and the FTC has enforced that standard numerous times over the years. *See supra* at 1. And *FTC v. USA Fin., LLC*, 2009 WL 10671254, (M.D. Fla. Feb. 18, 2009) is an out-of-circuit, unpublished decision that contains only a cursory discussion of this affirmative defense and, despite leaving the defense intact, itself found no "factual allegation in any current pleading on which this defense could be premised," *id.* at 3. These cases offer the Court no basis to allow Defendants to waste discovery resources in service of a deficient defense.

**VI. The Fifth Affirmative Defense Fails Because Defendants Are Not Entitled to Offsets.**

Plaintiffs have demonstrated that Defendants' offsets affirmative defense should be stricken because binding Ninth Circuit precedent holds that the FTC does not have to consider the "benefits" of a product sold deceptively to determine the proper amount of redress under Section 19 of the FTC Act. Dkt. 225 at 18 (citing *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993)). Defendants attempt to get around *Figgie* by arguing that here, unlike in *Figgie*, the FTC seeks a "windfall" – the total amount consumers spent on Uber One and the cost of consumers' lost time cancelling Uber One. Dkt. 242 at 14. But it fails to explain how the total amount consumers spent on Uber One and the total cost of time consumers spent cancelling Uber One is anything but the amounts spent "that would not have been spent" absent wrongdoing. *Figgie*, 994 F.2d at 606. Had Defendants not violated the FTC Act and ROSCA, consumers would not have spent the cost and time subscribing to or cancelling Uber One. Any "benefits" of Uber One that consumers may have received are like the fair price of the hypothetical rhinestones in *Figgie*; the dishonest merchant—here Uber—is not entitled to recover offsets because "[t]he fraud [is] in the selling, not the value of the thing sold." *Figgie*, 994 F.2d at 606. This defense is also bereft of facts; it fails to give Plaintiffs fair notice of the specific "benefits of Uber One" that Defendants allege must offset the monetary relief Plaintiffs recover. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

**VII. The Eighth Affirmative Defense Fails Because "Excessive Fines" Limits Don't Apply**

Plaintiffs have demonstrated that the eighth affirmative defense should be stricken because "excessive fines" limitations do not apply to redress awards, and Defendants' arguments are meritless as to any civil penalty award. Dkt. 225 at 19. The limits do not apply to "wholly civil proceedings intended to compensate victims." *See Amy v. Curtis*, 2021 WL 858399, at *5 (N.D. Cal. Mar. 8, 2021). Thus, they would not apply to any restitution amount ordered for

violations of the FTC Act or ROSCA.

This defense is also baseless as to any civil penalties awarded under 15 U.S.C. § 45(m)(1)(A) or state consumer protection acts. Defendants' assertion that the amount is excessive because it "far exceeds the amount of consumer harm," Dkt. 242 at 6, is baseless because Plaintiffs have yet to seek any specific penalty amount, much less an amount that could be considered "excessive." Indeed, civil penalties under Section 5(m)(1)(A) are determined by the specific factors set forth in Section 5(m)(1)(C), which are: the degree of culpability, the history of prior such conduct, the defendant's ability to pay, the effect on defendant's ability to continue to do business, and such other matters as justice may require. 15 U.S.C. § 45(m)(1)(C). The test for whether an amount is constitutionally excessive is whether "the payment is grossly disproportionate to the gravity of the defendant's offense," *U.S. v. Mackby*, 261 F.3d 821, 829 (9th Cir. 2001), *citing U.S. v. Bajakajian*, 524 U.S. 321, 327-28, 334 (1998); Plaintiffs have yet to seek, and the Court has yet to order, any payment amount at all, much less one that is "disproportionate" to the offense. A defense predicated on conjecture that a future event – here, that Plaintiffs will seek excessive civil penalties – "is not a current defense" and it "should not be advanced until such time as it may be determine[d] that its factual predicate actually applies." *LaSalle Bank Lake View*, 1991 WL 74605, at *1. Moreover, as to the penalties sought by the State Plaintiffs under their state consumer protection acts, reviewing courts have granted substantial deference to a penalty amount when that amount has been set by legislature. *Bajakajian*, 524 U.S. at 336 (citing *Solem v. Helm*, 463 U.S. 277, 290 (1983)).

## CONCLUSION

For the reasons stated above, the Court should strike all of Defendants' affirmative defenses or, at the very least, order them to replead.

