# Exhibit A

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (Virginia Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar 1023521)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
(202) 326-3395 (fax)

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | Case No. 4:25-cv-03477-JST |
| Plaintiff, | **PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| **UBER TECHNOLOGIES, Inc.**, a corporation, and | |
| **UBER USA, LLC**, a limited liability company, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC" or the "Commission"), pursuant to Federal Rules of Civil Procedure 26 and 34, serves the following requests for production of documents ("RFPs") from Defendants Uber Technologies, Inc. and Uber USA, LLC (collectively, "Defendants" or "Uber").

1

Uber's responses to these requests are due within 30 days of service. Please also produce for examination, copying, and inspection the documents and things described below within 30 days of service, at the office of the Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.

For purposes of these requests, the following instructions and definitions apply.

## I.     INSTRUCTIONS

A.     **Failure to Disclose**: You are placed on notice that, to the extent that you fail to disclose responsive documents (including ESI) in response to these RFPs, the FTC may move before or at trial or any other evidentiary hearing to preclude you from presenting evidence regarding or relating to this information.

B.     **Ongoing Duty to Supplement**: These RFPs are continuing in nature through the conclusion of this matter and require supplemental responses pursuant to Federal Rule of Civil Procedure 26(e). Responsive Documents obtained or discovered after your initial response and production must be produced promptly.

C.     **Document Retention**: Retain all documentary materials used in the preparation of responses to these RFPs. The FTC may seek the production of additional documents at a later time during this litigation. Accordingly, you should have already suspended any routine procedures for document destruction and taken other measures to prevent the destruction of documents that are in any way relevant to this litigation during its pendency, regardless of whether you believe such documents are protected from discovery by privilege or otherwise.

D.     **Scope of Search**: These RFPs require you to produce documents in your possession or under your actual or constructive custody or control, including, but not limited to,

2

documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

E.    **Construction**:  In construing these requests, the singular shall be deemed to include the plural and vice versa, so as to make the requests inclusive rather than exclusive.  The past tense shall be construed to include the present and future tenses and vice versa, so as to make the requests inclusive rather than exclusive.

F.    **Applicable Time Period**:  The applicable time period, unless otherwise specified, shall be from November 8, 2019, to the date of full and complete response.  This instruction shall not be read to limit your duty to supplement your responses pursuant to Rule 26(e).

G.    **Sharing of Information**:  The FTC often makes its files available to other civil and criminal federal, state, local, or foreign law enforcement agencies.  The Commission may make information supplied by you available to such agencies where appropriate pursuant to the Federal Trade Commission Act and 16 C.F.R. § 4.11 (c) and (j) and in compliance with any Protective Order entered by the Court.  Information you provide may be used in any federal, state, or foreign civil or criminal proceeding by the Commission or other agencies.

H.    **Privilege**:  If any document or portion of a document that would be responsive to a request below is not produced because of a claim of privilege or immunity, you shall serve upon the FTC counsel a written list that identifies each such document and the applicable claim (*e.g.*, attorney-client privilege) and provides sufficient information for the FTC to assess the applicability of privilege or protection as required by Federal Rule of Civil Procedure 26(b)(5). Such information includes, without limitation, (a) the name and position of each author,

3

PLAINTIFF'S SECOND SET OF
REQUESTS FOR PRODUCTION
4:25-CV-03477-JST

originator, and/or creator of the document; (b) the name and position of each addressee or recipient of the document; (c) the name and position of each other person who received or was shown the document or a copy thereof; (d) the nature of the document (*e.g.*, a letter, a memorandum, an advertisement, hand-written notes, etc.); (e) the general subject matter of the document or portion of the document withheld; (f) the date of the document or, if the specific creation date of the document is not known, your best estimate of the date (*i.e.*, the month and year or, if the month is not known, the year) on which the document is believed to have been created; (g) the number of pages of the document or portion of the document withheld; (h) the specific privilege or exemption claimed for that document; and (i) an explanation of the grounds for claiming such privilege or exemption, with sufficient particularity to provide a basis for determination of the validity of the privilege or exemption claimed.  Any attachment to an allegedly privileged or immune document shall be produced unless you contend that the attachment is also privileged or immune, in which case the information specified above in this paragraph shall be separately provided for each such attachment.  If only some portion of any responsive material is privileged, all non-privileged portions of the material must be produced.

I.     **Objections**:  If there is an objection to any part of a request below, the grounds of the objection and the part to which the objection applies should be identified with specificity, and documents responsive to the remaining part(s) should be produced.

