# Exhibit B

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> **UBER TECHNOLOGIES, Inc.**, a corporation, and <br><br> **UBER USA, LLC**, a limited liability company, <br><br> Defendants. | Case No. 4:25-cv-03477-JST <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S SECOND SET OF INTERROGATORIES** |

Plaintiff Federal Trade Commission ("FTC" or the "Commission"), pursuant to Federal Rules of Civil Procedure 26 and 33, serves the following interrogatories on Defendants Uber Technologies, Inc. and Uber USA, LLC (collectively, "Uber"). Uber's responses to these interrogatories are due within 30 days of service.

For purposes of these interrogatories, the following instructions and definitions apply.

## I.    INSTRUCTIONS

A.    **Failure to Disclose**:  You are placed on notice that, to the extent that you fail to disclose responsive information in response to these interrogatories, the FTC may move before or at trial or any other evidentiary hearing to preclude you from presenting evidence regarding or relating to this information.

B.    **Ongoing Duty to Supplement**:  These interrogatories are continuing in nature through the conclusion of this matter and require supplemental responses pursuant to Federal Rule of Civil Procedure 26(e).  Responsive information obtained or discovered after your initial response and production must be provided promptly.

C.    **Document Retention**:  Retain all documentary materials used in the preparation of responses to these interrogatories.  The FTC may seek the production of additional documents or information at a later time during this litigation.  Accordingly, you should have already suspended any routine procedures for document destruction and taken other measures to prevent the destruction of documents that are in any way relevant to this litigation during its pendency, regardless of whether you believe such documents are protected from discovery by privilege or otherwise.

D.    **Scope of Search**:  These interrogatories require you to provide information in your possession or under your actual or constructive custody or control, including, but not limited to, information in the possession, custody, or control of your attorneys, accountants, directors, officers, employees, and other agents and consultants, whether or not such information was received from or disseminated to any person or entity.

E.    **Construction**:  In construing these interrogatories, the singular shall be deemed to include the plural and vice versa, so as to make the requests inclusive rather than exclusive.  The

past tense shall be construed to include the present and future tenses and vice versa, so as to make the requests inclusive rather than exclusive.

F.    **Complete Responses**:  Each interrogatory should be set forth in full preceding the answer to it and should be answered separately and fully in writing, under oath.  If any interrogatory cannot be answered in full, answer the interrogatory to the fullest extent possible and provide the reasons for the inability to answer fully.

G.    **Other Responses**:  If your answer to all or any part of any interrogatory is "unknown," "not applicable," or any similar response, please state (1) why the answer to the interrogatory is "unknown" or "not applicable" (or something similar), (2) the efforts made to obtain answers to the particular interrogatory, and (3) the name and contact information of any person who may know the answer.

H.    **Applicable Time Period**:  The applicable time period, unless otherwise specified, shall be from November 8, 2019, to the date of full and complete response.  This instruction shall not be read to limit your duty to supplement your responses pursuant to Rule 26(e).

I.    **Sharing of Information**:  The FTC often makes its files available to other civil and criminal federal, state, local, or foreign law enforcement agencies.  The Commission may make information supplied by you available to such agencies where appropriate pursuant to the Federal Trade Commission Act and 16 C.F.R. § 4.11(c) and (j) and in compliance with any Protective Order entered by the Court.  Information you provide may be used in any federal, state, or foreign civil or criminal proceeding by the Commission or other agencies.

J.    **Privilege**:  If any responsive information is withheld on the basis of a claimed privilege, you must expressly make the claim and describe the nature of the information withheld in sufficient detail to enable the FTC to assess the privilege claim.  *See* Fed. R. Civ. P. 26(b)(5).

3

PLAINTIFF'S SECOND SET OF<br>INTERROGATORIES<br>4:25-CV-03477-JST

K.    **Objections**:  All objections to any individual interrogatory must be raised in the initial response or are otherwise waived.  If you object to any interrogatory or a part of any interrogatory, state the interrogatory or part to which you object, state the exact nature of the objection, and describe in detail the facts upon which you base your objection.

L.    **Sensitive Personally Identifiable Information**:  If any material called for by these interrogatories contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production.  Contact us to discuss encrypting any electronic copies of such material with encryption software such as SecureZip and provide the encryption key in a separate communication.

