Division of Financial Practices
Bureau of Consumer Protection

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

August 7, 2026

***By ECF***

Honorable Thomas S. Hixson
United States District Court, Northern District of California
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:   *FTC et al. v. Uber Technologies, Inc. et al.*, Case No. 4:25-cv-03477-JST

Dear Judge Hixson:

Plaintiffs the FTC and Attorneys General of Alabama and Maryland, on behalf of themselves and the Attorneys General of the States of Arizona, Connecticut, Minnesota, Missouri, Montana, Nebraska, New Hampshire, New Jersey, New York, North Carolina, Ohio, Oklahoma, Pennsylvania, Virginia, West Virginia, Wisconsin, and the District of Columbia, the People of the State of California, the People of the State of Illinois, and the People of the State of Michigan, (collectively, the "States") and defendants Uber Technologies, Inc. and Uber USA, LLC ("Uber") submit this joint discovery status report pursuant to the Court's July 24, 2026 (Dkt. 252) Order.

The parties hereby attest that they have met and conferred in good faith to resolve their disputes prior to filing this statement.

Respectfully submitted,

*/s/ Sarah Abutaleb*

Sarah Abutaleb
*Attorney for Plaintiff FTC*

*/s/ Michael Dean*

Michael G. Dean
*Assistant Attorney General*
*Attorney for Plaintiff State of Alabama*

*/s/ Philip Ziperman*
_____
Philip Ziperman
*Deputy Chief, Consumer Protection Division*
*Attorney for Plaintiff Attorney General of*
*Maryland*


*/s/ David Gringer*
_____
David Gringer
Wilmer Cutler Pickering Hale and Dorr LLP
*Attorney for Uber Technologies, Inc.*
*and Uber USA, LLC*


*/s/ Ben Mundel*
_____
Ben Mundel
Sidley Austin LLP
*Attorney for Uber Technologies, Inc.*
*and Uber USA, LLC*

2

**JOINT STATEMENT**

At this time, there are no ripe disputes between the parties that require the Court's intervention. The parties have agreed to the following deadlines and respectfully request that the Court order the following:

1. Uber to review an additional 148 documents identified by the TAR model and produce any responsive, non-privileged documents by August 14, 2026. As ordered by the Court on July 2, 2026, Uber produced to the FTC a random sample of 300 documents that were marked as non-responsive from Uber's initial seed set that was used to train its TAR model. Dkt. No. 248. Uber has since re-run the TAR model assuming six of these are responsive, resulting in an additional 148 potentially responsive, unreviewed documents.

2. Uber to identify by Bates number or produce hyperlinked material identified by the FTC contained in responsive documents by August 14, 2026, in accordance with the parties' ESI agreement. Dkt. No. 144, Section 9(e).

3. Plaintiffs to (1) inform Uber by no later than August 15, 2026 whether they intend to seek an increase in the number of depositions permitted under the rules and, if so, the number of additional depositions they intend to seek; (2) identify no later than August 15 at least five of the Uber employees they intend to depose; and (3) serve a 30(b)(6) notice on Uber at least 14 days before the deposition of the first Uber employee to be deposed in the case.

4. The FTC to supplement its responses to Uber's Interrogatories 18-20 by August 21, 2026.

5. The States to supplement their responses to Uber's Interrogatories 18 and 19 by August 21, 2026.

Given the parties' agreements, they do not believe the discovery hearing set for August 11, 2026 is necessary and request that it be removed from the calendar, unless there are issues the Court would like to address.

1

**ECF ATTESTATION**

I, Sarah Abutaleb, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing or email on August 7, 2026, on all counsel of record.

*/s/ Sarah Abutaleb*

1