Division of Financial Practices
Bureau of Consumer Protection

UNITED STATES OF AMERICA
FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

September 25, 2026

***By ECF***

Honorable Thomas S. Hixson
United States District Court, Northern District of California
Courtroom E – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *FTC et al. v. Uber Technologies, Inc. et al.*, Case No. 4:25-cv-03477-JST

Dear Judge Hixson:

Plaintiff Federal Trade Commission ("FTC") and Defendants Uber Technologies, Inc. and Uber USA, LLC ("Uber" or "Defendants") submit this joint discovery letter pursuant to Fed. R. Civ. P. 37(a) and the Court's local rules.

The parties hereby attest that they have met and conferred in good faith prior to filing this discovery letter.

Respectfully submitted,

*/s/ Paul Mezan*

Paul Mezan
Federal Trade Commission
*Attorney for Plaintiff FTC*

*/s/ Ben Mundel*

Ben Mundel
Sidley Austin LLP

*Attorney for Uber Technologies, Inc. and Uber USA, LLC*

**JOINT STATEMENT**

At this time, there are no ripe disputes between the parties that require the Court's intervention. The parties have agreed to the following deadlines and respectfully request the Court order the following:

1. Defendants to supplement their response to Interrogatory 13 by October 2, 2026 to identify (a) the individuals involved in formulating Uber's good faith belief that its subscription services complied with ROSCA; (b) the bates number of documents which reflect discussions formulating that belief; and (c) the dates on which this good faith belief was developed, to the extent that information is known.

2. The parties to file another joint status report by October 2, 2026 at 12 p.m. PST.[1]

Given the parties' agreement, they do not believe a discovery hearing is necessary at this time, unless there are issues the Court would like to address.

[1] While the parties continue to confer, the FTC anticipates that certain time-sensitive issues will ultimately require Court intervention in the near future, including i) Defendants' objections to certain topics in the FTC's 30(b)(6) deposition notice, ii) deficiencies in Defendants' responses to certain interrogatories and requests for production issued by the FTC; and iii) the total number of fact witness depositions per each side that are justified by the scope of this case. On the latter point, if the parties cannot reach agreement, the FTC anticipates requesting the court authorize Plaintiffs to take an additional five depositions above the presumptive limit of 10 but will fully brief this issue in a subsequent joint status report.