# EXHIBIT E

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: +1 202 663 6672

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS,

Case No. 4:25-CV-3477-JST

**DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NOTICE OF DEPOSITION TO UBER TECHNOLOGIES, INC. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

Complaint Filed: April 21, 2025

AND THE PEOPLE OF THE STATE OF MICHIGAN,

Plaintiffs,

vs.

UBER TECHNOLOGIES, INC., a corporation, and Uber USA, LLC, a limited liability company,

Defendants.

Defendant Uber Technologies, Inc. ("Uber") submits these written responses and objections ("Objections") to Plaintiffs' Notice of Deposition to Uber Pursuant to Federal Rule of Civil Procedure ("FRCP") 30(b)(6) ("Notice").

**GENERAL OBJECTIONS**

The following General Objections apply to each of the Topics whether or not specifically referred to and/or incorporated in each response:

Privilege. Uber objects to the Topics to the extent they seek documents or information subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity from discovery (collectively, "Privileged Information"). Any inadvertent disclosure of Privileged Information by Uber shall not constitute a waiver of any applicable privilege, doctrine, or immunity.

No Waiver. By responding to these Topics, Uber does not concede relevance or admissibility of any Topic nor the relevance or admissibility of information or documents provided in response thereto. Uber expressly reserves its right to assert any and all objections to the admissibility of any responses into evidence at any hearing or trial of this proceeding, or in any other actions or proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, confidentiality, hearsay, or admissibility as evidence for any other purpose.

**SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

Uber specifically objects to the Instructions and the Definitions to the extent they purport to impose obligations on Uber that exceed those imposed by the Federal Rules of Civil Procedure and the Local Rules. In responding to these Topics, Uber will follow the requirements set forth in the Rules and the Local Rules.

Uber specifically objects to Instruction A as imposing an undue burden on Uber. Uber provided information for the time period beginning October 1, 2021 in response to the FTC's VAL, and it is disproportionate to the needs of the case to require Uber to provide information from November 8, 2019—nearly two full years before the launch of the membership program at issue in FTC's Complaint. Additionally, Instruction A purports to extend the applicable time period to the present, an indefinite endpoint that extends far after the filing of the Complaint and is an ever-moving goalpost. Uber will name a witness to respond to these Topics regarding information from October 1, 2021 to December 15, 2025 ("Applicable Time Period"), except for Topics relating to Uber Pass.

Uber further objects to Instruction A to the extent it purports to impose a time period inconsistent with the Court's prior discovery orders and the parties' agreements.

Uber specifically objects to the definition of "Cancellation Procedure" and "Cancellation Process" as overbroad, vague, and imprecise. Defining the terms to include "all immediately preceding steps" and "elements that could influence the consumer's behavior during, or understanding of, the process" makes the starting point of a "Cancellation Procedure" or "Cancellation Process" indeterminate, circular, and potentially limitless.

Uber specifically objects to the definition of "Customer Correspondence" as overbroad and seeking irrelevant information to the extent it includes any Uber customers who were not Uber One members. Uber objects that "Customer Correspondence" is overbroad to the extent it includes publicly available information (for example, reviews on social media and app stores) that is not in the custody of Uber and is equally accessible to FTC. Further, Uber objects that the phrase "indirectly received from … a customer" is overbroad, vague, and imprecise.

Uber specifically objects to the definition of "Enrollment" or "Enrollment Process" as overbroad, vague, and imprecise. By defining the terms as encompassing "all immediately preceding steps or immediately subsequent steps," the definition refers back to itself without specifying any determinate starting or ending point, thereby rendering it circular and the scope limitless. Further, the inclusion of the phrase "any elements that could influence the consumer's behavior during, or understanding of, the process" compounds the ambiguity by introducing an undefined, potentially boundless, and similarly circular variable.

The foregoing general objections and specific objections to the instructions and definitions provided by Plaintiff shall be fully incorporated by reference into each of the below specific objections to the Topics.

## OBJECTIONS TO TOPICS

**TOPIC NO. 1:**

The relationship between Uber Technologies, Inc. and Uber USA, LLC, including the extent of which the entities are under common control, share office space and officers, transact business together, commingle funds, or engage in unified advertising.

