# EXHIBIT F

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice pending*)
brittany.warren@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: +1 202 663 6672

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,

Case No. 4:25-CV-3477-JST

**DEFENDANT UBER TECHNOLOGIES, INC.'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF FTC'S THIRTEENTH INTERROGATORY**

Complaint Filed: April 21, 2025

Plaintiffs,

vs.

UBER TECHNOLOGIES, INC., a corporation, and Uber USA, LLC, a limited liability company,

Defendants.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Rules"), Defendants Uber Technologies, Inc. and Uber USA, LLC (collectively "Defendants" or "Uber") hereby provide these supplemental objections and responses to Plaintiff Federal Trade Commission's ("Plaintiff" or "FTC") Thirteenth Interrogatory (the "Interrogatory"). Uber reserves the right to supplement or amend these objections and responses as necessary in accordance with the Federal Rules of Civil Procedure and any Local Rules or orders of this Court.

## GENERAL OBJECTIONS

The following General Objections apply to the Interrogatory whether or not specifically referred to and/or incorporated in each response:

1. Privilege. Uber objects to the Interrogatory to the extent it seeks documents or information subject to the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity from discovery (including, without limitation, all communications with, or work product of, any outside attorney) (collectively, "Privileged Information"). Any inadvertent disclosure of Privileged Information by Uber shall not constitute a waiver of any applicable privilege, doctrine, or immunity.

2. Reservation of Right to Supplement. These responses and objections are made without prejudice to, and are not a waiver of, Uber's right to amend, correct, or supplement these responses, and are subject to Uber's right to produce evidence of any subsequently discovered facts, or additional facts, information, or documents that may exist. Uber provides these responses in good faith after a reasonable inquiry and based on information that it knows or can readily obtain.

3. No Waiver. By responding to this Interrogatory, Uber does not concede the relevance of any Interrogatory nor the relevance or admissibility of any information provided in response thereto. Uber expressly reserves its right to assert any and all objections to the admissibility of any responses into evidence at any hearing or trial of this proceeding, or in any other actions or proceedings, on any and all grounds, including, but not limited to, competency, relevancy, materiality, confidentiality, hearsay, or admissibility as evidence for any other purpose.

4. Uber objects to the Interrogatory to the extent it seeks information, documents, or communications that are already in the possession, custody, or control of Plaintiff, in particular through Uber's prior responses to the FTC's September 5, 2024 Voluntary Access Letter ("VAL"), and through prior productions of documents in the present litigation on November 21, 2025 and January 26, February 23, March 9, March 24, April 10, April 27, May 8, May 15, May 27, May 29, June 11, June 12, June 18, June 23, and June 24, July 2, July 6, July 10, July 13, July 23, and August 5, August 7, August 12, August 14, and September 4, 2026 (collectively, Uber's "Prior Productions") which, upon information and belief, have been provided in their entirety to FTC. Uber will provide responsive, non-privileged information, to the extent it exists, that is not duplicative of that already provided to FTC.

**SPECIFIC OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

5. Uber specifically objects to the Instructions and the Definitions to the extent they purport to impose obligations on Uber that exceed those imposed by the Rules and the Local Rules. In responding to this Interrogatory, Uber will follow the requirements set forth in the Rules and the Local Rules.

6. Uber specifically objects to Instruction H as imposing an undue burden on Uber. Uber has provided information for the time period beginning October 1, 2021 in response to the VAL and for similarly more limited periods in its Prior Productions, consistent with the parties' prior agreement and the Court's Discovery Order (ECF No. 167). It is disproportionate to the needs of the case to require Uber to provide information from November 8, 2019—nearly two full years before the launch of the membership program at issue in FTC's Complaint. Additionally, Instruction H purports to extend the applicable time period to "the date of full and complete response" to the

Interrogatory, an indefinite endpoint that extends far after the filing of the Complaint and is an ever-moving goalpost. Uber will interpret the Interrogatory as requesting information from October 1, 2021 to April 21, 2025 ("Applicable Time Period").

7. The foregoing general objections and specific objections to the instructions and definitions provided by Plaintiff shall be fully incorporated by reference into each of the below specific objections to the Interrogatory.

## INTERROGATORIES

**INTERROGATORY 13:** State whether You contend that during the Applicable Time Period You believed Your subscription services did not violate the Restore Online Shopper's Confidence Act ("ROSCA"), and if so the basis for that belief, who was involved in formulating that belief, and when any discussions relating to that belief occurred.

**RESPONSE:**

Uber objects to this Interrogatory as seeking information protected by the attorney-client privilege and work-product doctrine. Uber will not disclose privileged communications or deliberations, and nothing in this Response waives, or places at issue, any privileged matter. Uber further objects that "You believed" is vague as applied to a corporate entity and improperly presupposes a single, unified corporate state of mind. Uber further objects that this Interrogatory is compound, containing multiple discrete subparts constituting separate interrogatories under Rule 33(a)(1), and reserves all rights with respect to Plaintiffs' interrogatory count.

Subject to and without waiving the foregoing specific and general objections, Uber responds as follows: Uber's subscription products have complied with ROSCA throughout the Applicable Time Period, and Uber is aware of no facts showing that it did not comply. The non-privileged bases for Uber's contention include the features of its advertisements, enrollment flows, and cancellation flows during the Applicable Time Period. Uber disclosed all material terms prior to and during enrollment. Uber also obtained express informed consent for enrollment. Uber also provided multiple simple mechanisms for customers to cancel. Uber's compliance with ROSCA is confirmed by the following categories of produced material: billing data, usage data, customer behavior data, customer communications/complaints, email/slack messages, and complaints produced by Plaintiffs.

This conclusion was reached by Uber personnel responsible for Uber One, including business and legal leadership. Uber maintains that any specific legal advice and guidance is privileged.

**FIRST SUPPLEMENTAL RESPONSE:**

Subject to and without waiving its original specific and general objections, Uber responds as follows: Uber's subscription products have complied with ROSCA throughout the Applicable Time Period, and Uber is aware of no facts showing that it did not comply. The non-privileged bases for

Uber's contention include the features of its advertisements, enrollment flows, and cancellation flows during the Applicable Time Period. Uber disclosed all material terms prior to and during enrollment. Uber also obtained express informed consent for enrollment. Uber also provided multiple simple mechanisms for customers to cancel. Uber's compliance with ROSCA is confirmed by the following categories of produced material: billing data, usage data, customer behavior data, customer communications/complaints, email/slack messages, and complaints produced by Plaintiffs.

This conclusion was reached by Uber personnel responsible for Uber One, including business leadership.

Dated: September 16, 2026

*/s/ Lauren C. Freeman*

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
Marissa M. Wenzel (*pro hac vice*)
marissa.wenzel@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP

7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice pending*)
brittany.warren@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: +1 202 663 6672

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*