Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: +1 202 663 6672

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company,<br><br>Defendants. | Case No. 4:25-cv-3477-JST<br><br>**DEFENDANTS' LOCAL RULE 79-5(f)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL** |

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Uber Technologies, Inc., and Uber USA, LLC (collectively, "Uber") file this statement in response to Plaintiff FTC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 276. Defendants seek to keep under seal one competitively sensitive exhibit.

## I. BACKGROUND

The parties filed a joint discovery status report on October 2, 2026. ECF No. 275. With this, the FTC filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed—specifically, Exhibit C to the Joint Discovery Status Report, which Uber had designated as confidential. ECF No. 276.

Exhibit C is a comprehensive PowerPoint deck that contains detailed, competitively sensitive, non-public information about Uber One's global business performance, strategy, and pricing as of May 2025. Uber seeks to keep this information under seal because public disclosure would harm Uber's competitive standing.

## II. LEGAL STANDARD

Although there is a presumptive right of public access to court records, "access to judicial records is not absolute." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records" for "sealed discovery document[s] attached to a non-dispositive motion." *Id.* at 1179 (internal quotation marks omitted). In *Kamakana*, the court observed that such documents "are often unrelated, or only tangentially related, to the underlying cause of action" and therefore the public has less of a need to access them. *Id.* Parties seeking to seal documents attached to non-dispositive motions need only show good cause, which is "less exacting" than the compelling reasons standard. *See Laatz v. Zazzle, Inc.*, No. 5:22-CV-04844-BLF, 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024). In cases subject to a protective order, the court has "already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Kamakana*, 447 F.3d at 1180 (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Local Rule 79-5(c)(1) requires the party requesting to seal information to provide a statement explaining the reasons for keeping information under seal, including "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Rule 79-5 also requires that party to provide "evidentiary support from declarations where necessary" and "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(c)(2)-(3). Because the documents at issue here were filed by the FTC and contain Uber's confidential information, Rule 79-5(f)(3) allows Uber to "file a statement and/or declaration as described in [Rule 79-5](c)(1)." Civ. L.R. 79-5(f)(3).

## III. ARGUMENT

The document at issue here is a paradigmatic example of a document that is "only tangentially related to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179. It should remain sealed under the Ninth Circuit's standard for public access to judicial records. Good cause exists to seal Exhibit C because it contains confidential business information, including competitively sensitive performance figures, data analysis, business strategy, and confidential pricing information. This competitively sensitive information would be revealed if portions of the document were unsealed, thus Uber's request to seal is as narrowly tailored as possible to avert the disclosure of information that would cause competitive harm.

### A. The Information Is Confidential and Competitively Sensitive, and Uber Would Be Injured If Sealing Were Denied

To ensure litigants access to judicial process without significant and undue competitive harm, courts find good cause to seal confidential and sensitive business information from public disclosure. *See, e.g.*, *Laatz*, 2024 WL 4493441, at *2 (holding that a party seeking to permanently seal showed good cause to seal exhibits relating to "business structure, strategies, and practices, public disclosure of which would harm [its] competitive standing"). Here, Uber seeks to seal confidential business information about Uber One that contains details about Uber's business

performance, strategy, data analysis, and pricing. This Court has routinely held that compelling reasons, and thus good cause, exist to seal similar information because it can cause competitive harm.[1]

This information is not publicly known, and its confidentiality is strictly maintained by Uber. *See* Declaration of Danielle Sheridan, attached hereto and incorporated herein as Exhibit 1 ("Sheridan Decl.") ¶ 3. If this information were made public, Uber would be injured because Uber's competitors would have insight into Uber's business model, financial status, marketing and pricing strategy related to Uber One. *See Primus Group, Inc. v. Inst. for Envtl. Health, Inc.*, 395 F. Supp. 3d 1243, 1267 (N.D. Cal. 2019) (compelling reasons to seal include "sources of business information that might harm a litigant's competitive standing" and "a company's confidential profit, cost, and pricing information that if publicly disclosed could put the company at a competitive disadvantage"); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (noting holdings that information such as "pricing strategy, business decision-making, customer research, and financial records" would cause "competitive harm if disclosed").

Revealing the confidential business information in Exhibit C would allow competitors to access detailed insights from Uber's internal analysis of Uber One's business and financial position in May 2025 and its strategy for pricing and future business development in the months and years beyond, in turn allowing competitors to modify their own strategies to unfairly compete with Uber. *See* Sheridan Decl. ¶ 3.

**B. The Request Is Narrowly Tailored**

The requested sealing of discrete information is narrowly tailored to seal or redact only Uber's confidential business information, leaving the entire joint discovery status report and most of the exhibits available to the public. There is no less-restrictive alternative to sealing the

[1] *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing customer research and pricing strategy); *Day v. GEICO Casualty Co.*, No. 21-cv-02103-BLF, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023) (sealing "confidential information regarding [Defendant's] competitive business intelligence and strategy" and "internal figures"); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [defendants'] business performance, structure, and finances that could be used to gain unfair business advantage against them").

information that would prevent competitive harm to Uber. *See Laatz*, 2024 WL 4493441, at *2 (holding that there was good cause to seal a document in its entirety where there was no less restrictive alternative).

*   *   *

For the foregoing reasons, the Court should GRANT Uber's request to permanently seal the specified information attached to ECF Nos. 275 and 276.

Date: October 9, 2026

Respectfully submitted,

SIDLEY AUSTIN LLP
By: /s/ *Lauren C. Freeman*
Lauren C. Freeman (SBN 324572)
*Attorney for Defendants*