United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br>Plaintiffs,<br>v.<br>UBER TECHNOLOGIES, INC., et al.,<br>Defendants. | Case No. 25-cv-03477-JST (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 275 |

The parties raise a number of discovery disputes in ECF No. 275. The Court already addressed Plaintiffs' request for additional depositions. ECF No. 277. Here the Court discusses the remaining issues.

**A. Rog 5**

Uber says it will supplement its response by October 9, 2026, rendering the dispute moot. Accordingly, the Court **ORDERS** the parties to file a status report within seven days, advising if rog 5 is still in dispute.

**B. RFP 61**

This RFP is a doozy. Take a look at what it asks for:

> **REQUEST FOR PRODUCTION 61:** For a random sample of 10% of all U.S.-based consumers who, during the time period from January 1, 2021, through August 31, 2026, used Uber at least once (including both users who were enrolled in an Uber One subscription or free trial and users who were not enrolled in an Uber One subscription or free trial), documents and data sufficient to show:
>
> > a. A unique user ID (e.g., "hashed_user_uuid") that is linkable to the unique user IDs previously produced in this matter;
> >
> > b. The consumer's Uber rides, Including (A) whether, at the time of the ride, the consumer was enrolled in an Uber One subscription or free trial; (B) the date and time in seconds of

> the request for the ride; (C) the type of ride requested (e.g., Priority, UberX, etc.); (D) whether the ride was reserved or scheduled in advance; (E) geocoordinates for the ride's origin; (F) geocoordinates for the ride's destination; (G) trip distance in miles; (H) trip time in minutes; (I) an identifier for whether the ride was subject to surge pricing and a variable that reports the effect of surge pricing on the ride price (either as a multiple of the base price or an adder in dollars); (J) all components of price, including listed price, actual price paid, all fees associated with the ride, any Uber One discount applied, and any other discount applied; (K) all other data that Uber contends would be necessary or appropriate for a difference-in-differences analysis of ride prices for consumers who are enrolled in Uber One and consumers who are not;
>
> c. The consumer's Uber Eats orders, Including (A) whether, at the time of the order, the consumer was enrolled in an Uber One subscription or free trial; (B) the date and time in seconds of the order; (C) merchant ID; (D) merchant type; (E) whether the order was reserved or scheduled in advance; (F) geocoordinates of the merchant pick-up location; (G) geocoordinates of the drop-off destination; (H) delivery distance in miles; (I) delivery time in minutes; (J) characteristics of the order that affect total price, including total number of items ordered, number of food items ordered, number of drink items ordered, and number of paid add-ons; (K) all components of price, including listed price, actual price paid, all fees associated with the order including delivery fees, any Uber One discount applied, and any other discount applied; (L) all other data that Uber contends would be necessary or appropriate for a difference-in-differences analysis of Uber Eats order prices for consumers who are enrolled in Uber One and consumers who are not;
>
> d. Documents and data sufficient to verify that the data is a 10% sample drawn from the target population using simple random sampling methods; and
>
> e. A data dictionary defining Each term or element in the dataset in sufficient detail for someone unfamiliar with the dataset to understand it.

Is this information relevant? Oh, sure. This information would allow the FTC to determine with incredible precision the price benefits (or lack of benefit) of being a member of Uber One, after controlling for all other factors that affect pricing. But Uber says this RFP seeks information about billions of transactions, and just by reading the RFP and considering the granular level of data it seeks, you can see that estimate is likely correct.

The real problem with the FTC's motion to compel on RFP 61 is that the FTC filed it about six weeks before the close of fact discovery. ECF No. 255 (Fact discovery cutoff is

United States District Court
Northern District of California

November 16, 2026); ECF No. 275 (FTC filed this motion on October 2, 2026). Had the FTC filed this motion to compel earlier in fact discovery, the Court might have granted it. But this is a humongous amount of data to demand that Uber pull together with six weeks left in fact discovery. This crushing burden in the final weeks of fact discovery, which could so easily have been avoided had the FTC brought this motion to compel earlier, is not proportional to the needs of the case. The FTC's motion to compel is **DENIED**.

**C. RFPs 62 and 63**

Per the parties' agreement, the Court **ORDERS** Uber to produce data and information responsive to RFPs 62 and 63 by November 1, 2026.

**D. Rule 30(b)(6) Depositions**

It looks like the parties are still meeting and conferring about these issues. The Court **ORDERS** the parties to file a status report within seven days.

**E. Motion to Seal**

The motion to seal at ECF No. 276 is **GRANTED** and Exhibit C is ordered sealed.

**IT IS SO ORDERED.**

Dated: October 15, 2026

THOMAS S. HIXSON
United States Magistrate Judge