Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>Plaintiffs,<br>v.<br><br>UBER TECHNOLOGIES, INC., a corporation, and<br><br>UBER USA, LLC, a limited liability company,<br><br>Defendants. | Case No. 4:25-cv-03477-JST<br><br>**PLAINTIFFS' MOTION FOR AN EXTENSION OF CASE MANAGEMENT SCHEDULE**<br><br>Assigned to: Hon. Jon. S. Tigar<br><br>Date: October 22, 2026<br>Time: 2:00pm<br>Place: Courtroom 6 |

Plaintiffs respectfully request a roughly one-month extension of fact discovery and other case deadlines so that the parties can resolve outstanding discovery issues and obtain necessary evidence. Defendants oppose the Motion. The Plaintiffs' proposed revised case schedule is summarized in the following chart:

| Event | Current Date | Proposed Date |
|---|---|---|
| Fact discovery cut-off | November 16, 2026 | December 16, 2026 |
| Expert disclosures | December 11, 2026 | January 15, 2027 |
| Rebuttal disclosures | February 2, 2027 | March 2, 2027 |
| Expert discovery cut-off | March 15, 2027 | April 15, 2027 |
| Dispositive motions | April 5, 2027 | May 5, 2027 |
| Responses to dispositive motions | April 26, 2027 | May 26, 2027 |
| Replies in support of dispositive motions | May 12, 2027 | June 10, 2027 |
| Dispositive motion hearing deadline | June 1, 2027 | July 1, 2027 |
| Motions in limine due | August 4, 2027 | September 3, 2027 |
| Motions in limine oppositions due | August 11, 2027 | September 10, 2027 |
| Pretrial conference statement due | August 20, 2027 | September 24, 2027 |
| Pretrial conference | August 27, 2027 | October 1, 2027 |
| Trial | September 20, 2027 | October 25, 2027 |

A scheduling order may be modified for good cause shown and with the Court's consent. Fed. R. Civ. P. 16(b)(4). "Good cause" is a non-rigorous standard that is construed broadly. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Good cause will be shown if a scheduling order's deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, due to Defendants' delay and consistently deficient discovery responses, and despite Plaintiffs' efforts to resolve discovery issues as quickly as possible, the resulting outstanding discovery issues cannot be resolved on the current schedule. Insufficient time to resolve such issues will prejudice Plaintiffs' ability to obtain vital discovery. Further, without an extension of expert disclosure deadlines, the already existing delay in obtaining key evidence will thwart the efforts of experts to make determinations critical to the resolution of this matter.

Defendants' non-compliance with discovery obligations has consumed a remarkable amount of time and attention, resulting in unanticipated delays warranting the requested extension. Since Plaintiffs first issued discovery requests to Defendants in July 2025, obtaining any discovery responses has required constant conferring, eleven motions compelling compliance (with most motions raising multiple categories of requested material) and extensive court intervention. *See* Dkt. 145, 158, 172, 188, 200, 212, 226, 231, 243, 249, 269. And even when Defendants have responded to discovery requests, their responses have been replete with deficiencies. Due to past and ongoing defects in Defendants' discovery responses, a one-month extension is needed for all discovery issues to be resolved.

Uber has produced over 177,000 documents in this litigation, nearly all of which were produced within the last 4 months (more than a year after requests were issued). Wojcicki Decl. ¶ 6. Plaintiffs' review of those documents is ongoing, and Plaintiffs continue to identify deficiencies, which require additional time to resolve despite Plaintiffs' best efforts. For example, Plaintiffs recently identified discrepancies between the Uber One revenue reflected in financial statements produced by Defendants, and revenue reflected in data produced by Defendants. Because this data is critical to the claims, Plaintiffs were forced to issue an Interrogatory in an effort to clarify the discrepancies.

