Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
(202) 326-3395 (fax)

*Attorneys for Plaintiff*
*Federal Trade Commission*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION, et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**UBER TECHNOLOGIES, Inc.**, a corporation, and<br><br>**UBER USA, LLC**, a limited liability company,<br><br>Defendants. | Case No. 4:25-cv-03477-JST<br><br>**DECLARATION OF ALLISON WOJCICKI IN SUPPORT OF PLAINTIFFS' MOTION FOR AN EXTENSION OF CASE MANAGEMENT SCHEDULE** |

I, Allison Wojcicki, declare as follows:

1. I am over twenty-one years of age and am a citizen of the United States.

2. I am one of the attorneys representing the Federal Trade Commission ("FTC") in the above-captioned case against Uber Technologies, Inc. and Uber USA, LLC ("Uber").

3. I am a member in good standing of the bar of the District of Columbia (Bar No. 1736349).

4. I have personal knowledge of the facts stated below and, if called as a witness, would competently testify to them.

5. The FTC's discovery requests were first issued to Defendants on July 22, 2025.

6. To date, Defendants have produced 177,216 documents total in this litigation (*i.e.*, both custodial and non-custodial). Approximately 97% of the documents were produced in the last four months (specifically, 171,543 documents of 177,216 total). Approximately 62% of the documents (110,421 out of 177,216 total) were produced on or after July 13, 2026.

7. There have been several recently identified deficiencies in Defendants' discovery responses that could not have been previously resolved, despite the FTC's diligence during discovery.

8. For example, during a deposition on September 30, 2026, the FTC learned about the existence of material which should have already been produced during discovery. Specifically, the FTC learned for the first time that (1) the third-party vendors with whom Uber contracts to handle virtually all of Uber's customer correspondence are subject to service agreements which provide detailed instructions and requirements for how to address communications with customers, and (2) these same vendors provide Uber with monthly metric reports with details about customer communications received that month, which include descriptions of problems commonly experienced by customers. Because these categories of materials fall squarely within the scope of RFPs 20, 23, and 24 (which were issued on July 22,

2025), they should have already been produced. However, in the interest of efficiency, the FTC promptly issued additional RFPs explicitly seeking these documents.

9. Defendants have also sought material following depositions, illustrating the importance conducting targeted discovery based on information learned in a deposition. Following the deposition of an investigator from the office of the Pennsylvania Attorney General, Defendants sought material referred to in her deposition. Following the deposition of an FTC investigator, Defendants requested additional material referred to in his deposition. While the FTC confirmed all material sought was either already produced or withheld on the basis of privilege, this demonstrates Defendants have also found it necessary to conduct follow up discovery based on information learned in depositions.

10. Additionally, there remain several outstanding deficiencies in Defendants' production that Defendants have not yet resolved. For example, there are hundreds of documents incorrectly formatted so that they cannot be read. In addition, there are hundreds of documents hyperlinked in the produced documents, which the ESI Agreement, Dkt. No. 144, 9(e) requires be produced or identified within the Defendants' productions if they have already been produced.

11. Depositions are still being conducted and are expected to be conducted until the current fact discovery deadline. Defendants have recently indicated they intend to depose two investigators from New Hampshire and Wisconsin. Plaintiffs have noticed an additional eight witnesses to be deposed in their personal capacities, and are still conducting 30(b)(6) depositions of the Defendants' 30(b)(6) designees.

12. On Wednesday, October 14, 2026, I, as counsel for the FTC, emailed counsel for Defendants with a proposed revised Case Management Schedule and requested Defendants' position on the FTC's request.

13. On Thursday, July 15, 2026, Defendants responded and indicated they did not agree to the FTC's proposal. Defendants did not provide a reason for their opposition, and resolution was not reached during subsequent communications.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 16, 2026

Respectfully submitted,

*/s/ Allison Wojcicki*____________

Allison Wojcicki (DC Bar No. 1736349)

Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 758-7734
awojcicki@ftc.gov

*Attorney for Plaintiff*
*Federal Trade Commission*