Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: 202-736-8729
Facsimile: 202-736-8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT CALIFORNIA**

**OAKLAND DIVISION**

**FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE**

Case No. 4:25-cv-3477

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN EXTENSION OF CASE MANAGEMENT SCHEDULE**

Assigned to: Hon. Jon S. Tigar

Date: October 22, 2026

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,**<br><br>Plaintiffs,<br><br>v.<br><br>**Uber Technologies, Inc.**, a corporation, and **Uber USA, LLC**, a limited liability company,<br>Defendants, | Time: 2:00 p.m.<br>Place: Courtroom 6 |

The Court should deny the FTC's Motion. The FTC asks to move every remaining deadline, including trial, for the second time in three months. Mot. 5 (citing Dkt. 253, 255). Rule 16 permits such a request only if the current deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The FTC proposed those deadlines itself in July so that it could review Uber's July 13 production and August 14 supplemental discovery responses. Dkt. 253. The FTC now cites that same production as the reason it needs more time. But the FTC has had over 96% of Uber's productions for over three months. Freeman Decl. ¶ 2.

The FTC's motion fails for three reasons. First, the FTC's discovery issues concern documents it has had since the summer. Uber has met its discovery obligations and deadlines, yet the FTC raised concerns just six hours before it filed the present Motion, and asked Uber to respond by October 23, 2026. Second, any need for post-deposition follow-up stems from the FTC's scheduling. Uber repeatedly prompted the FTC to identify deponents so that both parties had sufficient time to prepare, but the FTC did not request a majority of its depositions until October. It also specifically requested Uber schedule many of them at the ***end*** of October or later. Freeman Decl. ex. A. Third, the FTC has not shown that any additional fact discovery is necessary for expert analysis. It identifies no evidence its experts need but cannot have under the current schedule. At the same time, its proposed order would asymmetrically give its experts nearly eight more weeks at the expense of Uber's rebuttal period. The structure of the FTC's proposal therefore suggests that its principal concern is additional expert-report

preparation time, not access to evidence. That is not a basis to change the parties' carefully negotiated expert disclosure schedule.

Uber will answer the FTC's new requests within the current schedule, just as it promptly responded to the FTC's July requests. The FTC should be held to the schedule that it proposed.

## I. LEGAL STANDARD

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause turns on the diligence of the party seeking the amendment, and a deadline will be extended if it "cannot reasonably be met despite the diligence of the party seeking the extension," and "carelessness" does not qualify. *Johnson*, 975 F.2d at 609. The FTC's reliance on *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), for a "non-rigorous" standard is similarly misplaced. Mot. 1. *Ahanchian* applied Rule 6(b)(1) to a one-week extension of a filing deadline; it did not displace *Johnson*'s diligence requirement for a schedule governing discovery and trial. Courts in this District deny extensions where the movant knew of the issues and did not act diligently. *E.g.*, *Scalph v. Timber Prods. Trucking, LLC*, No. 24-CV-02614-JST, 2025 WL 2104803, at *3 (N.D. Cal. July 28, 2025) (no good cause where movant had "knowledge of the issues in the case well before the cut-off date"). *Cf. Sheiner v. Mayorkas*, No. 22-CV-04871-SVK, 2023 WL 3568088, at *7 (N.D. Cal. Apr. 14, 2023) ("A party's failure to pursue discovery diligently provides an adequate ground for denying a motion for continuance…").

## II. ARGUMENT

### A. The FTC Has Not Shown Diligence

Uber has met its discovery obligations and strongly disagrees with the FTC's account of discovery, including its description of the Parties' motion practice. But the Court need not resolve those disagreements. The question is the FTC's diligence, which the FTC's own timeline answers. Moreover, the FTC's justifications for the extension have shifted. On October 14, Uber asked the FTC to explain the basis for its request. Freeman Decl. ex. B. The FTC cited post-deposition follow-up, pending rulings, expert time, and deposition scheduling. *Id.* It did not mention the formatting, hyperlink, or revenue issues that lead its Motion. Compare Freeman Decl. ex. C with Mot. 2–3.

