# EXHIBIT A

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)

*Attorneys for Plaintiff*
*Federal Trade Commission*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>Plaintiffs,<br>v.<br><br>UBER TECHNOLOGIES, INC., a corporation; and<br><br>UBER USA, LLC, a limited liability company,<br><br>Defendants. | Case No. 4:25-cv-03477-JST<br><br>**PLAINTIFF FTC'S NOTICE OF DEPOSITION OF DEFENDANT UBER TECHNOLOGIES, INC. PURSUANT TO RULE 30(b)(6)**<br><br>Assigned to: Hon. Jon. S. Tigar |

**PLAINTIFF FTC'S NOTICE OF DEPOSITION OF DEFENDANT UBER TECHNOLOGIES, INC. PURSUANT TO RULE 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff Federal Trade Commission ("FTC") will take the deposition of **Defendant Uber Technologies, Inc.** as represented by the person(s) most knowledgeable with respect to the topics identified below and designated to testify on Defendant's behalf. The deposition will be conducted by oral questions on **October 19, 2026** beginning at 10:00 a.m. Eastern Time, and will continue from day to day until completed. The deposition will take place remotely. The deposition will be recorded by videographic and/or stenographic means before an officer authorized to administer oaths.

Dated: September 15, 2026

Respectfully submitted,

FEDERAL TRADE COMMISSION

*/s/ Paul Mezan*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

## DEFINITIONS

For purposes of this Notice, the following terms shall have the meanings defined below.

A. "**Advertisement**" or "**Advertising**" or "**Ad**" means any written or verbal statement, illustration, or depiction that promotes the sale or use of a good or service or is designed to increase consumer interest in a brand, good, or service. Advertising media includes, but is not limited to: packaging and labeling; promotional materials; print; television; radio; and Internet, social media, and other digital content. Advertisements include email marketing, pop-ups, push notifications, and the like.

B. "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any request any document that otherwise might be construed to be outside the scope of the request.

C. "**Cancellation Procedure**" and "**Cancellation Process**" means the process, flow, or experience through which a consumer may temporarily or permanently stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account, including all immediately preceding or immediately subsequent steps that form part of that process, flow, or experience (such as elements that could influence the consumer's behavior during, or understanding of, the process, flow, or experience).

D. "**Customer Correspondence**" means documents, such as complaints, reviews (on social media, app stores, or otherwise), inquiries, and your responses to such complaints, reviews, and inquiries, that you directly or indirectly received from or sent to a customer, including any complaints or inquiries to or by Better Business Bureaus or government agencies, and your responses to those complaints, reviews, or inquiries.

E. "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "each."

F. "**Enrollment**" or "**Enrollment Process**" means the process, flow, or experience through which a consumer accepts an offer or arrangement to receive a product or service, whether through silence, failure to take affirmative action to reject such offer or arrangement, or otherwise, including all immediately preceding or immediately subsequent steps that form part of that process, flow, or experience (such as any elements that could influence the consumer's behavior during, or understanding of, the process, flow, or experience).

G. "**Uber**" means Uber Technologies, Inc., its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

## INSTRUCTIONS

A. The time period for the topics is November 8, 2019 to the present.

B. The use of the present tense of any word includes the past and future tenses.

C. The use of the singular form of any word includes the plural, and the plural includes the singular.

## TOPICS

1. The relationship between Uber Technologies, Inc. and Uber USA, LLC, including the extent of which the entities are under common control, share office space and officers, transact business together, commingle funds, or engage in unified advertising.

2. Uber's knowledge of the Restore Online Shopper's Confidence Act ("ROSCA") and how it applies to Uber One and Uber Pass.

3. When Uber became aware of Federal Trade Commission ROSCA law enforcement actions, including *FTC v. Amazon.com, Inc.*, No. 23-0932 (W.D. Wash.), *FTC v. Match Group, Inc.*, No. 19-2281 (N.D. Tex.), *FTC v. Doxo, Inc.*, No. 24-569 (W.D. Wash.), *United States v.*

*Adobe Inc.*, No. 24-3630 (N.D. Cal.), *FTC v. Bridge It, Inc.*, No. 23-9651 (S.D.N.Y.), *FTC v. Cleo AI, Inc.*, No. 25-2594 (S.D.N.Y.), *MoviePass, Inc.*, No. C-4751 (FTC), *United States v. Dave, Inc.*, No. 24-9566 (C.D. Cal.), and *FTC v. FloatMe Corp.*. No. 24-1 (W.D. Tex.).

4. Uber One and Uber Pass Cancellation Processes, including the development and testing of those processes and changes made to those processes.

5. Uber's practice of charging consumers' accounts for Uber One or Uber Pass subscriptions before the end of their billing cycle.

6. How Uber calculated the "total_savings_usd" field in the membership database files produced to the FTC.

7. How Uber calculated average savings of Uber One members that it used in its Advertisements, including those that appear in its Uber One and Uber Pass Enrollment and Cancellation Processes.

8. Uber's practice of advertising personalized savings to consumers, including during Uber One and Uber Pass Enrollment or Cancellation Processes.

9. Differences in how Uber determines base prices, service fees, and delivery fees for Uber One or Uber Pass subscribers and users who are not enrolled in either subscription service.

10. Uber One and Uber Pass Enrollment Processes, including the development and testing of those processes and changes made to those processes.

11. Uber's use of partnerships with third-party businesses as a means of promoting or enrolling consumers into Uber One or Uber Pass.

12. Uber's practice of "wallet cycling" as a means of collecting subscription fees from consumers enrolled in Uber One or Uber Pass.

13. The relationship between Uber One and Uber Pass, including the conversion of Uber Pass subscribers into Uber One subscribers.

14. Benefits and promotions available to Uber One and Uber Pass subscribers, including eligibility criteria for those benefits and promotions and whether those benefits and promotions are only available to Uber One and Uber Pass subscribers.

15. Uber's handling of, and responses to, Customer Correspondence relating to Uber One or Uber Pass.

16. Uber's efforts, either directly or through any third-party service, to monitor or improve the reputation of Uber One or Uber Pass, including the use of search engine optimization.

17. The appearance and substance of Uber's Advertisements for Uber One and Uber Pass, including Advertisements that appear during Enrollment and Cancellation Processes.

18. How Uber prepared and compiled data that appears in the membership, initiations, order, chargeback, clickthrough, and pause databases produced to the FTC, including the meaning of variables that appear in those databases and any assumptions Uber made when preparing those databases.

19. Uber's efforts to assess, including through consumer testing, data analysis, surveys, or review of Consumer Correspondence, (i) whether terms of an Uber One or Uber Pass subscription were disclosed clearly and conspicuously to consumers, (ii) whether consumers were charged for Uber One or Uber Pass subscriptions without their express informed consent, and (iii) whether consumers were able to use simple mechanisms to stop recurring subscription charges.

20. The methodology and results of Uber's consumer surveys relating to Uber One or Uber Pass.

21. The authenticity of documents produced by Uber in this litigation.

Dated: September 15, 2026

Respectfully submitted,

FEDERAL TRADE COMMISSION

*/s/ Paul Mezan*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record by email on this 15th day of September 2026.

Dated: September 15, 2026

*/s/ Paul Mezan*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*