United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION, et al.,
Plaintiffs,

v.

UBER TECHNOLOGIES, INC., et al.,
Defendants.

Case No. 25-cv-03477-JST (TSH)

**DISCOVERY ORDER**

Re: Dkt. No. 295

In ECF No. 295, the parties raise two discovery disputes. The Court addresses them in turn.

**A. Rule 30(b)(6) Notice, Topic 2**

The FTC seeks an order compelling Uber to designate a witness on topic 2 of its Rule 30(b)(6) deposition notice. That topic is: "Uber's knowledge of the Restore Online Shopper's Confidence Act ('ROSCA') and how it applies to Uber One and Uber Pass." The FTC argues that Uber's response to interrogatory 13 ("State whether You contend that during the Applicable Time Period You believed Your subscription services did not violate the Restore Online Shopper's Confidence Act ('ROSCA'), and if so the basis for that belief, who was involved in formulating that belief, and when any discussions relating to that belief occurred.") is inadequate, necessitating deposition testimony. Alternatively, the FTC argues that regardless of whether Uber's rog response is adequate, written discovery is not a substitute for a deposition. Uber opposes the request, contending that its rog response is sufficient and asking the Court to permit it to designate its second supplemental response as its response to topic 2.

The Court expresses no opinion on the adequacy of Uber's second supplemental response to rog 13 because it agrees with the FTC's alternative argument. A rog response is not a substitute

United States District Court
Northern District of California

for a deposition. An important part of deposing an adverse party is cross-examination. However, the FTC cannot cross-examine a rog response. Accordingly, the Court **GRANTS** the FTC's motion to compel and **ORDERS** Uber to designate a witness on topic 2.

**B. RFP 61**

The Court previously denied the FTC's motion to compel on RFP 61. ECF No. 281. The FTC now seeks leave to file a motion for reconsideration of that ruling (or for the Court to deem ECF No. 295 to be the FTC's motion and grant it). It says the Court failed to consider the FTC's diligence, but also that fact discovery has now been extended and the FTC is willing to narrow its request to a 1% sample. Uber opposes the request on the merits but also contends that it needs sufficient time to address the FTC's current position, including time to potentially prepare a declaration.

The Court **GRANTS** the FTC's request for leave to move for reconsideration and further **GRANTS** the FTC's request that ECF No. 295 be deemed that motion. The Court **ORDERS** Uber to file a response, including any declarations, no later than October 28, 2026. The FTC's optional reply is due no later than noon Pacific time October 30, 2026.

**IT IS SO ORDERED.**

Dated: October 23, 2026

THOMAS S. HIXSON
United States Magistrate Judge