Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: +1 650 600 5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: +1 212 230 8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: +1 202 663 6772

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: 415-772-1200
Facsimile: 415-772-7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

*Attorneys for Defendants Uber Technologies, Inc. and Uber USA, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS,

Case No. 4:25-cv-03477-JST

DEFENDANTS' LOCAL RULE 6-3 MOTION FOR A LIMITED MODIFICATION OF THE SCHEDULING ORDER TO DEPOSE PLAINTIFFS' CONSUMER TRIAL WITNESSES

AND THE PEOPLE OF THE STATE OF MICHIGAN,

Plaintiffs,

v.

UBER TECHNOLOGIES, Inc., a corporation, and UBER USA, LLC, a limited liability company,

Defendants.

## I. INTRODUCTION

Uber seeks modification of the amended scheduling order (ECF No. 294) in one narrow respect: to allow a short window to depose only those consumers the FTC and the States ultimately identify as trial witnesses during the pretrial disclosure process. Good cause exists because Plaintiffs have disclosed over 1,600 consumers, yet the existing schedule still provides no reliable mechanism for Uber to learn, before fact discovery closes, which few Plaintiffs intend to call at trial. When Uber previously proposed this same practical solution, Judge Hixson explained it could not be implemented absent a modification of the case schedule. The requested modification is narrowly tailored to that problem: it allows focused depositions of only the consumers Plaintiffs select as trial witnesses, minimizes burdens on nonparties, and promotes an efficient trial and trial preparation.

## II. BACKGROUND

In July, Uber asked Judge Hixson to order Plaintiffs to identify the 20 consumers they were most likely to rely on at trial, so that Uber could decide which of the approximately 600 consumers to depose from the Plaintiffs' initial disclosures. ECF No. 249 at 6-7. Judge Hixson denied the request. ECF No. 252 at 4. The Court reasoned that the Rules ordinarily require disclosure of trial witnesses much closer to trial, and that a year before trial, with summary judgment not yet briefed, Plaintiffs were unlikely to have such a list. *Id.* at 4-5. The Court also observed that the consumers who testify at trial "will all just be a handful of examples drawn from tens of millions of affected consumers." *Id.* at 5. At the hearing, Uber proposed a compromise intended to address that problem, the opportunity to take depositions of disclosed consumer trial witnesses, but Judge Hixson explained that he could not adopt that proposal because doing so would require changing the case schedule and extending fact discovery beyond the deadline set by this Court. Hearing Tr. 23:19-24:10 (Jul. 24, 2026).

Since Uber's July request, Plaintiffs' consumer disclosures have grown, not narrowed. On July 31, 2026, the FTC supplemented its initial disclosures to add over 600 new consumer names. *See* Gringer Decl., Ex. 4, Attachment A. Then, under a stipulated order, the FTC and the States supplemented their answers to certain interrogatories that sought support for their contentions.

ECF No. 257 at 3. *See, e.g.*, Gringer Decl., Ex. 3 at 3-6; Ex. 5 at 2-8; Ex. 6 at 2-5; Ex. 7 at 2-7; Ex. 8 at 2-8; Ex. 9 at 2-4. The supplements added consumer names, complaints and declarations, but no narrower list. On October 8, the States added almost 30 more consumers to its previous initial disclosures, bringing the total disclosed among all the Plaintiffs to over 1,600. Gringer Decl., Ex. 11 at 56-65. While this is a very small fraction of Uber One members, it is simply impossible to depose this many individuals during the fact discovery window.

Uber tried to resolve this without motion practice. On July 21, Uber offered to withdraw its request to Judge Hixson if Plaintiffs would make their consumer witnesses available for deposition a reasonable time before the trial. Gringer Decl., Ex. 1 at 2. Plaintiffs declined. *Id.* at 1. On October 14, after Uber gave notice of this motion, Plaintiffs said they would not oppose it if Uber agreed to extend all fact discovery by a month and shift every later deadline, including trial. Gringer Decl., Ex. 12 at 5. Uber declined. *Id.* at 2. Uber asked again if Plaintiffs would be willing to agree to the limited deposition window. Gringer Decl., Ex. 13 at 1. Plaintiffs refused. Gringer Decl., Ex. 12. at 1.

