Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: +1 650 600 5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: +1 212 230 8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: +1 202 663 6772

Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415-772-1200
Facsimile: 415-772-7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: 202-736-8000
Facsimile: 202-736-8711

*Attorney for Defendants Uber Technologies, Inc. and Uber USA, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS,

Case No. 4:25-cv-03477-JST

DECLARATION OF DAVID GRINGER IN SUPPORT OF DEFENDANTS' LOCAL RULE 6-3 MOTION FOR A LIMITED MODIFICATION OF THE SCHEDULING ORDER TO DEPOSE PLAINTIFFS' CONSUMER TRIAL WITNESSES

AND THE PEOPLE OF THE STATE OF MICHIGAN,

Plaintiffs,

v.

UBER TECHNOLOGIES, Inc., a corporation, and UBER USA, LLC, a limited liability company,

Defendants.

I, David Gringer, declare as follows:

1. I am a partner at Wilmer Cutler Pickering Hale and Dorr LLP and counsel for Defendants Uber Technologies, Inc. and Uber USA, LLC in the above-captioned matter. I was admitted *pro hac vice* to practice in this Court. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently hereto.

2. I submit this declaration in support of Defendants' Motion for a Limited Modification of the Scheduling Order to Depose Plaintiffs' Consumer Trial Witnesses pursuant to Civil Local Rule 6-3.

3. To date, Plaintiffs have identified over 1,600 consumers. The current schedule leaves Uber without any reliable mechanism to identify which of the over 1,600 consumers Plaintiffs actually intend to rely upon at trial. Plaintiffs challenge 1,167 advertisements and enrollment flows tied to some 230 entry points, *see, e.g.*, ECF No. 252 at 2–4, and different consumers saw different versions of these experiences and came to different conclusions. It is doubtful that Plaintiffs will call more than a handful of these over 1,600 consumers and any sample Uber draws today is unlikely to include the few witnesses Plaintiffs will actually call during the eight-day bench trial. Scheduling Order, ECF No. 32 at 2. This frustrates the very purpose of trial witness disclosures.

4. Previous time modifications in this case include:

a. October 7, 2025: the Court granted the FTC's request to extend all 2025 deadlines by the length of the federal appropriations lapse. ECF No. 40.

b. April 23, 2026: by stipulation, the Court enlarged several case deadlines. ECF No. 189.

c. April 28, 2026: the Court amended case deadlines relating to motions in limine, the pretrial conference, and trial. ECF No. 193.

d. May 8, 2026: by stipulation, the Court extended the deadline for Defendants to complete production in response to RFP 27. ECF No. 205.

e. August 5, 2026: by unopposed motion, the Court granted Plaintiffs' request to extend the Case Management Schedule. ECF No. 255.

f. October 22, 2026: the Court granted the FTC's opposed motion to extend the Case Management Schedule. ECF No. 294.

5. Uber raised this problem with the Court in the July 17, 2026 Joint Status Report. ECF No. 249 at 6-7. Before Judge Hixson ruled, Uber offered Plaintiffs a stipulation for substantially the relief it seeks now—that Plaintiffs make their consumer witnesses available for deposition reasonably before the trial. Ex. 1 at 2. Plaintiffs declined. *Id.* at 1.

6. Some Plaintiffs then supplemented their interrogatory responses to include additional consumer names, complaints, declarations, affidavits, and examples of consumer allegations, but did not identify any narrower subset of consumers likely to testify at trial or otherwise provide a practical means for Uber to distinguish between consumers that Plaintiffs may ultimately present at trial and the broader universe of disclosed consumers. *See, e.g.*, Ex. 2 at 3-7 (Alabama Supplemental Responses to Uber's Interrogatories (July 22, 2026)); Ex. 3 at 3-6 (New York Responses to Uber's Second Set of Interrogatories (July 22, 2026)).

7. On July 31, 2026, the FTC supplemented its initial disclosures to add over 600 new consumer names. *See* Ex. 4, Attachment A (FTC Supplemental Initial Disclosures (July 31, 2026)).

8. Under a stipulated order on August 7, 2026, the FTC supplemented its answers to three interrogatories that sought support for its contentions, and the States supplemented their answers to two interrogatories that sought support for their contentions. ECF No. 257 at 3. *See, e.g.*, Ex. 5 at 2-8 (FTC Supplemental Responses to Second Set of Interrogatories (Aug. 21, 2026)); Ex. 6 at 2-5 (FTC Supplemental Responses to Interrogatories 18 and 19 (Sep. 11, 2026)); Ex. 7 at 2-7 (States' Supplemental Responses to Interrogatories 18 and 19 (Aug. 21, 2026)); Ex. 8 at 2-8 (States' Second Supplemental Responses to Interrogatories 18 and 19 (Sep. 11, 2026)); Ex. 9 at 2-4 (Alabama Supplemental Responses to Second Set Interrogatories (Sep. 17, 2026)); Ex. 3 at 3-6 (New York Responses to Uber's Second Set of Interrogatories (July 22, 2026)).

9. Once again, the supplements added consumer names, complaints and declarations, but no narrower list. *See, e.g.*, Ex. 3 at 3-6; Ex. 5 at 2-8; Ex. 6 at 2-5; Ex. 7 at 2-7; Ex. 8 at 2-8; Ex. 9 at 2-4.

10. On September 17, 2026, Defendants' counsel wrote to Plaintiff States' counsel requesting that the States supplement their initial disclosures to identify persons most likely to support Plaintiff's claims and have discoverable information. Ex. 10.

11. Plaintiffs continued expanding their consumer disclosures and supporting materials, including most recently when the States added approximately 30 new names to their initial disclosures. *See* Ex. 11 at 56-65 (Attachment A to States' Supplemental Initial Disclosures (October 8, 2026)). This brings the total number of consumers to over 1,600.

12. Uber sought additional clarity during the October 6, 2026 deposition of Jessica Nelson, former Senior Civil Investigator at the Pennsylvania Office of Attorney General, and Ms. Nelson testified that the consumers would be the appropriate people to testify as to their own complaints. Ex. 14 (Nelson Dep. Tr. at 193:14-194:4).

13. Uber also sought additional clarity during the October 8, 2026 deposition of Mia Paone, Senior Civil Investigator at the Pennsylvania Office of Attorney General, and Ms. Paone also testified that the consumers would be the appropriate people to testify as to their own complaints. Ex. 15 (Paone Dep. Tr. at 24:15-22; 37:2-8; 56:6-12).

14. On October 14, 2026, after Uber gave notice of this motion, Plaintiffs said they would not oppose it if Uber agreed to extend all of fact discovery by a month and shift every later deadline, including trial. Ex. 12 at 5. Uber declined. *Id.* at 2. Uber asked again if Plaintiffs would be willing to agree to the limited deposition window. Ex. 13 at 1. Plaintiffs refused. Ex. 12 at 1

15. Uber's requested modification would not affect any other date or deadline set by the Court.

16. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in New York, New York on October 23, 2026.

*/s/ David Gringer*
David Gringer