# EXHIBIT 2

Michael G. Dean (Alabama Bar No. 0409A63D)
Lindsay D. Barton (Alabama Bar No. 1165G00N)

Office of the Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152

*Attorneys for Plaintiff*
*State of Alabama*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,**

**Plaintiffs,**

**vs.**

**UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company**

**Defendants.**

**Case Number: 4:25-cv-03477-JST**

**PLAINTIFF STATE OF ALABAMA'S OBJECTIONS & RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff State of Alabama ("Alabama") objects and responds to Defendant Uber Technologies, Inc.'s (together with Uber USA, LLC, "Uber") Second set of Interrogatories ("Interrogatories") as follows:

**GENERAL OBJECTIONS**

Alabama provides the responses set forth herein solely based upon information presently known to and within the possession, custody, or control of Alabama. Subsequent discovery, information produced by the Defendants in this litigation, investigation, expert discovery, third-party discovery, depositions, and further analysis may result in additions to, changes or modifications in, and/or variations from the responses and objections set forth herein. Accordingly, Alabama specifically and expressly reserves the right to supplement, amend, and/or revise the responses and objections set forth herein in due course and in accordance with Rule 26 of the Federal Rules of Civil Procedure.

Alabama objects to these Interrogatories to the extent they seek information that is protected from discovery by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, deliberative process privilege, public official privilege, as information gathered or prepared in anticipation of litigation, and/or by any other privilege or immunity from disclosure (collectively, "Privileged Information"). Alabama further objects to these Interrogatories to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. Alabama further objects to these Interrogatories to the extent that, as written, they seek information not within Alabama's knowledge, possession, or control.

Alabama further objects to these Interrogatories to the extent they seek information about consumers or entities outside Alabama or Uber's conduct towards consumers or entities outside Alabama. Alabama also objects to these Interrogatories to the extent they seek information about allegations contained in any pleadings filed prior to the First Amended Complaint ("FAC"), and its responses regarding allegations in the Complaint are limited to allegations contained in the First Amended Complaint and Second Amended Complaint ("SAC").

**DEFINITIONS**

Alabama objects to the definitions of "Plaintiff," "You," and "Your," to the extent such definitions purport to obligate Alabama to provide information maintained by, or respond on behalf of, state agencies or entities other than the Office of the Attorney General.

Alabama neither agrees nor stipulates to the definitions.

**INSTRUCTIONS**

Alabama objects generally to the Defendants' prefatory instructions and definitions, to the extent they require more than the Federal Rules of Civil Procedure require a party to provide in discovery. Alabama neither agrees nor stipulates to the instructions.

**OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 18**

Identify and describe the basis for Your contention that Uber charged consumers' financial accounts for products or services without their "express informed consent," Complaint ¶ 129, Including the identity of any consumers who complained about lack of consent to charges.

**RESPONSE:** Alabama objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common

interest doctrine, the public interest privilege, law enforcement privilege, deliberative process privilege, public official privilege, as information gathered or prepared in anticipation of litigation, and/or by any other privilege or immunity from disclosure.

Alabama also objects to this Interrogatory as duplicative of Uber's Interrogatory 11, which also sought all facts supporting the allegation that "consumers did not provide 'express informed consent' for Uber One Charges, Including by Identifying all Persons or Entities who were charged without such consent."

Subject to and without waiving its objections, Alabama answers that, as set forth in the SAC, Alabama and the FTC have received complaints from consumers that they were charged for an Uber One subscription without express informed consent. In some cases, when consumers contacted Uber's customer service, Uber was unable to confirm that they had an Uber One account. Alabama further contends that many consumers were billed without their express informed consent when Uber used negative option enrollment practices – where a consumer's failure to reject an offer or cancel an agreement is treated as consent to be charged for goods or services. In other instances, consumers continued to be charged for their Uber One subscriptions after they had cancelled the subscriptions. Additionally, Alabama refers Defendant to its response to Request No. 14 in its Responses and Objections to Defendant Uber Technologies, Inc.'s First Set of Requests for Production of Documents, including the consumer complaints that the FTC has produced to Uber and that Alabama has produced to Uber, Bates Nos. UBER-STATES-00000001 – 00000013; Bates Nos. UBER-AL-00000019-00000021, 00000027-00000028, 00000045-00000047, 00000085-00000090, 00000099-00000102, 00000120-00000121, 00000197-00000199, 00000205-00000206. In addition, Alabama refers Defendant to its

supplemental response to Interrogatory No. 4, identifying Attorney General Chief Counsel Katherine Robertson as having been charged for an Uber One membership without her consent. As discovery is ongoing, Alabama reserves the right to revise or supplement this response.

**INTERROGATORY NO. 19**

Identify and describe the basis for Your contention that Uber's practices were "deceptive" or "misleading," Including the identity of any consumers who complained about deceit and related topics.

**RESPONSE:** Alabama objects to this Interrogatory on the grounds to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, deliberative process privilege, public official privilege, as information gathered or prepared in anticipation of litigation, and/or by any other privilege or immunity from disclosure.

Alabama further objects to this Request as vague, overly broad, and unduly burdensome in that it seeks information about "Uber's practices" without further specification.

Without waiving these objections and subject to the foregoing general and specific objections, Alabama answers that Uber practices were deceptive and misleading because Uber made false or misleading representations that consumers may cancel their subscription services at any time with no additional fees; that consumers would be billed or charged on a specific date; that consumers who enroll in their subscription services will save a specific amount, such as "$25 every month;" and that consumers have authorized Defendants' charges. Additionally, Alabama refers the Defendants to the consumer complaints it has previously produced, Bates

Nos. UBER-STATES-00000001 – 00000013; Bates Nos. UBER-AL-00000014-00000016, 00000019-00000021, 00000027-00000028, 00000045-00000047, 00000082-00000090, 00000099-00000102, 00000120-00000121, 00000197-00000199, 00000205-00000206, as well as the documents that Defendants produced to the FTC and that the FTC produced to Defendants, which include additional consumer complaints. In addition, Alabama refers Defendant to its supplemental response to Interrogatory No. 4, identifying Attorney General Chief Counsel Katherine Robertson as having been charged for an Uber One membership without her consent. As discovery is ongoing, Alabama reserves the right to revise or supplement this response.

**<u>INTERROGATORY NO. 20</u>**

Identify all individuals you have interviewed in connection with this Action and the dates of those interviews.

**RESPONSE:** Alabama objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the public interest privilege, law enforcement privilege, deliberative process privilege, public official privilege, as information gathered or prepared in anticipation of litigation, and/or by any other privilege or immunity from disclosure. The selection of individuals to interview reflects the mental impressions and trial strategy of counsel and is protected work product. *See, e.g., Mitchell Engineering v. City and County of San Francisco*, No. C 08-04022 SI, 201 WL 1853493, at *1-2 (N.D. Cal. May 6, 2010); *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987). Alabama has already disclosed the identities of complaining consumers, and

Uber is free to interview those consumers, but Alabama's decisions about whom to interview are protected work product.

Based on these objections, Alabama will not provide any further response to this Interrogatory.

Dated: July 22, 2026

Steve Marshall
*Attorney General*

*/s/ Michael G. Dean*
Michael G. Dean
*Assistant Attorney General*
Ala. Bar No. 0409A63D

Lindsay D. Barton
*Assistant Attorney General*
Ala. Bar No. 1165G00N

Office of Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
michael.dean@alabamaag.gov
lindsay.barton@alabamaag.gov