# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company**<br><br>**Defendants.** | **Case Number: 4:25-cv-03477-JST**<br><br>**PLAINTIFF STATE OF NEW YORK'S RESPONSES TO DEFENDANTS' SECOND SET OF INTERROGATORIES** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff the Attorney General of New York ("New York") objects and responds to Defendants' ("Uber") Second Set of Interrogatories ("Interrogatories") as follows:

**GENERAL OBJECTIONS**

New York provides the responses set forth herein solely based upon information presently known to and within the possession, custody, or control of New York. Subsequent discovery, information produced by the Defendants in this litigation, investigation, expert discovery, third-party discovery, depositions, and further analysis may result in additions to, changes or modifications in, and/or variations from the responses and objections set forth herein. Accordingly, New York specifically and expressly reserves the right to supplement, amend, and/or revise the responses and objections set forth herein in due course and in accordance with Rule 26 of the Federal Rules of Civil Procedure.

New York objects to these Interrogatories to the extent they seek information that is protected from discovery by the deliberative process privilege, the attorney client privilege, the law enforcement privilege, the common interest privilege, the work product doctrine, or any other applicable privilege or protection. New York further objects to these Interrogatories to the extent they seek information restricted from dissemination pursuant to court order, statute, or regulation. New York further objects to these Interrogatories to the extent that, as written, they seek information not within New York's knowledge, possession, or control.

New York further objects to these Interrogatories to the extent they seek information about consumers or entities outside New York or Uber's conduct towards consumers or entities outside New York. New York also objects to these Interrogatories to the extent they seek information about allegations contained in any pleadings filed prior to the First Amended Complaint, and its responses regarding allegations in the Complaint are limited to allegations contained in the First Amended Complaint and Second Amended Complaint ("SAC").

## DEFINITIONS

New York objects to the definitions of "Plaintiff," "You," and "Your," to the extent such definitions purport to obligate New York to provide information maintained by, or respond on behalf of, state agencies or entities other than the Office of the Attorney General.

New York neither agrees nor stipulates to the definitions.

## INSTRUCTIONS

New York objects generally to the Defendants' prefatory instructions and definitions, to the extent they require more than the Federal Rules of Civil Procedure require a party to provide in discovery. New York neither agrees nor stipulates to the instructions.

## OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 18

Identify and describe the basis for Your contention that Uber charged consumers' financial accounts for products or services without their "express informed consent," Complaint ¶ 129, Including the identity of any consumers who complained about lack of consent to charges.

**RESPONSE:** New York objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege.

New York objects to this Interrogatory as duplicative of Uber's Interrogatory 11, which also sought all facts supporting the allegation that "consumers did not provide 'express informed consent' for Uber One Charges, Including by Identifying all Persons or Entities who were charged without such consent."

Subject to and without waiving its objections, New York answers that, as set forth in the SAC, New York and the FTC have received complaints from consumers that they were charged for an Uber One subscription without express informed consent. In some cases, when consumers contacted Uber's customer service, Uber was unable to confirm that they had an Uber One account. New York further contends that many consumers were billed without their express informed consent when Uber used negative option enrollment practices – where a consumer's failure to reject an offer or cancel an agreement is treated as consent to be charged for goods or services. In other instances, consumers continued to be charged for their Uber One subscriptions after they had cancelled the subscriptions. Additionally, New York refers Defendant to its response to Request No. 14 in Plaintiff State of New York's Responses and Objections to Defendant Uber Technologies, Inc.'s First Set of Requests for Production of Documents, including the consumer complaints it has previously produced at Bates Numbers UBER-NY-00000001, UBER-NY-00000003, UBER-NY-00000069, UBER-NY-00000076, UBER-NY-00000091, UBER-NY-00000108, UBER-NY-00000114, UBER-NY-00000117, UBER-NY-00000119, UBER-NY-00000122, UBER-NY-00000128, UBER-NY-00000133, UBER-NY-00000136, UBER-NY-00000268, UBER-NY-00000275, UBER-NY-00000284, UBER-NY-00000285, UBER-NY-00000288, and UBER-NY-00000290.

As discovery is ongoing, New York reserves the right to revise or supplement this response.

**INTERROGATORY NO. 19**

Identify and describe the basis for Your contention that Uber's practices were "deceptive" or "misleading," Including the identity of any consumers who complained about deceit and related topics.

**RESPONSE:** New York objects to this Interrogatory on the grounds that it seeks information protected by the attorney-client privilege, attorney work product doctrine, the common interest doctrine, law enforcement privilege, or deliberative process privilege.

New York objects to this Request as vague, overly broad, and unduly burdensome in that it seeks information about "Uber's practices" without further specification. Without waiving these objections and subject to the foregoing general and specific objections, New York answers that Uber practices were deceptive and misleading because Uber made false or misleading representations that consumers may cancel their subscription services at any time with no additional fees; that consumers would be billed or charged on a specific date; that consumers who enroll in their subscription services will save a specific amount, such as "$25 every month"; and that consumers have authorized Defendants' charges. Additionally, New York refers the Defendants to the consumer complaints it has previously produced (UBER-NY-00000001 – UBER-NY-00000006, UBER-NY-00000068 – UBER-NY-00000075, UBER-NY-00000090 – UBER-NY-00000095, UBER-NY-00000108 – UBER-NY-00000110, UBER-NY-00000114 – UBER-NY-00000115, UBER-NY-00000128 – UBER-NY-00000136, UBER-NY-00000268 – UBER-NY-00000292), as well as the documents that Defendants produced to the FTC and that the FTC produced to Defendants, which include additional consumer complaints.

**INTERROGATORY NO. 20**

Identify all individuals you have interviewed in connection with this Action and the dates of those interviews.

**RESPONSE:** New York objects to this Interrogatory on the ground that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the law enforcement privilege, and the deliberative process privilege. The selection of individuals to interview reflects the mental impressions and trial strategy of counsel and is protected work product. *See, e.g.*, *Laxalt v. McClatchy*, 116 F.R.D. 438, 443 (D. Nev. 1987). New York has already disclosed the identities of complaining consumers, and Uber is free to interview those consumers, but New York's decisions about whom to interview are protected work product.

Based on these objections, New York will not provide any further response to this Interrogatory.

Dated: July 22, 2026

LETITIA JAMES
Attorney General of the State of New York

By: /s/ Christian Reigstad
Assistant Attorney General
Consumer Frauds and Protection Bureau
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8321
Christian.Reigstad@ag.ny.gov