# EXHIBIT 6

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
(202) 326-3395 (fax)

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

**FEDERAL TRADE COMMISSION, et al.,**

Plaintiffs,

v.

**UBER TECHNOLOGIES, Inc.**, a corporation, and

**UBER USA, LLC**, a limited liability company,

Defendants.

Case No. 4:25-cv-03477-JST

**PLAINTIFF FTC'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT UBER TECHNOLOGIES, INC.'S INTERROGATORIES 18 AND 19**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Federal Trade Commission ("FTC") hereby further supplements its responses and objections to Defendant Uber Technologies, Inc.'s Interrogatories 18 and 19.

**GENERAL RESPONSES AND OBJECTIONS**

Discovery has not concluded in this litigation. Accordingly, the FTC's responses and objections are based upon the information available to the FTC at this stage in the litigation and presently known by the FTC. The FTC reserves the right to supplement, revise, modify, or otherwise change or amend these responses in light of any information that it subsequently may obtain or discover, consistent with Federal Rule of Civil Procedure 26(e). The FTC does not waive its right to rely upon information that is not being disclosed at this time, including but not limited to information that the FTC has requested or will request through its own discovery propounded on Uber Technologies, Inc., Uber USA, LLC (collectively, "Uber"), and third parties. Objections made by the FTC are made without prejudice to the FTC's right to assert additional objections in the event that additional grounds for objections are discovered by the FTC subsequent to this response.

**OBJECTIONS AND RESPONSES TO INTERROGATORIES 18 AND 19**

**INTERROGATORY NO. 18:** Identify and describe the basis for Your contention that Uber charged consumers "additional fees" when they canceled their subscription service; include in Your response a description of each "additional fee" that You contend consumers were charged. Complaint ¶¶ 98–100.

**RESPONSE:** The FTC objects that this Interrogatory is overly broad, unduly burdensome, and disproportionate to its relevance and to the needs of the case insofar as it requires the FTC to identify "each" fee. Further, the FTC objects to this Interrogatory to the extent it requires it to determine and identify documents it may use to support its claims far in advance of what is required under Federal Rule of Civil Procedure 26(a)(3)(A)(iii).

Without waiving and subject to the foregoing objections, the FTC responds as follows: As alleged in the Second Amended Complaint ("SAC"), consumers are unable to cancel at certain times before the next billing period without incurring additional charges of $9.99 a month or $96 a year in subscription "fees." SAC ¶¶ 81, 86-87; *see*, *e.g.*, UBER-SEPT24-00000748; UBER-FTCU1-00121115; UBER-FTCU1-01401584; UBER-FTCU1-00052545; UBER-FTCU1-00053287; UBER-FTCU1-01403563; UBER-FTCU1-00051373; UBER-FTCU1-01399639. Defendants charge "additional fees" in the form of next month's or year's subscription charges (i) despite consumers attempting to cancel their subscription before their next billing date, and (ii) for trial period subscriptions, even before the current month ends and before the date Uber represents to consumers that they will be billed. SAC ¶ 81. Further, even after Uber specifically told many consumers their subscriptions were cancelled and that they would not be charged again, those consumers were nevertheless charged additional subscription fees for additional months. *Id.* at ¶ 86-87; *see also* UBER-FTCU1-01399639; FTC-000000149 (e.g. rows 2, 13, 42, 56, 58, and 68); FTC's Supplemental Responses to Defendants' Interrogatories 3 and 10.

**INTERROGATORY NO. 19:** Identify and describe the basis for Your contention that Uber charged consumers' financial accounts for products or services without their "express informed consent." Complaint ¶ 101.

**RESPONSE:** The FTC objects to this Interrogatory to the extent it requires it to determine and identify documents it may use to support its claims far in advance of what is required under Federal Rule of Civil Procedure 26(a)(3)(A)(iii). The FTC further objects to this Interrogatory on the basis that it seeks information covered by Fed. R. Civ. P. 26(b)(4) and Fed.

