# EXHIBIT 14

1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

------------------------------X
FEDERAL TRADE COMMISSION, : Case No.:
et al., : 4:25-cv-03477-JST
Plaintiffs, :
v. :
UBER TECHNOLOGIES, INC., a :
corporation; and :
UBER USA, LLC, a limited :
liability company, :
Defendants. :
------------------------------X

VIDEOTAPED DEPOSITION OF JESSICA NELSON
CONDUCTED VIRTUALLY
TUESDAY, OCTOBER 6, 2026
9:28 a.m. EST

Job No.: 650596
Pages 1 - 196
Reported Stenographically by:
APRIL REID, RPR, CRR, CA CSR #14963

2

A P P E A R A N C E S

ON BEHALF OF THE COMMONWEALTH OF PENNSYLVANIA:
MERNA T. HOFFMAN, ESQ.
Pennsylvania Office of the Attorney General
Bureau of Consumer Protection
15th Floor, Strawberry Square
Harrisburg, PA 17120

ON BEHALF OF THE FEDERAL TRADE COMMISSION:
PATRICK ROY, ESQ.
Federal Trade Commission
600 Pennsylvania Avenue, NW
Washington, DC 20580
(202) 758-4177

ON BEHALF OF THE DEFENDANTS:
BRITTANY WARREN, ESQ.
WILMER CUTLER PICKERING
HALE and DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000

3

A P P E A R A N C E S cont'd

ON BEHALF OF THE DEFENDANTS: cont'd
HANNAH HOFFMAN, ESQ.
WILMER CUTLER PICKERING
HALE and DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

ALSO PRESENT:
MICHAEL DEAN, State of Alabama
LUKE RILEY, State of Maryland
DAVID MIELCAREK, Videographer
LISA GROSS, Remote Technician

4

I N D E X


| JESSICA NELSON | PAGE |
|---|---|
| Examination by Ms. Warren | 8 |
| Examination by Ms. Merna Hoffman | 191 |


E X H I B I T S


| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 86 | Objections & Responses to Defendants' First Set of Interrogatories | 60 |
| Exhibit 87 | First Supplemental Responses to Defendants' First Set of Interrogatories | 95 |
| Exhibit 88 | Second Supplemental Responses to Defendants' First Set of Interrogatories | 102 |
| Exhibit 44 | Plaintiff States' Rule 26(A)(1) Supplemental Initial Disclosures | 111 |
| Exhibit 1 | Second Amended Complaint | 114 |
| Exhibit 92 | Consumer Complaint Form Ryan Maurer | 124 |
| Exhibit 93 | Consumer Complaint Form James Wise | 134 |

EXHIBITS


| NUMBER | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 94 | Consumer Complaint Form Tawana Murphy | 143 |
| Exhibit 95 | Consumer Complaint Form Robert Walsh | 151 |
| Exhibit 97 | E-mail thread, Bates number UBER-PA-00000594 | 158 |
| Exhibit 101 | Declaration of Matthew Weik | 159 |
| Exhibit 151 | Uber screenshot, Bates number Uber-PA-00000217 | 166 |




PROCEEDINGS

THE VIDEOGRAPHER: Here begins Media Number 1 in the Videotaped Deposition of Jessica Nelson in the matter of Federal Trade Commission versus Uber Technologies Incorporated, et al., in the United States District Court, Northern District of California, Oakland Division, Case No. 4:25-CV-03477-JST.

Today's date is Tuesday, October 6th, 2026. The time on the video monitor is 9:28 a.m. Eastern time.

The videographer today is David Mielcarek representing Planet Depos, headquartered at 451 Hungerford Drive, Suite 400, Rockville, Maryland 20850.

All parties of this video deposition are attending remotely.

Would counsel please voice-identify themselves and state whom they represent.

MS. WARREN: Brittany Warren.

MS. MERNA HOFFMAN: Merna Hoffman.

MS. WARREN: Go ahead, Merna.

MS. MERNA HOFFMAN: Good morning. Senior Deputy Attorney General Merna Hoffman for the Commonwealth of Pennsylvania.



MS. WARREN: Brittany Warren and Hannah Hoffman of the law firm WilmerHale on behalf of Uber.

THE VIDEOGRAPHER: The court reporter today is April Reid, representing Planet Depos.

