Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: +1 202 663 6672

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company,

Defendants.

Case No. 4:25-cv-3477-JST

**DEFENDANTS' LOCAL RULE 79-5(f)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL**

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Uber Technologies, Inc., and Uber USA, LLC (collectively, "Uber") file this statement in response to Plaintiff FTC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 296. Defendants seek to keep under seal four competitively sensitive exhibits.

**I. BACKGROUND**

The parties filed a joint discovery status report on October 22, 2026. ECF No. 295. With this, the FTC filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, covering Exhibits C, D, E, and G to the Joint Discovery Status Report, which Uber had designated as confidential. ECF No. 296. The FTC does not oppose the sealing of these exhibits. *See id.* at 2.

Exhibit C is an email thread that begins with a public promotional email and continues with internal discussions about Uber One marketing strategies. This document was designated Confidential.

Exhibit D is an internal document regarding the way Uber structures and communicates the benefits of Uber One. This document was designated Confidential.

Exhibit E is an internal email thread relating to investigating a particular user's experience with an Uber ride, which includes a discussion of Uber's pricing policies for rides. This document was designated Confidential.

Exhibit G is also an internal document regarding the way Uber structures and communicates the benefits of Uber One. This document was designated Confidential.

Uber seeks to keep this information under seal because public disclosure would harm Uber's competitive standing.

**II. LEGAL STANDARD**

Although there is a presumptive right of public access to court records, "access to judicial records is not absolute." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records" for "sealed discovery document[s] attached to a non-dispositive motion." *Id.* at 1179

(internal quotation marks omitted). In *Kamakana*, the court observed that such documents "are often unrelated, or only tangentially related, to the underlying cause of action" and therefore the public has less of a need to access them. *Id.* Parties seeking to seal documents attached to non-dispositive motions need only show good cause, which is "less exacting" than the compelling reasons standard. *See Laatz v. Zazzle, Inc.*, No. 5:22-CV-04844-BLF, 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024). In cases subject to a protective order, the court has "already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Kamakana*, 447 F.3d at 1180 (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Civil Local Rule 79-5(c)(1) requires the party requesting to seal information to provide a statement explaining the reasons for keeping information under seal, including "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Rule 79-5 also requires that party to provide "evidentiary support from declarations where necessary" and "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(c)(2)-(3). Because the documents at issue here were filed by the FTC and contain Uber's confidential information, Rule 79-5(f)(3) allows Uber to "file a statement and/or declaration as described in [Rule 79-5](c)(1)." Civ. L.R. 79-5(f)(3).

## III. ARGUMENT

Good cause exists to seal each of the Exhibits at issue here because they contain confidential business information, including information about how Uber designs, measures, and messages its membership value proposition. Competitors could use these documents to benchmark and replicate Uber's membership economics and retention methods without the investment Uber made in developing them. Each document was produced as Confidential subject to the protective order in this matter. Competitively sensitive information would be revealed if the non-public portions of the documents were unsealed, thus Uber's request to seal is as narrowly tailored as possible to avert

the disclosure of information that would cause competitive harm.

**A. The Information Is Confidential and Competitively Sensitive, and Uber Would Be Injured If Sealing Were Denied**

To ensure litigants access to judicial process without significant and undue competitive harm, courts find good cause to seal confidential and sensitive business information from public disclosure. *See, e.g.*, *Laatz*, 2024 WL 4493441, at *2 (holding that a party seeking to permanently seal showed good cause to seal exhibits relating to "business structure, strategies, and practices, public disclosure of which would harm [its] competitive standing"). Here, Uber seeks to seal confidential business information about Uber One that contains details about Uber's strategies for setting Uber One benefits and marketing those benefits to consumers. This Court has routinely held that compelling reasons, and thus good cause, exist to seal similar information because it can cause competitive harm.[1]

Exhibit C should remain sealed in part because the internal email correspondence reflects strategic decisions about how Uber advertises membership to users and how Uber could structure its membership benefits. *See* Declaration of S. Bhumireddy, attached hereto and incorporated herein as Exhibit 1 ("Bhumireddy Decl.") ¶¶ 2–3.

Exhibit D should remain fully sealed because it contains information about how Uber assesses its membership benefits and the way it communicates those benefits to users. It also reflects Uber's internal assessment of proprietary consumer membership research findings. *See id.* ¶¶ 4–5.

Exhibit E should remain fully sealed because it is internal email correspondence that, among other things, details Uber's investigation into a particular customer's experience with a single ride and discusses strategies for Uber's membership policies and practices. *See id.* ¶¶ 6–7.

Exhibit G should remain fully sealed because it also contains information about how Uber

[1] *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing customer research and pricing strategy); *Day v. GEICO Casualty Co.*, No. 21-cv-02103-BLF, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023) (sealing "confidential information regarding [Defendant's] competitive business intelligence and strategy" and "internal figures"); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [defendants'] business performance, structure, and finances that could be used to gain unfair business advantage against them").

assesses its membership benefits and the way it communicates those benefits to users. *See, e.g.*, the section titled "Principles" on pages -2127 and -2128. The statements in this document reflect Uber's internal assessment of proprietary consumer membership research findings. *See, e.g.*, the bulleted list on -2124 and -2125; Bhumireddy Decl. ¶¶ 8–9.

The information in the sealed portion of these exhibits is not publicly known, and its confidentiality is strictly maintained by Uber. *See* Bhumireddy Decl. ¶¶ 3, 5, 7, 9. If this information were made public, Uber would be injured because Uber's competitors would have insight into Uber's marketing, benefits and customer support strategies for Uber One. *See Laatz*, 2024 WL 4493441, at *2 (good cause existed to seal exhibits containing "information related to [] business structure, strategies, and practices"); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (noting holdings that information such as "pricing strategy, business decision-making, customer research, and financial records" would cause "competitive harm if disclosed"). Revealing the confidential business information in these exhibits would also allow competitors access to Uber's internal assessments of its membership program over time. Competitors could in turn modify their own membership strategies to unfairly compete with Uber. *See* Bhumireddy Decl. ¶¶ 3, 5, 7, 9.

**B. The Request Is Narrowly Tailored**

The requested sealing of discrete information is narrowly tailored to seal or redact only Uber's confidential business information, leaving the entire joint discovery status report and most of the exhibits available to the public. With respect to the exhibits listed in ECF No. 296, Uber has narrowly tailored its request to keep these materials under seal by redacting only the portions of Exhibit C that contain internal email correspondence, keeping the public promotional email at the start of that thread public. For Exhibits D, E, and G, there is no less-restrictive alternative to sealing the information that would prevent competitive harm to Uber. *See Laatz*, 2024 WL 4493441, at *2 (holding that there was good cause to seal a document in its entirety where there was no less restrictive alternative).

* * *

For the foregoing reasons, the Court should GRANT Uber's request to permanently seal Exhibits C (as redacted), D, E, and G attached to ECF Nos. 295 and 296.

Date: October 29, 2026

Respectfully submitted,

SIDLEY AUSTIN LLP

By: */s/ Lauren C. Freeman*

Lauren C. Freeman (SBN 324572)

*Attorney for Defendants*