**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company,<br><br>Defendants. | Case No. 4:25-cv-3477-JST<br><br>**DECLARATION OF SWATHI BHUMIREDDY IN SUPPORT OF DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL** |

I, Swathi Bhumireddy, hereby declare and state as follows:

1. I am currently a Director, Engineering Uber Technologies, Inc. ("Uber"). I have worked at Uber since November 2018. I have personal knowledge of all of the facts contained herein and, if called as a witness, I could and would testify competently thereto.

2. I am familiar with Exhibit C to the Joint Discovery Status Report filed by the FTC on October 22, 2026. I understand this document was produced in the above-captioned case with the bates number UBER-FTCU1-00068531.

3. This document contains information about how Uber markets and advertises its services to Uber One members. Specifically, this email thread contains information about how Uber allocates its marketing resources to different customer cohorts. Uber keeps this information confidential; it is not publicly available, nor is it widely disseminated within Uber. If Uber's competitors obtained the information in this email thread beyond the publicly available promotional email, they could adjust their own business plans, market strategies, and customer targeting approaches in ways that would give them an unfair competitive advantage over Uber.

4. I am familiar with Exhibit D to the Joint Discovery Status Report filed by the FTC on October 22, 2026. I understand this document was produced in the above-captioned case with the bates number UBER-FTCU1-00227117.

5. This document contains information about how Uber assesses its membership benefits and communicates those benefits to users. This document also reflects Uber's internal assessment of proprietary consumer membership research findings, as in the reference to "UXR [user experience research]" on the first page. Uber keeps this information confidential; it is not publicly available, nor is it widely disseminated within Uber. If Uber's competitors obtained this confidential information, they could adjust their own business, market strategies, pricing, and customer targeting approaches in ways that would give them an unfair competitive advantage over Uber.

6. I am familiar with Exhibit E to the Joint Discovery Status Report filed by the FTC on October 22, 2026. I understand this document was produced in the above-captioned case with the bates number UBER-FTCU1-00099917.

7. This document involves a response to a consumer issue that implicates Uber's policies and practices, including how customer issues are addressed and resolved and how Uber treats rides where the destination is changed enroute. Uber keeps this information confidential; information from Uber's JIRA system, plus the policies and practices described in the rest of the email thread, are not publicly available, nor is this information widely disseminated within Uber. If Uber's competitors obtained the information in this email thread, they could adjust their own business plans, market strategies, pricing, customer targeting, and customer support approaches in ways that would give them an unfair competitive advantage over Uber.

8. I am familiar with Exhibit G to the Joint Discovery Status Report filed by the FTC on October 22, 2026. I understand this document was produced in the above-captioned case with the bates number UBER-FTCU1-00002120.

9. This document contains information about how Uber assesses its membership benefits and communicates those benefits to users. This document also reflects Uber's internal assessment of proprietary consumer membership research findings, as in the paragraph under "tldr" on the first page. Uber keeps this information confidential; it is not publicly available, nor is it widely disseminated within Uber. If Uber's competitors obtained this confidential information, they could adjust their own business, market strategies, pricing, and customer targeting approaches in ways that would give them an unfair competitive advantage over Uber.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2026.

By: Signed by: Swathi Bhumireddy
011A4051998442A...
Swathi Bhumireddy