Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar No. 495823)
Allison Wojcicki (DC Bar No. 1736349)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)

*Attorneys for Plaintiff*
*Federal Trade Commission*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., a corporation; and

UBER USA, LLC, a limited liability company,

Defendants.

Case No. 4:25-cv-03477-JST

**PLAINTIFFS' LOCAL RULE 79-5(f)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL**

Pursuant to Civil Local Rule 79-5(f)(3), Plaintiffs file this statement in response to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. (ECF No. 299.) Plaintiffs seek to keep sealed the names, addresses, and telephone numbers of consumers who submitted confidential complaints to Plaintiffs concerning Defendants' business practices.

## I. BACKGROUND

Defendants filed a motion for a limited modification of the scheduling order on October 23, 2026. (ECF No. 298.) With this, Defendants filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed — specifically, Exhibits 4 and 11, which Plaintiffs had designated as confidential. (ECF No. 299, 299-2, 299-3.)

Exhibits 4 and 11 are Plaintiffs' Supplemental Initial Disclosures and contain the names, addresses, and telephone numbers of hundreds of consumers who submitted confidential complaints to Plaintiffs concerning Defendants' business practices. Plaintiffs seek to keep this information under seal because public disclosure would unnecessarily expose consumers to harassment and identity theft and would hinder Plaintiffs' ability to collect complaints from the general public.

## II. LEGAL STANDARD

Although there is a presumptive right of public access to court records, "access to judicial records is not absolute." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records" for "sealed discovery document[s] [attached] to a non-dispositive motion." *Id.* at 1179 (internal quotation marks and italics omitted). In *Kamakana*, the court observed that such documents "are often unrelated, or only tangentially related, to the underlying cause of action," and therefore the public has less of a need to access them. *Id.* (cleaned up). Parties seeking to

seal documents attached to non-dispositive motions need only show good cause, which is less exacting than the compelling-reasons standard applicable to dispositive motions. *Id.* at 1180; *Laatz v. Zazzle, Inc.*, No. 5:22-CV-04844-BLF, 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024).

Because the documents at issue were filed by Defendants but contain information that Plaintiffs seek to protect from disclosure, Civil Local Rule 79-5(f)(3) allows Plaintiffs to "file a statement and/or declaration as described in [Local Rule 79-5](c)(1)." That rule requires the party requesting to seal information to provide a statement explaining the reasons for keeping information under seal, including "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1).

## III. ARGUMENT

The highly personal information Plaintiffs seek to redact consists of the names, addresses, and telephone numbers of several hundred consumers contained in Exhibits 4 and 11. Because these exhibits are attached to a non-dispositive motion — Defendants' motion to modify the scheduling order — the lesser standard of "good cause" applies here. *See Kamakana*, 447 F.3d at 1179–80.

Courts in this District have routinely found good cause, and even compelling reasons, to protect personally identifiable information such as names, addresses, and phone numbers from public disclosure. *See Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (granting motion to redact personally identifiable information not relevant to merits of summary-judgment motion); *Am. Auto. Ass'n of N. Cal., Nev. & Utah v. Gen. Motors LLC*, No. 17-CV-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information,

"including names, addresses, phone numbers, and email addresses"); *Benedict v. Hewlett-Packard Co.*, No. 13-CV-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal confidential customer information, including address, phone number, and email address); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003))).

The reasoning in these cases applies with equal, if not greater, force here. The consumers whose names, addresses, and telephone numbers appear in Exhibits 4 and 11 are not parties to this litigation. They submitted complaints to Plaintiffs in reliance on the understanding that their personal information would be used for governmental investigative and enforcement purposes — but not *unnecessarily* disclosed to the world via civil litigation involving the business they complained about. Public revelation of this information would expose these consumers to a risk of harassment or identity theft and would not serve the legitimate interests of anyone interested in learning more about this case. Indeed, the specific identities of these complainants are not even relevant to the merits of Defendants' scheduling motion, much less to any substantive issue in this action.

Moreover, public disclosure of this information risks another harm beyond the individual consumers listed: it may deter other consumers from submitting complaints to government agencies in the future, out of fear that their personal information could later be exposed to persons with nefarious intent. This chilling effect would directly undermine Plaintiffs' ability to receive consumer complaints and enforce consumer protection laws effectively.

Finally, a less restrictive alternative to sealing is unnecessary in this instance because the

initial disclosures were not filed in connection with a dispositive or even a merits-related motion. A good-cause showing suffices to continue sealing the documents in this situation. *See Kamakana,* 447 F.3d at 1180.

## IV. CONCLUSION

For all the reasons stated above, Plaintiffs request that the Court enter the proposed order (ECF No. 299-1) attached to Defendants' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed and continue to seal Exhibit 4 (ECF No. 299-2) and Exhibit 11 (ECF No. 299-3).

Dated: October 30, 2026

Respectfully submitted,

FEDERAL TRADE COMMISSION

*/s/ Paul Mezan*

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Patrick Roy (DC Bar No. 1023521)
Daniel O. Hanks (DC Bar No. 495823)
Allison Wojcicki (DC Bar No. 1736349)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)

*Attorneys for Plaintiff*
*Federal Trade Commission*

Steve Marshall
*Attorney General*

*/s/ Michael G. Dean*

Michael G. Dean
*Assistant Attorney General*

Lindsay D. Barton
*Assistant Attorney General*

Office of Attorney General

Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
michael.dean@alabamaag.gov
lindsay.barton@alabamaag.gov

OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, CONSUMER PROTECTION DIVISION

*/s/ Luke Riley*

Luke Riley (MD Bar No.: 2502271005)
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
lriley@oag.maryland.gov
(410) 576-6568

*Attorney for Plaintiff*
*Office of the Maryland Attorney General, Consumer Protection Division*