Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FEDERAL TRADE COMMISSION; THE ATTORNEYS GENERAL OF THE STATES OF ALABAMA, ARIZONA, CONNECTICUT, MARYLAND, MINNESOTA, MISSOURI, MONTANA, NEBRASKA, NEW HAMPSHIRE, NEW JERSEY, NEW YORK, NORTH CAROLINA, OHIO, OKLAHOMA, PENNSYLVANIA, VIRGINIA, WEST VIRGINIA, WISCONSIN, AND THE DISTRICT OF COLUMBIA; THE PEOPLE OF THE STATE OF CALIFORNIA, THE PEOPLE OF THE STATE OF ILLINOIS, AND THE PEOPLE OF THE STATE OF MICHIGAN,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., a corporation, and

UBER USA, LLC, a limited liability company,

Defendants.

Case No. 4:25-cv-03477-JST

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO RECONSIDER THE MOTION TO COMPEL A RESPONSE TO RFP 61**

As Uber simply ignores, the FTC sought non-subscriber information last year and was denied after the Court accepted Uber's adamant representation that the information was irrelevant. Now, after further discovery proves the information sought is directly relevant—indeed, critical—Uber adopts the exact opposite position, arguing that the information was so obviously relevant that the FTC should have sought it earlier and that there is no time to comply with discovery requests issued four months before the close of fact discovery.

Uber should not be allowed to have it both ways. As explained below, the FTC respectfully requests that the Court grant its motion for reconsideration because: (1) the information sought is essential to demonstrate the magnitude of the admitted falsity of Uber's savings representation; (2) the FTC acted with diligence and speed in seeking the requested information (a "material fact" that, the FTC respectfully submits, the court failed to consider (*see* L.R. 7.9(b)), and the scheduling extension constitutes a "new material fact" (*see id.*); and (3) the information sought is proportional to the needs of the case, and Uber's declaration confirms that it can comply with the request well within the discovery period. To the extent the Court remains concerned about the burden or time for compliance with RFP 61, the FTC is willing to further limit the request as explained below.

**A. The Information Sought is Critical to Plaintiffs' Savings Claim**

As this Court is aware, the information sought by RFP 61 goes to the heart of Plaintiffs' savings claim: the evidence shows that, in many instances, Uber (1) charges *higher* base prices to subscribers than non-subscribers (Dkt. 295-5[1]); (2) charges subscribers *higher* fees than non-subscribers (*see* Dkt. 275-3, at -044[2]); and (3) included in its savings calculations promotions

[1] This document shows that non-subscribers pay a lower fare, for example, when they change destinations to a nearer dropoff, while subscribers pay the original, higher fare. Uber offers no response whatsoever to this document.

[2] This document shows both that subscribers are subject to higher fees than non-subscribers and that some non-subscriber fees are waived by Uber. Uber says the former may be explained

that were available to all users. Uber never denies (1) or (2). And it plainly admits (3)—*i.e.*, that "savings" purportedly derived from membership in Uber One included savings the subscriber would have received *even if they were not members*. It is thus clear Uber's savings claim was false, and the material requested is required to determine the magnitude of the issue.

Uber's current production is insufficient to perform this analysis. Uber makes no argument that the FTC has adequate information to determine (1) non-subscriber base prices, and (2) non-subscriber fees. And even on (3), the FTC lacks sufficient data because, as custodial documents reveal, Uber employees plotted to give members and non-members identical promos but label the former member-exclusive: "[redacted]" Dkt. 295-3 (emphasis added).[3] Non-subscriber information is thus essential to determine the amount of purported member savings that were, in fact, generally available.[4]

**B. The FTC Acted with Diligence and Speed in Seeking the Requested Information**

The FTC respectfully submits that reconsideration of the Court's prior order is warranted because (1) the Court failed to consider a "material fact" (the FTC's diligence) and because of (2) a new "material fact" (the scheduling extension). *See* L.R. 7.9(b). The undisputed timeline shows the FTC acted with diligence and speed in seeking the requested information. Uber does not dispute that the FTC sought information on categories (1)-(3) above and was denied based in part on Uber's representation that the requests were a "fishing expedition." *See* Dkt. 295 at 2-3.

---

by different rides or products ordered, but that is exactly what RFP 61 is designed to assess. And regardless, RFP 61 is needed to determine the amount of waived subscriber fees that would have been waived regardless, and thus should not count as subscriber savings.

[3] Other documents, also ignored by Uber, make a similar point: "[redacted]. Dkt. 295-4.

