UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br>Plaintiffs,<br>v.<br>UBER TECHNOLOGIES, INC., et al.,<br>Defendants. | Case No. 25-cv-03477-JST (TSH)<br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 295, 300, 304 |

In ECF No. 281, the Court denied the FTC's motion to compel concerning RFP 61, which sought a great deal of information for a random sample of 10% of U.S.-based customers. The Court agreed the information was relevant, but denied the motion because the FTC filed it about six weeks before the then-close of fact discovery. Following an extension in the fact discovery cutoff (ECF No. 294), the FTC now seeks reconsideration of that order. Uber has filed an opposition. ECF No. 300. The Court grants the motion for reconsideration.

Two, and possibly three, things are now different from before. First, the FTC has abandoned 90% of its request and now seeks a 1% sample. That's a huge change.

Second, Uber seems to say it can do it. The Linfoot declaration (ECF No. 300-1) says in paragraph 10: "Based on my experience in responding to similar requests, I estimate that I, along with others on my team at Uber, would need to spend over 100 hours responding to RFP 61 even assuming a 1% sample. Moreover, separate from those hours, I estimate that it would take at least several days for computers to process the data necessary to respond to this request. I believe that a full response to RFP 61 is not possible by December 16." The first two sentences seem to say that the 1% sample is doable by the December 16, 2026 close of fact discovery. A hundred hours is two and a half work weeks, assuming 40 hours a week, but sentence #1 indicates this will likely be

United States District Court
Northern District of California

United States District Court
Northern District of California

a team effort, so the hundred hours will likely be spread among the members of Linfoot's team. In addition, sentence #2 says there will need to be several days for computers to process the necessary data. But if we take the hundred hours that is spread among the members of a team and then add several days to that, there doesn't seem to be a problem getting this information produced by the December 16 close of fact discovery. Sentence #3 is a little strange, but the Court thinks that the reference to a "full" response to RFP 61 likely means the 10% sample, and that Linfoot is saying that can't be done by December 16. If sentence #3 is somehow meant to imply that the 1% sample can't be done by December 16, it is impeached by sentences 1 and 2.

Third, one of the things Linfoot says in his declaration (in paragraph 8) is: "Responding to requests for older data typically takes more time because this data is not accessed as frequently and sometimes moved into cold storage which incurs additional compute cost and time to access. Accessing and producing older data also requires additional checks to ensure reliability." In reply, the FTC says: "To further minimize any burden, the FTC is willing to limit its request to a 1% sample and exclude information from before 2023 to the extent Uber verifies it is stored in a separate database, to account for the repository issue that Uber raises now for the first time." ECF No. 304. The Court will hold the FTC to this offer. If Uber submits a declaration to the FTC that data from any years before 2023 is stored in a separate database, Uber may exclude information for those earlier years.

Accordingly, the Court **GRANTS** the FTC's motion for reconsideration and **ORDERS** Uber to produce the information requested by RFP 61 except limited to a 1% sample.

**IT IS SO ORDERED.**

Dated: October 30, 2026

THOMAS S. HIXSON
United States Magistrate Judge