Lauren C. Freeman (SBN 324572)
lfreeman@sidley.com
SIDLEY AUSTIN LLP
101 California Street
San Francisco, CA 94111
Telephone: +1 415 772 1200
Facsimile: +1 415 772 7400

Benjamin M. Mundel (*pro hac vice*)
bmundel@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

*Attorneys for Defendants*
*Uber Technologies, Inc., and Uber USA, LLC*

Sonal N. Mehta (SBN 222086)
sonal.mehta@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: 650-600-5051

David Gringer (*pro hac vice*)
david.gringer@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-230-8800

Joseph Taylor Gooch (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
50 California Street
San Francisco, CA 94111
Telephone: +1 628 235 1026

Brittany R. Warren (*pro hac vice*)
brittany.warren@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20037
Telephone: +1 202 663 6672

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

FEDERAL TRADE COMMISSION, et al.,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., a corporation, and UBER USA, LLC, a limited liability company,

Defendants.

Case No. 4:25-cv-3477-JST

**DEFENDANTS' LOCAL RULE 79-5(f)(3) STATEMENT AND REQUEST TO PERMANENTLY SEAL**

Pursuant to Civil Local Rule 79-5(f)(3), Defendants Uber Technologies, Inc., and Uber USA, LLC (collectively, "Uber") file this statement in response to Plaintiff FTC's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 305. Defendants seek to keep under seal quotations from three competitively sensitive exhibits that this Court has already determined should remain under seal.

## I. BACKGROUND

The parties filed a joint discovery status report on October 22, 2026. ECF No. 295. With this, the FTC filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, covering Exhibits C, D, E, and G to the Joint Discovery Status Report, which Uber had designated as confidential. ECF No. 296. Uber filed a statement pursuant to Civil Local Rule 79-5(c) requesting that some or all of these exhibits be permanently sealed. ECF No. 302. On October 30, 2026, the Court ordered all four exhibits be permanently sealed. ECF No. 306. Pursuant to that order, Uber filed a redacted version of Exhibit C in the public record on November 3, 2026. ECF No. 309.

On October 30, 2026, the FTC filed a Reply in Support of Motion to Reconsider the Motion to Compel a Response to RFP 61 (hereinafter "the Reply"). ECF No. 304. The Reply quoted from Exhibits C, D, and G to the October 22, 2026 Joint Discovery Status Report. The FTC redacted this material in the public version of the Reply, and provisionally filed it under seal. With the Reply, the FTC filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, covering the references in the Reply to Exhibits C, D, and G. ECF No. 305. The FTC does not oppose the sealing of this material. *See id.* at 3.

Uber seeks to keep this information under seal because public disclosure would harm Uber's competitive standing, for the reasons described in ECF No. 302.

## II. LEGAL STANDARD

Although there is a presumptive right of public access to court records, "access to judicial records is not absolute." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Ninth Circuit has "carved out an exception to the presumption of access to judicial

records" for "sealed discovery document[s] attached to a non-dispositive motion." *Id.* at 1179 (internal quotation marks omitted). In *Kamakana*, the court observed that such documents "are often unrelated, or only tangentially related, to the underlying cause of action" and therefore the public has less of a need to access them. *Id.* Parties seeking to seal documents attached to non-dispositive motions need only show good cause, which is "less exacting" than the compelling reasons standard. *See Laatz v. Zazzle, Inc.*, No. 5:22-CV-04844-BLF, 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024). In cases subject to a protective order, the court has "already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Kamakana*, 447 F.3d at 1180 (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Civil Local Rule 79-5(c)(1) requires the party requesting to seal information to provide a statement explaining the reasons for keeping information under seal, including "(i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Rule 79-5 also requires that party to provide "evidentiary support from declarations where necessary" and "a proposed order that is narrowly tailored to seal only the sealable material, and which lists in table format each document or portion thereof that is sought to be sealed." Civ. L.R. 79-5(c)(2)-(3). Because the documents at issue here were filed by the FTC and contain Uber's confidential information, Rule 79-5(f)(3) allows Uber to "file a statement and/or declaration as described in [Rule 79-5](c)(1)." Civ. L.R. 79-5(f)(3).

