United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION, et al.,
Plaintiffs,
v.
UBER TECHNOLOGIES, INC., et al.,
Defendants.

Case No. 25-cv-03477-JST

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**

Re: ECF No. 225

Before the Court is Plaintiffs' motion to strike all eight affirmative defenses asserted by Defendants Uber Technologies and Uber USA (collectively, "Uber"). ECF No. 225. The Court will grant the motion in part and deny it in part.

## I. BACKGROUND

The Federal Trade Commission ("FTC") initiated this action in April 2025, alleging that Uber had violated federal consumer-protection laws in connection with its subscription service plan, Uber One. ECF No. 1. In December 2025, the FTC filed a first amended complaint ("FAC"), adding 22 state plaintiffs and numerous state-law claims. ECF No. 46. After the Court granted in part and denied in part Uber's motion to dismiss the FAC, ECF No. 178, Plaintiffs filed the operative second amended complaint ("SAC"), ECF No. 199.

The SAC alleges that Uber has made false or misleading claims about the benefits of Uber One, has failed to provide customers with simple mechanisms to cancel the service, and has charged customers for the service without their express consent. ECF No. 199 ¶¶ 3–5, 16–93. Plaintiffs bring claims under Section 5 of the FTC Act, 15 U.S.C. § 45; Section 4 of the Restore Online Shoppers' Confidence Act ("ROSCA"), 15 U.S.C. § 8403; and numerous state laws. *Id.* ¶¶ 98–440. They seek a permanent injunction, monetary relief, and civil penalties under Sections

5(m)(1)(A), 13(b), and 19 of the FTC Act, 15 U.S.C §§ 45(m)(1)(A), 53(b), 57(b); Section 5 of ROSCA, 15 U.S.C. § 8404; and applicable state laws. *Id.* ¶¶ 442–43.

Uber filed an answer to the SAC on May 15, 2026, largely denying the allegations in the SAC and asserting eight affirmative defenses. ECF No. 213. Plaintiffs now move to strike all eight of these affirmative defenses. ECF No. 225.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "An affirmative defense may be insufficient either as a matter of law or as a matter of pleading." *Howard v. Tanium, Inc.*, No. 21-CV-09703-JSC, 2022 WL 597028, at *2 (N.D. Cal. Feb. 28, 2022) (citation modified). "An affirmative defense is legally insufficient if it lacks merits under any set of facts the defendant might allege." *Id.* (citation modified); *see also Levin-Richmond Terminal Corp. v. Int'l Longshoremen's & Warehousemen's Union, Loc. 10*, 751 F. Supp. 1373, 1375 (N.D. Cal. 1990) ("Before a motion to strike defenses may be granted, the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defenses succeed." (citation modified)). An affirmative defense is insufficiently pleaded if it fails to give the plaintiff "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

The Ninth Circuit has not addressed "whether the 'plausibility' pleading standard for complaints articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)[,] and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), applies to the 'fair notice' required of an affirmative defense in an answer, and district courts within the Ninth Circuit are split on that issue." *Espitia v. Mezzetti Fin. Servs., Inc.*, No. 18-CV-02480-VKD, 2019 WL 359422, at *2 (N.D. Cal. Jan. 29, 2019). However, the "vast majority" of courts, including this one, have applied this heightened pleading standard to affirmative defenses. *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 836712, at *13 (N.D. Cal. Feb. 20, 2020); *Oracle Am., Inc. v. Hewlett*

United States District Court
Northern District of California

*Packard Enter. Co.*, No. 16-CV-01393-JST, 2017 WL 2311296, at *1 (N.D. Cal. May 26, 2017). "Just as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 284 (N.D. Cal. 2015) (citation modified). This standard "does not require extensive factual allegations, but [it] rejects bare statements reciting mere legal conclusions." *Finjan, Inc. v. Bitdefender Inc.*, No. 17-CV-04790-HSG, 2018 WL 1811979, at *3 (N.D. Cal. Apr. 17, 2018) (citation modified).