Dated: June 29, 2026

Respectfully submitted,

FEDERAL TRADE COMMISSION

*/s/ Stephanie Liebner*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, CONSUMER PROTECTION DIVISION

*/s/ Philip Ziperman*

Philip Ziperman (MD Bar No.: 9012190379)
Deputy Chief
Luke Riley (MD Bar No.: 2502271005)
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
(410) 576-6417 (Ziperman)
pziperman@oag.maryland.gov
(410) 576-6568 (Riley)
lriley@oag.maryland.gov

*Attorneys for Plaintiff*
*Office of the Maryland Attorney General,*
*Consumer Protection Division*

STEVE MARSHALL
*ATTORNEY GENERAL*

By:

*/s/ Michael G. Dean*
Michael G. Dean
*Assistant Attorney General*

*/s/ Lindsay D. Barton*
Lindsay D. Barton
*Assistant Attorney General*

Office of the Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
Michael.Dean@AlabamaAG.gov
Lindsay.Barton@AlabamaAG.gov

*Attorneys for Plaintiff*
*Attorney General of Alabama*

KRISTIN K. MAYES
Attorney General of Arizona

*/s/ Alyse Meislik*
Alyse Meislik, AZ Bar No. 024052
Assistant Attorney General
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3702
Fax: (602) 542-4377
consumer@azag.gov
Alyse.Meislik@azag.gov

*Attorney for Plaintiff*
*Arizona Attorney General*

URSULA JONES DICKSON
District Attorney of Alameda County

*/s/ Andres H. Perez*

ANDRES H. PEREZ (SBN 186219)
Assistant District Attorney
HUY T. LUONG (SBN 251507)
Deputy District Attorney
Consumer, Environmental & Worker Protection Division
7677 Oakport Street, Suite 650
Oakland, CA 94621
(510) 383-8600
andres.perez@acgov.org
huy.luong@acgov.org

*Attorneys for Plaintiff*
*People of the State of California*

STATE OF CONNECTICUT

WILLIAM TONG

ATTORNEY GENERAL OF THE STATE OF CONNECTICUT

*/s/ Brendan T. Flynn*

Brendan T. Flynn
Fed. Bar No. ct04545
Assistant Attorney General
Office of the Attorney General of the State of Connecticut
165 Capitol Ave.
Hartford, CT 06106
Phone: 860-808-5400
Fax: 860-808-5593
Brendan.Flynn@ct.gov

*Attorney for Plaintiff*
*Attorney General of the State of Connecticut*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Coty Montag*

COTY MONTAG [CA BAR #255703]
Deputy Attorney General, Public Advocacy Division
Coty.Montag@dc.gov

BETH MELLEN
WILLIAM STEPHENS
Assistant Deputy Attorneys General, Public Advocacy Division

KEVIN VERMILLION
Director, Office of Consumer Protection

EMILY HOLNESS
Deputy Director, Office of Consumer Protection

BRITTANY NYOVANIE
Assistant Attorney General, Office of Consumer Protection

Office of the Attorney General
for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
(202) 702-5686
Brittany.Nyovanie@dc.gov

*Attorneys for Plaintiff*
*District of Columbia*

PEOPLE OF THE STATE OF ILLINOIS

*/s/ Hal B. Dworkin*

HAL B. DWORKIN, IL Bar No. 6318213
Senior Assistant Attorney General
Office of the Illinois Attorney General
Consumer Protection Division
Consumer Fraud Bureau
115 South LaSalle Street
Chicago, IL 60603
(312) 814-5159
Hal.Dworkin@ilag.gov

*Attorney for Plaintiff*
*The People of the State of Illinois*

FOR PLAINTIFF THE PEOPLE OF THE STATE OF MICHIGAN:

*/s/ Aaron W. Levin*

AARON W. LEVIN
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Fax: (517) 335-6755
levina@michigan.gov

*Attorney for Plaintiff*
*The People of the State of Michigan*

KEITH ELLISON
Attorney General of Minnesota

*/s/ Daniel Rife*

DANIEL RIFE
ALEX KENNETH BALDWIN
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2130
Daniel.rife@ag.state.mn.us
Telephone: (651) 757-1104
Alex.Baldwin@ag.state.mn.us
Telephone: (651) 728-4049

*Attorneys for Plaintiff*
*State of Minnesota by its Attorney General*
*Keith Ellison*

CATHERINE HANAWAY
Missouri Attorney General

*/s/ Alison Esbeck*

Alison Esbeck (MO Bar # 58501)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-4977
Alison.Esbeck@ago.mo.gov

Connor McNeall (MO Bar # 76836)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-7888
connor.mcneall@ago.mo.gov

*Attorneys for Plaintiff*
*Missouri Attorney General's Office*

STATE OF MONTANA

*/s/ Anna Schneider*

Anna Schneider (MT #13963)
Special Assistant Attorney General, Senior Counsel
Office of Consumer Protection
Montana Department of Justice
P.O. Box 200151
Helena, MT 59620-0151
(406) 444-4500
Anna.schneider@mt.gov

*Attorney for Plaintiff*
*State of Montana*

STATE OF NEBRASKA

*/s/ Benjamin J. Swanson*

Benjamin J. Swanson (NE #27675)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
(402) 471-7759
benjamin.swanson@nebraska.gov

*Attorney for Plaintiff*
*State of Nebraska*

FOR PLAINTIFF STATE OF NEW HAMPSHIRE:

JOHN M. FORMELLA
Attorney General

*/s/ Amanda N. Purcell*

Amanda N. Purcell, NH Bar #278532
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
One Granite Place South
Concord, NH 03301
(603) 271-1215
Amanda.N.Purcell@doj.nh.gov

*Attorney for Plaintiff*
*State of New Hampshire*

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

*/s/ Zeyad A. Assaf*

Zeyad A. Assaf
Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey St., 5th Fl.
Newark, NJ 07102
(609) 696-5363
Zeyad.Assaf@law.njoag.gov

*Attorney for Plaintiff*
*Attorney General of the State of New Jersey*

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Christian Reigstad*

Christian Reigstad (NY Bar No. 5158936)
Patrick Gibson (NY Bar No. 5267489)
Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, NY 10005
(212) 416-8321 (Reigstad)
(212) 416-6067 (Gibson)
Christian.reigstad@ag.ny.gov
patrick.gibson@ag.ny.gov

*Attorney for Plaintiff*
*The State of New York*

FOR PLAINTIFF THE STATE OF NORTH CAROLINA:

JEFF JACKSON
North Carolina Attorney General

*/s/ Jesse Ramos*

JESSE RAMOS (NC Bar No. 51663)
Special Deputy Attorney General

KUNAL CHOKSI (NC Bar No. 55666)
Senior Deputy Attorney General

BRIAN RABINOVITZ (NC Bar No. 41538)
Special Deputy Attorney General

Consumer Protection Division
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602
Tel: (919) 716-6000
Fax: (919) 716-6050
jramos@ncdoj.gov

*Attorneys for Plaintiff*
*The State of North Carolina*

D. ANDREW WILSON
OHIO ATTORNEY GENERAL

*/s/ Kevin R. Walsh*

Kevin R. Walsh (0073999)
Senior Assistant Attorney General
Consumer Protection Section
615 W. Superior Avenue, 11th Floor
Cleveland, Ohio 44113
Telephone: (216) 787-3447
Facsimile: (866) 947-3223
Kevin.Walsh@ohioago.gov

*Attorneys for Plaintiff*
*Ohio Attorney General*

GENTNER DRUMMOND,
ATTORNEY GENERAL OF OKLAHOMA

*/s/ Christopher J. Campbell*

Cameron R. Capps, OBA No. 32742
Christopher. J. Campbell, OBA No. 33649
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 522-1260
Fax: (405) 521-3921
Cameron.Capps@oag.ok.gov
Chris.Campbell@oag.ok.gov

*Attorneys for Plaintiff*
*Attorney General of Oklahoma*

DAVID W. SUNDAY, Jr.
PENNSYLVANIA ATTORNEY GENERAL

By:

*/s/ Merna T. Hoffman*

MERNA T. HOFFMAN
Senior Deputy Attorney General
PA Attorney I.D. No. 312897
15th Floor, Strawberry Square
Harrisburg, PA 17120
mhoffman@attorneygeneral.gov

*Attorney for Plaintiff*
*Attorney General of Pennsylvania*

**JAY JONES,**
**ATTORNEY GENERAL OF THE**
**COMMONWEALTH OF VIRGINIA**

*/s/ Mark S. Kubiak*

Mark S. Kubiak (VSB No. 73119)
Senior Assistant Attorney General
Timothy S. Allison (VSB No. 98083)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7364 (Kubiak)
(804) 786-0594 (Allison)
mkubiak@oag.state.va.us
tallison@oag.state.va.us

*Attorneys for Plaintiff*
*Jay Jones, Attorney General of the*
*Commonwealth of Virginia*

**JOHN B. MCCUSKEY,**
**ATTORNEY GENERAL OF WEST VIRGINIA**

*/s/ Tanya L. Godfrey*

Ann L. Haight (WVSB# 1527)
Deputy Attorney General, Consumer Director
Tanya L. Godfrey (WVSB# 7448)
Assistant Attorney General
Office of the West Virginia Attorney General
P.O. Box 1789
Charleston, WV 25326
(304) 558-8986
Ann.L.Haight@wvago.gov
Tanya.L.Godfrey@wvago.gov

*Attorneys for Plaintiff*
*Attorney General of West Virginia*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Laura E. McFarlane*

LAURA E. MCFARLANE
Assistant Attorney General
State Bar #1089358
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8911
(608) 294-2907 (Fax)
laura.mcfarlane@wisdoj.gov

*Attorney for Plaintiff*
*State of Wisconsin*

Co-counsel for attorneys appearing *pro hac vice*:

Kerry O'Brien (CABN 149264)
Federal Trade Commission
Western Region San Francisco
90 Seventh St., Suite 14-300
San Francisco, CA 94103
(415) 848-5100
kobrien@ftc.gov

**ECF ATTESTATION**

I, Stephanie Liebner, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing or email on June 5, 2026, on all counsel of record.

*/s/ Stephanie Liebner*

Stephanie Liebner (VA Bar No. 90647)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177
Fax: (202) 326-3395
Email: sliebner@ftc.gov