J.     **Translations:**  Where an identified document is in a language other than English, state whether an English translation of such document exists.  If an English translation exists, identify and provide both the document and the English translation.

4

K.      **Sensitive Personally Identifiable Information**:  If any material called for by these requests contains sensitive personally identifiable information or sensitive health information of any individual, please contact FTC counsel before sending those materials to discuss ways to protect such information during production, such as by encrypting any electronic copies of such material with encryption software such as SecureZip and providing the encryption key in a separate communication.

For purposes of these requests, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth; Social Security number; driver's license number or other state identification number or a foreign country equivalent; passport number; financial account number; credit card number; or debit card number.  Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

## II.      DEFINITIONS

A.      "**Advertisement**" or "**Advertising**" or "**Ad**" means any written or verbal statement, illustration, or depiction that promotes the sale or use of a good or service or is designed to increase consumer interest in a brand, good, or service. Advertising media includes, but is not limited to: packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content.  Advertisements include email marketing, pop-ups, push notifications, and the like.

5

PLAINTIFF'S SECOND SET OF
REQUESTS FOR PRODUCTION
4:25-CV-03477-JST

B.  "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any request any document that otherwise might be construed to be outside the scope of the request.

C.  "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include "**any**."

D.  "**Cancellation Procedure**" and "**Cancellation Process**" means the process, flow, or experience through which a consumer may temporarily or permanently stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account, including all immediately preceding or immediately subsequent steps that form part of that process, flow, or experience (such as elements that could influence the consumer's behavior during, or understanding of, the process, flow, or experience).

E.  "**Customer Correspondence**" means documents, such as complaints, reviews (on social media, app stores, or otherwise), inquiries, and your responses to such complaints, reviews, and inquiries, that you directly or indirectly received from or sent to a customer, including any complaints or inquiries to or by Better Business Bureaus or government agencies, and your responses to those complaints, reviews, or inquiries.

F.  "**Diverted Cancel**" means a consumer: (a) who was enrolled in Uber One (through a free trial or otherwise); (b) for whom you have any reason to believe intended to cancel Uber One through (in whole or in part) a cancellation procedure (including any consumer to commence a cancellation procedure, either on the consumer's own initiative or at your direction); and (c) who did not terminate their enrollment during the cancellation procedure.

6

G.      "**Document**" means the complete original, all drafts, and any non-identical copy, whether different from the original because of notations on the copy, different metadata, or otherwise, of any item covered by Federal Rule of Civil Procedure 34(a)(1)(A), including ESI.

H.      "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

I.      "**Electronically Stored Information**" or "**ESI**" means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any information created, manipulated, communicated, stored, or utilized in digital form, requiring the use of computer hardware or software.  This includes, but is not limited to, electronic mail, instant messaging (including WhatsApp or Slack), videoconferencing, other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.  "ESI" also includes such technical assistance or instructions as will enable FTC counsel to convert ESI into a reasonably usable form.

J.      "**Enrollment**" or "**Enrollment Process**" means the process, flow, or experience through which a consumer accepts an offer or arrangement to receive a product or service, whether through silence, failure to take affirmative action to reject such offer or arrangement, or otherwise, including all immediately preceding or immediately subsequent steps that form part of

PLAINTIFF'S SECOND SET OF
REQUESTS FOR PRODUCTION
4:25-CV-03477-JST

that process, flow, or experience (such as any elements that could influence the consumer's behavior during, or understanding of, the process, flow, or experience).

K.    "**Include**" and "**including**" mean "including without limitation," or "including but not limited to," to avoid excluding any document that might otherwise fall within the scope of any request.

L.    "**Nonconsensual Enrollee**" or "**Nonconsensual Enrollment**" mean a consumer: (a) who was enrolled in Uber One; (b) whom you have any reason to believe was enrolled without the consumer knowing or realizing they were enrolled; and (c) whom you have no reason to believe was enrolled through identity theft or as a result of any other fraud by a third party.  Nonconsensual Enrollment includes "mistaken" enrollment and "accidental" enrollment.

M.    "**Product**" means products, goods, and services, and includes online memberships, subscriptions, free trials, and enrollments.

N.    "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

O.    "**You**" and "**Your**" mean Uber Technologies, Inc., Uber USA LLC, and their wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all current and former directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing, individually, collectively, or in any combination.

III.    **REQUESTS FOR PRODUCTION**

8

42.  All Documents Relating to (a) goals or targets set for teams or groups working on Any issue Relating to Uber One or Uber Pass, and (b) metrics by which those teams' performance was evaluated.  *See* RFP 4.