For purposes of these interrogatories, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth; Social Security number; driver's license number or other state identification number or a foreign country equivalent; passport number; financial account number; credit card number; or debit card number.  Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

II.    **DEFINITIONS**

A.    "**Advertisement**" or "**Advertising**" or "**Ad**" means any written or verbal statement, illustration, or depiction that promotes the sale or use of a good or service or is designed to increase consumer interest in a brand, good, or service.  Advertising media includes,

PLAINTIFF'S SECOND SET OF
INTERROGATORIES
4:25-CV-03477-JST

but is not limited to: packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content.  Advertisements include email marketing, pop-ups, push notifications, and the like.

B.  "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any Request any document or information that otherwise might be construed to be outside the scope of the Request.

C.  "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include "**any**."

D.  "**Cancellation Procedure**" and "**Cancellation Process**" means the process, flow, or experience through which a consumer may temporarily or permanently stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account, including all immediately preceding steps that form part of that process, flow, or experience (such as elements that could influence the consumer's behavior during, or understanding of, the process, flow, or experience).

E.  "**Customer Correspondence**" means documents, such as complaints, reviews (on social media, app stores, or otherwise), inquiries, and your responses to such complaints, reviews, and inquiries, that you directly or indirectly received from or sent to a customer, including any complaints or inquiries to or by Better Business Bureaus or government agencies, and your responses to those complaints, reviews, or inquiries.

F.  "**Diverted Cancel**" means a consumer: (a) who was enrolled in Uber One (through a free trial or otherwise); (b) for whom you have any reason to believe intended to cancel Uber One through (in whole or in part) a cancellation procedure (including any consumer

PLAINTIFF'S SECOND SET OF
INTERROGATORIES
4:25-CV-03477-JST

to commence a cancellation procedure, either on the consumer's own initiative or at your direction); and (c) who did not terminate their enrollment during the cancellation procedure.

G.    "**Document**" means the complete original, all drafts, and any non-identical copy, whether different from the original because of notations on the copy, different metadata, or otherwise, of any item covered by Federal Rule of Civil Procedure 34(a)(1)(A), including ESI.

H.    "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

I.    "**Electronically Stored Information**" or "**ESI**" means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any information created, manipulated, communicated, stored, or utilized in digital form, requiring the use of computer hardware or software.  This includes, but is not limited to, electronic mail, instant messaging (including WhatsApp or Slack), videoconferencing, other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.  "ESI" also includes such technical assistance or instructions as will enable FTC counsel to convert ESI into a reasonably usable form.

J.    "**Enrollment**" or "**Enrollment Process**" means the process, flow, or experience through which a consumer accepts an offer or arrangement to receive a product or service, whether through silence, failure to take affirmative action to reject such offer or arrangement, or otherwise, including all immediately preceding or immediately subsequent steps that form part of

6

PLAINTIFF'S SECOND SET OF
INTERROGATORIES
4:25-CV-03477-JST

that process, flow, or experience (such as any elements that could influence the consumer's behavior during, or understanding of, the process, flow, or experience).

K.    "**Include**" and "**including**" mean "including without limitation," or "including but not limited to," to avoid excluding any document or information that might otherwise fall within the scope of any Request.

L.    "**Nonconsensual Enrollee**" or "**Nonconsensual Enrollment**" mean a consumer: (a) who was enrolled in Uber One; (b) whom you have any reason to believe was enrolled without the consumer knowing or realizing they were enrolled; and (c) whom you have no reason to believe was enrolled through identity theft or as a result of any other fraud by a third party.  Nonconsensual enrollment includes "mistaken" enrollment and "accidental" enrollment.

M.    "**Product**" means products, goods, and services, and includes online memberships, subscriptions, free trials, and enrollments.

N.    "**Referring to**" or "**relating to**" means discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

O.    "**You**" and "**Your**" means Uber Technologies, Inc., Uber USA, LLC, and their wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all current and former directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing, individually, collectively, or in any combination.

## III.    INTERROGATORIES

2.    For each Uber One subscriber, identify by Bates number(s) any enrollment flow completed by the consumer, including any advertisements clicked on by the consumer.

7                    PLAINTIFF'S SECOND SET OF
                     INTERROGATORIES
                     4:25-CV-03477-JST

3.    For each entry point variable listed in Uber's data productions responsive to RFP 35 (*e.g.*, "checkout interstitial," "one click," and "interstitial home") identify by Bates number all enrollment flows and advertisements that correspond to the entry point variable.

4.    State the number of impressions received for each advertisement produced by Uber.

Dated:  May 29, 2026

/s/ James Doty
Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S SECOND SET OF
INTERROGATORIES
4:25-CV-03477-JST