**UBER'S RESPONSE TO TOPIC NO. 1:**

Uber objects to this Topic because it seeks irrelevant information but proposes to provide a written answer to Plaintiffs by November 2, 2026.

**TOPIC NO. 2:**

Uber's knowledge of the Restore Online Shopper's Confidence Act ("ROSCA") and how it applies to Uber One and Uber Pass.

**UBER'S RESPONSE TO TOPIC NO. 2:**

Uber objects to this Topic to the extent it seeks the substance of privileged communications or attorney work product.

In light of the foregoing general and specific objections, Uber will not designate a witness to testify regarding this Topic.

**TOPIC NO. 3:**

When Uber became aware of Federal Trade Commission ROSCA law enforcement actions, including *FTC v. Amazon.com, Inc.*, No. 23-0932 (W.D. Wash.), *FTC v. Match Group, Inc.*, No. 19-2281 (N.D. Tex.), *FTC v. Doxo, Inc.*, No. 24-569 (W.D. Wash.), *United States v. Adobe Inc.*, No. 24-3630 (N.D. Cal.), *FTC v. Bridge It, Inc.*, No. 23-9651 (S.D.N.Y.), *FTC v. Cleo AI, Inc.*, No. 25-2594 (S.D.N.Y.), *MoviePass, Inc.*, No. C-4751 (FTC), *United States v. Dave, Inc.*, No. 24-9566 (C.D. Cal.), and *FTC v. FloatMe Corp.*. No. 24-1 (W.D. Tex.).

**UBER'S RESPONSE TO TOPIC NO. 3:**

Uber objects to this Topic as overbroad and unduly burdensome to the extent it demands that Uber pinpoint a precise date on which a corporation "became aware" of a statute, and objects that "aware" is vague as applied to a corporate entity, as the Topic does not identify whose knowledge it would attribute to Uber. Uber further objects to this Topic to the extent it seeks the substance of privileged communications or attorney work product. Uber further objects to this Topic as overbroad, unduly burdensome, and not proportionate to the needs of the case because the FTC's enforcement actions against other companies do not determine whether Uber's specific practices violated ROSCA.

In light of the foregoing general and specific objections, Uber will not designate a witness to testify regarding this Topic.

**TOPIC NO. 4:**

Uber One and Uber Pass Cancellation Processes, including the development and testing of those processes and changes made to those processes.

**UBER'S RESPONSE TO TOPIC NO. 4:**

Subject to the foregoing general objections, Uber designates Saloni Kishinchandani for this Topic as it relates to Uber One, and Breta Bharucha for this Topic as it relates to Uber Pass.

**TOPIC NO. 5:**

Uber's practice of charging consumers' accounts for Uber One or Uber Pass subscriptions before the end of their billing cycle.

**UBER'S RESPONSE TO TOPIC NO. 5:**

Subject to the foregoing general objections, Uber designates Abbey Stauffer for this Topic.

**TOPIC NO. 6:**

How Uber calculated the "total_savings_usd" field in the membership database files produced to the FTC.

**UBER'S RESPONSE TO TOPIC NO. 6:**

Subject to the foregoing general objections, Uber designates Breta Bharucha for this Topic.

**TOPIC NO. 7:**

How Uber calculated average savings of Uber One members that it used in its Advertisements, including those that appear in its Uber One and Uber Pass Enrollment and Cancellation Processes.

**UBER'S RESPONSE TO TOPIC NO. 7:**

Uber objects to this Topic to the extent it seeks information broader than the information requested by the FTC's Seventh Interrogatory. For purposes of this Topic, Uber interprets the term "average savings" to be no more broad than the savings claims challenged in the Second Amended Complaint.

Subject to the foregoing general and specific objections, Uber designates Abbey Stauffer for this Topic.

**TOPIC NO. 8:**

Uber's practice of advertising personalized savings to consumers, including during Uber One and Uber Pass Enrollment or Cancellation Processes.

**UBER'S RESPONSE TO TOPIC NO. 8:**

Uber objects to this Topic to the extent it seeks information broader than the information requested by the FTC's Seventh Interrogatory. For purposes of this Topic, Uber interprets the term "personalized savings" to be no more broad than the savings claims challenged in the Second Amended Complaint.

Subject to the foregoing general and specific objections, Uber designates Abbey Stauffer for this Topic as narrowed by Uber's objections.