As another example, on July 27, 2026, Plaintiffs notified Defendants that a large number of produced documents have pages that are significantly cut off or are missing important images. Plaintiffs provided specific examples of documents with these technical issues so that the parties could attempt to address the issues more broadly. Defendants claimed that the documents were "complete" as produced and did not re-produce any of the documents. Plaintiffs' have since identified many more documents with precisely the same technical issues and have again requested reproduction of the documents in their entirety. Plaintiffs have also identified

hundreds of hyperlinked materials in Defendants' productions and have made multiple requests for Defendants to produce any hyperlinked material not previously produced, pursuant to Section 9(e) of the Stipulated Order re: Discovery of Electronically Stored Information (Dkt. 144). The hyperlinked materials appear to contain vital information, including information about testing enrollment and cancellation flows and analysis of actual member savings, and many appear to be stored in central repositories which should have been searched and produced months ago. Efforts to resolve these issues are ongoing, and may require additional follow-up.

Additionally, Plaintiffs have recently issued follow-up discovery requests to Uber after identifying deficiencies which could not have been discovered earlier. For example, in a recent deposition, Plaintiffs learned of the existence of entire categories of documents that should have been produced in response to discovery requests issued on July 22, 2025, and in an effort to obtain these materials without court intervention, issued additional RFPs. Wojcicki Decl. ¶ 8.

Indeed, the importance of conducting targeted discovery following depositions is demonstrated by the fact that both parties have found it imperative to issue discovery requests based on information learned during the depositions taken so far. Defendants have sought additional discovery material from the FTC and Pennsylvania following depositions. Wojcicki Decl. ¶ 9. Plaintiffs have issued requests to Defendants after learning of unproduced documents critical to the case. Both parties intend to take depositions up until the current fact discovery deadline, such that as the schedule currently stands, there will be no opportunity to issue and respond to follow-up discovery requests. Wojcicki Decl. ¶ 11. In this matter, depositions are proving to be an essential tool not only to obtain testimony, but also documentary evidence. The ability to conduct discovery after depositions is especially important considering Defendants' pattern of discovery non-compliance, as recent history illustrates depositions may show where deficiencies lie. Extending the discovery schedule is crucial to the parties' ability to obtain

evidence because it provides time after the conclusion of depositions to conduct targeted follow-up discovery as needed.

Further, the resolution of some discovery issues likely will depend on how the Court resolves a Joint Discovery Letter Brief due October 22, 2026, which may make it impossible to complete discovery within the current schedule. The FTC has raised disputes pertaining to its 30(b)(6) deposition of Uber Technologies, Inc. in the October 2, 2026 Joint Discovery Letter Brief relating to the scope of 30(b)(6) testimony. Dkt. 275. Despite Defendants' ongoing refusal to compromise on these issues, it represented to the Court that it did not consider the outstanding issues related to 30(b)(6) to be ripe, and consequently, on October 15, 2026, the Court ordered the parties to submit another Joint Discovery Letter Brief raising whatever of these issues remain in dispute by October 22. Dkt. 281. While Plaintiffs continue to confer with Defendants to reach a resolution, as of the date of this Motion, most issues remain outstanding and will likely require Court intervention. If the Court grants Plaintiffs' Motion to Compel, the scope of the 30(b)(6) topics will be expanded and almost certainly require additional witness designations and preparation, as well as deposition scheduling within the closing days of fact discovery.

It is especially important for the expert disclosure deadlines to be extended. In order for expert reports to fulfill their purpose of applying industry expertise to the facts in the matter at hand, experts need an adequate opportunity to access those facts. Expert disclosures are due less than a month after the close of fact discovery, which requires the parties to simultaneously prepare expert disclosures while fact discovery is ongoing. Because there are extensive discovery issues that will be resolved at the very end of discovery, and there is likely to be significant clean-up of these issues even after the current close of discovery, experts in this case will not have the material they need under the current schedule to form well-founded conclusions. This is especially problematic because some of the evidence most core to experts'

opinions is the evidence that remains at issue in this case, and is currently solely in Defendants' possession. As an example, the Court has ordered Defendants to produce membership data from January 2026 through August 2026 by November 1, 2026. Dkt. 281. This information is key to any financial analysis of the alleged violations, touching on all aspects of the case and both monetary and injunctive relief, and the current schedule provides little time for analysis and virtually no time to clean up any potential issues.