<u>*Formatting.*</u> On July 27, the FTC sent Uber seven example documents that it said were cut-off or missing images. Mot. 2. On August 14, Uber explained that the documents "were collected and processed correctly, and the files that were produced contain the full email body, metadata, and any true attachments" and that "[t]he previously produced files are the complete versions" because "the native email files contain the text and a URL reference to the image, not the image itself." Freeman Decl. ex. D at 4. The FTC chose not to respond to that email for two months, and its present Motion omits Uber's explanation. Then, about six hours before filing, the FTC sent a list of 231 documents, all of which were produced by July 13. *See* Freeman Decl. ex. E. This list includes five repeat documents Uber has already explained. A diligent review of documents produced by July would have surfaced these very issues months ago. The FTC asked for a response to its October 16 request by October 23. Uber will respond by that date.

<u>*Hyperlinks.*</u> Hyperlinks also appear on the face of a document, so diligent review of documents would reveal which hyperlinks warrant follow-up. The FTC says it made "multiple requests" for hyperlinked material. Mot. 2-3. It does not say when. The FTC made one request on July 27. Freeman Decl. ex. F. Uber answered that request on August 3, 2026. Freeman Decl. ex. K. On August 14, Uber identified the linked documents by Bates number, and produced others not withheld for privilege. Freeman Decl. ex. D. The FTC's next request came about six hours before filing this motion. Freeman Decl. ex. E. Uber will address this request in a timely manner and prior to the close of fact discovery.

<u>*Revenue data.*</u> The FTC says it "recently" identified discrepancies between Uber One revenue in Uber's financial statements and in produced data, so it served an interrogatory. Mot. 2. The FTC does not identify the discrepancy, either in its Motion or to Uber directly. Its interrogatory asks Uber to describe the revenue sources in a single spreadsheet that Uber produced on April 10, 2026. Uber will answer this interrogatory before fact discovery closes, subject to its proper objections.

None of this shows a deadline that "cannot reasonably be met despite . . . diligence." *Johnson*, 975 F.2d at 609. Courts deny extensions where the movant waited months to pursue issues it knew existed. *See Mitsui O.S.K. Lines, Ltd. v. Seamaster Logistics, Inc.*, No. 11-cv-2861, 2012 WL 6095089, at *2–3 (N.D. Cal. Dec. 7, 2012) (no good cause where plaintiff waited "nearly two full months"

despite knowing the cutoff "loomed"); *Wilson v. Frito-Lay N. Am., Inc.*, No. 12-1586 SC, 2015 WL 846546, at *2 (N.D. Cal. Feb. 25, 2015) (denying extension where movant could not explain why it "waited almost four months").

**B. Deposition Follow-Up Does Not Require an Extension**

The FTC next argues that depositions may reveal the need for follow-up discovery and therefore discovery should be extended. Mot. 3-4. That argument fails for three reasons as well.

First, the possibility that "there will be no opportunity to issue and respond to follow-up discovery requests" is of the FTC's own making. Uber first asked the FTC to provide deponent names on July 1. *See* Freeman Decl. ex. G. The FTC disclosed five potential deponent names on August 14. Freeman Decl. ex. L. After the parties scheduled all five, the FTC unilaterally removed two from the calendar shortly before they were to occur. It did not disclose most remaining deponents until October 9 or later, and it was not prepared to take these depositions quickly. On October 9, the FTC asked for the availability of five newly requested individuals "on or after October 26." Freeman Decl. ex. A at 2. Then it noticed three more witnesses hours before it filed this Motion. Freeman Decl. ex. H. A party that saves its depositions for the end of discovery cannot claim the resulting lack of time for follow-up as good cause. *See Sheiner*, 2023 WL 3568088, at *7; *Scalph*, 2025 WL 2104803, at *3. When Judge Hixson granted the FTC's October 2 request for five additional depositions, he noted that the six weeks then remaining was "sufficient time." That the FTC waited two weeks to notice most of these additional depositions should not be held against Uber. Second, the record belies the FTC's claim that a September 30 deposition revealed "entire categories of documents" it had never seen. Mot. 3. The FTC says that it learned for the first time that Uber customer support vendors work under service agreements and send Uber metric reports. Wojcicki Decl. ¶ 8. But at the same deposition the FTC cites for learning that fact, the FTC used one of those very vendor reports as an exhibit. Freeman Decl. ¶ 4. Uber's production includes many similar documents.[1] Third, the FTC does not need an extension to follow up on this issue. The FTC issued its follow-up discovery requests on October 9. Uber will respond by November 9. In all events, deposition follow-up is an ordinary part of discovery and not a