## III. ARGUMENT

A court may modify a schedule "for good cause." Fed. R. Civ. P. 16(b)(4); *see also* Civil L.R. 16-2(d). Good cause exists when a schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citations omitted). Prejudice to the opponent may supply a reason to deny relief, but the focus is the movant's reasons. *Id.* Courts ask whether the moving party (1) helped create a workable Rule 16 order; (2) could not reasonably comply with it because of developments it could not anticipate; and (3) sought relief promptly once the problem became apparent. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Uber satisfies each factor.

### A. The Modification Is Narrow, Spares Nonparties, And Costs Plaintiffs Nothing.

Uber seeks only a limited modification targeted at a discrete category of witnesses identified in Plaintiffs' trial witness disclosures, to be deposed between those disclosures and trial. That limitation focuses party resources on witnesses who will matter at trial and avoids depositions selected by guesswork.

The requested relief also spares hundreds of nonparty consumers from depositions. Courts give "special consideration to the burdens imposed on nonparties." *See Pegatron Technology Service, Inc. v. Zurich American Ins. Co.*, 377 F. Supp. 3d 1197, 1203 (D. Or. 2019) (citing *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (motion to quash deposition subpoena); *Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) (motion to quash deposition and document production subpoenas)). Uber cannot determine which consumers Plaintiffs view as representative of their trial case. Nor can Uber know which challenged conduct Plaintiffs ultimately intend to emphasize through consumer testimony. Absent relief, Uber faces two untenable options each providing good cause: either (1) seek to depose a large number of consumers who may never testify at trial, imposing unnecessary burdens on nonparties and substantial costs to the parties, or (2) forgo depositions and risk trial testimony from consumers whose allegations have never been tested through discovery.

The relief also makes trial more efficient. The Ninth Circuit has long recognized that "[p]retrial discovery is particularly important to preparation for effective cross-examination of such witnesses, and is commonly employed for that purpose." *U.S. v. Meyer*, 398 F.2d 66, 72 (9th Cir. 1968). A short deposition narrows cross-examination and surfaces disputes before they are presented to the Court. This benefits the Court and both sides.

Finally, Plaintiffs suffer no cognizable prejudice from the requested relief. They need not identify consumer trial witnesses before the otherwise applicable deadline, and the requested modification does not reopen other discovery or alter any other case deadline. By contrast, denying relief risks requiring Uber either to depose consumers who may never testify or to confront trial testimony that has never been tested through deposition examination.

### B. <u>The Schedule Cannot Accommodate Over 1,600 Consumer Witnesses.</u>

Uber helped set the schedule, including the extension Plaintiffs requested in August. That schedule assumes that the parties can decide during fact discovery whom to depose. Plaintiffs' disclosures make that assumption untenable.

**C. <u>Despite Uber's Diligence, The Existing Schedule Cannot Reasonably Be Met.</u>**

The current schedule provides no reliable mechanism to identify which of the over 1,600 disclosed consumers Plaintiffs intend to call live at trial. Courts recognize that the point of naming trial witnesses in advance is to let the other side decide whom to depose. *See, e.g.*, *United States v. Town of Colorado City*, 2014 WL 5431209, at *1 (D. Ariz. Oct. 27, 2014) (the "primary purpose of disclosing witnesses by name" is "to make it possible for a party to evaluate whether or not to depose someone who may be called at trial"); *In re 650 Fifth Avenue and Related Properties*, 2013 WL 12183225, at *2 (S.D.N.Y. June 5, 2013) (court had ordered early witness disclosure because "[t]he purpose of disclosing trial witness lists was to assist in focusing depositions"). In both cases, the court set witness disclosures before discovery closed so that depositions could follow. Here, the sequence runs the other way.