R. Civ. P. 26(a)(2)(D). Accordingly, any information responsive to this Interrogatory that relates to potential experts will not be provided at this time. Instead, the FTC will provide such information as required by and consistent with the Federal Rules of Civil Procedure and the Scheduling Order issued in this Action.

Without waiving and subject to the foregoing objections, the FTC responds as follows: First, the SAC alleges that Uber has charged consumers who never signed up at all. SAC ¶¶ 4, 38, 80, 82. These consumers have been enrolled in Uber's subscription service and charged a subscription fee without their authorization, and oftentimes without their knowledge. *Id.; see also* UBER-FTCU1-01403800; UBER-FTCU1-01400462; UBER-FTCU1-01400209; UBER-FTCU1-01398503; UBER-FTCU1-01398583; UBER-FTCU1-01398639; UBER-FTCU1-01399118; UBER-FTCU1-01399429; UBER-FTCU1-01399444; UBER-FTCU1-01400343; UBER-FTCU1-01400576; UBER-FTCU1-01400914; UBER-FTCU1-01401594; UBER-FTCU1-01401704; UBER-FTCU1-01401981; UBER-FTCU1-01403634; UBER-FTCU1-01404283; FTC-000000179; FTC-000000325; UBER-FTCU1-01399566; FTC-000000149 (e.g. rows 4, 7, 8, 10, 15, 23, 28, 31, 36, 54, and 61); FTC's Supplemental Response to Defendants' Interrogatory 3. Second, consumers could not provide express informed consent because, as alleged in the SAC, Defendants failed to sufficiently disclose material information. *See*, *e.g.*, Dkt. 147 p. 12-17; Dkt. 178 at p. 18; *see also* FTC's Supplemental Response to Defendants' Interrogatory 3; FTC's Supplemental Response to Interrogatory 11; FTC-000000149 (e.g. rows 60, 85, 112, and 186).

Third, the SAC alleges that many consumers signed up for free trials under the impression that they would be able to cancel before being charged only to find out they have

already been enrolled in and prematurely charged for an unwanted paid subscription, without any additional affirmative steps on their part, and before their free trial has even ended. SAC ¶ 39-41; *see, e.g.*, UBER-FTCU1-00087403; UBER-FTCU1-01399176; UBER-FTCU1-01402880; UBER-FTCU1-00087280; UBER-FTCU1-01404672.

Fourth, the SAC alleges that many consumers took action to *revoke* consent and were charged again anyway. For example, consumers are charged without consent while canceling due to unreasonably long wait times in the Uber customer support chat queue, even when they initiated their cancellation request well before the end of their free trial or current subscription cycle. SAC ¶¶ 83-84. In other instances, Uber continues to charge many consumers who already cancelled their subscriptions. SAC ¶¶ 85-87; *see, e.g.*, UBER-FTCU1-01399028; UBER-FTCU1-01400478; UBER-FTCU1-01400488; UBER-FTCU1-01403563; UBER-FTCU1-01404358; UBER-FTCU1-01405158; UBER-FTCU1-01404755. For example, consumers cancelling within the last 48 hours of their current billing cycle have been charged for an additional subscription fee even after they had successfully cancelled their subscription. *Id.*; *see* FTC's Supplemental Response to Interrogatory 18 above. Many consumers have complained that these practices have caused them to incur unauthorized charges. *See, e.g.* SAC ¶¶ 80-89; FTC-000000149 (e.g. rows 16, 48, 56, 59, 92, 124, and 210).

Facts supporting these contentions are also found in at least the following documents: UBER-SEPT24-00000344; UBER-FTCU1-00022263; UBER-FTCU1-00400747; UBER-FTCU1-01400415; UBER-FTCU1-00052546; UBER-FTCU1-00022319; UBER-FTCU1-00035199; UBER-FTCU1-00063663; UBER-FTCU1-01399639.

Dated: September 11, 2026

*/s/ Paul Mezan*
Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar. No. 495823)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington DC 20580
(202) 758-4177 (Mezan)
pmezan@ftc.gov (Mezan)
sliebner@ftc.gov (Liebner)
jdoty@ftc.gov (Doty)

**Attorneys for Plaintiff**
**FEDERAL TRADE COMMISSION**