The witness will now be sworn and then we may proceed.

THE STENOGRAPHER: Ms. Nelson, if I may please get you to raise your right hand.

THE WITNESS: (Complies.)

THE STENOGRAPHER: Do you swear or affirm that the testimony you're about to give will be the truth, the whole truth and nothing but the truth?

THE WITNESS: I do.

THE STENOGRAPHER: Thank you.

We may begin.

THEREUPON:

JESSICA NELSON

being first duly sworn or affirmed to testify to the truth, the whole truth, and nothing but the truth, was examined and testified as follows:



EXAMINATION

BY MS. WARREN:

Q. Ms. Nelson, I want to thank you for your time this morning.

Have you ever been deposed before?

**A. Yes.**

Q. All right. Then I'm just going to run very briefly over some ground rules. Some of these will seem very familiar to you since you have been deposed before.

Since this deposition is being transcribed by a court reporter and we're doing this remotely, it's important to answer audibly. So instead of shaking your head or nodding your head yes or no, you need to answer my questions verbally so that the court reporter can transcribe your answers.

Does that work?

**A. Yes.**

Q. Okay. And again, since we are doing this remotely, it will be a little bit more difficult to not speak over each other, but I will do my best to not speak over you if you will do your best to not speak over me.

Can we agree to that?

193

**A. I have not.**
Q. You were asked about verifying consumer addresses for those that filed consumer complaints with our office. Do you recall that?
**A. Yes. I recall.**
Q. Do you verify consumers' addresses when you mediate consumers' complaints?
**A. I do not, no.**
Q. You were also asked about verifying the allegations in the consumers' complaints for truthfulness.
Do you remember that?
**A. Yes.**
Q. Do you -- do you verify consumers' allegations in their complaints for truthfulness?
**A. I do not.**
Q. Why not?
**A. Because it's not part of the process. A consumer's story is their story to tell. So I'm not going to do anything other than take it and provide it to the business.**
Q. Who, in your opinion, would have better information as it pertains to the circumstances involving the consumer's complaint?
**A. I believe the consumer would.**

194

Q. Do you believe anybody else would have information pertaining to the consumer's complaint?
**A. No, just the consumer.**
Q. Would a business have information pertaining to information per- -- involving the allegations in the consumer's complaint?
**A. Yes, the business would also.**
Q. Would the Office of Attorney General have information regarding the allegations made in the consumer's complaint?
**A. No.**
Q. What -- what was the extent of your role as it pertained to this case?
**A. It was the tasks that I was assigned to do by the attorney.**
Q. And for clarification purposes, those tasks were taking the screen captures of the Uber app; correct?
**A. That is correct, yes.**
Q. And you also took screen captures of the website; correct?
**A. Correct.**
**And I mediated a complaint.**
Q. Just one complaint?

195

**A. Several complaints. Two complaints.**
Q. Two complaints?
**A. Yes.**
MS. MERNA HOFFMAN: I have nothing further.
MS. WARREN: I have nothing further based on that.
THE VIDEOGRAPHER: Are we good to end the deposition and go off the record?
MS. WARREN: Yes.
THE VIDEOGRAPHER: This marks the end of the deposition of Jessica Nelson. We are going off the video record at 2:34 p.m.

AND FURTHER THIS DEPONENT SAITH NOT.

* * * * *

SIGNATURE RIGHTS WERE RESERVED.
(Videotaped Deposition concluded at 2:34 p.m.)

* * * * *

196

CERTIFICATE OF CERTIFIED SHORTHAND REPORTER
STATE OF CALIFORNIA)
)ss.
COUNTY OF SACRAMENTO)

I, APRIL REID, RPR, CRR, CA Certified Shorthand Reporter #14963, do hereby certify:

That prior to being examined, the witness in the foregoing proceedings was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That said proceedings were taken by me in shorthand and thereafter transcribed into typewriting under my direction and supervison;

That I am neither counsel for, nor related to, any party to said proceedings, nor in any way interested in the outcome thereof.

I further certify that I am not a party to any stipulation, if made, that would waive my duties mandated by the Court Reporters Board of California.

In witness whereof, I have hereunto subscribed my name.

Dated: Monday, October 12, 2026,



April Reid, RPR, CRR, Certificate No. 14963