[4] A 30(b)(6) deposition is not a substitute because the question is not how to define a "data field" (Opp. at 3), but the total amount of member promos that would have been realized even if the subscriber were not a member, a figure that cannot be answered in a deposition.

Nor does Uber dispute that the FTC served RFP 61 soon after receiving Uber's custodial production and the next day after receiving Uber's interrogatory response confirming (3) above. *See id.* And Uber does not dispute that the FTC filed its motion to compel nine days after receiving Uber's objections—at the very next opportunity (*i.e.*, the next JSR). Contrary to Uber's suggestion, (Opp. at 4), the FTC's motion was filed on the earliest possible date.

Uber's delay argument, then, is really that the FTC should have *issued* RFP 61 earlier, but this argument fails for multiple reasons. Most critically, Uber does not attempt to explain how the FTC should or could have issued RFP 61 earlier in light of the Court's ruling on RFP 33—indeed, Uber's brief simply ignores its strenuous and successful earlier efforts to deny the FTC non-subscriber information. Given the Court's ruling, the FTC's path—*i.e.*, issue interrogatories and review Uber's custodial production for the issues identified above and, when such evidence was uncovered, moving without a minute of delay to seek the information from Uber, and then the Court—was reasonable, and certainly not a basis for finding unreasonable delay.

Second, Uber's delay argument hinges on what the FTC should supposedly have known before August 2026. But Uber never argues that the FTC should have realized before then that it charged subscribers more in base prices or fees than non-subscribers (categories (1)-(2) above). *See supra* nn. 1, 2. Uber fails to respond to the FTC's demonstration that it moved as swiftly as the evidence permitted to seek further information on these topics. *See supra* nn. 1, 2; Dkt. 295, at 4 (citing evidence uncovered in Uber's custodial production that Uber "charged subscribers more than nonsubscribers").

Third, with respect to the only category addressed by Uber (category 3, general promotions), neither document Uber relies on demonstrates general promos were used to manipulate savings such that the FTC should have issued RFP 61 earlier. The Complaint image concerns *subscriber* savings, implying that "promos" refers to *Uber One* promos. And the

undated technical document Uber relies on, discussing alternative strategies for calculating savings, explicitly calls the inclusion of promos in the calculation an "Open Question." Dkt. 295-7. Uber makes no attempt to explain how the FTC should have known that Uber had a settled policy of including general promos in subscriber savings. (Even the anonymous commentator was unsure, asking, "[redacted]"). *Id.* It was only the custodial production that provided the context necessary to understand that Uber included promotions to manipulate savings claims.

Fourth, RFP 61 was served nearly four months before the current fact discovery deadline. The FTC respectfully submits that this "new fact" justifies reconsideration, as four months is more than sufficient time to respond to the FTC's request. And as explained below, Uber has sufficient time to respond by the close of fact discovery, even if they (inexplicably) have neglected to perform any preparatory work to respond to the RFP before today.

**C. Uber Confirms It Can Comply by the Close of Fact Discovery**

Plaintiffs seek hundreds of millions of dollars in this action in redress to consumers and will likely seek a comparable amount in civil penalties. Given these sums and the centrality of the information to Plaintiffs' claims, RFP 61 is proportional to the needs of the case and does not impose an undue burden on Uber.

Uber's argument that the burden of production is too great given that discovery closes in 6.5 weeks should be rejected. Uber's chosen strategy throughout the litigation has been unceasing obstruction, including forcing the FTC to file roughly 15 motions to compel, many on routine matters. Having selected this strategy and largely succeeded in delaying production, they should not be heard to complain that they must produce documents under a tight timeframe close to the end of discovery, especially given the FTC's diligence in seeking the information.

Although it conclusorily asserts otherwise, the declaration submitted by Uber (their first, in their third brief on this issue) confirms that Uber can comply with the RFP by the close of fact discovery.[5] The declarant, Mr. Linfoot, states that the request would take 100 man-hours, in addition to several days for data processing—that is, assuming a standard 40-hour workweek with no overtime, roughly three weeks. Starting work on Monday, November 2 (three months after the RFP was issued), and even adding a cushion of two additional weeks, yields a production date of December 7, more than sufficient given that the information will be the subject of expert analysis, not deposition testimony.

To further minimize any burden, the FTC is willing to limit its request to a 1% sample and exclude information from before 2023 to the extent Uber verifies it is stored in a separate database, to account for the repository issue that Uber raises now for the first time.