## III. ARGUMENT

Good cause exists to seal the quotations at issue here because they contain confidential business information. The Court has already determined that Uber has "substantiated its position" to justify keeping all of this information under seal. *See* ECF No. 306.

### A. The Information Is Confidential and Competitively Sensitive, and Uber Would Be Injured If Sealing Were Denied

To ensure litigants access to judicial process without significant and undue competitive harm, courts find good cause to seal confidential and sensitive business information from public

disclosure. *See, e.g.*, *Laatz*, 2024 WL 4493441, at *2 (holding that a party seeking to permanently seal showed good cause to seal exhibits relating to "business structure, strategies, and practices, public disclosure of which would harm [its] competitive standing"). Here, Uber seeks to seal confidential business information about Uber One that contains details about Uber's strategies for setting Uber One benefits and marketing those benefits to consumers. This Court has routinely held that compelling reasons, and thus good cause, exist to seal similar information because it can cause competitive harm.[1]

The quotation taken from Exhibit C should remain sealed because it reflects strategic decisions about how Uber advertises membership to users and how Uber could structure its membership benefits. *See* ECF No. 302-1, Declaration of S. Bhumireddy ("Bhumireddy Decl.") ¶¶ 2–3.

The quotation taken from Exhibit D should remain fully sealed because this document contains information about how Uber assesses its membership benefits and the way it communicates those benefits to users. It also reflects Uber's internal assessment of proprietary consumer membership research findings. *See id.* ¶¶ 4–5.

The quotation taken from Exhibit G should remain fully sealed because this document contains information about how Uber assesses its membership benefits and the way it communicates those benefits to users. *See, e.g.*, the section titled "Principles" on pages -2127 and -2128. The statements in this document reflect Uber's internal assessment of proprietary consumer membership research findings. *See, e.g.*, the bulleted list on -2124 and -2125; Bhumireddy Decl. ¶¶ 8–9.

The information in the sealed portion of these exhibits is not publicly known, and its confidentiality is strictly maintained by Uber. *See* Bhumireddy Decl. ¶¶ 3, 5, 7, 9. If this information

[1] *See, e.g.*, *Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (sealing customer research and pricing strategy); *Day v. GEICO Casualty Co.*, No. 21-cv-02103-BLF, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023) (sealing "confidential information regarding [Defendant's] competitive business intelligence and strategy" and "internal figures"); *Schwartz v. Cook*, No. 5:15-cv-03347-BLF, 2016 WL 1301186, at *2 (N.D. Cal. Apr. 4, 2016) (sealing "information about [defendants'] business performance, structure, and finances that could be used to gain unfair business advantage against them").

were made public, Uber would be injured because Uber's competitors would have insight into Uber's marketing, benefits and customer support strategies for Uber One. *See Laatz*, 2024 WL 4493441, at *2 (good cause existed to seal exhibits containing "information related to [] business structure, strategies, and practices"); *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 1031 (S.D. Cal. 2021) (noting holdings that information such as "pricing strategy, business decision-making, customer research, and financial records" would cause "competitive harm if disclosed"). Revealing the confidential business information in these exhibits would also allow competitors access to Uber's internal assessments of its membership program over time. Competitors could in turn modify their own membership strategies to unfairly compete with Uber. *See* Bhumireddy Decl. ¶¶ 3, 5, 7, 9.

**B. The Request Is Narrowly Tailored**

With respect to the material quoted from the exhibits listed in ECF No. 296, Uber has tailored the request to seal these materials as narrowly as possible. There is no less-restrictive alternative to sealing the information that would prevent competitive harm to Uber. *See Laatz*, 2024 WL 4493441, at *2 (holding that there was good cause to seal a document in its entirety where there was no less restrictive alternative).

* * *

For the foregoing reasons, the Court should GRANT Uber's request to permanently seal the redacted content in ECF No. 304.

Date: November 6, 2026

Respectfully submitted,

SIDLEY AUSTIN LLP
By: */s/ Lauren C. Freeman*
Lauren C. Freeman (SBN 324572)
*Attorney for Defendants*