In evaluating whether an affirmative defense is sufficiently pleaded, the court views the pleading in the light most favorable to the defendant. *FTC v. Lending Club Corp.*, No. 18-CV-02454-JSC, 2019 WL 7488991, at *2 (N.D. Cal. Apr. 29, 2019). If the court strikes an affirmative defense, "leave to amend should be freely given" unless doing so would result in prejudice to the opposing party. *Wyshak*, 481 F.2d at 826–27.

## IV. DISCUSSION

### A. First Affirmative Defense: Due Process – Unconstitutional Vagueness

Uber's first affirmative defense alleges that "Plaintiffs' claims are barred, in whole or in part, because ROSCA is unconstitutionally vague as applied by Plaintiffs to Uber's alleged conduct." ECF No. 213 at 54. Specifically, Uber alleges that ROSCA is impermissibly vague as applied to Uber's conduct because the statute "does not identify the features necessary for text to be 'clear[] and conspicuous[],' to obtain 'express informed consent,' or for a cancellation mechanism to be 'simple.'" *Id.* (quoting 15 U.S.C. § 8403). Plaintiffs argue this defense improperly relitigates an argument the Court rejected in its order on Defendants' motion to dismiss, ECF No. 178, and is both factually and legally insufficient. ECF No. 225 at 11–13. The Court disagrees.

First, Plaintiffs' contention that the Court has already considered this defense is without merit. In its motion to dismiss, Uber disputed that Plaintiffs had plausibly alleged it acted with the knowledge required for civil penalties by, *inter alia*, arguing ROSCA was ambiguous. ECF No. 116 at 26. Uber did not argue ROSCA was unconstitutionally vague, *see id.*, nor did the Court



United States District Court
Northern District of California

United States District Court
Northern District of California

consider that question in its ruling, *see* ECF No. 178 at 20–21. Rather, the Court held only that Uber's argument was "insufficient," at "the motion to dismiss stage," "to establish as a matter of law that any ambiguity in ROSCA prevented Uber from possessing the requisite knowledge or led it to make a mistake of law." ECF No. 178 at 21. Uber need not prove that its defense prevails as a matter of law simply to plead it, and thus nothing in the Court's previous order prevents Uber from raising such a defense now.

Second, the defense is both factually and legally sufficient. Uber's allegation that ROSCA "does not identify the features necessary" to comply with the recited statutory requirements, ECF No. 213 at 54, provides fair notice that Uber intends to challenge ROSCA, as applied to Uber's conduct, on this basis. *See Wyshak*, 607 F.2d at 827. Moreover, Plaintiffs have not shown that this defense fails as a matter of law. They cite only to *FTC v. Amazon.com, Inc.*, No. 23-CV-00932-JHC, 2025 WL 2677086 (W.D. Wash. Sept. 17, 2025), in which a district court denied summary judgment on the defendants' claim that ROSCA was unconstitutionally vague, *id.* at *15. ECF No. 225 at 12–13. Unlike in *Amazon*, this case is at the motion to dismiss stage, where the Court lacks the factual record or legal argument that would be presented at a motion for summary judgment. Also, that the *Amazon* court decided the issue in a particular way does not mean this Court will reach the same decision, because a district court case is not binding on another district court. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011). For these reasons, the FTC has not met its burden to "convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *See Levin–Richmond Terminal,* 751 F. Supp. at 1375. Accordingly, the Court declines to strike this defense.

**B. Second Affirmative Defense: Due Process – Lack of Fair Notice**

Uber's second affirmative defense alleges that "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to provide fair notice that Defendants' alleged conduct violated the law as required by the Due Process Clause." ECF No. 213 at 54–55. It is unclear how, if at all, this defense is distinct from Uber's first affirmative defense. The void-for-vagueness inquiry asks whether a law provides "*fair notice* of conduct that is forbidden or required." *See FCC v. Fox*

*Television Stations, Inc.*, 567 U.S. 239, 253 (2012) (emphasis added). Moreover, Uber's factual allegations as to this defense are virtually identical to its vagueness allegations. *See* ECF No. 213 at 55 (alleging lack of fair notice because "ROSCA does not identify the features necessary for text to be 'clear[] and conspicuous,' to obtain 'express informed consent,' or for a cancellation mechanism to be 'simple'"). To the extent this defense alleges Uber was denied fair notice because the statutory text of ROSCA is unclear, it is duplicative of the first affirmative defense and thus redundant. *See* Fed. R. Civ. P. 12(f). To the extent this defense alleges Uber was denied fair notice in some other respect, it fails to allege facts that provide Plaintiffs fair notice of the basis for that defense. *See Wyshak*, 607 F.2d at 827.