43.  All operational plans, business reviews, technical reviews, product requirements documents, and reports prepared by or for Any team or group working on Any issue Relating to Uber One or Uber Pass.  *See* RFP 6.

44.  All Documents Relating to Your polices, practices, or procedures for Uber One or Uber Pass, Including (a) how You determine when consumers enrolled in Uber One or Uber Pass will be charged or billed for their subscriptions; (b) how You calculate savings claims that may appear in Uber One pr Uber Pass Advertisements, Enrollment Processes, and Cancellation Processes; (c) the Uber One and Uber Pass terms of service; (d) how You address or dispute chargebacks; (e) the issuance of refunds; (f) the terms of free trials, enrollment incentives, or promotions; (g) how You determine which fees, if Any, will be charged to consumers who are subscribed in Uber One or Uber Pass; and (h) Any changes, whether enacted or only considered, to Your policies, practices, or procedures.  *See* RFP 14.

45.  All Documents Relating to consumer understanding, beliefs, intention, or perception regarding Uber One or Uber Pass, including the terms of Uber One or Uber Pass; Uber One or Uber Pass Advertisements; Uber One or Uber Pass Enrollment and Cancellation Processes; Nonconsensual Enrollment, or nonconsensual enrollment for Uber Pass; Diverted Cancels, or diverted cancels for Uber Pass; Uber One or Uber Pass subscription benefits or savings; and Uber One or Uber Pass partnerships or agreements with third party entities.  *See* RFP 15.

46.  All Documents Relating to Any communications received from, or investigations or inquiries by, Any civil or criminal law enforcement or consumer protection agency, or Better Business Bureau, regarding Nonconsensual Enrollment or Uber One or Uber Pass Cancellation or Enrollment Processes.  *See* RFP 16.

47.  All Documents Relating to private lawsuits against You regarding Uber One or Uber Pass and involving Uber One or Uber Pass Enrollment or Cancellation Processes, Nonconsenual Enrollment, Diverted Cancels, or Uber One or Uber Pass subscription benefits or savings.  *See* RFP 17.

48.  All Documents prepared by or for You Relating to Uber One or Uber Pass Customer Correspondence, Including analyses, studies, or reviews of Uber One or Uber Pass Customer Correspondence.  *See* RFP 20.

49.  All Documents Relating to (a) credit card fraud, (b) account takeovers, (c) Uber One or Uber Pass partnerships or agreements with third party entities, or (d) family or household members signing up for Uber One or Uber Pass for other members of their family or household, as a cause of Nonconsensual Enrollment.  *See* RFP 22.

50.  All Documents and data Relating to Uber One or Uber Pass Customer Correspondence, Including Documents or data showing, for Each month, the volume and percentage of customer service contacts Relating to Each code, tag, or categorization.  *See* RFP 26.

51.  All Documents and underlying data Relating to savings claims that may appear in Uber One Advertisements, Enrollment Processes, and Cancellation Processes (e.g., that Uber One customers save or can save $25 per month, or that Uber One customers are eligible for $0 delivery fees), Including Any analyses, experiments, reviews, studies, or testing You conducted. *See* RFP 29.

52.  All Documents (Including video recordings and underlying data) Relating to Any analyses, experiments, reviews, studies, or testing of Uber One, Uber Pass, or any other subscription service.  *See* RFP 31.

53.  All Documents and underlying data relating to consumer testing or analyses of Uber One, Uber Pass, or any other subscription service performed by You or at Your direction regarding consumer understanding, beliefs, behavior, perception, or demographics, Including Any A/B or multivariate testing, copy testing, surveys, focus groups, customer interviews, conversion rate testing, clickstream analysis, or polling.  *See* RFP 32.

54.  All Documents and underlying data Relating to how You determine the total price of Uber rides or Uber Eats deliveries, Including (a) the effect, if Any, that a consumer's enrollment or membership status in Uber One or Uber Pass has on the total price or Any fees that may be included in the total price; and (b) how You determine whether an Uber ride or Uber Eats delivery is eligible for a $0 delivery fee, 10% discount, or other special offer or promotion associated with Uber One or Uber Pass.  *See* RFP 33(c-d).

Dated: May 29, 2026

*/s/ James Doty*

Paul Mezan (NY Bar #5357124)
Stephanie Liebner (VA Bar #90647)
James Doty (NY Bar # 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar 1023521)
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington DC 20580
(202) 758-4177; pmezan@ftc.gov (Mezan)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

10