**TOPIC NO. 9:**

Differences in how Uber determines base prices, service fees, and delivery fees for Uber One or Uber Pass subscribers and users who are not enrolled in either subscription service.

**UBER'S RESPONSE TO TOPIC NO. 9:**

Uber objects to this Topic as overbroad, unduly burdensome, and not proportionate to the needs of the case because it seeks information without connection to the specific disclosures and enrollment and cancellation practices challenged in the Second Amended Complaint. Uber refers to the Court's order at ECF No. 150, which denied a similar request for production of documents (RFP 33 sub-parts (a), (b), and (e)).

In light of the foregoing general and specific objections, Uber will not designate a witness to testify regarding this Topic.

**TOPIC NO. 10:**

Uber One and Uber Pass Enrollment Processes, including the development and testing of those processes and changes made to those processes.

**UBER'S RESPONSE TO TOPIC NO. 10:**

Subject to the foregoing general objections, Uber designates Breta Bharucha for Uber Pass Enrollment Processes and Abbey Stauffer for Uber One Enrollment Processes.

**TOPIC NO. 11:**

Uber's use of partnerships with third-party businesses as a means of promoting or enrolling consumers into Uber One or Uber Pass.

**UBER'S RESPONSE TO TOPIC NO. 11:**

Uber objects to this Topic as overbroad, unduly burdensome, and not proportionate to the needs of the case insofar as it covers partnerships related to Uber Pass because the Second Amended Complaint contains no allegations regarding any such partnerships. Uber further objects to this Topic as overbroad, unduly burdensome, and not proportionate to the needs of the case insofar as it covers partnerships with third-party businesses as a means of promoting Uber One through practices not challenged in the Second Amended Complaint. Uber further objects to this Topic to the extent that it overlaps with Topic 10.

Subject to the foregoing general and specific objections, Uber designates Danielle Sheridan regarding Uber's use of partnerships with third-party businesses as a means of promoting enrollment in Uber One and Abbey Stauffer regarding the development and testing of Uber One Enrollment Processes.

**TOPIC NO. 12:**

Uber's practice of "wallet cycling" as a means of collecting subscription fees from consumers enrolled in Uber One or Uber Pass.

**UBER'S RESPONSE TO TOPIC NO. 12:**

Uber objects to this Topic as overbroad, unduly burdensome and not proportionate to the needs of the case insofar as it covers a practice not discussed in the Second Amended Complaint.

In light of the foregoing general and specific objections, Uber will not designate a witness to testify regarding this Topic.

**TOPIC NO. 13:**

The relationship between Uber One and Uber Pass, including the conversion of Uber Pass subscribers into Uber One subscribers.

**UBER'S RESPONSE TO TOPIC NO. 13:**

Uber objects to the phrase "The relationship between Uber One and Uber Pass" as vague and massively overbroad. Uber is willing to make a witness available on the "conversion of Uber Pass subscribers into Uber One subscribers."

Subject to the foregoing general and specific objections, Uber designates Breta Bharucha for this narrowed Topic.

**TOPIC NO. 14:**

Benefits and promotions available to Uber One and Uber Pass subscribers, including eligibility criteria for those benefits and promotions and whether those benefits and promotions are only available to Uber One and Uber Pass subscribers.

**UBER'S RESPONSE TO TOPIC NO. 14:**

Subject to the foregoing general objections, Uber designates Breta Bharucha on this Topic for Uber Pass and Danielle Sheridan on this Topic for Uber One.

**TOPIC NO. 15:**

Uber's handling of, and responses to, Customer Correspondence relating to Uber One or Uber Pass.

**UBER'S RESPONSE TO TOPIC NO. 15:**

Uber objects to this Topic as vague and ambiguous with respect to the undefined phrases "handling of" and "responses to." To the extent that the Topic would require a witness to be familiar with all of Uber's Customer Correspondence relating to Uber One, Uber objects that the Topic is overbroad and impossible to prepare a witness for. Uber will therefore interpret these terms to

encompass Uber's policies and procedures for addressing membership questions directed to Uber's support team.

Subject to the foregoing general and specific objections, Uber designates Kelsie Sausville for Uber Pass and Uber One through June 30, 2023 and Alex Wagner for Uber One from July 1, 2023 to the end of the Applicable Time Period on the narrowed Topic presented.