The proposed schedule will still permit this action to be speedily resolved, with fact discovery completed roughly 19 months after the action was initiated and one year after the Amended Complaint was filed, a reasonable time frame for a data and document-heavy case of significant importance. *See* Dkt. No. 177 (Judge Hixson: "The issues at stake are important"). Conversely, denying the request would prejudice Plaintiffs by depriving them of the ability to conduct critical discovery clean-up of issues caused by Defendants' delay and deficiencies. Additionally, denying the request would force experts in this case to complete expert reports with only a few weeks to engage with key discovery, or without such discovery altogether.

For reasons stated above, Plaintiffs respectfully request the Court extend the case deadlines by one month in accordance with the proposed new case schedule.

**Local Rule 16-2(d) Certification**

Pursuant to Local Rule 16-2, the Plaintiffs certify that they met and conferred with counsel for Defendants regarding the proposed extension from October 14 through 16. Defendants indicate they oppose the motion. This is the second time modification sought in this case, as the Court previously granted a roughly two-month schedule extension. Dkt. 253, 255.

Plaintiffs further certify that no changes to the ADR process are required by the proposed extension.

Dated: October 16, 2026

Respectfully submitted,

FEDERAL TRADE COMMISSION

*/s/ Allison Wojcicki*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-7734
Email: awojcicki@ftc.gov
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, CONSUMER PROTECTION DIVISION

*/s/ Philip Ziperman*

Philip Ziperman (MD Bar No.: 9012190379)
Deputy Chief
Luke Riley (MD Bar No.: 2502271005)
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
(410) 576-6417 (Ziperman)
pziperman@oag.maryland.gov
(410) 576-6568 (Riley)
lriley@oag.maryland.gov

*Attorneys for Plaintiff*
*Office of the Maryland Attorney General,*
*Consumer Protection Division*

STEVE MARSHALL
*ATTORNEY GENERAL*

By:

*/s/ Michael G. Dean*
Michael G. Dean
*Assistant Attorney General*

*/s/ Lindsay D. Barton*
Lindsay D. Barton
*Assistant Attorney General*

Office of the Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
Michael.Dean@AlabamaAG.gov
Lindsay.Barton@AlabamaAG.gov

*Attorneys for Plaintiff*
*Attorney General of Alabama*

KRISTIN K. MAYES
Attorney General of Arizona

*/s/ Alyse Meislik*
Alyse Meislik, AZ Bar No. 024052
Assistant Attorney General
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3702
Fax: (602) 542-4377
consumer@azag.gov
Alyse.Meislik@azag.gov

*Attorney for Plaintiff*
*Arizona Attorney General*

URSULA JONES DICKSON
District Attorney of Alameda County

*/s/ Andres H. Perez*

ANDRES H. PEREZ (SBN 186219)
Assistant District Attorney
HUY T. LUONG (SBN 251507)
Deputy District Attorney
Consumer, Environmental & Worker Protection Division
7677 Oakport Street, Suite 650
Oakland, CA 94621
(510) 383-8600
andres.perez@acgov.org
huy.luong@acgov.org

*Attorneys for Plaintiff*
*People of the State of California*

STATE OF CONNECTICUT

WILLIAM TONG

ATTORNEY GENERAL OF THE STATE OF CONNECTICUT

*/s/ Brendan T. Flynn*

Brendan T. Flynn
Fed. Bar No. ct04545
Assistant Attorney General
Office of the Attorney General of the State of Connecticut
165 Capitol Ave.
Hartford, CT 06106
Phone: 860-808-5400
Fax: 860-808-5593
Brendan.Flynn@ct.gov

*Attorney for Plaintiff*
*Attorney General of the State of Connecticut*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Coty Montag*