[1] *See, e.g.*, UBER-FTCU1-00122722, UBER-FTCU1-00119550, UBER-FTCU1-00357540.

basis to extend the schedule; if it were, there would be an endless cycle of extensions as each deposition could theoretically require follow-up.

Nor is it relevant that Uber also sought additional information after two depositions. Uber is not asking for an extension of fact discovery to conduct this follow-up. More importantly, unlike the FTC, Uber diligently tried to schedule all of its affirmative depositions. Freeman Decl. ¶ 3.

### C. The Pending 30(b)(6) Dispute Does Not Require Moving the Case

The FTC also points to a joint letter brief due October 22 on the scope of Uber's 30(b)(6) testimony. Mot. 4. The FTC did not provide 30(b)(6) topics until September 2, and proposed that the deposition be scheduled for the week of October 19. Freeman Decl. ex. I. Uber provided designees for most topics on September 22, and the FTC has already taken two 30(b)(6) depositions. But the FTC has also unilaterally delayed one 30(b)(6) deposition and was not available to take another 30(b)(6) deposition on October 20 despite Uber making the witness available. Freeman Decl. exs. J, M. As such, any time limitations are a result of the FTC's decisions. Even so, the remaining 30(b)(6)-related issues are narrow and can easily be resolved within the current fact discovery period. And the deadline for the resolution of these very issues has been set by Judge Hixson. To the extent Judge Hixson overrules Uber's objections to the three 30(b)(6) topics, Uber may designate a witness for whom the parties have already scheduled a deposition. The FTC's speculation that there will be new designations "within the closing days of fact discovery" cannot satisfy the good cause standard. Mot. 4.

### D. The FTC Identifies No Evidence Its Experts Need and Cannot Receive

The FTC is most emphatic about expert disclosures. Mot. 4–5. Yet it identifies ***no*** document or data an expert needs and will not receive in time. It's one example is membership data for January through August 2026. The Parties jointly agreed that Uber would produce it by November 1, Dkt. 281, forty days before opening reports are due. Mot. 5. Further, the FTC does not say that any expert has been unable to proceed on the 177,000 documents already produced. Nor is the November 16 cutoff an obstacle. Opening reports are due nearly four weeks later, per the FTC's agreement.

The FTC's papers also conflict on what it seeks. The Motion describes "a roughly *one-month* extension," with opening disclosures on January 15, 2027. Mot. 1 (emphasis added). But the proposed order moves them to February 2, 2027, nearly eight weeks, which is when Uber's rebuttal reports are

currently due. It then takes this time from Uber's rebuttal window, shrinking Uber's response time from the negotiated eight weeks to four. Dkt. 282-2 at 2. When Uber flagged this very issue on October 14, the FTC offered to cure the discrepancy and restore Uber's rebuttal time–and yet its Motion continues to take time away from Uber. Extending the FTC's expert time at the expense of Uber's rebuttal time is prejudice to Uber, not good cause.

## III. CONCLUSION

The Court should deny the Motion and keep the schedule the FTC proposed in July. That schedule leaves time to finish fact discovery and preserves both sides' expert periods. To the extent the Court decides to grant the FTC's motion, Uber respectfully requests the Court retain the eight weeks for expert rebuttal time that the parties already agreed to.

Date: October 20, 2026

Respectfully submitted,
SIDLEY AUSTIN LLP
By: /s/ Lauren C. Freeman
Lauren C. Freeman
*Attorney for Defendants*