While some uncertainty regarding trial witnesses is ordinary, this much uncertainty is not. Plaintiffs challenge 1,167 advertisements and enrollment flows tied to some 230 entry points. *See, e.g.*, ECF No. 252 at 2–4. Different consumers saw different versions of these experiences and came to different conclusions. It is doubtful that Plaintiffs will call more than a handful of these over 1,600 consumers, and any sample Uber draws today is unlikely to include the few witnesses Plaintiffs will call during the eight-day bench trial. Scheduling Order, ECF No. 32 at 2. This process frustrates the very purpose of trial witness disclosures.

Judge Hixson noted that these consumers are Uber's customers and that Uber has their account records. ECF No. 252 at 5. But only a consumer can testify to what she saw and understood (or not). Plaintiff Pennsylvania's own investigators made the same point. On redirect by Pennsylvania's counsel, one testified that "[a] consumer's story is their story to tell" and that her office has no information about the allegations in a consumer's complaint. Gringer Decl., Ex. 14 at 193:17–194:12. Another agreed that "the consumers would know the best." Gringer Decl., Ex. 15 at 56:6-12. As such, Uber continues to face the same problem it identified in July despite ongoing efforts to resolve the issue through discovery and the meet-and-confer process.

**D. <u>Uber Has Pursued Every Alternative, and Plaintiffs' List Has Only Grown.</u>**

Uber has continually pressed this issue. It raised this problem with the Court in July. ECF No. 249 at 6-7. Before Judge Hixson ruled, Uber offered Plaintiffs a stipulation for substantially the relief it seeks now. Gringer Decl., Ex. 1 at 2. Plaintiffs declined. *Id.* at 1. Uber then obtained court-ordered supplemental interrogatory responses. *See, e.g.*, Gringer Decl., Ex. 3 at 3-6; Ex. 5 at 2-8; Ex. 6 at 2-5; Ex. 7 at 2-7; Ex. 8 at 2-8; Ex. 9 at 2-4. Those responses contained ***additional*** consumer names, complaints, declarations, affidavits, and examples of consumer allegations, but did not identify any narrower subset of consumers likely to testify at trial or otherwise provide a practical means for Uber to distinguish between consumers that Plaintiffs may ultimately present at trial and the broader universe of disclosed consumers. *See, e.g.*, FTC Supplemental Responses to Second Set of Interrogatories (Aug. 21, 2026); FTC Supplemental Responses to Interrogatories 18 and 19 (Sep. 11, 2026); States' Supplemental Responses to Interrogatories 18 and 19 (Aug. 21, 2026); States' Second Supplemental Responses to Interrogatories 18 and 19 (Sep. 11, 2026); Alabama Supplemental Responses to Second Set of Interrogatories (July 22, 2026; Sep. 17, 2026); New York Responses to Uber's Second Set of Interrogatories (July 22, 2026). To the contrary, Plaintiffs kept expanding their consumer disclosures and supporting materials, including most recently when the States identified almost 30 new consumers in their supplemental initial disclosures. *See* Gringer Decl., Ex. 11, Attachment A to States' Supplemental Initial Disclosures (October 8, 2026). Uber gave notice of this motion just four days later. Ex. 1 at 1.

## IV. <u>CONCLUSION</u>

Plaintiffs have identified a substantial and growing universe of consumers who may possess information relevant to Plaintiffs' claims. Without a mechanism permitting the deposition of consumers Plaintiffs ultimately select to present at trial, Uber cannot fairly prepare its defense. Uber respectfully requests that the Court modify the scheduling order so that depositions of consumer witnesses identified in Plaintiffs' trial witness disclosures may proceed between the date of their disclosure and trial.

Dated: October 23, 2026

Respectfully submitted,

/s/ David Gringer
David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: +1 212 230 8800

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: +1 650 600 5051

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: +1 202 663 6772

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: +1 202 736 8729
Facsimile: +1 202 736 8711

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

*Attorneys for Defendants*
*Uber Technologies, Inc. and Uber USA, LLC*