## CONCLUSION

The FTC respectfully requests that the Court order Uber to comply with RFP 61 as modified.

Dated: October 30, 2026

Respectfully submitted,

FEDERAL TRADE COMMISSION

*/s/ Allison Wojcicki*

[5] Mr. Linfoot's declaration does not provide concrete support for Uber's burden argument. He claims the FTC seeks information across three lines of businesses (Linfoot Dec. ¶ 6), but **the RFP asks only for Rides and Eats information, not Grocery.** And he alludes to possible storage of older data without ever actually saying whether older data is stored in a different repository. Regardless, as explained above, his declaration indicates that production in the next several weeks is possible, even crediting his assertions regarding data storage and the like.

Paul Mezan (NY Bar No. 5357124)
Stephanie Liebner (VA Bar No. 90647)
James Doty (NY Bar No. 4552550)
Sarah Abutaleb (DC Bar No. 1779979)
Allison Wojcicki (DC Bar No. 1736349)
Patrick Roy (DC Bar No. 1023521)
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Stop CC-10232
Washington, DC 20580
Phone: (202) 758-4177 (Mezan)
Email: pmezan@ftc.gov (Mezan)
Fax: (202) 326-3395

*Attorneys for Plaintiff*
*Federal Trade Commission*

OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, CONSUMER PROTECTION DIVISION

*/s/ Philip Ziperman*

Philip Ziperman (MD Bar No.: 9012190379)
Deputy Chief
Luke Riley (MD Bar No.: 2502271005)
Assistant Attorney General
Consumer Protection Division
Office of the Attorney General of Maryland
200 St. Paul Place, 16th Floor
Baltimore, MD 21202
(410) 576-6417 (Ziperman)
pziperman@oag.maryland.gov
(410) 576-6568 (Riley)
lriley@oag.maryland.gov

*Attorneys for Plaintiff*
*Office of the Maryland Attorney General, Consumer Protection Division*

STEVE MARSHALL
*ATTORNEY GENERAL*

By:

*/s/ Michael G. Dean*

Michael G. Dean
*Assistant Attorney General*

*/s/ Lindsay D. Barton*

Lindsay D. Barton
*Assistant Attorney General*

Office of the Attorney General
Consumer Interest Division
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
(334) 242-7300
Michael.Dean@AlabamaAG.gov
Lindsay.Barton@AlabamaAG.gov

*Attorneys for Plaintiff*
*Attorney General of Alabama*

KRISTIN K. MAYES
Attorney General of Arizona

*/s/ Alyse Meislik*

Alyse Meislik, AZ Bar No. 024052
Assistant Attorney General
Office of the Arizona Attorney General
2005 North Central Avenue
Phoenix, AZ 85004
Phone: (602) 542-3702
Fax: (602) 542-4377
consumer@azag.gov
Alyse.Meislik@azag.gov

*Attorney for Plaintiff*
*Arizona Attorney General*

URSULA JONES DICKSON
District Attorney of Alameda County

*/s/ Andres H. Perez*

ANDRES H. PEREZ (SBN 186219)
Assistant District Attorney

HUY T. LUONG (SBN 251507)
Deputy District Attorney
Consumer, Environmental & Worker Protection Division
7677 Oakport Street, Suite 650
Oakland, CA 94621
(510) 383-8600
andres.perez@acgov.org
huy.luong@acgov.org

*Attorneys for Plaintiff*
*People of the State of California*

STATE OF CONNECTICUT

WILLIAM TONG

ATTORNEY GENERAL OF THE STATE OF CONNECTICUT

*/s/ Brendan T. Flynn*

Brendan T. Flynn
Fed. Bar No. ct04545
Assistant Attorney General
Office of the Attorney General of the State of Connecticut
165 Capitol Ave.
Hartford, CT 06106
Phone: 860-808-5400
Fax: 860-808-5593
Brendan.Flynn@ct.gov

*Attorney for Plaintiff*
*Attorney General of the State of Connecticut*

BRIAN L. SCHWALB
Attorney General for the District of Columbia

*/s/ Coty Montag*

COTY MONTAG [CA BAR #255703]
Deputy Attorney General, Public Advocacy

Division
Coty.Montag@dc.gov

BETH MELLEN
WILLIAM STEPHENS
Assistant Deputy Attorneys General, Public Advocacy Division