Accordingly, the Court will strike this defense. If, in fact, Uber intends this due-process defense to be distinct from its vagueness challenge, it may amend its answer to so reflect.

**C. Third Affirmative Defense: First Amendment**

Defendants' third affirmative defense alleges that "Plaintiffs' claims are barred, in whole or in part, because they would violate Uber's right to free speech under the First Amendment." ECF No. 213 at 55. Specifically, Uber alleges that "[m]any of the allegations in the Complaint are based on non-deceptive protected speech through which Uber communicates with consumers" and, thus, that Plaintiffs "improperly seek to impose liability for protected speech and to compel speech in violation of the First Amendment." *Id.* Plaintiffs argue this defense is legally insufficient because, "[a]ssuming Plaintiffs' allegations are true, any speech at issue would be false or misleading commercial speech, which is not protected by the First Amendment." ECF No. 225 at 15.[1]

The Court disagrees. Plaintiffs are correct that the First Amendment does not protect false or misleading commercial speech. *See United States v. Schiff*, 379 F.3d 621, 626 (explaining "the government has the right to regulate false, misleading or deceptive commercial speech"). But Uber's third affirmative defense concerns only "*non-deceptive* protected speech through which

---

[1] In their reply, Plaintiffs suggest that Uber's failure to identify in its answer the particular speech it alleges to be protected is "another pleading deficiency." ECF No. 244 at 3. The Court does not consider arguments raised for the first time on reply. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived.").

Uber communicates with consumers." ECF No. 213 at 55 (emphasis added); *see also* ECF No. 242 at 17 (arguing the SAC challenges certain design features as violative of ROSCA but not as "misleading or deceptive"). Plaintiffs' authority does not show this defense fails as a matter of law. *See* ECF No. 244 at 3 (citing unreported, non-binding case for proposition that "ROSCA does not implicate First Amendment rights"). Accordingly, the Court denies Plaintiffs' request to strike the defense.

**D. Fourth Affirmative Defense: Good Faith**

Uber's fourth affirmative defense alleges that "Plaintiffs' claims are barred, in whole or in part, by Uber's good faith" because "Uber lacked actual or implied knowledge" that its conduct may have violated ROSCA. ECF No. 213 at 55–56. The parties appear to agree that this defense, if proven, would at most limit Plaintiffs' relief, rather than defeat Uber's liability. *See* ECF No. 225 at 17; ECF No. 242 at 19–20. Plaintiffs accordingly move to strike the defense on the grounds that it is not a valid affirmative defense. ECF No. 225 at 17.

Plaintiffs are correct that the term "affirmative defense" generally refers to an assertion "that, if true, will defeat plaintiff's claim, even if all allegations in [the] complaint are true." *Bay Area Roofers Health & Welfare Tr. v. Sun Life Assurance Co. of Can.*, No. 13-CV-04192-WHO, 2013 WL 670017 (N.D. Cal. Dec. 19, 2013) (internal quotation omitted); *see also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (explaining a defense that "demonstrates a plaintiff has not met its burden of proof" or that "merely negates an element that [a plaintiff] was required to prove" is not an affirmative defense). Accordingly, courts sometimes strike defenses that would merely "limit damages," rather than "operate to defeat [the plaintiff's] claim." *See United States v. Acad. Mortg. Corp.*, No. 16-CV-02120-EMC, 2020 WL 7056017, at *5 (N.D. Cal. Dec. 2, 2020) (striking excessive-fine defense because it "is not an affirmative defense"). But this is not "a fixed rule." *Murphy v. Trader Joe's*, No. 16-CV-02222-SI, 2017 WL 235193, at *3 (N.D. Cal. Jan. 19, 2017). Indeed, courts regularly permit affirmative defenses that go to the plaintiff's monetary recovery, rather than the defendant's liability. *See, e.g.*, *id.* (declining to strike failure-to-mitigate defense); *Acad. Mortg. Corp.*, 2020 WL 7056017, at *5–*6 (declining to strike failure-to-mitigate and offset defenses). Courts have likewise recognized good faith as a