**TOPIC NO. 16:**

Uber's efforts, either directly or through any third-party service, to monitor or improve the reputation of Uber One or Uber Pass, including the use of search engine optimization.

**UBER'S RESPONSE TO TOPIC NO. 16:**

Uber objects to this Topic as overbroad, unduly burdensome, and not proportionate to the needs of the case because it seeks information without connection to the specific disclosures and enrollment and cancellation practices challenged in the Second Amended Complaint. Uber further objects to this Topic because it does not use search engine optimization for Uber One.

In light of the foregoing general and specific objections, Uber will not designate a witness to testify regarding this Topic.

**TOPIC NO. 17:**

The appearance and substance of Uber's Advertisements for Uber One and Uber Pass, including Advertisements that appear during Enrollment and Cancellation Processes.

**UBER'S RESPONSE TO TOPIC NO. 17:**

Uber objects to this Topic as overbroad, unduly burdensome, and not proportionate to the needs of the case to the extent it purports to require Uber to designate a witness or witnesses familiar with the appearance and substance of each of the more than 4,600 Advertisements Uber has produced. Uber will interpret this Topic to encompass the substance of Uber's Advertisements relating to the allegations in the Second Amended Complaint.

In light of the foregoing general and specific objections, Uber will not designate a witness to testify regarding this Topic as written, but is willing to meet and confer regarding a reasonable set of specific advertisements.

**TOPIC NO. 18:**

How Uber prepared and compiled data that appears in the membership, initiations, order, chargeback, clickthrough, and pause databases produced to the FTC, including the meaning of variables that appear in those databases and any assumptions Uber made when preparing those databases.

**UBER'S RESPONSE TO TOPIC NO. 18:**

Uber objects to this Topic as seeking information protected by the attorney-client privilege and work-product doctrine. Uber further objects to this Topic because Uber has already provided a data dictionary explaining the meaning of each of the variables that appear in the databases it produced. In addition, the Topic (really six different Topics) is massively overbroad and impossible to prepare a witness over given the volume of data at issue.

In light of the foregoing general and specific objections, Uber will not designate a witness to testify regarding this Topic.

**TOPIC NO. 19:**

Uber's efforts to assess, including through consumer testing, data analysis, surveys, or review of Consumer Correspondence, (i) whether terms of an Uber One or Uber Pass subscription were disclosed clearly and conspicuously to consumers, (ii) whether consumers were charged for Uber One or Uber Pass subscriptions without their express informed consent, and (iii) whether consumers were able to use simple mechanisms to stop recurring subscription charges.

**UBER'S RESPONSE TO TOPIC NO. 19:**

Subject to the foregoing general objections, Uber designates Abbey Stauffer.

**TOPIC NO. 20:**

The methodology and results of Uber's consumer surveys relating to Uber One or Uber Pass.

**UBER'S RESPONSE TO TOPIC NO. 20:**

Uber objects to this Topic as overly broad and potentially soliciting irrelevant information. Uber is willing to confer with Plaintiffs on specific "consumer surveys" that relate to relevant topics, then designate an appropriate witness.

**TOPIC NO. 21:**

The authenticity of documents produced by Uber in this litigation.

**UBER'S RESPONSE TO TOPIC NO. 21:**

Uber objects to this Topic as overbroad, unduly burdensome, and not proportionate to the needs of the case on the ground and to the extent that it seeks testimony from a company witness regarding over 175,000 documents totaling in excess of 1.4 million pages. It is unreasonable to expect a witness to read, investigate, and memorize information about such a large volume of documents.

Uber further objects to this Topic as overbroad, unduly burdensome, not proportionate to the needs of the case, and an abuse of a Rule 30(b)(6) deposition because, to the extent the Topic seeks any potentially relevant information, Plaintiffs could and should have sought the requested information through less burdensome means and limited the Topic to documents that could at least theoretically be introduced as evidence.

In light of the foregoing general and specific objections, Uber will not designate a witness to testify regarding this Topic, but is willing to meet and confer regarding an appropriate means of authenticating documents.

Dated: September 25, 2026

*<u>/s/ Lauren C. Freeman</u>*

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP

101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: +1 202 663 6672

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*