COTY MONTAG [CA BAR #255703]
Deputy Attorney General, Public Advocacy Division
Coty.Montag@dc.gov

BETH MELLEN
WILLIAM STEPHENS
Assistant Deputy Attorneys General, Public Advocacy Division

KEVIN VERMILLION
Director, Office of Consumer Protection

EMILY HOLNESS
Deputy Director, Office of Consumer Protection

BRITTANY NYOVANIE
Assistant Attorney General, Office of Consumer Protection

Office of the Attorney General
for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
(202) 702-5686
Brittany.Nyovanie@dc.gov

*Attorneys for Plaintiff*
*District of Columbia*

PEOPLE OF THE STATE OF ILLINOIS

*/s/ Hal B. Dworkin*

HAL B. DWORKIN, IL Bar No. 6318213
Senior Assistant Attorney General
Office of the Illinois Attorney General
Consumer Protection Division
Consumer Fraud Bureau
115 South LaSalle Street
Chicago, IL 60603
(312) 814-5159
Hal.Dworkin@ilag.gov

*Attorney for Plaintiff*
*The People of the State of Illinois*

FOR PLAINTIFF THE PEOPLE OF THE STATE OF MICHIGAN:

*/s/ Aaron W. Levin*

AARON W. LEVIN
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Fax: (517) 335-6755
levina@michigan.gov

*Attorney for Plaintiff*
*The People of the State of Michigan*

KEITH ELLISON
Attorney General of Minnesota

*/s/ Daniel Rife*

DANIEL RIFE
ALEX KENNETH BALDWIN
Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2130
Daniel.rife@ag.state.mn.us
Telephone: (651) 757-1104
Alex.Baldwin@ag.state.mn.us
Telephone: (651) 728-4049

*Attorneys for Plaintiff*
*State of Minnesota by its Attorney General*
*Keith Ellison*

CATHERINE HANAWAY
Missouri Attorney General

*/s/ Alison Esbeck*

Alison Esbeck (MO Bar # 58501)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-4977
Alison.Esbeck@ago.mo.gov

Connor McNeall (MO Bar # 76836)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-7888
connor.mcneall@ago.mo.gov

*Attorneys for Plaintiff*
*Missouri Attorney General's Office*

STATE OF MONTANA

*/s/ Anna Schneider*

Anna Schneider (MT #13963)
Special Assistant Attorney General, Senior Counsel
Office of Consumer Protection
Montana Department of Justice
P.O. Box 200151
Helena, MT 59620-0151
(406) 444-4500
Anna.schneider@mt.gov

*Attorney for Plaintiff*
*State of Montana*

STATE OF NEBRASKA

*/s/ Benjamin J. Swanson*

Benjamin J. Swanson (NE #27675)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
(402) 471-7759
benjamin.swanson@nebraska.gov

*Attorney for Plaintiff*
*State of Nebraska*

FOR PLAINTIFF STATE OF NEW HAMPSHIRE:

JOHN M. FORMELLA
Attorney General

*/s/ Amanda N. Purcell*

Amanda N. Purcell, NH Bar #278532
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
One Granite Place South
Concord, NH 03301
(603) 271-1215
Amanda.N.Purcell@doj.nh.gov

*Attorney for Plaintiff*
*State of New Hampshire*

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

*/s/ Zeyad A. Assaf*

Zeyad A. Assaf
Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey St., 5th Fl.
Newark, NJ 07102
(609) 696-5363
Zeyad.Assaf@law.njoag.gov

*Attorney for Plaintiff*
*Attorney General of the State of New Jersey*

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Christian Reigstad*

Christian Reigstad (NY Bar No. 5158936)

Patrick Gibson (NY Bar No. 5267489)
Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, NY 10005
(212) 416-8321 (Reigstad)
(212) 416-6067 (Gibson)
Christian.reigstad@ag.ny.gov
patrick.gibson@ag.ny.gov

*Attorney for Plaintiff*
*The State of New York*

FOR PLAINTIFF THE STATE OF NORTH CAROLINA:

JEFF JACKSON
North Carolina Attorney General

*/s/ Jesse Ramos*

JESSE RAMOS (NC Bar No. 51663)
Special Deputy Attorney General

KUNAL CHOKSI (NC Bar No. 55666)
Senior Deputy Attorney General

BRIAN RABINOVITZ (NC Bar No. 41538)
Special Deputy Attorney General

Consumer Protection Division
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602
Tel: (919) 716-6000
Fax: (919) 716-6050
jramos@ncdoj.gov

*Attorneys for Plaintiff*
*The State of North Carolina*
D. ANDREW WILSON
OHIO ATTORNEY GENERAL

*/s/ Kevin R. Walsh*

Kevin R. Walsh (0073999)
Senior Assistant Attorney General
Consumer Protection Section

615 W. Superior Avenue, 11th Floor
Cleveland, Ohio 44113
Telephone: (216) 787-3447
Facsimile: (866) 947-3223
Kevin.Walsh@ohioago.gov

*Attorneys for Plaintiff*
*Ohio Attorney General*

GENTNER DRUMMOND,
ATTORNEY GENERAL OF OKLAHOMA

*/s/ Christopher J. Campbell*

Cameron R. Capps, OBA No. 32742
Christopher. J. Campbell, OBA No. 33649
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 522-1260
Fax: (405) 521-3921
Cameron.Capps@oag.ok.gov
Chris.Campbell@oag.ok.gov

*Attorneys for Plaintiff*
*Attorney General of Oklahoma*

DAVID W. SUNDAY, Jr.
PENNSYLVANIA ATTORNEY GENERAL

By:

*/s/ Merna T. Hoffman*

MERNA T. HOFFMAN
Senior Deputy Attorney General
PA Attorney I.D. No. 312897
15th Floor, Strawberry Square
Harrisburg, PA 17120
mhoffman@attorneygeneral.gov

*Attorney for Plaintiff*
*Attorney General of Pennsylvania*

JAY JONES,
ATTORNEY GENERAL OF THE
COMMONWEALTH OF VIRGINIA

*/s/ Mark S. Kubiak*
Mark S. Kubiak (VSB No. 73119)
Senior Assistant Attorney General
Timothy S. Allison (VSB No. 98083)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7364 (Kubiak)
(804) 786-0594 (Allison)
mkubiak@oag.state.va.us
tallison@oag.state.va.us

*Attorneys for Plaintiff*
*Jay Jones, Attorney General of the Commonwealth of Virginia*

JOHN B. MCCUSKEY,
ATTORNEY GENERAL OF WEST VIRGINIA

*/s/ Tanya L. Godfrey*
Ann L. Haight (WVSB# 1527)
Deputy Attorney General, Consumer Director
Tanya L. Godfrey (WVSB# 7448)
Assistant Attorney General
Office of the West Virginia Attorney General
P.O. Box 1789
Charleston, WV 25326
(304) 558-8986
Ann.L.Haight@wvago.gov
Tanya.L.Godfrey@wvago.gov

*Attorneys for Plaintiff*
*Attorney General of West Virginia*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Laura E. McFarlane*
LAURA E. MCFARLANE
Assistant Attorney General
State Bar #1089358
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857

(608) 266-8911
(608) 294-2907 (Fax)
laura.mcfarlane@wisdoj.gov

*Attorney for Plaintiff*
*State of Wisconsin*

Co-counsel for attorneys appearing *pro hac vice*:

Kerry O'Brien (CABN 149264)
Federal Trade Commission
Western Region San Francisco
90 Seventh St., Suite 14-300
San Francisco, CA 94103
(415) 848-5100
kobrien@ftc.gov

**ECF ATTESTATION**

I, Allison Wojcicki, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing or email on October 16, 2026, on all counsel of record.

*/s/ Allison Wojcicki*

Allison Wojcicki (DC Bar No. 1736349)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-7734
Email: awojcicki@ftc.gov