KEVIN VERMILLION
Director, Office of Consumer Protection

EMILY HOLNESS
Deputy Director, Office of Consumer Protection

BRITTANY NYOVANIE
Assistant Attorney General, Office of Consumer Protection

Office of the Attorney General
for the District of Columbia
400 6th Street NW, 10th Floor
Washington, DC 20001
(202) 702-5686
Brittany.Nyovanie@dc.gov

*Attorneys for Plaintiff*
*District of Columbia*

PEOPLE OF THE STATE OF ILLINOIS

*/s/ Hal B. Dworkin*

HAL B. DWORKIN, IL Bar No. 6318213
Senior Assistant Attorney General
Office of the Illinois Attorney General

Consumer Protection Division
Consumer Fraud Bureau
115 South LaSalle Street
Chicago, IL 60603
(312) 814-5159
Hal.Dworkin@ilag.gov

*Attorney for Plaintiff*
*The People of the State of Illinois*

FOR PLAINTIFF THE PEOPLE OF THE STATE OF MICHIGAN:

*/s/ Aaron W. Levin*

AARON W. LEVIN
Assistant Attorney General
Corporate Oversight Division
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
Fax: (517) 335-6755
levina@michigan.gov

*Attorney for Plaintiff*
*The People of the State of Michigan*

KEITH ELLISON
Attorney General of Minnesota

*/s/ Alex Kenneth Baldwin*

DANIEL RIFE
ALEX KENNETH BALDWIN

Assistant Attorneys General
445 Minnesota Street, Suite 600
St. Paul, Minnesota 55101-2130
Daniel.rife@ag.state.mn.us
Telephone: (651) 757-1104
Alex.Baldwin@ag.state.mn.us
Telephone: (651) 728-4049

*Attorneys for Plaintiff*
*State of Minnesota by its Attorney General*
*Keith Ellison*

CATHERINE HANAWAY
Missouri Attorney General

*/s/ Alison Esbeck*

Alison Esbeck (MO Bar # 58501)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-4977
Alison.Esbeck@ago.mo.gov

Connor McNeall (MO Bar # 76836)
Assistant Attorney General
Missouri Attorney General's Office
815 Olive Street, Ste 200
St. Louis, MO 63101
(314) 340-7888
connor.mcneall@ago.mo.gov

*Attorneys for Plaintiff*
*Missouri Attorney General's Office*

STATE OF MONTANA

*/s/ Anna Schneider*

Anna Schneider (MT #13963)
Special Assistant Attorney General, Senior Counsel

Office of Consumer Protection
Montana Department of Justice
P.O. Box 200151
Helena, MT 59620-0151
(406) 444-4500
Anna.schneider@mt.gov

*Attorney for Plaintiff*
*State of Montana*

STATE OF NEBRASKA

*/s/ Benjamin J. Swanson*
Benjamin J. Swanson (NE #27675)
Assistant Attorney General
Consumer Protection Bureau
Office of the Nebraska Attorney General
2115 State Capitol
Lincoln, NE 68508
(402) 471-7759
benjamin.swanson@nebraska.gov

*Attorney for Plaintiff*
*State of Nebraska*

FOR PLAINTIFF STATE OF NEW HAMPSHIRE:

JOHN M. FORMELLA
Attorney General

*/s/ Amanda N. Purcell*
Amanda N. Purcell, NH Bar #278532
Assistant Attorney General
Consumer Protection and Antitrust Bureau
New Hampshire Department of Justice
One Granite Place South
Concord, NH 03301
(603) 271-1215
Amanda.N.Purcell@doj.nh.gov

*Attorney for Plaintiff*
*State of New Hampshire*

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

*/s/ Zeyad A. Assaf*
Zeyad A. Assaf
Deputy Attorney General
New Jersey Office of the Attorney General
Division of Law
124 Halsey St., 5th Fl.
Newark, NJ 07102
(609) 696-5363
Zeyad.Assaf@law.njoag.gov

*Attorney for Plaintiff*
*Attorney General of the State of New Jersey*

FOR THE STATE OF NEW YORK

LETITIA JAMES
Attorney General of the State of New York

By: */s/ Christian Reigstad*
Christian Reigstad (NY Bar No. 5158936)
Patrick Gibson (NY Bar No. 5267489)

Assistant Attorney General
Bureau of Consumer Frauds and Protection
28 Liberty Street
New York, NY 10005
(212) 416-8321 (Reigstad)
(212) 416-6067 (Gibson)
Christian.reigstad@ag.ny.gov
patrick.gibson@ag.ny.gov