valid affirmative defense to permanent injunctive relief, which Plaintiffs seek here. *See, e.g.*, *FTC v. Vemma Nutrition Co.*, No. CV-15-01578-PHX-JJT, 2016 WL 3548762, at *2 (D. Ariz. June 30, 2016) (holding that good faith is a "valid affirmative defense" against "the granting of a permanent injunction); *FTC v. Hang-Ups Enters., Inc.*, No. CV 95-0027 RMT(JGX), 1995 WL 914179, at *3 (C.D. Cal. Sept. 27, 1995) (same).

Accordingly, the Court denies Plaintiffs' request to strike Uber's good-faith defense.

**E. Fifth Affirmative Defense: Offsets**

Uber's fifth affirmative defense alleges that "[a]ny finding of monetary liability, including any restitution award, should be offset to account for the benefits of Uber One that Uber customers received and to account for refunds paid to customers." ECF No. 213 at 56. Plaintiffs concede that "any monetary award may account for sufficiently proven refunds already paid to customers." ECF No. 225 at 24. They argue, however, that the defense is legally insufficient because it is not a valid affirmative defense and because Section 19(b) of the FTC Act—the section under which Plaintiffs seek restitution—does not entitle Uber to offsets "for purported 'benefits' of Uber One." ECF No. 225 at 24.[2] These arguments are unavailing.

As explained *supra*, the rule that affirmative defenses must defeat liability, rather than merely limit recovery, is not "fixed," *see Murphy*, 2017 WL 235193, at *3, and courts routinely permit affirmative defenses seeking offsets, *see, e.g.*, *Acad. Mortg. Corp.*, 2020 WL 7056017, at *5–*6; *FTC v. Consumer Def., LLC*, No. 18-CV-30 JCM (PAL), 2019 WL 266287, at *4 (D. Nev. Jan. 18, 2019). Accordingly, the Court declines to strike this defense on that basis.

Plaintiffs have also not shown that Uber's offset defense "lacks merit under any set of facts [Uber] might allege." *See Howard*, 2022 WL 5977028, at *2. Plaintiffs rely primarily on *FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 606 (9th Cir. 1993), in which the Ninth Circuit affirmed a Section 19(b) restitution award that provided full refunds for heat detectors sold through deceptive

[2] In their reply, Plaintiffs add that this defense is "bereft of facts" and thus "fails to give Plaintiffs fair notice of the specific 'benefits of Uber One' that Defendants allege must offset the monetary relief Plaintiffs recover." ECF No. 244 at 10. Because this argument was raised for the first time on reply, the Court does not consider it. *See Graves*, 623 F.3d at 1048.



United States District Court
Northern District of California

advertising, without any offsets for the value of the detectors. 994 F.2d at 606.[3] The Ninth Circuit explained that this remedy was appropriate because "[t]he fraud in the selling, not the value of the thing sold, [was] what entitle[d] consumers in [that] case to full refunds." *Id.* The Court does not read this decision to preclude Section 19(b) restitution awards for deceptively advertised products from ever including offsets for the product's value. Notably, the *Figgie* court emphasized that the restitution award in that case "create[d] no windfall for Figgie's customers" because it did not make refunds available to those customers who made "the informed choice to keep their heat detectors instead of returning them." *Id.* In other words, the Ninth Circuit appeared to base its decision in part on the fact that the district court had accounted for the product's benefits by making refunds available only to customers who disclaimed those benefits. *See id.* Consistent with this reading, other district courts have declined to strike offset defenses raised under Section 19(b). *See, e.g.*, *FTC v. Lights of Am. Inc.*, No. SACV101333JVSMLGX, 2011 WL 13308569, at *4 (C.D. Cal. Apr. 29, 2011) (permitting offset defense and distinguishing *Figgie*).