*Attorney for Plaintiff*
*The State of New York*

FOR PLAINTIFF THE STATE OF NORTH CAROLINA:

JEFF JACKSON
North Carolina Attorney General

*/s/ Jesse Ramos*

JESSE RAMOS (NC Bar No. 51663)
Special Deputy Attorney General

KUNAL CHOKSI (NC Bar No. 55666)
Senior Deputy Attorney General

BRIAN RABINOVITZ (NC Bar No. 41538)
Special Deputy Attorney General

Consumer Protection Division
North Carolina Department of Justice
Post Office Box 629
Raleigh, NC 27602
Tel: (919) 716-6000
Fax: (919) 716-6050
jramos@ncdoj.gov

*Attorneys for Plaintiff*
*The State of North Carolina*
DAVE YOST
OHIO ATTORNEY GENERAL

*/s/ Kevin R. Walsh*

Kevin R. Walsh (0073999)
Senior Assistant Attorney General
Consumer Protection Section
615 W. Superior Avenue, 11th Floor

Cleveland, Ohio 44113
Telephone: (216) 787-3447
Facsimile: (866) 947-3223
Kevin.Walsh@ohioago.gov

*Attorneys for Plaintiff*
*Ohio Attorney General*

GENTNER DRUMMOND,
ATTORNEY GENERAL OF OKLAHOMA

*/s/ Christopher J. Campbell*

Cameron R. Capps, OBA No. 32742
Christopher. J. Campbell, OBA No. 33649
313 N.E. 21st St.
Oklahoma City, OK 73105
Tel: (405) 522-1260
Fax: (405) 521-3921
Cameron.Capps@oag.ok.gov
Chris.Campbell@oag.ok.gov

*Attorneys for Plaintiff*
*Attorney General of Oklahoma*

DAVID W. SUNDAY, Jr.
PENNSYLVANIA ATTORNEY GENERAL

By:

*/s/ Merna T. Hoffman*

MERNA T. HOFFMAN
Senior Deputy Attorney General

PA Attorney I.D. No. 312897
15th Floor, Strawberry Square
Harrisburg, PA 17120
mhoffman@attorneygeneral.gov

JOHN M. ABEL
Chief Deputy Attorney General
Bureau of Consumer Protection
PA Attorney I.D. No. 47313
15th Floor, Strawberry Square
Harrisburg, PA 17120
jabel@attorneygeneral.gov

*Attorneys for Plaintiff*
*Attorney General of Pennsylvania*

**JAY JONES,**
**ATTORNEY GENERAL OF THE COMMONWEALTH OF VIRGINIA**

*/s/ Mark S. Kubiak*

Mark S. Kubiak (VSB No. 73119)
Senior Assistant Attorney General
Timothy S. Allison (VSB No. 98083)
Assistant Attorney General
Office of the Attorney General of Virginia
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-7364 (Kubiak)
(804) 786-0594 (Allison)
mkubiak@oag.state.va.us
tallison@oag.state.va.us

*Attorneys for Plaintiff*
*Jay Jones, Attorney General of the Commonwealth of Virginia*

**JOHN B. MCCUSKEY,**
**ATTORNEY GENERAL OF WEST VIRGINIA**

*/s/ Tanya L. Godfrey*

Ann L. Haight (WVSB# 1527)
Deputy Attorney General, Consumer Director
Tanya L. Godfrey (WVSB# 7448)

Assistant Attorney General
Office of the West Virginia Attorney General
P.O. Box 1789
Charleston, WV 25326
(304) 558-8986
Ann.L.Haight@wvago.gov
Tanya.L.Godfrey@wvago.gov

*Attorneys for Plaintiff*
*Attorney General of West Virginia*

JOSHUA L. KAUL
Attorney General of Wisconsin

*/s/ Laura E. McFarlane*

LAURA E. MCFARLANE
Assistant Attorney General
State Bar #1089358
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-8911
(608) 294-2907 (Fax)
laura.mcfarlane@wisdoj.gov

*Attorney for Plaintiff*
*State of Wisconsin*

**ECF ATTESTATION**

I, Allison Wojcicki, hereby attest that concurrence in the filing of this document has been obtained from the other signatories, and that this document was served by electronic filing or email on October 30, 2026, on all counsel of record.

*/s/ Allison Wojcicki*

Allison Wojcicki (DC Bar No. 1736349)
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580
Phone: (202) 758-4177
Fax: (202) 326-3395
Email: awojcicki@ftc.gov