The Court takes no position on the ultimate merits of Uber's offset defense at this time. It concludes only that Plaintiffs' authority does not preclude Uber from raising the defense and, accordingly, denies Plaintiff's request to strike it.

**F. Sixth Affirmative Defense: Statute of Limitations**

Uber's sixth affirmative defense alleges that "Plaintiffs' claims are barred to the extent they seek relief based on alleged violations or harms that occurred outside the applicable limitations periods." ECF No. 213 at 56. Specifically, it alleges that the FTC's "claims for restitutionary damages" are barred because "[t]he challenged conduct occurred more than three years ago" and that the FTC's "request for civil penalties is barred in whole or in part because the challenged conduct occurred more than five years ago." *Id.* It further alleges that "[t]o the extent that any state laws have statutes of limitations, the state-law claims are barred in whole or in part

---

[3] Plaintiffs also cite *FTC v. Publ'rs Bus. Servs.* ("*PBS*"), 540 F. App'x 555 (9th Cir. 2013), but that case addressed only restitution under Section 13(b) of the FTC Act, *id.* at 557. The Supreme Court has since clarified that Section 13(b) does not authorize equitable monetary relief, *see AMG Cap. Mgmt., LLC v. FTC*, 593 U.S. 67, 75 (2021), and Plaintiffs thus seek restitution under Section 19(b). *PBS* is therefore inapposite.

because the challenged conduct occurred outside of the relevant limitations period." *Id.*

Plaintiffs argue, first, that this defense is insufficiently pleaded. ECF No. 225 at 18–19. The Court agrees. While Uber alludes to two federal limitations periods, it does not clearly identify them, *see* ECF No. 213 at 56, leaving Plaintiffs to guess at which statutes it intends to invoke, *see* ECF No. 225 at 18–19. And Uber makes no attempt to identify the relevant state statutes of limitation. *See* ECF No. 213 at 56. Nor does Uber allege any specific facts plausibly showing that "the challenged conduct occurred outside of the relevant limitations period." *See* ECF No. 213 at 56. The absence of any reference to the specific statutes Uber plans to invoke and of any facts indicating when Uber alleges "the challenged conduct occurred" deprives Plaintiffs of fair notice of the basis for this defense. *See Jin Zhu v. N. Cent. Educ. Serv. Dist.-ESD 171*, 15-CV-00183-JLQ, 2015 WL 13357609, at *3 (E.D. Wash. Oct. 15, 2015) ("A properly pled statute of limitations defense should provide a theory or facts demonstrating how the claims are not timely in light of the allegations of the complaint and date the complaint was filed."); *cf. Wyshak*, 607 F.2d at 827 (finding statute-of-limitations defense sufficiently pleaded because answer was supported by an attached memorandum that "made specific mention" of the statute on which the defendant relied); *Howard*, 2022 WL 597028, at *2 (finding affirmative defense "adequately pled" where defendant "identified the statute of limitations under which its defense" arose).

Plaintiffs also argue this defense is legally insufficient because Uber's challenged conduct is ongoing. *See* ECF No. 225 at 19. But Plaintiffs cite no authority showing that this, if true, would defeat Uber's defense, *see id.*, and the Court thus cannot conclude the defense fails as a matter of law.

Accordingly, the Court strikes this defense with leave to amend. Should Uber choose to amend this defense, it should make clear which statutes of limitations it intends to invoke and what facts support its allegation that the challenged conduct falls outside those limitations periods.

**G. Sixth Affirmative Defense: Laches**

Uber's sixth affirmative defense also alleges "that Plaintiffs' claims are barred by the doctrine of laches" because "Plaintiffs unreasonably and without excuse delayed in asserting their claims and that delay caused undue prejudice to Defendants." ECF No. 213 at 56. This defense is

entirely conclusory and thus insufficiently pleaded. *See Finjan, Inc.*, 2018 WL 1811979, at *3. The Ninth Circuit has explained that the doctrine of laches is traditionally "not available against the government in a suit by it to enforce a public right or protect a public interest" absent "a showing of affirmative misconduct." *United States v. Ruby Co.*, 588 F.2d 697, 705 n.10 (9th Cir. 1978). Uber pleads no specific facts plausibly showing that Plaintiffs "unreasonably and without excuse delayed in asserting their claims," *see* ECF No. 213 at 56, let alone that Plaintiffs engaged in "affirmative misconduct," *see Ruby Co.*, 588 F.2d at 705 n.10. The Court thus strikes this defense with leave to amend.

### H. Seventh Affirmative Defense: Violation of the APA and Major Questions

Uber's seventh affirmative defense alleges that this action exceeds the FTC's statutory authority in violation of both the Administrative Procedures Act ("APA") and the major questions doctrine. ECF No. 213 at 56–57. Specifically, Uber alleges in full:

> Plaintiffs' claims are barred, in whole or in part, because they seek to radically expand the FTC's power to regulate the membership economy without proceeding through rulemaking and without the approval of Congress. The FTC's proposed interpretation of ROSCA would enable it to unilaterally set granular requirements for all membership services. The major questions doctrine precludes the agency from assuming that authority absent clear statutory authorization, which is not found through ROSCA.

*Id.* Plaintiffs argue this defense is both factually and legally insufficient. ECF No. 225 at 22–23.

The Court disagrees. Uber's allegation that "[t]he FTC's proposed interpretation of ROSCA would enable it to unilaterally set granular requirements for all membership services," which Uber further alleges would "expand the FTC's power to regulate the membership economy" and exceed the FTC's "statutory authorization," provides Plaintiffs fair notice of Uber's basis for this defense. *See* ECF No. 213 at 56–57. Uber's allegations elsewhere in its answer likewise preview Uber's theory. *See id.* ¶ 6 (alleging that this action "attacks lawful practices that look nothing like those ROSCA was mean to prohibit" because ROSCA was enacted "to stamp out tactics employed by third-party sellers who tricked customers into unknowingly buying their products"). The Court declines Plaintiffs' invitation to decide the merits of this defense now. *See* ECF No. 22 (asking the Court to strike this defense because "this action announces no new powers

or principles"). Questions about the scope of the FTC's authority under ROSCA and whether this particular action exceeds that authority are more appropriate for resolution on a fuller record. Accordingly, the Court declines to strike this defense.

**I. Eighth Affirmative Defense: Excessive Fines**

Uber's final affirmative defense alleges that "[t]he monetary relief sought is unconstitutional and excessive" under the Eighth and Fourteenth Amendments "because it far exceeds the amount of consumer harm." ECF No. 213 at 57. Setting aside the question whether this is an appropriate affirmative defense, *see Acad. Mortg. Corp.*, 2020 WL 7056017, at *5 (striking excessive-fines defense), the Court finds it is insufficiently pleaded. Uber has alleged no specific facts plausibly showing that "[t]he monetary relief sought . . . far exceeds the amount of consumer harm." *See* ECF No. 213 at 57. Nor is it possible for Uber to allege such facts at this time, as Plaintiffs have not yet sought a specific penalty amount. The Court thus strikes this defense without leave to amend. Uber is not barred from raising this constitutional defense at a later stage in the litigation.

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiffs' motion to strike Uber's first, third, fourth, fifth, and seventh affirmative defenses; grants with leave to amend Plaintiffs' motion to strike Uber's second and sixth affirmative defenses; and grants without leave to amend Plaintiffs' motion to strike Uber's eighth affirmative defense. Uber may file an amended answer within 21 days of this order solely to correct the deficiencies identified in this order.

**IT IS SO ORDERED.**

Dated: November 16, 2026

JON S. TIGAR
United States District Judge